UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. )<br>    Plaintiff )<br> )<br>v. )<br> )<br>DAVID W. ADAMS, *et al* )<br>    Defendants )<br> ) | CIVIL ACTION NO. 05CA11654-NMG |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID W. ADAMS'
MOTION TO STAY ANSWER OF DEFENDANT**

Plaintiff International Floor Crafts, Inc. (hereinafter, "IFC") hereby opposes Defendant David W. Adams' Motion to Stay Answer of Defendant where, even if he does intend to invoke his Fifth Amendment privilege rights in response to part or all of Plaintiff's Verified Complaint, he still must file a responsive pleading. IFC relies upon the reasons set forth below[1]:

    1.    Through his motion, Defendant Adams asks to be relieved of his obligation to file an answer in the within matter for an undetermined amount of time because of "the strong possibility" of an indictment arising out of the same set of facts as alleged in this matter. Neither in his motion, nor in his affidavit, does Defendant Adams specify (1) as to which questions he asserts the privilege and (2) why, with particularity, any answer to any specific question would lead tend to incriminate him.

    2.    Rule 12 of the Federal Rules of Civil Procedure generally requires a Defendant to answer or otherwise respond to a Complaint within twenty days of receipt of service.

---

[1] While IFC recognizes that Defendant Adams filed the within motion on a *pro se* basis, IFC notes that Defendant Adams did not comply with Local Rule 7.1(A)(2) before filing the motion.

3. According to the Return of Service filed with the Court, a deputy sheriff served Defendant Adams on August 17, 2005, and his answer is due on September 6, 2005.

4. Pursuant to Fed.R.Civ.P. 8(d), if the Defendant does not deny an allegation in the Verified Complaint, then that allegation is admitted. A Defendant may circumvent Rule 8(d) by, when applicable, properly invoking the Fifth Amendment privilege against self-incrimination. . *North River Insurance Company, Inc. v. Stefanou*, 831 F.2d 484, 486 (4th Cir. 1987). That privilege may be invoked at the pleading stage. *Id.* "The test is whether, from a careful consideration of all the circumstances in the case, 'a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure might result.'" *de Antonio v. Solomon*, 41 F.R.D. 447, 449 (D.Mass. 1966), quoting *Hoffman v. United States*, 341 U.S. 479, 487 (1951).

5. A defendant may not, however, make a mere blanket refusal to answer. *Id*; *United States v. Castro*, 129 F.3d 226, 229 (1st Cir. 1997); *McIntyre's Mini Computer Sales Group, Inc. v. Creative Synergy Corporation*, 115 F.R.D. 528, 529-530 (D.Mass. 1987). "Nor does a proper invocation of the privilege mean that a defendant is excused from the requirement to file a responsive pleading; he is obliged to answer those allegations that he can and to make a specific claim of the privilege as to the rest." *North River*, 831 F.2d at 486; 5 C. Wright & A. Miller, *Federal Practice and Procedure* §1280, at 360 (1969). "The test is whether, from a careful consideration of all the circumstances in the case, 'a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure might result.'" *de Antonio v. Solomon*, 41 F.R.D. 447, 449 (D.Mass. 1966), quoting *Hoffman v. United States*, 341 U.S. 479, 487 (1951).

6.  In *de Antonio*, the Court (Garrity, J.) ordered Defendant to file an answer complying with the federal rules despite Defendant's objection. The Court balanced the defendant's privilege against self-incrimination against the "plaintiff's right and the court's need" to identify the issues between the parties, and ruled that the Defendant needed to answer the Complaint. *Id.* at 449. In that case, the Court ordered that the answer be impounded until the Court could hold a hearing on whether to make the impoundment permanent. *Id.*

7.  Adams' motion and accompanying affidavit fail to give any reason why a response to any allegation of the Complaint, such as his name and address, might lead to an injurious disclosure, or might tend to incriminate him.

8.  In short, if Defendant Adams properly invokes the Fifth Amendment in his answer, then he will avoid the effects of Rule 8(d), which would otherwise mean that any allegation to which there is no answer is deemed admitted. He cannot, however, simply refuse to answer the Complaint, which would operate as a blanket refusal to answer. IFC is entitled to move forward with its action, and Defendant Adams is able to protect his Fifth Amendment rights while still filing an answer. There is simply no basis for staying the within matter.

**WHEREFORE**, for the above reasons, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court deny Defendant David W. Adams' Motion To Stay Answer

of Defendant.

|  |  |
|---|---|
|  | The Plaintiff<br>International Floor Crafts, Inc.<br>By Its Attorneys, |
|  | /s/ Paul J. Klehm_____<br>James B. Krasnoo (BBO#279300)<br>Paul J. Klehm (BBO#561605)<br>Law Offices of James B. Krasnoo<br>23 Main Street<br>Andover, MA  01810 |
| Dated:  September 6, 2005 | (978) 475-9955 |

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon Defendant David W. Adams, 5 Oxbow Drive, Wilmington, MA  01187,  by first class mail, postage pre-paid, on September 6, 2005.

/s/ Paul J. Klehm
Paul J. Klehm