UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>　　　　Plaintiff<br><br>　　v.<br><br>DAVID W. ADAMS, et al.,<br>　　　　Defendants | )<br>)<br>)<br>)   Civil Action No. 05-11654-NMG<br>)<br>)<br>)<br>)<br>) |

MOTION OF DEFENDANTS DAVID SUN, PAUL SUN
AND CCC INTERNATIONAL, INC.
TO VACATE TEMPORARY RESTRAINING ORDER

Defendants David Sun, Paul Sun and CCC International, Inc. ("CCC")[1] hereby move to vacate the temporary restraining order allowed by this court *ex parte* at the behest of the plaintiff on August 10, 2005.  The grounds for this motion are as follows:

　　1.　　The *ex parte* order imposes prejudgment restraint on the alienation of property contrary to law and the United States Constitution.  See, e.g., Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, 527 U.S. 308 (1999); Connecticut v. Doehr, 501 U.S. 1 (1991).

　　2.　　The plaintiff's *ex parte* showing fails to demonstrate a likelihood of success against CCC in an amount greater than the security the plaintiff has now obtained by agreement with CCC.  The plaintiff's *ex parte* showing fails to demonstrate any likelihood of success against defendants David Sun and Paul Sun.

　　3.　　The plaintiff's *ex parte* showing fails to satisfy the requirements for the issuance of preliminary injunctive relief in that the plaintiff has an adequate remedy at law, and the irreparable harm to the defendants caused by the issuance of the injunction outweighs any harm

---

　　[1]　　The correct name of this defendant is Chinese Carpet Center, Inc. d/b/a CCC International.

to the plaintiff. Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).

    4.    The *ex parte* order was entered without the showing required by Fed. R. Civ. P. 65(b)(1) that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition."

    5.    The *ex parte* order was entered without the certification required by Fed. R. Civ. P. 65(b)(2) that "the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

    6.    The *ex parte* order was entered without the applicant giving security as required by Fed. R. Civ. P. 65(c).

    7.    The *ex parte* order that was entered fails to define the injury and state why it is irreparable and why the order was granted without notice as required by Fed. R. Civ. P. 65(b).

    8.    The *ex parte* order does not contain the provisions required by Fed. R. Civ. P. 65(b) that it shall expire of its own terms within such time after entry, not to exceed 10 days, as the court fixes.

    9.    The *ex parte* order purports to have been extended without the reasons for the extension being entered on the record as required by Fed. R. Civ. P. 65(b).

    10.    The plaintiff has apparently not filed a motion for a preliminary injunction as required by Fed. R. Civ. P. 65(b).

    11.    The *ex parte* order does not comply with the requirements of Fed. R. Civ. P. 65(d).

12. The *ex parte* order purports to impose prejudgment creditor's relief outside the court's judicial district in a manner not contemplated by the Rules.

The grounds for this motion are more fully set forth in the accompanying memorandum of law.

>Respectfully submitted,
>
>PAUL SUN, DAVID SUN AND
>CCC INTERNATIONAL, INC.
>By their attorneys,
>
>/ S /  Peter B. Krupp
>
>Peter B. Krupp
>  B.B.O. # 548112
>Lurie & Krupp, LLP
>One McKinley Square
>Boston, Massachusetts 02109
>Phone:  (617) 367-1970
>
>
>Robert P. Trout
>John Thorpe Richards, Jr.
>Jeffrey C. Coffman
>TROUT CACHERIS, PLLC
>Suite 300
>1350 Connecticut Avenue, N.W.
>Washington, D.C. 20036
>Phone: (202) 464-3300