UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INTERNATIONAL FLOOR CRAFTS, INC.
Plaintiff

v.

DAVID W. ADAMS, TYRONE WILLIAMS, KEVIN BRITTO, RONALD E. MITCHELL, Individually and d/b/a MANSFIELD RUG COMPANY a/k/a MANSFIELD RUG DEPARTMENT and REMCO, MICHAEL E. BROWN, Individually and d/b/a DALTON PADDING and EMPIRE WEAVERS, JANE DZIEMIT, AGATHA ESPOSITO, DONALD SHOOP, CCC INTERNATIONAL, INC., JOHN D. SUN, DAVID D. SUN, and PAUL SUN,
Defendants

v.

LOWELL FIVE CENT SAVINGS BANK, WACHOVIA BANK, NATIONAL ASSOCIATION, f/k/a FIRST UNION BANK OF VIRGINIA, CITIZENS BANK, BANK OF AMERICA f/k/a BANK OF BOSTON, PEOPLE'S BANK, and FIRST UNION NATIONAL BANK,
Trustee Process Defendants

Civil Action No. 05-11654-NMG

**AFFIDAVIT OF NICOLAS ADLER-DUTHE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIONS**

I, Nicolas Adler-Duthe, under oath, depose and state as follows:

1. I am over eighteen years of age, and I reside in the Commonwealth of Massachusetts. I submit the within affidavit in support of Plaintiff's Motion for Preliminary Injunctions.

2. In or around March, 2005, I took over the duties of Dave Adams departments for International Floor Crafts, Inc. as a buyer, as well as maintaining my current duties of buyer for another department of International Floor Crafts. (hereinafter, "IFC"). .

3. Shortly after I began working on Adams departments for IFC, I found that I was unable to confirm whether IFC had received certain merchandise in connection with two or three invoices, all of which had allegedly been purchased by Defendant Adams on behalf of IFC and all of which had allegedly been received by IFC.

4. One of the shipments at issue concerned merchandise allegedly received from a company known as Mansfield Rug. In response, IFC requested documentation from Defendant Ronald Mitchell, an agent to Mansfield Rug, showing proof of delivery of the merchandise. On or about April 21, 2005, IFC received a faint copy of a bill of lading purportedly signed by Defendant Tyrone Williams, IFC's rug department manager. (See **Exhibit A**). According to the bill of lading, Mansfield Rug shipped the merchandise to IFC via a trucking company known as Regional Trucking.

5. Shortly thereafter, I informed William Gemme that I had taken inventories at the Building #19 retail stores and the warehouse, but that I was unable to locate any of the merchandise associated with the invoices reference in Paragraph 3, *supra*, including, without limitation, the merchandise from Mansfield Rug.

6. Shortly thereafter, I informed Gemme that I had contacted Regional Trucking in order to inquire about a Mansfield Rug shipment. A representative of Regional Trucking told me that Regional Trucking had no record of the shipment at

issue. I later received written confirmation that Regional Trucking had no such shipment. (See **Exhibit B**).

7. At or around ~~that time~~ MAY 5TH NAD, I informed Gemme that I had concerns about an invoice from Defendant CCC International, Inc. (hereinafter, "CCC International") relating to merchandise allegedly purchased by Defendant Adams on behalf of IFC which IFC had purportedly received. I was unable to locate the wood flooring referred to in the invoice.

8. At or around ~~that time~~ MAY 5TH NAD, I had conversations with Defendant Michael Brown, the representative to CCC International, in order to inquire about the type of wood flooring that CCC International had shipped to IFC. Brown told me that he was unable to identify the type of wood flooring contained in the shipment.

Signed under the pains and penalties of perjury this 19 day of September, 2005.

Nicolas Adler-Dirthe

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the within document upon all counsel of record, and upon all parties not represented by counsel, via first class mail, postage pre-paid, on September 19, 2005, or, alternatively, counsel has been served through electronic filing.

Paul J. Klehm

**CERTIFICATE OF SERVICE**

I, Paul J. Klehm, hereby certify that, on September 19, 2005, the following counsel and *pro se* parties were served either by ECF or by me by facsimile (to counsel only) and first class mail, postage prepaid, where they were not ECF filers:

Isaac Peres, Esq. Counsel to David Adams
50 Congress Street
Boston, MA 02109

Peter Krupp, Esq. Counsel to Paul Sun, David Sun and CCC International
Lurie and Krupp, LLP
One McKinley Square
Boston, MA 02109

William A. Brown, Esq. Counsel to Agatha Esposito
31 Milk Street, Suite 501
Boston, MA 02109

Paul V. Kelly, Esq. Counsel to Michael Brown
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110

Frederic D. Grant, Jr., Esq. Counsel to Ronald Mitchell
727 Atlantic Avenue, Second Floor
Boston, MA 02111

Robert M. Xifaras, P.C. Counsel to Tyrone Williams
5 Dover Street, Suite 101
New Bedford, MA 02740

Andrew Good, Esq. Counsel to John Sun
Good & Cormier
83 Atlantic Avenue
Boston, MA 02110

Ms. Jane Dziemit
48551 Shady View Drive
Palm Desert, CA 92260

Mr. Kevin Britto
300 W 21st Street, Apt. 25
New York, NY 10011

/s/ Paul J. Klehm

STRAIGHT BILL OF LADING - NOT NEGOTIABLE

Regional Trucking
5 Hart St
West Haven, CT 06514

DATE 3/25/05

SHIPPER (ORIGIN)
FROM SHIPPER: [illegible]
STREET: 5 [illegible]
CITY, STATE, ZIP: East Haven, CT [illegible]

SHIPPER'S NUMBER
CUSTOMER P.O. NO. 55615

CONSIGNEE: Building #19 [illegible]
STREET: [illegible]
CITY, STATE, ZIP: [illegible]

BILL TO NAME
ADDRESS
CITY, STATE, ZIP

| PIECES | | DESCRIPTION | |
|---|---|---|---|
| 2,459 | | Light Weight [illegible] Rugs | |
| 2,502 | | Heavy Weight [illegible] Rugs | |

Tyrone Williams 3/25/05

TOTAL PCS 4,961

MARK "X" IN COLUMN FOR HAZARDOUS MATERIALS — 24 HR EMERGENCY RESPONSE HAZ MAT PH

TOTAL WT

C.O.D. AMT. $
CUSTOMER'S CHECK ACCEPTABLE FOR C.O.D.? YES ☐ NO ☐
C.O.D. FEE IS COLLECT UNLESS MARKED PREPAID ☐ C.O.D. FEE PREPAID

REMIT C.O.D. TO NAME
ADDRESS
CITY, STATE, ZIP

FREIGHT CHARGES
PREPAID UNLESS BOX IS CHECKED
COLLECT IF BOX IS CHECKED ☐

DECLARED VALUE: [illegible]

SIGNATURE OF CONSIGNOR

[illegible]

NOTICE: [illegible]

[illegible]

SHIPPER — PER
CARRIER — DRIVER — PCS — DATE
COLLECTED AT PICKUP $ ☐ CASH ☐ CHECK ☐ CREDIT CARD TYPE

Nick,

Regional Express did not pick up this shipment.

Carol

STRAIGHT BILL OF LADING - NOT NEGOTIABLE

Regional Trucking
5 Hart St
West Haven, CT 0651

DATE 3/25/05

FROM SHIPPER: Moosling [illegible] Co.
STREET: 5 Mansfield Grove Rd
CITY, STATE, ZIP: East Haven, CT 06512

SHIPPER NUMBER
CUSTOMER P.O. NO. 5565

TO CONSIGNEE: Building #19 [illegible]
STREET: [illegible]
CITY, STATE, ZIP: [illegible], MA 02746

| WEIGHT | | DESCRIPTION |
|---|---|---|
| 2,455 | | Light weight new skid rugs |
| 2,502 | | Heavy weight new skid rugs |

Tyrone Williams 3/25/05

TOTAL PCS 4,957

MARK "X" IN COLUMN FOR HAZARDOUS MATERIALS

FREIGHT CHARGES
PREPAID UNLESS BOX IS CHECKED
COLLECT IF BOX IS CHECKED ☐

C.O.D. AMT. $
CUSTOMER'S CHECK ACCEPTABLE FOR C.O.D.? YES☐ NO☐
REMIT C.O.D. TO: NAME / ADDRESS / CITY, STATE, ZIP

SHIPPER / PER / CARRIER / DRIVER / DATE
COLLECTED AT PICKUP $ ☐CASH ☐CHECK ☐CREDIT CARD TYPE

Nick,

Regional Express did not pick up this shipment.

Carol