UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. | ) | |
|     Plaintiff | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| DAVID W. ADAMS, *et al* | ) | CIVIL ACTION NO. 05CA11654-NMG |
|     Defendants | ) | |
|  | ) | |

## PLAINTIFF'S RESPONSE TO PROPOSED ORDER PERTAINING TO DAVID ADAMS

Plaintiff International Floor Crafts, Inc. (hereinafter, "IFC") hereby sets forth its position with regard to the two issues concerning a proposed order relating to David W. Adams submitted to the Court on September 20, 2005.  In short, IFC respectfully requests that this Court (1) revise paragraph 6 of the proposed Order to limit Defendant Adams to $3,000 to $5,000 per month in expenses throughout the pendency of this action, and (2) revise Paragraph 7 of the proposed Order to require Adams to provide IFC monthly financial statements under oath and/or monthly bank statements throughout the pendency of this action.  IFC sets forth the reasons therefor as follows:

    1.    On September 20, 2005, IFC and David Adams submitted a proposed order with regard to Defendant David Adams.  Counsel informed the Court at the time of submitting the order that they disagreed on two portions of the proposed order.  First, paragraph 6 preliminary enjoins Adams

> from alienating …. dissipating … or drawing down any of the Defendant David Adams' assets, including, without limitation, any and all real property, up to Five Million Dollars ($5,000,000.00), plus attorneys' fees, other than in the ordinary course which shall not exceed *$3,000* per month and except for the limited purpose of the Refinancing….

(emphasis added)(see **Exhibit A**).

2. Upon information and belief, Defendant Adams is currently receiving unemployment benefits dating back to the time he last worked at IFC in March, 2005.

3. On September 20, 2005, Defendant Adams filed an Affidavit of David W. Adams in which he listed $8,319.00 in monthly expenses. (See **Exhibit B**).

4. There can be no way that Defendant Adams earns $8,319.00 per month, after taxes, in unemployment benefits in order to cover his monthly expenses. As a result, it is clear that not only is Defendant Adams living well above his means, but also that he is apparently dissipating whatever assets he does have. This lawsuit involves serious allegations in which Adams and others are alleged to have stolen more than five million dollars from IFC. The Court has already found that IFC has demonstrated a substantial likelihood of success on the merits. The sum of $3,000 is an entirely reasonable sum for Defendant Adams to live upon while this suit is ongoing.

5. In an effort to be even more reasonable, IFC would not object to granting Adams up to $5,000 per month in expenses. In fact, IFC also would not object to a situation in which Adams may apply to the Court on an *ex parte* basis for leave to make reasonable lump sum payments to his counsel for legal fees. As a result, IFC respectfully requests that this Court revise paragraph 6 of the Order to limit Defendant Adams to $3,000 to $5,000 per month in expenses.

6. Paragraph 7 of the proposed order, in essence, requires Defendant Adams to provide Plaintiff's counsel with a monthly financial statement under oath. Such a request is entirely reasonable given the circumstances of this case. To the extent possible, IFC seeks to insure that Defendant Adams is not dissipating his assets so that some funds will be available at

the close of the case to satisfy any judgment. In order to do so, IFC respectfully requests that this Court order Defendant Adams to provide IFC with monthly financial statements under oath.

7. In an effort to be even more reasonable, however, IFC would agree to accept as a part of the Order copies of Defendant Adams' monthly bank statements (on a monthly basis) throughout the pendency of this matter.

**WHEREFORE**, for the above reasons, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court (1) revise paragraph 6 of the proposed Order to limit Defendant Adams to $3,000 to $5,000 per month in expenses throughout the pendency of this action, and (2) revise Paragraph 7 of the proposed Order to require Adams to provide IFC monthly financial statements under oath and/or monthly bank statements throughout the pendency of this action.

The Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,

/s/ Paul J. Klehm
James B. Krasnoo (BBO#279300)
Paul J. Klehm (BBO#561605)
Law Offices of James B. Krasnoo
23 Main Street
Andover, MA  01810
Dated:  September 23, 2005            (978) 475-9955

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the within document upon all counsel of record, and upon all parties not represented by counsel, via first class mail, postage pre-paid, on September 23, 2005, or, alternatively, counsel has been served through electronic filing.

/s/ Paul J. Klehm
Paul J. Klehm

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>    Plaintiff<br><br>    v.<br><br>DAVID W. ADAMS, TYRONE WILLIAMS,<br>KEVIN BRITTO, RONALD E. MITCHELL,<br>Individually and d/b/a MANSFIELD RUG<br>COMPANY a/k/a MANSFIELD RUG<br>DEPARTMENT and REMCO, MICHAEL<br>E. BROWN, Individually and d/b/a DALTON<br>PADDING and EMPIRE WEAVERS, JANE<br>DZIEMIT, AGATHA ESPOSITO, DONALD<br>SHOOP, CCC INTERNATIONAL, INC.,<br>JOHN D. SUN, DAVID D. SUN, and<br>PAUL SUN,<br>    Defendants<br><br>    v.<br><br>LOWELL FIVE CENT SAVINGS BANK,<br>WACHOVIA BANK, NATIONAL<br>ASSOCIATION, f/k/a FIRST UNION BANK<br>OF VIRGINIA, CITIZENS BANK, BANK OF<br>AMERICA f/k/a BANK OF BOSTON,<br>PEOPLE'S BANK, and FIRST UNION<br>NATIONAL BANK,<br>    Trustee Process Defendants | )<br>)<br>)<br>)<br>) Civil Action No. 05-11654-NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

**IT IS HEREBY ORDERED THAT:**

    1.    The *ex parte* real estate attachment granted by this Court on August 11,

2005 to the Plaintiff with respect to the property owned by Defendant, David W. Adams,

at 5 Oxbow Drive, Wilmington, Massachusetts (hereinafter, the "5 Oxbow Drive Property") shall be dissolved.

    2.    A preliminary injunction shall hereby issue enjoining the Defendant David W. Adams, and his wife, Linda M. Adams, from transferring, conveying, hypothecating or otherwise encumbering any and all real property, including, without limitation, the 5 Oxbow Drive Property, until further order of this Court, except for the sole purpose of granting and recording a mortgage in connection with one refinancing of the Oxbow Drive Property (hereinafter, the "Refinancing"), in an amount not to exceed $475,000.00 on or before October 6, 2005.

    3.    A preliminary injunction shall hereby issue enjoining the Defendant David W. Adams and his wife, Linda M. Adams, from (1) transferring, liquidating, recovering, retaining, keeping, spending, pledging and/or acquiring any of the proceeds from the Refinancing, and/or (2) from otherwise transferring, liquidating, recovering, retaining, keeping, spending, pledging and/or acquiring any equity in any real property, including, without limitation, the 5 Oxbow Drive Property, as a direct or indirect result of the Refinancing. Defendant Adams, and his wife, Linda M. Adams, may make, or cause to be made, disbursements from the proceeds of the Refinancing for the sole purposes of obtaining discharges from existing mortgage holders on the 5 Oxbow Drive Property, making a payment to the Internal Revenue Service to satisfy, in whole or in part, any IRS encumbrances on the 5 Oxbow Property, and making payment of reasonable closing costs associated with the Refinancing (in an amount not to exceed $15,000.00).

    4.    A preliminary injunction shall hereby issue ordering Defendant David W. Adams, within five days of the closing on the Refinancing, to provide Plaintiff's counsel

with copies of any and all closing documents associated with the Refinancing, including, without limitation, any and all discharges from the New Century Mortgage Company, Telestar Corp. and/or the IRS; the HUD1 Settlement Statement associated with the Refinancing, and any and all checks issued and/or generated in connection with the Refinancing.  Upon receipt of copies of the closing documents, Plaintiff shall seek a reinstatement of the real estate attachment with regard to any and all real property owned, in whole or in part, by Defendant Adams in the amount of $5 million, to which Defendant Adams shall assent.

5. A preliminary injunction is hereby issued that Defendant David Adams, his agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his behalf, and all persons having actual notice of any order issued hereunder, be preliminarily restrained from directly or indirectly, transferring, hypothecating, assigning, or dissipating any real estate held in the names of David Adams, individually and/or with one or more others, except for the limited purpose of the Refinancing as set forth in paragraphs 2 through 4, *supra*.

6. A preliminary injunction is hereby issued that Defendant David Adams, his agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his behalf, and all persons having actual notice of any order issued hereunder, be preliminarily restrained from directly or indirectly, transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing, or drawing down any of the Defendant David Adams' assets, including without limitation, any and all real property, up to Five Million Dollars ($5,000,000.00), plus attorneys' fees,

other than in the ordinary course which shall not exceed $3,000 per month and except for the limited purpose of the Refinancing in paragraphs 2 through 4, *supra*.

      7.      The Defendant David Adams shall provide Plaintiff's counsel with a financial statement signed under the pains and penalties of perjury on or before September 21, 2005, and, further, Defendant Adams shall provide Plaintiff's counsel with monthly financial statements signed under the pains and penalties of perjury on or before the last day of every month thereafter.

So ordered.

                                              _____
                                              Nathaniel M. Gorton
                                              United States District Judge

DATED:  September 21, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BUILDING #19, INC. AND )
INTERNATIONAL FLOOR CRAFTS, INC., )
)
    Plaintiffs )
) CIVIL ACTION
v. ) NO. 05-11654-NMG
)
DAVID W. ADAMS, ET AL., )
)
    Defendants. )
)

## AFFIDAVIT OF DAVID W. ADAMS

I, David W. Adams, hereby depose and state as follows:

1. I incur the following expenses, which I have approximated, on monthly basis:

| | | |
|---|---|---:|
| a. | Mortgage (after contemplated refinancing) | $3,400.00 |
| b. | Credit card payments | 400.00 |
| c. | Automobile expenses (loan plus insurance) | 1,319.00 |
| d. | Gasoline | 438.00 |
| e. | Cellular Telephone | 275.00 |
| f. | Electric Bill | 252.00 |
| g. | Heating Oil | 100.00 |
| h. | Internet access | 46.00 |
| i. | Telephone bill (business, fax & home | 204.00 |
| j. | Water bill | 85.00 |

| | | |
|---|---|---:|
| k. | Food/clothing | 1000.00 |
| l. | Medical/Dental Insurance | 200.00 |
| m. | Middlesex Community College (for son) | 600.00 |
| | TOTAL | $8,319.00 |

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 19TH DAY OF SEPTEMBER, 2005.

*David W. Adams*

2