UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>      Plaintiff<br><br>    v.<br><br>DAVID W. ADAMS, TYRONE WILLIAMS,<br>KEVIN BRITTO, RONALD E. MITCHELL,<br>Individually and d/b/a MANSFIELD RUG<br>COMPANY a/k/a MANSFIELD RUG<br>DEPARTMENT and REMCO, MICHAEL<br>E. BROWN, Individually and d/b/a DALTON<br>PADDING and EMPIRE WEAVERS, JANE<br>DZIEMIT, AGATHA ESPOSITO, DONALD<br>SHOOP, CCC INTERNATIONAL, INC.,<br>JOHN D. SUN, DAVID D. SUN, and<br>PAUL SUN,<br>      Defendants<br><br>    v.<br><br>LOWELL FIVE CENT SAVINGS BANK,<br>WACHOVIA BANK, NATIONAL<br>ASSOCIATION, f/k/a FIRST UNION BANK<br>OF VIRGINIA, CITIZENS BANK, BANK OF<br>AMERICA f/k/a BANK OF BOSTON,<br>PEOPLE'S BANK, and FIRST UNION<br>NATIONAL BANK,<br>      Trustee Process Defendants | Civil Action No. 05-11654-NMG |

**PLAINTIFF'S MOTION TO MAINTAIN INJUNCTIVE RELIEF
AS TO DEFENDANTS BRITTO AND DZIEMIT, AND MOTION FOR LEAVE TO
MAKE SERVICE ON DEFENDANTS BRITTO AND DZIEMIT VIA PUBLICATION**

Plaintiff International Floor Crafts, Inc. ("IFC") hereby moves this Court issue an order

(1) maintaining the injunctive relief as to Defendants Kevin Britto and Jane Dziemit, including,

without limitation, the temporary restraining orders, writs of attachment and summonses to

trustee, until further order of the Court, and (2) granting IFC leave to make service of process upon Defendants Britto and Dziemit via publication, where the Court has already found that IFC has presented sufficient evidence to demonstrate a substantial likelihood of success in this matter, in which IFC claims that Defendants defrauded IFC of more than $5 million, and where, despite significant efforts, IFC has been unsuccessful in serving either Defendant Britto or Defendant Dziemit with process in this matter. IFC relies upon the reasons set forth below and in the affidavit of Paul J. Klehm, Esq.

1. On August 11, 2005, the Court (Gorton, J.) issued *ex parte* temporary restraining orders, writs of attachment and summonses to trustee against all of the Defendants, including, without limitation, Defendants Britto and Dziemit, and against their assets, in the amount of $5 million.

2. Since that time, IFC has attempted to serve Defendants Britto and Dziemit with various documents relating to this matter without success, as more fully set forth below:

**Attempts to Serve Ms. Dziemit**

3. IFC first attempted to serve Defendant Dziemit at 155 Huntington Road, New Haven, Connecticut, through the U.S. Marshall's office in Connecticut. Mr. William Illingworth of the U.S. Marshall's office informed IFC's counsel that he had been unsuccessful in serving Ms. Dziemit because, upon information and belief, Ms. Dziemit was apparently in California. (Affidavit of Paul J. Klehm, Esq., **Exhibit A**).

3. Since that time, a process server in California has attempted to serve Ms. Dziemit with various papers at an address that she owns in California (48551 Shady View Drive, Palm

Desert, CA) at least eight times without success[1]. (See Affidavit of Reasonable Diligence attached hereto as **Exhibit B**). On September 18, 2005, an individual at the home named Tony informed the server that Ms. Dziemit was "still" in Connecticut. (See **Exhibit B**).

4. On September 22, 2005, upon learning that Ms. Dziemit may be present in Connecticut, Attorney Klehm contacted Mr. Illingworth of the U.S. Marshall's office in Connecticut and requested that Mr. Illingworth make another attempt to serve Ms. Dziemit. (See **Exhibit A**). To date, IFC has not learned whether Mr. Illingworth was successful in his renewed attempts to serve her.

5. On September 22, 2005, Attorney Klehm, counsel to IFC, received a telephone call from an individual named Attorney Mark Rosenblit, an attorney who represents Ms. Dziemit in Connecticut. (See **Exhibit A**). Attorney Rosenblit referred to one or more conversations that Ms. Dziemit had had with one or more Defendants in this matter regarding the allegations set forth in the Complaint. Attorney Rosenblit requested copies of various documents. He stated that he was unable to accept service on behalf of Ms. Dziemit because he is not admitted in Massachusetts. Attorney Klehm stated that he would forward a copy of the Complaint to Attorney Rosenblit upon receipt of a facsimile from him confirming that Attorney Rosenblit represented Ms. Dziemit.

6. On the morning of September 26, 2005, Attorney Klehm received a facsimile from Attorney Rosenblit confirming that he is the Connecticut attorney for Ms. Dziemit. Attorney Klehm has since forwarded a copy of the Complaint in this matter, without exhibits, to Attorney Rosenblit via email.

---

[1] The California process server sought to serve some of the temporary orders upon Ms. Dziemit. In future attempts, the process server will also include a copy of the Complaint and other documents relating to this matter. (**Exhibit A**).

7.      Based upon the fact that Ms. Dziemit's Connecticut counsel contacted IFC's counsel, it is clear that Ms. Dziemit has, at least, constructive knowledge of the within matter. Despite IFC's significant, continual efforts to serve Ms. Dziemit in Connecticut and in California, IFC has been unsuccessful to date.

8.      As a result, IFC respectfully requests that this Court grant IFC leave to serve Ms. Dziemit by publication in local Connecticut, California and, if necessary, Massachusetts publications in the manner as prescribed by the Court.  Additionally, IFC respectfully requests that this Court issue an order that any and all of the Orders, Temporary Restraining Orders, Injunctions, Writs of Attachment, and Summonses to Trustee issued by the Court (Gorton, J.) on or about August 11, 2005, and thereafter, (a) which refer to, relate to, reflect or regard Defendant Jane Dziemit, and her agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on her behalf, and all persons having actual notice of any order issued hereunder, and (b) which refer to, relate to, reflect or regard any property, including, without limitation, real property and/or bank accounts, owned, in whole or in part, by, or in the name of, Defendant Jane Dziemit, shall remain in full force and effect until further order of this Court.

**Attempts to Serve Mr. Britto**

9.      Upon information and belief, Defendant Britto resides at a last and usual address of 300 W. 21st Street, Apartment #25, New York, NY.

10.     A process server in New York made three unsuccessful attempts to serve Defendant Britto at that address, which, upon information and belief, is a multi-unit apartment building. (**Exhibit C**).  Upon information and belief, Mr. Britto's name is not listed on any of the mailboxes in the building, yet all of the data IFC has shows the address to be correct.

11. On September 16, 2005, the process server affixed a copy of the documentation to the door of the building, and a copy of the documentation has been sent to Defendant Britto via certified mail return receipt requested. (See **Exhibit C**). To date, IFC's counsel has yet to receive any "green card" showing that Defendant Britto signed for the certified mailing. (See copy of printout from www.usps.gov attached hereto as **Exhibit D**).

12. As a result, IFC respectfully requests that this Court grant IFC leave to serve Mr. Britto by publication in local New York and, if necessary, Massachusetts publications in the manner as prescribed by the Court. Additionally, IFC respectfully requests that this Court issue an order that any and all of the Orders, Temporary Restraining Orders, Injunctions, Writs of Attachment, and Summonses to Trustee issued by the Court (Gorton, J.) on or about August 11, 2005, and thereafter, (a) which refer to, relate to, reflect or regard Defendant Kevin Britto, and his agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his behalf, and all persons having actual notice of any order issued hereunder, and (b) which refer to, relate to, reflect or regard any property, including, without limitation, real property and/or bank accounts, owned, in whole or in part, by, or in the name of, Defendant Kevin Britto, shall remain in full force and effect until further order of this Court.

12. A copy of a proposed order is attached hereto as **Exhibit E**.

**WHEREFORE**, for the above reasons, Plaintiff IFC respectfully requests that this Court GRANT the within motion and

1. Grant IFC leave to serve Ms. Dziemit by publication in local Connecticut, California and, if necessary, Massachusetts publications in the manner as prescribed by the Court;

2.	Grant IFC leave to serve Mr. Britto by publication in local New York and, if necessary, Massachusetts publications in the manner as prescribed by the Court;

3.	Issue an Order that any and all of the Orders, Temporary Restraining Orders, Injunctions, Writs of Attachment, and Summonses to Trustee issued by the Court (Gorton, J.) on or about August 11, 2005, and thereafter, (1) which refer to, relate to, reflect or regard Defendant Jane Dziemit and/or Defendant Kevin Britto, and his, her or their respective agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his, her or their behalf, and all persons having actual notice of any order issued hereunder, and (2) which refer to, relate to, reflect or regard any property, including, without limitation, real property and/or bank accounts, owned, in whole or in part, by, or in the name of, Defendant Jane Dziemit and/or Defendant Kevin Britto, shall remain in full force and effect until further order of this Court; and

4.	Enter the proposed order attached hereto as **Exhibit E**.

Plaintiffs
International Floor Crafts, Inc.
By Their Attorneys,

/s/ Paul J. Klehm
James B. Krasnoo
*james@krasnoolaw.com*
Paul J. Klehm
*pklehm@krasnoolaw.com*
Law Offices James B. Krasnoo
23 Main Street
Andover, MA  01810
(978) 475-9955

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

In light of the fact that IFC is seeking, in part, the continuation of certain *ex parte* orders, and where neither Defendant Britto nor Defendant Dziemit, nor any counsel, have filed any

6

documents on his, her or their behalf in the within matter, Plaintiff's counsel has not conferred with any counsel or any party not represented by counsel in advance of presenting the within motion. For clarification, Plaintiff's counsel did not confer with Attorney Mark Rosenblit concerning the subject matter of this motion in advance of filing the within motion.

/s/ Paul J. Klehm_____
Paul J. Klehm

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid, on September 26, 2005. On September 26, 2005, I have also forwarded a copy of the within motion via first class mail, postage pre-paid, to Attorney Mark Rosenblit, at 14 Coolidge Road, West Hartford, CT 06117-2318, and to Ms. Jane Dzieimit, 48551 Shady View Drive, Palm Desert, CA 92260 and 155 Huntington Road, New Haven, Connecticut, and to Kevin Britto, 300 W. 21st Street, Apartment #25, New York, NY.

/s/ Paul J Klehm_____
Paul J. Klehm

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>      Plaintiff<br><br>    v.<br><br>DAVID W. ADAMS, TYRONE WILLIAMS,<br>KEVIN BRITTO, RONALD E. MITCHELL,<br>Individually and d/b/a MANSFIELD RUG<br>COMPANY a/k/a MANSFIELD RUG<br>DEPARTMENT and REMCO, MICHAEL<br>E. BROWN, Individually and d/b/a DALTON<br>PADDING and EMPIRE WEAVERS, JANE<br>DZIEMIT, AGATHA ESPOSITO, DONALD<br>SHOOP, CCC INTERNATIONAL, INC.,<br>JOHN D. SUN, DAVID D. SUN, and<br>PAUL SUN,<br>      Defendants<br><br>    v.<br><br>LOWELL FIVE CENT SAVINGS BANK,<br>WACHOVIA BANK, NATIONAL<br>ASSOCIATION, f/k/a FIRST UNION BANK<br>OF VIRGINIA, CITIZENS BANK, BANK OF<br>AMERICA f/k/a BANK OF BOSTON,<br>PEOPLE'S BANK, and FIRST UNION<br>NATIONAL BANK,<br>      Trustee Process Defendants | Civil Action No. 05-11654-NMG |

**AFFIDAVIT OF PAUL J. KLEHM, ESQ.**

I, Paul J. Klehm, Esq., under oath, depose and state as follows:

1.    I am an attorney licensed to practice law in the Commonwealth of Massachusetts since 1992, and I have been licensed to practice in the United States District Court for the

District of Massachusetts since 1993. I am counsel to Plaintiff International Floor Crafts, Inc. in the within matter.

2. IFC first attempted to serve Defendant Dziemit at 155 Huntington Road, New Haven, Connecticut, through the U.S. Marshall's office in Connecticut. Mr. William Illingworth of the U.S. Marshall's office informed me that he was unsuccessful in serving Ms. Dziemit because, upon information and belief, Ms. Dziemit was apparently in California.

3. Since that time, I, through local counsel in California, have caused a process server in California to attempt to serve Ms. Dziemit with various papers at an address that she, upon information and belief, owns in California (48551 Shady View Drive, Palm Desert, CA).

4. On September 22, 2005, upon learning from local counsel in California that Ms. Dziemit may be present in Connecticut, I contacted Mr. Illingworth of the U.S. Marshall's office in Connecticut and requested that Mr. Illingworth make another attempt to serve Ms. Dziemit. To date, IFC has not learned whether Mr. Illingworth was successful in his renewed attempts to serve her.

5. On September 22, 2005, I received a telephone call from an individual named Attorney Mark Rosenblit, an attorney who informed me that he represents Ms. Dziemit in Connecticut. Attorney Rosenblit referred to one or more conversations that Ms. Dziemit had had with one or more Defendants in this matter regarding the allegations set forth in the Complaint. Attorney Rosenblit requested copies of various documents. He stated that he was unable to accept service on behalf of Ms. Dziemit because he is not admitted in Massachusetts. I stated that I would forward a copy of the Complaint to Attorney Rosenblit upon receipt of a facsimile from him confirming that Attorney Rosenblit represented Ms. Dziemit.

6. On the morning of September 26, 2005, I received a facsimile from Attorney Rosenblit confirming that he is the Connecticut attorney for Ms. Dziemit. I have since forwarded a copy of the Complaint in this matter, without exhibits, to Attorney Rosenblit via email.

7. Upon information and belief, Defendant Britto resides at a last and usual address of 300 W. 21st Street, Apartment #25, New York, NY.

8. Upon information and belief, Mr. Britto's name is not listed on any of the mailboxes in the building, yet all of the data IFC has shows the address to be correct.

9. To date, I have yet to receive any "green card" showing that Defendant Britto signed for the certified mailing from the New York process server.

Signed under the pains and penalties of perjury this 26th day of September, 2005

/s/ Paul J. Klehm
Paul J. Klehm

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid, on September 26, 2005. On September 26, 2005, I have also forwarded a copy of the within motion via first class mail, postage pre-paid, to Attorney Mark Rosenblit, at 14 Coolidge Road, West Hartford, CT 06117-2318, and to Ms. Jane Dzieimit, 48551 Shady View Drive, Palm Desert, CA 92260 and 155 Huntington Road, New Haven, Connecticut, and to Kevin Britto, 300 W. 21st Street, Apartment #25, New York, NY.

/s/ Paul J Klehm
Paul J. Klehm

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| Telephone No: | Ref. No or File No.: 803855 | |
| Insert name of Court, and Judicial District and Branch Court: UNITED STATES DISTRICT COURT- DISTRICT OF MASSACHUSETTS | | |
| Plaintiff: INTERNATIONAL FLOOR CRAFTS, INC. | | |
| Defendant: ADAMS | | |
| **AFFIDAVIT OF REASONABLE DILIGENCE** | Hearing Date: | Time: | Dept/Div: | Case Number: 05CA11654 |

1. I, ANTHONY J OLSEN, and any employee or independent contractors retained by DOCUMENT DELIVERY SYSTEMS are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on Defendant JANE DZIEMIT as follows:

2. Documents: WRIT OF ATTACHMENT; : ORDER GRANTING TEMPORARY RESTRAINING ORDER: ATTESTATION: PLAINTIFF'S FURTHER MOTION TO CONTINUE HEARING ON SEALED MOTIONS FROM SEPTEMBER 1, 2005 TO SEPTEMBER 14, 2005 OR A DATE THERAFTER CONVENIENT TO THE COURT, AND TO KEEP THE SEALED ORDERS OF COURT ENTERED ON AUGUST 10, 2005 IN FULL FORCE AND EFFECT UNTIL FURTHER ORDER OF COURT; NOTICE OF HEARING.

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Mon | 09/12/05 | 7:30pm | Home | No Answer At Residence.; Attempt Made By: Anthony J Olsen. Attempt At: 48551 Shady View Drive Palm Desert Ca 92260. |
| Tue | 09/13/05 | 3:45pm | Home | No Answer At Residence.; Home For Sale. Blinds Open Furniture Inside, Car In Garage. Attempt Made By: Anthony J Olsen. Attempt At: 48551 Shady View Drive Palm Desert Ca 92260. |
| Tue | 09/13/05 | 5:30pm | Home | No Answer At Residence.; Begin Stake-Out. At Approximatley 18.50 Garage Door Opened. Made Contact With White Male Who Identified Himself As Tony ( May Have Been Husband) Stated Subject Would Not Be Back Until 8 Or 9 Tomorrow. Attempt Made By: Anthony J Olsen. Attempt At: 48551 Shady View Drive Palm Desert Ca 92260. |
| Wed | 09/14/05 | 8:37pm | Home | No Answer At Residence.; Attempt Made By: Anthony J Olsen. Attempt At: 48551 Shady View Drive Palm Desert Ca 92260. |
| Thu | 09/15/05 | 5:38pm | Home | No Answer At Residence.; Attempt Made By: Anthony J Olsen. Attempt At: 48551 Shady View Drive Palm Desert Ca 92260. |
| Fri | 09/16/05 | 8:30pm | Home | No Answer At Residence.; Lights On, Blinds Open. No Activity. Attempt Made By: Anthony J Olsen. Attempt At: 48551 Shady View Drive Palm Desert Ca 92260. |

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| Telephone No: | Ref. No or File No.: 803855 | |

Insert name of Court, and Judicial District and Branch Court:
UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

Plaintiff: INTERNATIONAL FLOOR CRAFTS, INC.
Defendant: ADAMS

| AFFIDAVIT OF REASONABLE DILIGENCE | Hearing Date: | Time: | Dept/Div: | Case Number: 05CA11654 |
|---|---|---|---|---|

WRIT OF ATTACHMENT

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Sat | 09/17/05 | 6:13pm | Home | Stakeout Until 19:27. No Activity. No Answer At The Door. Attempt Made By: Anthony J Olsen. Attempt At: 48551 Shady View Drive Palm Desert Ca 92260. |
| Sun | 09/18/05 | 7:02pm | Home | Stakeout Until 20:06. Tony Came Out And Said That Subject Was Still In Connecticut. Attempt Made By: Anthony J Olsen. Attempt At: 48551 Shady View Drive Palm Desert Ca 92260. |
| ? | ? | | | * Not on file * on: JANE DZIEMIT at Home - 48551 SHADY VIEW DRIVE Palm Desert, CA. 92260. Served by: ANTHONY J OLSEN |

3. Person Executing
   a. ANTHONY J OLSEN
   b. DOCUMENT DELIVERY SYSTEMS
      2900 BRISTOL STREET
      SUITE E-106
      Costa Mesa, CA 92626
   c. 714-662-5555

Recoverable Costs Per CCP 1033.5(a)(4)(B)
d. The Fee for service was:
e. I am: (3) registered California process server
   (i) Independent Contractor
   (ii) Registration No.: 656
   (iii) County: Riverside

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Mon, Sep. 19, 2005
Page: 2

AFFIDAVIT OF REASONABLE DILIGENCE

(ANTHONY OLSEN)

dds.38902

STATE OF NEW YORK      AFFIDAVIT OF SERVICE      FU #
COURT      COUNTY OF WESTCHESTER      Index NO.: 05CA11654

International Floor Crafts, Inc.      PLAINTIFF(S)/PETITIONER(S)

-against-

Kevin Britto, et al      DEFENDANT(S)/RESPONDENT(S)

New York COUNTY, New York STATE: ss:
Being Sworn, says: Deponent is not party herein, is over 18 years of age and resides at: Bronx, NY 10461
On September 16, 2005 at 7AM M, at 300 W 21st Street New York, New York
Deponent served the within

[X] Defendant  [ ] Respondent  [ ] Witness  (herein called the recipient) therein named

**INDIVIDUAL** — By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said recipient therein.

**CORPORATION** — A Domestic Corporation, by delivering a true copy of each to _____. Personally, deponent knew that said corporation so served to be the corporation, described in same and knew said recipient to be _____ Thereof to accept.

**SUITABLE AGE PERSON** — By delivering a true copy of each to: _____ a person of suitable age and discretion. Said premises is recipient's:
[ ] actual place of business  [ ] dwelling place  [ ] usual place of abode within the state

**AFFIXING TO DOOR, ETC.** — By affixing a true copy of each to the door of said premises, which is recipient's:
[ ] actual place of business  [X] dwelling place  [ ] usual place of abode within the state
Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there 9.15.05 7am  9.15.05 4:30pm  9.16.05 7am
Deponent spoke to _____ at said premises who stated that recipient: [ ] lived there [ ] worked there

**MAILING TO RESIDENCE** — Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to the recipient at recipient's last known residence, on 9/19/2005 at: # 70042890000455886178 _____ and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS** — Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to the recipient at the recipient's actual place of business, on _____ at: _____ and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within _____ State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by any return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**DESCRIPTION** — SEX: _____ COLOR/SKIN _____ HAIR _____ AGE (approx.) _____
HEIGHT (approx.) _____ WEIGHT (approx.) _____ Lbs. OTHER _____

**MILITARY SERVICE** — I asked the person to whether recipient was in active military service of the United States or the State of New York in Any capacity whatever and received a negative reply. Recipient wore ordinary clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.

And at the same time paying in advance _____ the authorized fee.

Sworn to before me on 19th Day of September, 2005

Mark Constantine
MARK E. CONSTANTINE
Notary Public State of New York
No. 02CO5088638
Qualified in Westchester County
Commission Expires 1/1/__

Michael McElroy
Process Server

Michael McElroy
Print Name:





**UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

**Search Results**

Label/Receipt Number: **7004 2890 0004 5588 6178**
Status: **Notice Left**

We attempted to deliver your item at 12:15 pm on September 21, 2005 in NEW YORK, NY 10011 and a notice was left. It can be redelivered or picked up at the Post Office. If the item is unclaimed, it will be returned to the sender. Information, if available, is updated every evening. Please check again later.

( Additional Details > )  ( Return to USPS.com Home > )

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

**Notification Options**

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.  ( Go > )



POSTAL INSPECTORS        site map    contact us    government services    jobs    **National & Premier**
Preserving the Trust                                                                **Accounts**

Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. <br> Plaintiff <br><br> v. <br><br> DAVID W. ADAMS, *et al* <br> Defendants | ) <br> ) <br> ) <br> ) Civil Action No. 05-11654-NMG <br> ) <br> ) <br> ) <br> ) <br> ) |

**PROPOSED ORDER**

**IT IS HEREBY ORDERED THAT:**

1. IFC is granted leave to effectuate service of process upon Defendant Jane Dziemit by publication in local Connecticut, California and, if necessary, Massachusetts publications in the manner as prescribed by the Court;

2. IFC is granted leave to effectuate service of process upon Defendant Kevin Britto by publication in local New York and, if necessary, Massachusetts publications in the manner as prescribed by the Court;

3. Any and all of the Orders, Temporary Restraining Orders, Injunctions, Writs of Attachment, and Summonses to Trustee issued by the Court (Gorton, J.) on or about August 11, 2005, and thereafter, (a) which refer to, relate to, reflect or regard Defendant Jane Dziemit and/or Defendant Kevin Britto, and his, her or their respective agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his, her or their behalf, and all persons having actual notice of any order issued hereunder, and (b) which refer to, relate to, reflect or regard any property, including, without limitation, real property and/or bank accounts,

owned, in whole or in part, by, or in the name of, Defendant Jane Dziemit and/or Defendant Kevin Britto, shall remain in full force and effect until further order of this Court;  and

    4.    Nothing in this Order shall relieve Defendant Britto and Defendant Dziemit from any of their obligations as set forth in any order issued to date in this matter.

So ordered.

Dated:  September __, 2005

                                                                                                                    _____  
                                                                                                                    Nathaniel M. Gorton  
                                                                                                                    United States District Judge