UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>      Plaintiff<br><br>    v.<br><br>DAVID W. ADAMS, TYRONE WILLIAMS,<br>KEVIN BRITTO, RONALD E. MITCHELL,<br>Individually and d/b/a MANSFIELD RUG<br>COMPANY a/k/a MANSFIELD RUG<br>DEPARTMENT and REMCO, MICHAEL<br>E. BROWN, Individually and d/b/a DALTON<br>PADDING and EMPIRE WEAVERS, JANE<br>DZIEMIT, AGATHA ESPOSITO, DONALD<br>SHOOP, CCC INTERNATIONAL, INC.,<br>JOHN D. SUN, DAVID D. SUN, and<br>PAUL SUN,<br>      Defendants<br><br>    v.<br><br>LOWELL FIVE CENT SAVINGS BANK,<br>WACHOVIA BANK, NATIONAL<br>ASSOCIATION, f/k/a FIRST UNION BANK<br>OF VIRGINIA, CITIZENS BANK, BANK OF<br>AMERICA f/k/a BANK OF BOSTON,<br>PEOPLE'S BANK, and FIRST UNION<br>NATIONAL BANK,<br>      Trustee Process Defendants | Civil Action No. 05-11654-NMG |

## PLAINTIFF'S MOTION TO ENTER PRELIMINARY INJUNCTION

Plaintiff International Floor Crafts, Inc. ("IFC") hereby moves this Court to enter the proposed preliminary injunction attached hereto as **Exhibit A** for the reasons set forth below:

1. On September 20, 2005, the Court (Gorton, J.) ordered Plaintiff International Floor Crafts, Inc. ("IFC") to submit a proposed preliminary injunction after consulting with defendants for the Court's consideration and entry.

2. After conferring with all counsel, IFC is able to submit **Exhibit A** for the Court's consideration.

3. IFC notes that there are two issues on which IFC and Defendant Adams cannot agree, both of which were the subject of a Response submitted by IFC to the Court on September 22, 2005. Briefly, the two issues relate to the amount of limit on the amount of money which Defendant Adams may spend on a monthly basis and the types of information which Defendant Adams must provide to IFC on a monthly basis. IFC has highlighted both of the issues in the proposed order as "SUBJECT OF RESPONSE DATED 9/22/05."

**WHEREFORE**, for the above reasons, IFC respectfully requests that this Court enter the Proposed Preliminary Injunction attached hereto as Exhibit A, and, as to the portions involving David Adams, that this Court adopt IFC's requested versions thereof.

Plaintiffs
International Floor Crafts, Inc.
By Their Attorneys,


/s/ Paul J. Klehm
James B. Krasnoo
*james@krasnoolaw.com*
Paul J. Klehm
*pklehm@krasnoolaw.com*
Law Offices James B. Krasnoo
23 Main Street
Andover, MA 01810
(978) 475-9955

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

On September 23, 2005, I forwarded a draft of the proposed preliminary injunction to all counsel of record via email. I have since spoken by telephone and/or corresponded by email with counsel to Defendants Adams, Williams, Mitchell, Brown, CCC International, Inc., David Sun and Paul Sun, all of whom are the subject of the within proposed order. The parties are in agreement to the language of the order with the exception of the following: the only areas of disagreement of which I am aware involves the two issues which were the subject of a Response filed by IFC on September 22, 2005 with regard to Defendant David Adams.

/s/ Paul J. Klehm
Paul J. Klehm

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid, on September 26, 2005. On September 26, 2005, I have also forwarded a copy of the within motion via first class mail, postage pre-paid, to Attorney Mark Rosenblit, at 14 Coolidge Road, West Hartford, CT 06117-2318, Ms. Jane Dzieimit, 48551 Shady View Drive, Palm Desert, CA 92260, and to Kevin Britto, 300 W. 21st Street, Apartment #25, New York, NY.

/s/ Paul J Klehm
Paul J. Klehm

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>    Plaintiff<br><br>    v.<br><br>DAVID W. ADAMS, TYRONE WILLIAMS,<br>KEVIN BRITTO, RONALD E. MITCHELL,<br>Individually and d/b/a MANSFIELD RUG<br>COMPANY a/k/a MANSFIELD RUG<br>DEPARTMENT and REMCO, MICHAEL<br>E. BROWN, Individually and d/b/a DALTON<br>PADDING and EMPIRE WEAVERS, JANE<br>DZIEMIT, AGATHA ESPOSITO, DONALD<br>SHOOP, CCC INTERNATIONAL, INC.,<br>JOHN D. SUN, DAVID D. SUN, and<br>PAUL SUN,<br>    Defendants<br><br>    v.<br><br>LOWELL FIVE CENT SAVINGS BANK,<br>WACHOVIA BANK, NATIONAL<br>ASSOCIATION, f/k/a FIRST UNION BANK<br>OF VIRGINIA, CITIZENS BANK, BANK OF<br>AMERICA f/k/a BANK OF BOSTON,<br>PEOPLE'S BANK, and FIRST UNION<br>NATIONAL BANK,<br>    Trustee Process Defendants | Civil Action No. 05-11654-NMG |

## **PRELIMINARY INJUNCTION**

**IT IS HEREBY ORDERED THAT:**

    **A.    As to Defendant David W. Adams:**

    1.    The Defendant David W. Adams, and his wife, Linda M. Adams, are hereby enjoined from transferring, conveying, hypothecating or otherwise encumbering

any and all real property, including, without limitation, property located at 5 Oxbow Drive, Wilmington, Massachusetts (hereinafter, the "5 Oxbow Drive Property"), until further order of this Court, except for the sole purpose of granting and recording a mortgage in connection with one refinancing of the Oxbow Drive Property (hereinafter, the "Refinancing"), in an amount not to exceed $475,000.00 on or before October 6, 2005.

    2.    The Defendant David W. Adams and his wife, Linda M. Adams, are hereby enjoined from (1) transferring, liquidating, recovering, retaining, keeping, spending, pledging and/or acquiring any of the proceeds from the Refinancing, and/or (2) from otherwise transferring, liquidating, recovering, retaining, keeping, spending, pledging and/or acquiring any equity in any real property, including, without limitation, the 5 Oxbow Drive Property, as a direct or indirect result of the Refinancing.  Defendant Adams, and his wife, Linda M. Adams, may make, or cause to be made, disbursements from the proceeds of the Refinancing for the sole purposes of obtaining discharges from existing mortgage holders on the 5 Oxbow Drive Property, making a payment to the Internal Revenue Service to satisfy, in whole or in part, any IRS encumbrances on the 5 Oxbow Property, and making payment of reasonable closing costs associated with the Refinancing (in an amount not to exceed $15,000.00).

    3.    Defendant David W. Adams is hereby ordered, within ten days of the closing on the Refinancing, to provide Plaintiff's counsel with copies of any and all closing documents associated with the Refinancing, including, without limitation, any and all discharges from the New Century Mortgage Company, Telestar Corp. and/or the

IRS; the HUD1 Settlement Statement associated with the Refinancing, and any and all checks issued and/or generated in connection with the Refinancing.

4. Defendant David Adams, his agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his behalf, and all persons having actual notice of any order issued hereunder, are hereby preliminarily restrained from directly or indirectly, transferring, hypothecating, assigning, or dissipating any real estate held in the names of David Adams, individually and/or with one or more others, except for the limited purpose of the Refinancing as set forth in paragraphs 1 through 3, *supra*.

5. Defendant David Adams, his agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his behalf, and all persons having actual notice of any order issued hereunder, are hereby preliminarily restrained from directly or indirectly, transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing, or drawing down any of the Defendant David Adams' assets, including without limitation, any and all real property, up to Five Million Dollars ($5,000,000.00), plus attorneys' fees, other than in the ordinary course which shall not exceed $-,000 per month [SUBJECT OF RESPONSE FILED 9/22/05] and except for the limited purpose of the Refinancing in paragraphs 1 through 3, *supra*.

6. The Defendant David Adams is ordered to provide Plaintiff's counsel with [a financial statement signed under the pains and penalties of perjury on or before September 21, 2005, and is further ordered to provide Plaintiff's counsel with monthly financial statements signed by Defendant David Adams under the pains and penalties of

perjury on or before the last day of every month thereafter, until further order of the Court][SUBJECT OF RESPONSE FILED 9/22/05].

**B. As to Defendants Tyrone Williams; Ronald E. Mitchell, Individually and d/b/a Mansfield Rug Company a/k/a Mansfield Rug Department and Remco; and Michael E. Brown, Individually and d/b/a Dalton Padding and Empire Weavers (hereinafter, collectively, "Defendants Williams, Mitchell and Brown"):**

1. Defendants Williams, Mitchell and Brown, their respective agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his or their behalf, and all persons having actual notice of any order issued hereunder, are hereby preliminarily restrained from directly or indirectly, transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing, or drawing down any of Defendant Williams', Mitchell's or Brown's assets, including, without limitation, any and all real property, up to Five Million Dollars ($5,000,000.00), plus attorneys' fees, other than in the ordinary course which shall not exceed $3,000 per month for Williams and Mitchell, and not to exceed $3,600 per month for Brown.

2. Defendants Williams, Mitchell and Brown, their respective agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his or their behalf, and all persons having actual notice of any order issued hereunder, are hereby preliminarily restrained from directly or indirectly, transferring, hypothecating, assigning, or dissipating any real estate held in the names of one or more Defendants Williams, Mitchell and Brown.

3. Notwithstanding any other orders or attachments issued in this case, Defendant Mitchell may use the sum of $17,700 maintained in bank accounts in his name, as referred to in the Statement of Ronald E. Mitchell dated September 14, 2005,

for the limited and sole purpose of paying Defendant Mitchell's reasonable attorneys' fees and/or reasonable legal retainers associated with the within action.

    4.      Throughout the pendency of this action, Defendants Williams, Mitchell and Brown may submit *ex parte* motions to the Court as necessary seeking relief from the within order for the sole purpose of obtaining funds with which to pay reasonable attorneys' fees and/or reasonable legal retainers associated with the within action.  In making such a motion, Defendants Williams and Mitchell must demonstrate to the Court that sufficient assets remain subject to the within order that justify the relief.

    5.      Defendants Williams and Mitchell are each ordered to provide Plaintiff's counsel with monthly financial statements signed under the pains and penalties of perjury on or before the last day of every month, beginning with September, 2005, until further order of this Court.

    **C.  As to Defendant Chinese Carpet Center, Inc. d/b/a CCC International, Inc. and/or CCC International (hereinafter, "CCC"):**

    1.      Defendant CCC, its agents, servants, successors, assigns, employees, attorneys and all persons acting or purporting to act on its behalf, are preliminarily enjoined from directly or indirectly transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing, or drawing down any of CCC's assets, other than in the ordinary course of business, which shall not exceed $450,000 per month.

    2.      CCC has provided IFC with an instrument dated September 21, 2005 under which John D. Sun, David D. Sun and Paul Sun, as grantors, granted a Deed of Trust in the principal sum of $200,000.00 on property located at 7903 Kincannon Place, Lorton, Virginia (hereinafter, the "Deed of Trust"), in order to

secure payment of any judgment entered by the Court in the within matter. CCC, John D. Sun, David D. Sun and Paul Sun, individually and/or jointly, shall execute all additional papers, if any, necessary to permit IFC to record the original Deed of Trust. The Deed of Trust shall remain in full force and effect until further order of this Court.

    3.    CCC shall provide a copy of its future bank statements to plaintiff's counsel on a monthly basis.

    4.    On September 12, 2005, this Court lifted the Summonses to Trustee Wachovia Bank that were issued on August 11, 2005 to the extent that they were issued to attach funds of CCC, including, but not limited to, funds in Wachovia Bank Account No. 2000005235933, and ordered that the funds of CCC on deposit at Wachovia Bank are no longer attached.

**D. As to Defendant David Sun:**

    1.    Defendant David Sun, his agents, servants, successors, assigns, employees, attorneys and all persons acting or purporting to act on his behalf, are preliminarily enjoined from directly or indirectly transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing, or drawing down any of his assets in an amount exceeding $10,000 per month.

    2.    On September 19, 2005, the Court lifted the Summonses to Trustee that were issued on August 11, 2005, including to Wachovia Bank, to the extent that they were issued to attach funds of David Sun, and ordered that the funds of David Sun, including those on deposit at Wachovia Bank, shall no longer be attached.

**E. As to Defendant Paul Sun:**

1. Defendant Paul Sun, his agents, servants, successors, assigns, employees, attorneys and all persons acting or purporting to act on his behalf, are preliminarily enjoined from directly or indirectly transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing, or drawing down any of his assets in an amount exceeding $10,000 per month.

2. On September 19, 2005, the Court lifted the Summonses to Trustee that were issued on August 11, 2005, including to Wachovia Bank, to the extent that they were issued to attach funds of Paul Sun, and ordered that the funds of Paul Sun, including those on deposit at Wachovia Bank, shall no longer be attached.

**F. General Order**

1. Except those described in paragraphs C(4), D(2) and E(2) above, and those related to John Sun, Agatha Esposito and Donald Shoop, all Writs of Attachment and Summonses to Trustee issued in the within matter, including, without limitation, all real estate attachments and trustee process orders issued therewith, shall remain in full force and effect until further order of this Court.

So ordered.

Dated: September __, 2005                          _____
                                                   Nathaniel M. Gorton
                                                   United States District Judge