United States District Court
District of Massachusetts

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID W. ADAMS, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) 05-11654-NMG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PRELIMINARY INJUNCTION**

GORTON, J.

Upon consideration of pleadings filed by the parties in support of and in opposition to injunctive relief, and oral argument presented at a hearing held on September 20, 2005,

**IT IS HEREBY ORDERED THAT:**

A.   **As to Defendant David W. Adams:**

1.   The defendant David W. Adams, and his wife, Linda M. Adams (hereinafter, collectively, "the Adams") are hereby enjoined from transferring, conveying, hypothecating or otherwise encumbering any and all real property, including, without limitation, property located at 5 Oxbow Drive, Wilmington, Massachusetts (hereinafter, "the Oxbow Drive Property"), until further order of this Court, except for the sole purpose of

granting and recording a mortgage in connection with one refinancing of the Oxbow Drive Property (hereinafter, "the Refinancing"), in an amount not to exceed Four Hundred and Seventy-Five Thousand Dollars ($475,000) on or before October 25, 2005.

2.  The Adams are hereby further enjoined from transferring, liquidating, recovering, retaining, keeping, spending, pledging and/or acquiring any equity in any real property, including, without limitation, the Oxbow Drive Property, as a direct or indirect result of the Refinancing.  The Adams may make, or cause to be made, disbursements from the proceeds of the Refinancing for the sole purposes of obtaining discharges from existing mortgage holders on the Oxbow Drive Property, making a payment to the Internal Revenue Service to satisfy, in whole or in part, any IRS encumbrances on the Oxbow Drive Property, and making payment of reasonable closing costs associated with the Refinancing in an amount not to exceed Fifteen Thousand Dollars ($15,000).

3.  Defendant David W. Adams is hereby ordered, within ten days of the closing on the Refinancing, to provide plaintiff's counsel with copies of (a) any and all closing documents associated with the Refinancing, including, without limitation, any and all discharges from the New Century Mortgage Company, Telestar Corp. and/or the Internal Revenue Service, (b) the HUD-1

Settlement Statement associated with the Refinancing and (c) any and all checks issued and/or generated in connection with the Refinancing.

4.  Defendant David W. Adams, his agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his behalf, and all persons having actual notice of any order issued hereunder, are hereby preliminarily enjoined from directly or indirectly, transferring, hypothecating, assigning or dissipating any real estate held in the name of David W. Adams, individually and/or with one or more others, except for the limited purpose of the Refinancing as set forth in Paragraphs 1, 2 and 3, *supra*.

5.  Defendant David W. Adams, his agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his behalf, and all persons having actual notice of any order issued hereunder, are hereby preliminarily enjoined from directly or indirectly, transferring, hypothecating, assigning, dissipating, pledging, distributing or drawing down any of the assets of defendant David W. Adams, including, without limitation, any and all real property, in an amount up to Five Million Dollars ($5,000,000), plus attorneys' fees, other than in the ordinary course of business, which withdrawals shall not exceed Six Thousand Dollars ($6,000) per month, and except for the limited purpose of the Refinancing as

set forth in Paragraphs 1, 2 and 3, <u>supra</u>.

    6.    The defendant David W. Adams is ordered to provide plaintiff's counsel with monthly bank statements with respect to all of his bank accounts within fifteen (15) days of the receipt of such statements, until further order of the Court.

    **B.**    **As to Defendants Tyrone Williams, Ronald E. Mitchell, Individually and d/b/a Mansfield Rug Company a/k/a Mansfield Rug Department and Remco, and Michael E. Brown, Individually and d/b/a/ Dalton Padding and Empire Weavers (hereinafter, collectively, "defendants Williams, Mitchell and Brown"):**

    1.    Each of the defendants Williams, Mitchell and Brown, their respective agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his or their behalf, and all persons having actual notice of any order issued hereunder, are hereby preliminarily enjoined from directly or indirectly, transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing or drawing down any of the assets of the respective defendants Williams, Mitchell and Brown, including, without limitation, any and all real property, in an amount up to Five Million Dollars ($5,000,000), plus attorneys' fees, other than in the ordinary course of business, which withdrawals shall not exceed Three Thousand Dollars ($3,000) per month for each of the defendants Williams and Mitchell, and Three Thousand, Six Hundred Dollars ($3,600) per month for defendant Brown.

2. Defendants Williams, Mitchell and Brown, their respective agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his or their behalf, and all persons having actual notice of any order issued hereunder, are hereby preliminarily enjoined from directly or indirectly, transferring, hypothecating, assigning or dissipating any real estate held in the names of one or more of the defendants Williams, Mitchell and Brown.

3. Notwithstanding any other orders or attachments issued in this case, defendant Mitchell may use the sum of Seventeen Thousand, Seven Hundred Dollars ($17,700) maintained in bank accounts in his name, as referred to in the Statement of Ronald E. Mitchell dated September 14, 2005, for the limited and sole purpose of paying defendant Mitchell's reasonable attorneys' fees and/or reasonable legal retainers associated with this action.

4. Throughout the pendency of this action, defendants Williams, Mitchell and Brown may submit motions to the Court as necessary seeking relief from the within order for the sole purpose of obtaining funds with which to pay reasonable attorneys' fees and/or reasonable legal retainers associated with this action. In making such a motion, defendants Williams and Mitchell must demonstrate to the Court that sufficient assets remain subject to the within order to justify the relief.

5. Defendants Williams and Mitchell are each ordered to

provide plaintiff's counsel with monthly financial statements signed under the pains and penalties of perjury on or before the last day of every month, beginning with October, 2005, until further order of this Court.

    **C.**    **As to Defendant Chinese Carpet Center, Inc. d/b/a/ CCC International, Inc. and/or CCC International (hereinafter, "CCC"):**

    1.    Defendant CCC, its agents, servants, successors, assigns, employees, attorneys, and all persons acting or purporting to act on its behalf, are preliminarily enjoined from directly or indirectly, transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing or drawing down any of defendant CCC's assets, other than in the ordinary course of business, the total of which transactions shall not exceed Four Hundred and Fifty Thousand Dollars ($450,000) per month.

    2.    Defendant CCC has provided the plaintiff, International Floor Crafts, Inc. ("IFC"), with an instrument dated September 21, 2005, under which John D. Sun, David D. Sun and Paul Sun, as grantors, conveyed a deed of trust in the principal sum of Two Hundred Thousand Dollars ($200,000) on property located at 7903 Kincannon Place, Lorton, Virginia (hereinafter, "the Deed of Trust"), in order to secure payment of any judgment entered by the Court in this matter.  CCC, John D. Sun, David D.

Sun and Paul Sun, individually and/or jointly, shall execute all additional papers, if any, necessary to permit IFC to record the original Deed of Trust. The Deed of Trust shall remain in full force and effect until further order of this Court.

3. Defendant CCC shall provide a copy of its future bank statements to plaintiff's counsel on a monthly basis.

4. On September 12, 2005, this Court lifted the Summonses to Trustee Wachovia Bank that were issued on August 11, 2005, to the extent that they were issued to attach funds of CCC, including, but not limited to, funds in Wachovia Bank Account 2000005235933, and ordered that the funds of CCC on deposit at Wachovia Bank no longer be attached.

**D.  As to Defendant David Sun:**

1. Defendant David Sun, his agents, servants, successors, assigns, employees, attorneys, and all persons acting or purporting to act on his behalf, are preliminarily enjoined from directly or indirectly, transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing or drawing down any of his assets in an amount exceeding Ten Thousand Dollars ($10,000) per month.

2. On September 19, 2005, this Court lifted the Summonses to Trustee that were issued on August 11, 2005, including to Wachovia Bank, to the extent that they were issued to attach

-7-

funds of David Sun, and ordered that the funds of David Sun, including those on deposit at Wachovia Bank, no longer be attached.

**E.   As to Defendant Paul Sun:**

1.   Defendant Paul Sun, his agents, servants, successors, assigns, employees, attorneys, and all persons acting or purporting to act on his behalf, are preliminarily enjoined from directly or indirectly, transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing or drawing down any of his assets in an amount exceeding Ten Thousand Dollars ($10,000) per month.

2.   On September 19, 2005, this Court lifted the Summonses to Trustee that were issued on August 11, 2005, including to Wachovia Bank, to the extent that they were issued to attach funds of Paul Sun, and ordered that the funds of Paul Sun, including those on deposit at Wachovia Bank, no longer be attached.

**F.   General Order**

Except as to those described in Paragraphs C.4., D.2. and E.2. above, and as to those related to John Sun, Agatha Esposito and Donald Shoop, all Writs of Attachment and Summonses to Trustee issued in this action, including, without limitation, all

real estate attachments and trustee process orders issued therewith, shall remain in full force and effect until further order of this Court.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: October 19, 2005