UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. )<br>    Plaintiff )<br> )<br>v. )<br> )<br>DAVID W. ADAMS, *et al* )<br>    Defendants )<br> ) | CIVIL ACTION NO. 05CA11654-NMG |

**PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION
AGAINST DEFENDANTS KEVIN BRITTO AND JANE DZIEMIT**

Plaintiff International Floor Crafts, Inc. (hereinafter, "IFC") hereby moves this Court to enter a preliminary injunction against Defendants Kevin Britto and Jane Dziemit, both of whom IFC was only recently able to serve with process, for the reasons set forth below:

1.  On August 10, 2005, IFC commenced the within R.I.C.O. matter against several defendants, including, without limitation Defendants Britto and Dziemit, arising out of a scheme in which the Defendants allegedly embezzled millions of dollars from IFC.

2.  On August 11, 2005, the Court (Gorton, J.) entered various temporary restraining orders, the prohibitions of which applied to Defendants Britto and Dziemit, as well as to others.

3.  For the next two months, IFC, through counsel in Massachusetts, New York and California, and through process servers in New York, Connecticut and California, expended significant time and money making numerous attempts to serve Defendant Britto (who resides in New York) and Defendant Dziemit (who resides in California, and who owns (owned) property in Connecticut).

4.      On September 26, 2005, on the same date in which IFC filed a motion for the entry of a preliminary injunction against all Defendants except Defendants Britto and Dziemit, IFC filed a motion seeking to maintain injunctive relief against Defendants Britto and Dziemit and seeking leave to serve Defendants Britto and Dziemit via publication.

5.      On October 19, 2005, the Court entered an order granting IFC leave to serve Defendants Britto and Dziemit via publication, but denying the motion to extend the injunctive relief. In the Memorandum and Order, at pp. 2 and 3, the Court wrote, "[a]fter further attempts to effect service of process, the Court will entertain further applications of the plaintiff for injunctive relief."

6.      On October 20, 2005, IFC forwarded a return of service regarding Defendant Dziemit to the Court[1]. (See copy of Return of Service attached hereto as **Exhibit A**). The return of service shows that the process server served Ms. Dziemit in hand with the Complaint and other materials on Saturday, October 8, 2005 at 8:57 a.m.

7.      On October 20, 2005, the Court docketed the return of service pertaining to Defendant Kevin Britto, who had been served in hand on October 17, 2005.

8.      Now that IFC has finally completed service of process upon Defendants Britto and Dziemit, IFC respectfully requests that this Court enter a preliminary injunction against them in the form set forth in Exhibit A, or some form similar thereto. IFC relies upon the Verified Complaint (Doc. #1), Affidavit of William Gemme (Doc. #75), Affidavit of William Elovitz (Doc. #76), Affidavit of Carol F. Mairiello (Doc. #77), and Affidavit of Nicolas Alder-Duthe (Doc. #78), all of which are incorporated herein by reference.

9.      According to IFC, Defendants Britto, Adams, Williams, Dziemit, Brown, John Sun, Paul Sun and David Sun and CCC International have all participated in a scheme to defraud IFC of at least $5 million dating back to at least 1999. (Affidavit of

---

[1] As of the time of the filing of the within motion, the return of service pertaining to Ms. Dziemit has yet to be docketed.

William Gemme, ¶31).  With regard to Defendant Dziemit, IFC has determined that, on at least one occasion, IFC forwarded funds intended for REMCO, a company which received fraudulent funds from IFC, via overnight mail to Defendant Dziemit, who was apparently an officer, agent, servant or employee of Defendant Mitchell, the owner of REMCO. (Aff. Gemme, ¶28).  It appears that Dziemit endorsed several checks and caused them to be deposited into Remco or other accounts.  *Id.*

      10.    Defendant Britto was also involved in the fraudulent scheme, as he placed fictitious orders with the five companies which participated in the fraud.  (Aff. Gemme, ¶31).

      11.    Through this motion, IFC seeks the same relief against Defendants Britto and Dziemit as they sought against Defendant Tyrone Williams.  In short, IFC seeks to enjoin Defendants Britto and Dziemit from spending more than $3,000 per month and from transferring or hypothecating any real estate.  Additionally, IFC seeks monthly financial statements signed under the pains and penalties of perjury.

      12.    A copy of the proposed Preliminary Injunction is attached hereto as **Exhibit B.**

      **WHEREFORE**, for the above reasons, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court GRANT the within motion and enter a preliminary injunction against Defendants Britto and Dziemit in the form set forth in **Exhibit B**, or in

some similar form.

|  |  |
|---|---|
|  | The Plaintiff<br>International Floor Crafts, Inc.<br>By Its Attorneys, |
|  | /s/ Paul J. Klehm<br>James B. Krasnoo (BBO#279300)<br>Paul J. Klehm (BBO#561605)<br>Law Offices of James B. Krasnoo<br>23 Main Street<br>Andover, MA  01810 |
| Dated:  October 26, 2005 | (978) 475-9955 |

## LOCAL RULE 7.1(A)(2) STATEMENT

I, Paul J. Klehm, hereby certify that, on October 25, 2005, I left a telephone message for Attorney Rosenblit, Connecticut counsel to Defendant Jane Dziemit, regarding the within motion.  On October 25, 2005 at approximately 3:00 p.m., I spoke by telephone with Defendant Kevin Britto directly.  He informed me that he is not represented by counsel.  I explained to him generally the nature of the motion and the relief sought.  On October 26, 2005 at approximately 1:30 p.m.,  I spoke by telephone with Attorney Rosenblit, Connecticut counsel to Defendant Dziemit.  He told me, in essence, that he had already communicated with Defendant Dziemit about telephone message of October 25, 2005.

/s/ Paul J. Klehm
Paul J. Klehm

## CERTIFICATE OF SERVICE

I, Paul J. Klehm, Esq., hereby certify that I have served a copy of the within document upon all counsel of record not served via ECF and upon all parties not represented by counsel by first class mail, postage pre-paid, on October 26, 2005.

/s/ Paul J. Klehm
Paul J. Klehm

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| PAUL DAMIEN KRAMER<br>610 NEWPORT CTR DR<br>SUITE 1200<br>NEWPORT BEACH, CA 92660<br>Telephone No: 949-640-9110 | | |
| Attorney for: Plaintiff | Ref. No. or File No.:<br>803855 | |

Insert name of Court, and Judicial District and Branch Court:
UNITED STATES DISTRICT COURT- DISTRICT OF MASSACHUSETTS

Plaintiff: INTERNATIONAL FLOOR CRAFTS, INC.
Defendant: ADAMS

| PROOF OF SERVICE<br>WRIT OF ATTACHMENT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>05CA11654 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Writ Of Attachment; : Order Granting Temporary Restraining Order: Attestation: Plaintiff's Further Motion To Continue Hearing On Sealed Motions From September 1, 2005 To September 14, 2005 Or A Date Therafter Convenient To The Court, And To Keep The Sealed Orders Of Court Entered On August 10, 2005 In Full Force And Effect Until Further Order Of Court; Notice Of Hearing; Summons And Complaint; Civil Coversheet; Plaintiff's Motion For Ex Parte Approval Of Attachment By Trustee Process; Plaintiff's Motion For Ex Parte Approval Of Real Estate Attachment; Affidavit Of Rpbert O'neil; Plaintiff's Motion For Ex Parte Temporary Restraing Order And Writ Of Attachment (certified Copy) Directed To Us Marshall For Central District Of California.

3. a. Party served:           JANE DZIEMIT
   b. Person served:          party in item 3.a.

4. Address where the party was served:   48551 SHADY VIEW DRIVE
                                         Palm Desert, CA 92260

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Sat., Oct. 08, 2005 (2) at: 8:57AM

7. Person Who Served Papers:                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. ANTHONY J OLSEN                       d. The Fee for Service was:   117.00
   b. AMERICAN LEGAL SERVICES               e. I am: (3) registered California process server
      225 S. CIVIC DRIVE, Registration # 736      (i)  Independent Contractor
      SUITE 2-16                                  (ii) Registration No.:   656
      Palm Springs, CA 92262                      (iii) County:            Riverside
   c. 760-323-5445, FAX 760-323-5509

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Tue, Oct. 11, 2005

Judicial Council form POS-010               PROOF OF SERVICE                    (ANTHONY J OLSEN)
Rule 982.9.(a)&(b) Rev July 1, 2004         WRIT OF ATTACHMENT

kram 39152

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>      Plaintiff<br><br>    v.<br><br>DAVID W. ADAMS, TYRONE WILLIAMS,<br>KEVIN BRITTO, RONALD E. MITCHELL,<br>Individually and d/b/a MANSFIELD RUG<br>COMPANY a/k/a MANSFIELD RUG<br>DEPARTMENT and REMCO, MICHAEL<br>E. BROWN, Individually and d/b/a DALTON<br>PADDING and EMPIRE WEAVERS, JANE<br>DZIEMIT, AGATHA ESPOSITO, DONALD<br>SHOOP, CCC INTERNATIONAL, INC.,<br>JOHN D. SUN, DAVID D. SUN, and<br>PAUL SUN,<br>      Defendants<br><br>    v.<br><br>LOWELL FIVE CENT SAVINGS BANK,<br>WACHOVIA BANK, NATIONAL<br>ASSOCIATION, f/k/a FIRST UNION BANK<br>OF VIRGINIA, CITIZENS BANK, BANK OF<br>AMERICA f/k/a BANK OF BOSTON,<br>PEOPLE'S BANK, and FIRST UNION<br>NATIONAL BANK,<br>      Trustee Process Defendants | Civil Action No. 05-11654-NMG |

## **PRELIMINARY INJUNCTION**

Upon consideration of pleadings filed by the parties,

**IT IS HEREBY ORDERED THAT:**

1.    Defendants Kevin Britto and Jane Dziemit, his, her or their respective agents, servants, successors, assigns, employees, attorneys, all persons acting or

purporting to act on his, her or their behalf, and all persons having actual notice of any order issued hereunder, are hereby preliminarily restrained from directly or indirectly, transferring, alienating, conveying, encumbering, hypothecating, assigning, dissipating, pledging, distributing, or drawing down any of Defendant Britto's and/or Defendant Dziemit's assets, including, without limitation, any and all real property, up to Five Million Dollars ($5,000,000.00), plus attorneys' fees, other than in the ordinary course which shall not exceed $3,000 per month for Defendants Britto and Dziemit.

2. Defendants Britto and Dziemit, his, her or their respective agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on his, her or their behalf, and all persons having actual notice of any order issued hereunder, are hereby preliminarily restrained from directly or indirectly, transferring, hypothecating, assigning, or dissipating any real estate held in the names of one or more Defendants Britto and Dziemit.

3. Throughout the pendency of this action, Defendants Britto and Dziemit may submit *ex parte* motions to the Court as necessary seeking relief from the within order for the sole purpose of obtaining funds with which to pay reasonable attorneys' fees and/or reasonable legal retainers associated with the within action. In making such a motion, Defendants Britto and Dziemit must demonstrate to the Court that sufficient assets remain subject to the within order that justify the relief.

4. Defendants Britto and Dziemit are each ordered to provide Plaintiff's counsel with monthly financial statements signed under the pains and penalties of perjury on or before the last day of every month, beginning with October, 2005, until further order of this Court.

5. All Writs of Attachment and Summonses to Trustee issued in the within matter pertaining to Defendants Britto and/or Dziemit, including, without limitation, all real estate attachments and trustee process orders issued therewith, shall be restored and shall remain in full force and effect until further order of this Court.

So ordered.

Dated: October __, 2005

_____
Nathaniel M. Gorton
United States District Judge