FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 NOV -2  A 11: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BUILDING #19, INC. AND<br>INTERNATIONAL FLOOR CRAFTS, INC.,<br><br>　　　　　Plaintiffs<br><br>v.<br><br>DAVID W. ADAMS, TYRONE WILLIAMS,<br>KEVIN BRITTO, RONALD E. MITCHELL,<br>Individually and d/b/a MANSFIELD RUG<br>COMPANY a/k/a MANSFIELD RUG<br>DEPARTMENT and REMCO, MICHAEL<br>E. BROWN, Individually and d/b/a DALTON<br>PADDING and EMPIRE WEAVERS, JANE<br>DZIEMIT, CHINESE CARPET CENTER,<br>INC. d/b/a CCC INTERNATIONAL, DAVID<br>D. SUN, AND PAUL SUN,<br><br>　　　　　Defendants<br><br>and<br><br>LOWELL FIVE CENTS SAVINGS BANK,<br>WACHOVIA BANK, NATIONAL<br>ASSOCIATION, f/k/a FIRST UNION BANK<br>OF VIRGINIA, CITIZENS BANK, BANK<br>OF AMERICA f/k/a BANK OF BOSTON,<br>PEOPLE'S BANK AND FIRST UNION<br>NATIONAL BANK,<br><br>　　　　　Trustee Process<br>　　　　　Defendants. | CIVIL ACTION<br>NO. 05-11654-NMG |

**ANSWER OF DEFENDANT DAVID W. ADAMS TO AMENDED COMPLAINT**

The Defendant, David W. Adams ("Adams"), hereby answers the Amended Complaint of the Plaintiff, International Floor Crafts, Inc. ("IFC") as follows:

## INTRODUCTION

1. The introductory paragraph is denied insofar as it alleges that Adams engaged in a pattern of racketeering activity or conspired with anyone to defraud IFC in any manner or method.

## JURISDICTION

2. This paragraph is conclusory in nature and no answer is necessary.

3. This paragraph is conclusory in nature and no answer is necessary.

4. Admitted.

## PARTIES

5. Admitted.

6. Adams admits the first sentence of paragraph 6, but denies that "at all times relevant, [he] served as a Buyer and/or representative for, and on behalf of IFC".

7. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

8. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

9. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

10. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

11. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

12. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

13. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

14. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

15. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

16. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

17. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

18. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

19. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

20. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

21. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

22. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

23. This allegation pertains to another Defendant and Adams neither admits nor denies this paragraph.

## FACTS

24. Admitted.

25. The first, second, and third sentences of this paragraph are admitted. Adams denies the fourth sentence of this paragraph insofar as the supplying company would sometimes ship merchandise which he purchased to third parties, in which case, someone who was not employed by IFC would verify that the merchandise met the order. Adams denies the fifth sentence of this paragraph insofar as it was the manufacturer itself, and not the "manufacturer representative" who would forward an invoice from the supplying company to IFC but not to the "buyer". Adams denies the sixth sentence of this paragraph. Adams admits the seventh sentence of this paragraph, with the exception of the phrase "At or around the same time". Adams admits the eighth sentence of this paragraph.

26. Admitted.

27. Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

28. Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

29. Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

30. Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

31.     Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

32.     Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

33.     Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

34.     Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

35.     Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

36.     Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

37.     Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

38.     Adams admits that while he worked at Building 19, he maintained regular contact with Defendants Williams and Britto in connection with his job duties.  Adams denies that he remained in regular contact with either Defendant after he left Building 19.  Adams also denies that he has engaged in any communications with Defendants Williams and Britto were for the purpose of furthering a criminal enterprise as described in the Amended Complaint.  Adams denies any remaining allegations, characterizations, or conclusions in this paragraph.

39.     Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

40. Denied.

41. This paragraph is conclusory in nature and requires no answer.

**Remco**

42. Adams answers by stating that the document annexed as Exhibit "A" speaks for itself and that no further answer is necessary.

43. Adams answers by stating that the document annexed as Exhibit "B" speaks for itself and that no further answer is necessary.

44. Adams answers by stating that the document annexed as Exhibit "C" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

45. Adams answers by stating that the document annexed as Exhibit "D" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

**Mansfield Rug**

46. Adams answers by stating that the document annexed as Exhibit "E" speaks for itself.

47. Adams answers by stating that the document annexed as Exhibit "G" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

48. Adams answers by stating that the document annexed as Exhibit "F" speaks for itself.

49. Adams answers by stating that the document annexed as Exhibit "H" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

**Empire Weavers**

50. Adams answers by stating that the document annexed as Exhibit "I" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

51. Adams answers by stating that the document annexed as Exhibit "K" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

52. Adams answers by stating that the document annexed as Exhibit "J" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

53. Adams answers by stating that the document annexed as Exhibit "L" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

**Dalton Padding**

54. Adams answers by stating that the document annexed as Exhibit "M" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

55. Adams answers by stating that the document annexed as Exhibit "N" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

56. Adams answers by stating that the document annexed as Exhibit "O" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

57. Adams answers by stating that the document annexed as Exhibit "P" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

**CCC International**

58. Adams answers by stating that the document annexed as Exhibit "Q" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

59. Adams answers by stating that the document annexed as Exhibit "R" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

60. Adams answers by stating that the document annexed as Exhibit "S" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

61. Adams answers by stating that the document annexed as Exhibit "T" speaks for itself and that he is without knowledge or information sufficient to form a belief as to the factual allegations set forth in this paragraph.

62. Adams states that he is without knowledge or information sufficient to form a belief as to the factual allegations and conclusions set forth in this paragraph.

63. Adams states that he is without knowledge or information sufficient to form a belief as to the factual allegations and conclusions set forth in this paragraph.

64.  Adams states that he is without knowledge or information sufficient to form a belief as to the factual allegations and conclusions set forth in this paragraph.

## COUNT I
### (Plaintiff v. All Defendants (RICO))

65.  Adams repeats and hereby incorporates by reference the answers to the allegations set forth in paragraphs 1 through 64 above.

66.  Denied.

67.  Denied.

68.  Denied.

69.  Denied.

## COUNT II
### (Plaintiff v. All Defendants - Common Law Conspiracy to Violate RICO)

70.  Adams repeats and hereby incorporates by reference the answers to the allegations set forth in paragraphs 1 through 69 above.

71.  Denied as to Defendant Adams.

72.  Denied as to Defendant Adams.

73.  Denied as to Defendant Adams.

## COUNT III
### (Plaintiff v. All Defendants - Conversion)

74.  Adams repeats and hereby incorporates by reference the answers to the allegations set forth in paragraphs 1 through 73 above.

75.  Denied as to Defendant Adams.

76.  Denied as to Defendant Adams.

## COUNT IV
### (Plaintiff v. All Defendants – Unfair and Deceptive Business Practices)

77. Adams repeats and hereby incorporates by reference the answers to the allegations set forth in paragraphs 1 through 76 above.

78. Denied.

79. Denied as to Defendant Adams.

80. Denied as to Defendant Adams.

## COUNT V
### (Plaintiff v. All Defendants – Fraud)

81. Adams repeats and hereby incorporates by reference the answers to the allegations set forth in paragraphs 1 through 80 above.

82. Denied as to Defendant Adams.

83. Denied as to Defendant Adams.

84. Denied as to Defendant Adams.

## COUNT VI
### (Plaintiff v. Defendants Williams, Adams and Britto – Breach of Fiduciary Duty)

85. Adams repeats and hereby incorporates by reference the answers to the allegations set forth in paragraphs 1 through 81 above.

86. Denied.

87. Denied as to Defendant Adams.

88. Denied as to Defendant Adams.

## COUNT VII
### (Plaintiff v. All Trustee Process Defendants)

89. Adams repeats and hereby incorporates by reference the answers to the allegations set forth in paragraphs 1 through 88 above.

90-96. The allegations set forth in these paragraphs concern Defendants other than Adams and require no answer from him.

## COUNT VIII
### (Plaintiff v. All Defendants – Injunctive Relief)

97.    Adams repeats and hereby incorporates by reference the answers to the allegations set forth in paragraphs 1 through 96 above.

98-100.    Adams answers by stating that injunctive relief has already been obtained against him and that the factual allegations in these paragraphs are moot and require no answers from him.

WHEREFORE, the Defendant, David W. Adams, requests this Court to dismiss any and all claims against him, with prejudice and with costs.

## JURY DEMAND

The Defendant, David W. Adams, hereby demands a trial by jury on all claims or issues so triable.

DAVID W. ADAMS

By his Attorney,

_/s/ Isaac H. Peres_
Isaac H. Peres, BBO #545149
50 Congress Street
Boston, MA 02109
(617) 722-0094

11

CERTIFICATE OF SERVICE

      I hereby certify that on November 3, 2005, I served a copy of this document, by first class mail, upon the following persons:

James B. Krasnoo. Esquire
Paul J. Klehm, Esquire
Law Offices of James B. Krasnoo
23 Main Street
Andover, MA 01810
(Attorney for Plaintiff)

William A. Brown, Esquire
31 Milk Street, Suite 501
Boston, MA 02109
(Attorney for Ronald E. Mitchell)

Paul V. Kelly, Esquire
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110
(Attorney for Michael E. Brown)

Paul B. Krupp, Esquire
Lurie and Krupp, LLP
One McKinley Square
Boston, MA 02109
(Attorney for CCC International,
David D. Sun and Paul Sun)

Frederic D. Grant, Jr., Esquire
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111
(Attorney for Ronald E. Mitchell)

Robert Xifaras, Esquire
5 Dover Street, Suite 101
New Bedford, MA 02740
(Attorney for Tyrone Williams)

John Thorpe Richards, Jr., Esquire
Trout Cacheris, PLLC
1350 Commonwealth Avenue, N.W.
Suite 300
Washington, D.C. 20030
(Attorney for CCC International,
David D. Sun and Paul Sun)

Andrew Good, Esquire
Good & Cormier
83 Atlantic Avenue
Boston, MA 02110
(Attorney for John D. Sun)

_____
Isaac H. Peres