UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| | ) | |
| INTERNATIONAL FLOOR CRAFTS, INC., | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 05-11654-NMG |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID W. ADAMS, TYRONE WILLIAMS, | ) | |
| KEVIN BRITTO, RONALD MITCHELL, | ) | |
| Individually and d/b/a MANSFIELD RUG | ) | |
| DEPARTMENT and REMCO, MICHAEL | ) | |
| E. BROWN, Individually and d/b/a DALTON | ) | |
| PADDING and EMPIRE WEAVERS, JANE | ) | |
| DZIEMIT, CHINESE CARPET CENTER, INC. | ) | |
| DAVID D. SUN, and PAUL SUN, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LOWELL FIVE CENT SAVINGS BANK, | ) | |
| WACHOVIA BANK, NATIONAL | ) | |
| ASSOCIATION, f/k/a FIRST UNION BANK | ) | |
| OF VIRGINIA, CITIZENS BANK, BANK OF | ) | |
| AMERICA f/k/a BANK OF BOSTON, | ) | |
| PEOPLE'S BANK, and FIRST UNION | ) | |
| NATIONAL BANK, | ) | |
| | ) | |
| Trustee Process Defendants. | ) | |

## DEFENDANT JANE DZIEMIT'S NOTICE OF OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Jane Dziemit hereby gives notice of her opposition to Plaintiff International

Floor Craft's Motion for a Preliminary Injunction.  As grounds for her opposition, which are set

forth in greater detail in her Combined Memorandum of Law (1) In Opposition to Plaintiff's

Motion for a Preliminary Injunction and (2) in Support of Her Motion to Dismiss, Ms. Dziemit states as follows.

- IFC has not met its burden under Fed. R. Civ. P. 65. Specifically, IFC has not demonstrated, and indeed cannot demonstrate: (1) a likelihood of success on the merits; (2) that it will suffer immediate irreparable harm if the order is not granted; and (3) that any injury it might suffer outweighs any harm the order will cause Ms. Dziemit and her family. See Ocean Spray Cranberries, Inc. v. Pepsico, Inc., 160 F.3d 58, 61 (1st Cir. 1998); Quincy Cablesystems, Inc. v. Sully's Bar, Inc., 640 F. Supp. 1159, 1160 (D. Mass. 1986).

- IFC asks this Court to order not merely a preliminary injunction but *prejudgment security*, something that is, under the present circumstances, outside of this Court's equitable powers. Fed. R. Civ. P. 64 & 65; Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 333 (1999).

WHEREFORE, Ms. Dziemit respectfully requests that that this Court deny with prejudice IFC's Motion for a Preliminary Injunction and award Ms. Dziemit her attorney's fees and costs.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendant Jane Dziemit hereby requests that this Court hold oral argument on her Opposition to IFC's Motion for a Preliminary Injunction, together with Ms. Dziemit's Motion to Dismiss filed contemporaneously herewith.

Respectfully submitted,

JANE DZIEMIT

by her attorneys,

s/Matthew C. Welnicki/
_____
Richard J. Yurko (BBO#538300)
Matthew C. Welnicki (BBO#647104)
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
(617) 723-6900

Dated:  December 29, 2005

## <u>Certification of Conference Pursuant to LR 7.1(A)(2)</u>

The undersigned counsel for Defendant Jane Dziemit hereby certifies that he has conferred with counsel for Plaintiff on several occasions in an effort to resolve or narrow the above issues.

s/Matthew C. Welnicki/
_____