UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

_____
                                            )
INTERNATIONAL FLOOR CRAFTS, INC.            )
        Plaintiff,                          )
                                            ) Civil Action No. 05-11654-NMG
v.                                          )
                                            )
DAVID W. ADAMS, *et al*,                    )
        Defendants.                         )
_____ )

**PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S MOTION TO EXCLUDE AFFIDAVIT OF DEFENDANT JANE DZIEMIT FROM CONSIDERATION IN RULING UPON DEFENDANT JANE DZIEMIT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO EXTEND TIME FOR PLAINTIFF TO RESPOND TO DEFENDANT DZIEMIT'S MOTION FOR A PERIOD OF 90 DAYS FOR PURPOSES OF CONDUCTING DISCOVERY, PURSUANT TO FED. R. CIV. P. 56(f)**

Plaintiff International Floor Crafts, Inc. ("IFC") hereby moves this Court to exclude the Affidavit of Jane Dziemit, filed with this Court on December 29, 2005, from consideration in ruling upon Defendant Jane Dziemit's Motion to Dismiss, where a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) is limited to the pleadings. In the alternative, IFC moves to extend time for IFC to respond to Defendant Dziemit's Motion to Dismiss/Motion for Summary Judgment for a period of ninety (90) days for purposes of conducting discovery pursuant to Fed. R. Civ. P. 56(f). IFC relies upon the reasons set forth in the Affidavit of Paul J. Klehm, Esq. filed herewith and the reasons set forth below:

1.  On December 29, 2005, Jane Dziemit filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 9(b). On that date, Dziemit also filed an opposition to Plaintiff's Motion for a Preliminary Injunction. In support of the motion and the opposition, Dziemit filed the Combined Memorandum of Law of Jane Dziemit (1) In

Opposition To Plaintiff's Motion For Preliminary Injunction And (2) In Support Of Her Motion To Dismiss (hereinafter, the "Memorandum").

2. Dziemit's Memorandum cites extensively to the Affidavit of Jane Dziemit (hereinafter, the "Affidavit"), also filed on December 29, 2005. (*See* Memorandum at pp. 3-4, 6, 8, 12-13).

3. Dziemit's Memorandum requires the consideration by this Court of her Affidavit in ruling upon her motion to dismiss, as well as upon her opposition to IFC's motion for a preliminary injunction. (*See* Memorandum at p. 4, "For the same reasons why the claims against Ms. Dziemit must be dismissed, it is even more compelling that the request for a preliminary injunction must fail").

4. The central, indeed the *first*, argument of Dziemit's Memorandum, that, as a lender to Defendants Mitchell and REMCO, she did not "participate" in the alleged RICO enterprise, relies on the averments of her Affidavit that she had unwittingly lent large sums of money to Defendant Mitchell and REMCO. (*See* Memorandum at pp. 7-11, Argument § I. A.; Affidavit at ¶¶6-14). In essence, she argues that RICO does not support "lender liability." Nowhere in Plaintiff's Amended Complaint (hereinafter, "AC") does IFC allege that Dziemit ever lent money Mitchell or REMCO, (*See* AC, ¶¶1-100).

5. Generally, Fed. R. Civ. P. 12(b) forbids consideration of documents outside the pleadings, such as the Dziemit Affidavit, unless the proceeding is properly converted to a Fed. R. Civ. P. 56 motion for summary judgment. *Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.*, 993 F.2d 269, 272-273 (1st Cir. 1993).[1] A motion, pursuant to Fed. R. Civ. P.

---

[1] Despite this maxim, there are narrow classes of documents which "merge" into the pleadings, i.e., "documents the authenticity of which are not disputed by the parties; … official public records; … documents central to plaintiffs' claim; or … documents sufficiently referred to in the

2

12(b)(6), will converted into a Rule 56 motion, where both supplementary materials are filed and the Court takes notice of those supplementary materials in its ultimate decision upon the motion. *Garita Hotel Ltd. Partnership v. Ponce Federal Bank, F.S.B.*, 958 F.2d 15, 19 (1st Cir. 1992).

  6. If this Court wishes to consider the Dziemit Affidavit and the central argument of the Dziemit Memorandum against lender liability, thereby converting the present 12(b) motion into a summary judgment motion, this Court should give IFC a reasonable opportunity to present "all [responding] material made pertinent by the conversion." *Cooperativa de Ahorro y Credito Aguada*, 993 F.2d at 273. A ninety (90) day period for Plaintiff IFC to conduct discovery provides IFC with a reasonable opportunity to depose Ms. Dziemit and to acquire other necessary written discovery made pertinent by Dziemit's Affidavit and Memorandum.

  **WHEREFORE**, for the above reasons, Plaintiff International Floor Crafts, Inc. moves this Court either to exclude the Affidavit of Jane Dziemit, filed with this Court on December 29, 2005, from consideration in ruling upon Defendant Jane Dziemit's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, to extend time for Plaintiff to respond to

---

complaint." *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33-34 (1st Cir. 2001), *quoting Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993). Dziemit's Affidavit does not fall into any of these classes of documents.

Defendant Dziemit's Motion for a period of ninety (90) days, for purposes of conducting discovery, pursuant to Fed. R. Civ. P. 56(f).

> Plaintiff
> International Floor Crafts, Inc.
> By Its Attorneys,
>
>
> /s/ Paul J. Klehm
> James B. Krasnoo
> *james@krasnoolaw.com*
> Paul J. Klehm
> *pklehm@krasnoolaw.com*
> Law Offices James B. Krasnoo
> 23 Main Street
> Andover, MA  01810
> (978) 475-9955

Dated:  January 20, 2006

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I hereby certify that on January 19, 2006, I spoke by telephone with Attorney Richard Yurkoo, counsel to Defendant Dziemit, regarding the within motion. I thereafter forwarded a draft of the within motion to Attorney Yurko via email. I thereafter exchanged various emails with Attorney Yurko regarding the within motion. On January 20, 2006 at approximately 2:55 p.m., I spoke by telephone with Attorney Yurko. We were unable to agree as to how to resolve the issues raised in the within motion.

> /s/ Paul J. Klehm

### CERTIFICATE OF SERVICE

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non-registered participants (not including Attorney Richards) via first class mail, postage pre-paid, on January 20, 2006.

> /s/ Paul J Klehm
> Paul J. Klehm