UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.,<br><br>Plaintiff<br><br>v.<br><br>DAVID W. ADAMS, TYRONE WILLIAMS, KEVIN BRITTO, RONALD MITCHELL, Individually and d/b/a MANSFIELD RUG DEPARTMENT and REMCO, MICHAEL E. BROWN, Individually and d/b/a DALTON PADDING and EMPIRE WEAVERS, JANE DZIEMIT, CHINESE CARPET CENTER, INC. DAVID D. SUN, and PAUL SUN,<br><br>Defendants<br><br>and<br><br>LOWELL FIVE CENT SAVINGS BANK, WACHOVIA BANK, NATIONAL ASSOCIATION, f/k/a FIRST UNION BANK OF VIRGINIA, CITIZENS BANK, BANK OF AMERICA f/k/a BANK OF BOSTON, PEOPLE'S BANK, and FIRST UNION NATIONAL BANK,<br><br>Trustee Process Defendants. | Civil Action No. 05-11654-NMG |

DEFENDANT JANE DZIEMIT'S OPPOSITION TO
IFC'S MOTION TO EXCLUDE OR FOR DISCOVERY

Plaintiff International Floor Crafts, Inc. ("IFC" or "Building 19") has filed a strange procedural motion which, alternately, seeks to prevent this Court from considering the Affidavit of Jane Dziemit or to give IFC ninety days of free discovery before the adequacy of its Amended

Complaint can be tested. As the basis for its motion, IFC argues that Ms. Dziemit has placed it in a procedural no-man's land wherein it needs discovery before its Amended Complaint can be tested. With all due respect to the plaintiff, the way out of its self-induced procedural thicket is actually quite clear and does not entail discovery. All that the solution entails is the judicial examination of the plaintiff's insufficient Amended Complaint. IFC's motion to exclude or for discovery must be denied.

A. <u>IFC's Claimed Conundrum</u>

IFC argues that Ms. Dziemit has created a procedural nightmare by (a) opposing IFC's motion for a preliminary injunction, (b) submitting an Affidavit of Jane Dziemit in opposition to the motion for a preliminary injunction, and (c) submitting a single memorandum in support of her motion to dismiss and in opposition to the motion for a preliminary injunction (the "Unified Memorandum"). Apparently, IFC would not have had any problem if Ms. Dziemit had submitted <u>two</u> memoranda of 20 pages each rather than a single 21-page memo. Supposedly, Ms. Dziemit's unconscionable desire to provide the Court with less paper rather than more paper has led the parties into procedural quicksand and raised the specter that the Court will unavoidably go far, far afield from its normal task of deciding a motion to dismiss. Not so.

This case has been pending for almost six months. At last count, there are over 130 submissions to the Court, only <u>two</u> of which are the Complaint and the Amended Complaint. Several affidavits have been submitted to the Court on various motions, the vast majority having been submitted by IFC, prior to the submission of the <u>single</u> Affidavit of Jane Dziemit. This case file was crowded with supposed factual submissions by IFC well before Ms. Dziemit filed her single affidavit in opposition to a motion for a preliminary injunction that sought,

2

impermissibly, to tie-up all of her assets. Plainly, Ms. Dziemit was well within her rights to submit an affidavit in opposition to a motion for a preliminary injunction.[1]

What IFC says it is concerned about is the possibility that this Court may go beyond the face of the pleadings and "consider" Ms. Dziemit's affidavit in deciding the motion to dismiss. Apparently, IFC is not concerned that the Court might "consider" the more than one dozen affidavits IFC has filed to date in this case, including the last affidavit filed by Attorney Klehm, in which one of the alleged inside and central figures in this supposed conspiracy writes to the owner of Building 19:

> I betrayed your trust which was important to me, and I know you don't give it out freely! (I see why) Everyone is guilty except Ron [Mitchell] & Jane [Dziemit]. They thought they were putting money up to convert goods with Dave, and then bill it when Dave told them the goods came in.

Klehm Aff. at Exhibit A. See also Dziemit Aff. at ¶¶ 14-18.

Of course, the issue is not whether Ms. Dziemit's submission of a single affidavit in opposition to a motion for a preliminary injunction raises the prospect that the Court will suddenly look beyond the face of the Amended Complaint in deciding the Motion to Dismiss. The same possibility was always present from the moment the Court file became populated by affidavits submitted by the plaintiff. See, e.g., Vargas-Ruiz v. Golden Arch Dev. Inc., 368 F.3d 1 (1st Cir. 2004) (plaintiff's submission of correspondence); Santiago v. Canon USA, Inc., 138 F. 3d (1st Cir. 1998) (nonmoving party's evidentiary submissions).

---

[1] The motion for a preliminary injunction should now be denied for a host of reasons, both procedural and substantive. See pp. 7-9, infra, and Ms. Dziemit's Unified Memorandum at pp. 16-20. By way of summary, IFC has not and cannot state any claim against Ms. Dziemit, and IFC's is requesting extraterritorial prejudgment security that this Court has no authority to grant. Id. Apart from submitting a series of affidavits that mirror the allegations in the Amended Complaint, which allegations try to connect Ms. Dziemit to a purported scheme only through her receipt of checks, IFC has not provided a memorandum of law or any other support for its request for injunctive relief. Nor has IFC addressed Ms. Dziemit's point that, as a matter of law, injunctive relief in the form of extraterritorial prejudgment security is not proper. IFC's failure to do so raises the inference that it has all but abandoned its request for injunctive relief against Ms. Dziemit.

B. <u>IFC's Real Issue</u>

The actual problem for IFC is not that there exist affidavits in the file that this Court can look to, but rather that neither the original Complaint, nor the Amended Complaint, nor any of the several affidavits submitted by the plaintiff actually contain particularized allegations that can support claims for RICO Act violations or fraud (or any other claims) against Ms. Dziemit or establish jurisdiction over Ms. Dziemit. In a singe affidavit, Ms. Dziemit demonstrates that the case against her has no legal substance. The plaintiff is concerned that if the Court looks beyond the Amended Complaint, given the welter of affidavits it has already submitted to the Court, the Court will accept the Dziemit Affidavit as true and grant summary judgment against IFC. But Ms. Dziemit has not sought summary judgment on the merits. Ms. Dziemit rather seeks the more modest result, a dismissal for failure to plead fraud with particularity, for failure to state a claim, and for failure to demonstrate personal jurisdiction over Ms. Dziemit. Each of these matters requires no discovery and would not necessarily preclude a later action against Ms. Dziemit if later facts should develop and be properly stated.

To achieve this more modest result, all the Court needs to do is to evaluate the challenged Amended Complaint itself. If the complaint does not contain the particularized allegations needed to support a RICO Act or fraud claim against Jane Dziemit, and if the complaint does not contain the necessary allegations supporting state law claims or jurisdiction over an admitted California resident, then the complaint as to Ms. Dziemit ought to be dismissed. Before IFC filed its procedural motion, counsel for Ms. Dziemit offered to enter into a stipulation to this effect. (<u>See</u> Attachment A.) Apparently, however, this proposed stipulation was insufficient to assuage IFC's procedural concerns. This would seem to indicate that IFC is not really concerned procedurally, but rather wants some "free" discovery before its Amended Complaint is tested.

4

C. The Procedural "Solution"

Rule 12(b) is not to be applied mechanically, slavishly, or nonsensically, as plaintiff suggests here. Rather, time and time again, the Court of Appeals for the First Circuit has said that Rule 12(b) is to be applied functionally. See Garita Hotel, Ltd. Partnership v. Ponce Federal Bank, F.S.B., 958 F.2d 15, 19 (1st Cir. 1992) (motion to dismiss "is not automatically transformed into a motion for summary judgment simply because matters outside the pleadings are filed with, and not expressly rejected by, the district court"); United States v. Melrose-Wakefield Hospital, 2003 WL 21228801, at *3 (D. Mass. May 21, 2003) (collecting authorities)(although other materials were submitted in connection with other proceedings, court not required to convert motion to dismiss under Rules 12(b)(6) and 9(b) or expressly reject these materials). See also, Clorox Company Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 31-32 (1st Cir. 2000) (the fact that other materials were submitted in connection with preliminary injunction proceedings did not require district court to convert motion to dismiss into one for summary judgment).

In our system of pleading and practice, each defendant is entitled to an opportunity to test whether the complaint passes muster on the face of it. See, e.g., Mass. R. Civ. P. 9(b), 12(b). If the complaint does not pass muster, there is typically no reason to burden the defendant with the costs of lengthy litigation and intrusive discovery. Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996)(plaintiffs cannot file fraud or RICO Act suits in an effort to "simply hope to uncover relevant information during discovery"). These precepts are particularly important where the claims in the complaint sound in fraud or in RICO, the thermonuclear device of modern litigation. Id. Before a plaintiff can pursue litigation and burdensome discovery against a defendant, at the very least, the plaintiff must be able to allege the who, what, why, when and

how required by Fed. R. Civ. 9(b) against that defendant.  Loan v. Federal Deposit Ins. Corp., 717 F. Supp. 964, 968 (D. Mass. 1989); Margaret Hall Found., Inc. v. Atlantic Financial Management, Inc., 572 F. Supp. 1475, 1481 (D. Mass. 1983).  Plaintiff must "inform each individual defendant of what role [it] is alleged to have played in the fraud." Konstantinakos v. FDIC, 719 F. Supp. 35, 38 (D. Mass. 1989)(emphasis added).  This the plaintiff has not done, and cannot do so here.

Here, this Court needs to test the sufficiency of the Amended Complaint.  If it wishes to, this Court could look to the affidavits, not to adjudicate some fact but rather, for instance, to see what, if anything, the plaintiff could have put into its Amended Complaint to avoid dismissal.  It can also look to the affidavits to see if, given other potential facts, there is an entirely different explanation for the conduct that plaintiff claims gives rise to liability.  If all the plaintiff has alleged is conduct which is just as easily nonculpable as culpable then a claim has not been stated.[2]  Even though this Court may assume that the facts alleged by IFC are to be taken as true, those facts must "at least outline or adumbrate a viable claim." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).  And exempted from the facts that this Court may accept as true are those that are contradicted by IFC's own concessions or are merely "bald assertions, unsupportable conclusions, and opprobrious epithets." Id. at p. 514.

Here, on the motion for a preliminary injunction, Ms. Dziemit has asked this Court to rely on the truth of the statements in her affidavit.  Because none of plaintiff's dozen affidavits contradicts her, let alone addresses her affidavit, plaintiff's motion for a preliminary injunction

---

[2] See Unified Memorandum at pp. 7-12.  For example, a plaintiff alleging that she visited a doctor but then later became ill does not establish a claim for professional negligence; the plaintiff must still allege facts that can support a finding that the doctor actually did something unreasonable that cause plaintiff to become ill.  Here, taking as true IFC's allegations that (1) Ms. Dziemit received checks and (2) IFC was defrauded by the other defendants does not support the legal conclusion that Ms. Dziemit participated in a scheme to defraud IFC.  IFC has not alleged this important link because it has no basis for doing so.

must be denied. In fact, the most recent affidavit submitted by IFC, which includes the letter from Kevin Britto, is further evidence that IFC's claims against Ms. Dziemit lack any merit whatsoever.

By contrast, on the motion to dismiss, all the Court needs to do is note that all of the conduct alleged by the plaintiff against Ms. Dziemit could equally have been alleged against any lender who lent to Ron Mitchell and Remco based on purchase orders and invoices. Since such a lender would not be liable, as a matter of law, plaintiff's Amended Complaint is fatally defective. If one followed plaintiff's tortured logic, IFC could lump into yet another Amended Complaint each bank that negotiated the checks, Federal Express which delivered the checks, the landlord that rents to Ron Mitchell, Ron Mitchell's lawyer, all based on an insubstantial "on information and belief" allegation that they, too, must have known something. That is not the basis for a RICO Act or fraud claim.

    D.  <u>Despite Its Claimed Conundrum, IFC Has Opposed The Motion To Dismiss</u>

Despite its claim that the affidavits and Ms. Dziemit's Motion to Dismiss cannot be separated, IFC has submitted an Opposition to the Motion to Dismiss, together with a new affidavit of William Gemme. In this Opposition, IFC goes to great lengths to try to show that the Amended Complaint is sufficient on its face. In doing so, IFC implies that it does not need discovery and that the Amended Complaint sufficiently alleges Ms. Dziemit's purported misconduct with particularity. (<u>See</u> Opp. at p. 18.)

IFC's Opposition goes further than just demonstrating why there is no "conundrum" and why, as it acknowledges, discovery is not appropriate. IFC's Opposition summarizes exactly why the Amended Complaint is insufficient as to its claims against Ms. Dziemit. In its Opposition, IFC highlights what it considers to be the allegations in the Amended Complaint that

state claims against Ms. Dziemit, including those very serious charges of RICO Act violations and fraud.  But these allegations are nowhere specific as to <u>Ms. Dziemit</u>; they are allegations that purport to apply, on information and belief, to the defendants as a whole.  More troubling, these allegations are general and conclusory and do not state exactly what <u>Jane Dziemit</u> said or did, when she did so, where, why, or how.

For example, in its Opposition, IFC claims that in paragraph 82 it alleged "that Dziemit 'knowingly and fraudulently made false statements of material fact and deliberately failed to disclose other material facts to IFC . . .'" (Opp. at p. 11.)  But what paragraph 82 really states is "[t]he Defendants, through their officers, agents, servants or employees, knowingly and fraudulently made false statements of material fact . . . ."  The actual text of paragraph 82 is far more vague than how IFC now wants to reads it.  Yet, even if this Court were to adopt IFC's new reading of its own Amended Complaint, <u>this reading still fails to identify what statements or omissions Ms. Dziemit made, when she made them, to whom she made them, where she made them, and how and why they are connected to the overall purported scheme</u>.

Likewise, in its Opposition, IFC now reads paragraph 40 of the Amended Complaint to include an allegation that Ms. Dziemit "processed" IFC checks for the purpose of furthering the purported scheme. (Opp. at p. 11.)  Yet, this allegation of "processing" is glaringly missing from paragraph 40 of the Amended Complaint.  All paragraph 40 states is that certain payments were forwarded by IFC to "addresses for the following individuals, Jane Dziemit (for Remco)."  Paragraph 40 does not allege that Ms. Dziemit did anything at all.  Even the Affidavit of William Gemme in support of IFC recent motion is misleading.  Mr. Gemme states that checks sent to Ms. Dziemit range in date "from 1999 through 2002."  Yet, the checks he attaches only go up through August 2001. As Ms. Dziemit points out in her Motion to Dismiss, IFC claims also fail

8

based on the fact that the allegations fall outside of the statute of limitations. (Unified Memorandum at p. 12.)

Again, in its Opposition, IFC paints with a broad brush a purported scheme to defraud IFC. However, in giving its overview of the purported scheme, which Ms. Dziemit has no reason to know whether or not such scheme actually took place, IFC fails to connect Ms. Dziemit to the other defendants or their purported scheme. Simply by naming Ms. Dziemit as a defendant does not satisfy the pleading requirements of Rule 9(b). Without more, the allegation that Ms. Dziemit received a few checks, does not satisfy Rule 9(b). To link Ms. Dziemit to the purported scheme, IFC must describe how the nonculpable receipt of the checks is directly connected to the allegedly culpable acts of the other defendants (assuming, of course, that the allegations against the other defendants satisfy Rule 9(b)). IFC does not do this.[3]

As this case proceeds, it is becoming more and more clear that IFC's claims against Ms. Dziemit have no merit. IFC has not alleged the necessary facts, and will not be able to link Ms. Dziemit (and possibly other defendants) to the purported scheme. The recent letter from Kevin Britto is telling.[4] Not only is IFC not entitled to go on a fishing expedition in discovery at Ms. Dziemit's expense, the statements of other the other defendants demonstrate that such discovery would be of little use. Simply put, it is time to pull the plug on the baseless claims against Ms. Dziemit. No person should suffer the financial cost and emotional expense of defending against

---

[3] Of course, once the statutory RICO Act claims are dismissed, the fact that Ms. Dziemit received a few checks while outside of Massachusetts is not a sufficient basis for this Court to exercise personal jurisdiction over her. Additionally, given that IFC only links Ms. Dziemit to these checks up through August 2001, the claims against her are outside of the statute of limitations.

[4] IFC has already admitted that it incorrectly named certain defendants in its original, verified, Complaint. (See Unified Memorandum at pp. 1-2.) Mistakes do happen, but such mistakes should caution IFC against making similar generalized allegations, under oath, of serious fraud and RICO Act claims. IFC had the obligation to investigate the facts prior to filing suit and now has the obligation to withdraw its claims against Ms. Dziemit as the true facts have come to light in the litigation. See Fed. R. Civ. P. 11; 28 U.S.C. 1927; Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988).

RICO Act and fraud charges based only on a nonculpable connection to a few checks that might or might not have been payments for merchandise that might or might not have existed and sold as part of a purported scheme that might or might not have taken place. And no person should be dragged through discovery based on the plaintiff's hope that something might be found to support a claim that has not been properly stated.

### Conclusion

For all of the above reasons, and for the reasons stated in her previously filed Unified Memorandum of Law, Ms. Dziemit requests that this Court (1) deny IFC's request for premature discovery; (2) deny IFC's Motion for a Preliminary Injunction; and (3) dismiss all of IFC claims against Ms. Dziemit, together with awarding her costs, attorney's fees, and expenses.

Respectfully submitted,

JANE DZIEMIT

by her attorneys,

s/Matthew C. Welnicki/
_____
Richard J. Yurko (BBO#538300)
Matthew C. Welnicki (BBO#647104)
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
(617) 723-6900

Dated: February 1, 2006

**Certificate of Service**

  The undersigned hereby certifies that a copy of the above motion was caused to be served on all counsel of record via the ECF filing system and on all parties not represented by counsel or not registered with ECF by first class mail on February 1, 2006.

                s/Matthew C. Welnicki/
                _____

## Richard J. Yurko

**From:** Richard J. Yurko
**Sent:** Thursday, January 19, 2006 3:03 PM
**To:** 'Paul Klehm'
**Subject:** Proposed Stip

Paul,

Thanks for your draft papers. I have attached a stipulation that I think takes care of the issue. Please review it and get back to me with your thoughts andd comments.

Rich Yurko

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.,<br><br>Plaintiff<br><br>v.<br><br>DAVID W. ADAMS, TYRONE WILLIAMS, KEVIN BRITTO, RONALD MITCHELL, Individually and d/b/a MANSFIELD RUG DEPARTMENT and REMCO, MICHAEL E. BROWN, Individually and d/b/a DALTON PADDING and EMPIRE WEAVERS, JANE DZIEMIT, CHINESE CARPET CENTER, INC., DAVID D. SUN, and PAUL SUN,<br><br>Defendants<br><br>and<br><br>LOWELL FIVE CENT SAVINGS BANK, WACHOVIA BANK, NATIONAL ASSOCIATION, f/k/a FIRST UNION BANK OF VIRGINIA, CITIZENS BANK, BANK OF AMERICA f/k/a BANK OF BOSTON, PEOPLE'S BANK, and FIRST UNION NATIONAL BANK,<br><br>Trustee Process Defendants. | Civil Action No. 05-11654-NMG |

## STIPULATION REGARDING DZIEMIT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Currently pending before the Court are plaintiff's motion for a preliminary injunction with respect to Jane Dziemit ("Dziemit") and the motion to dismiss of defendant Dziemit. In connection with the motion of plaintiff International Floor Crafts, Inc. ("IFC") for a preliminary

injunction, IFC submitted an affidavit. In opposition to plaintiff's motion for a preliminary injunction, Dziemit submitted an affidavit.

By contrast, Dziemit's motion to dismiss aims to test the legal sufficiency of the amended complaint under Rules 12 and 9(b) as applied to her, in advance of discovery in this case. Thus, while the parties have submitted affidavits in connection with the motion for a preliminary injunction, neither party supplied those affidavits in connection with the motion to dismiss and those affidavits have not been tested or supplemented by discovery. Accordingly, the parties agree that, while the Court should consider the affidavits in connection with the motion for a preliminary injunction, the affidavits do not form part of the amended complaint or the motion to dismiss and the amended complaint is to be tested for its sufficiency on its face.

Respectfully submitted,

Defendant Jane Dziemit,
By her attorneys,

s/Matthew C. Welnicki/

Richard J. Yurko (BBO#538300)
Matthew C. Welnicki (BBO#647104)
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
(617) 723-6900

Plaintiff International Floor Crafts, Inc.,
By its attorneys,

s/Paul J. Klehm/

James B. Krasnoo (BBO#279300)
Paul J. Klehm (BBO#561605)
Law Offices of James B. Krasnoo
23 Main Street
Andover, MA 01810
(978) 475-9955

Date: January 20, 2006

### Certificate of Conference – Rule 7.1(A)(2) Statement

The undersigned hereby certifies that on January 19, 2006 counsel for Defendant Jane Dziemit conferred with counsel for Plaintiff concerning this matter and this Stipulation is a result of such conference.

                                                  s/Matthew C. Welnicki/

### Certificate of Service

The undersigned hereby certifies that a copy of the above motion was caused to be served on all counsel of record via the ECF filing system and on all parties not represented by counsel by first class mail on January 20, 2006.

                                                  s/Matthew C. Welnicki/