UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BUILDING #19, INC. AND ) <br> INTERNATIONAL FLOOR CRAFTS, INC., ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> DAVID W. ADAMS, ET AL., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 05-11654-NMG |

**OPPOSITION OF DEFENDANT DAVID W. ADAMS TO PLAINTIFF'S MOTION FOR ORDER OF CONTEMPT**

The Defendant, David W. Adams ("Adams"), hereby opposes the Plaintiff's Motion for Order of Contempt. As grounds for his Opposition, Adams states the following:

1. Over the past few months, Adams has withdrawn the following amounts from his Circle Checking account at Citizens Bank:

   9/27/05 through 10/26/05   --   $6,748.82

   10/27/05 through 11/26/05   --   $2,938.37

   11/27/05 through 12/26/05   --   $3,651.94

   12/27/05 through 1/26/06   --   $10,026.36

   1/27/06 through 2/26/06   --   $2,081.51

See Affidavit of David W. Adams, ¶¶ 1 and 2.

2. Thus, the average amount of money withdrawn by Adams equals $5,089.40, which is *less* than the $6,000.00 limit set by this Court on October 19, 2005.

3. When the Plaintiff's attorney, Paul J. Klehm, received a monthly banking statement which indicated that Adams had withdrawn more than $6000.00 in a particular month, Adams' attorney, Isaac H. Peres, discussed the issue with him.

4. In particular, Attorney Peres pointed out that although Adams appeared to have exceeded the $6000.00 limit in 30-day period, on average, the amounts withdrawn per month were well below the $6000.00 limit. Attorney Klehm indicated that the situation should not present a problem as long as the monthly average was less than $6000.00.

5. When Attorney Klehm contacted Attorney Peres to discuss the filing of the Motion for Contempt, Attorney Peres reminded him of their previous conversation. The response from Attorney Klehm was that the overriding concern which prompted the filing of the Motion for Contempt was the fact that on December 27, 2005, Adams had withdrawn approximately $500.00 at 1600 Louisquisset, Lincoln City, Rhode Island, the location of a gambling and entertainment facility known as "Lincoln Park."

6. After Attorney Peres discussed the matter with Adams, he informed Attorney Klehm that although Adams had originally withdrawn the $500.00 with the intent of spending it at Lincoln Park, he reconsidered his decision and did not spend the money there. In fact, Adams re-deposited the money in his bank account the very next day. More specifically, the $500.00 was part of a deposit in the amount of $1000.00 which Adams made on December 28, 2005.

7. After acknowledging that the existence of the $1000.00 deposit the next day, Attorney Klehm stated that his client was going to file the Motion for Contempt despite this information.

8.     It is well established that while good-faith efforts alone do not insulate a defendant in a contempt action, "our precedent permits a finding of contempt to be averted where diligent efforts result in substantial compliance with the underlying order." Langton v. Johnston, 928 F.2d 1206, 1220 (1st Cir. 1991); Accusoft Corp. v. Palo, 237 F.3d 31, 47 (1st Cir. 2001).

9.     The determination of whether substantial compliance has been achieved will "depend on the circumstances of each case, including the nature of the interest at stake and the degree to which noncompliance affects that interest." Fortin v. Comm'r of Mass. Dept. of Pub. Welfare, 692 F.2d 790, 795 (1982). For this reason, a court may decline to find a party in contempt despite the failure to achieve "letter perfect compliance" with the order at issue. Langton, 928 F.2d at 1222; Accusoft, 237 F.3d at 47.

10.    In this case, although there has not been "letter perfect compliance" by Adams with the Court's Order, the fact that his withdrawals have averaged *less* than the $6,000.00 limit set by this Court means that there has been "substantial compliance" with the Court's Order. Indeed, the alleged noncompliance with the Order has not had any negative effect on the Plaintiff, since Adams' assets have not been diminished beyond the $6000.00 monthly limit established by this Court.

11.    Accordingly, Adams respectfully requests this Court to decline to find him in contempt and to deny the Plaintiff's Motion.

        DAVID W. ADAMS

        By his Attorney,

        /s/ Isaac H. Peres
        Isaac H. Peres, BBO #545149
        50 Congress Street
        Boston, MA 02109
        (617) 722-0094

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those as non registered participants on March 3, 2006.

        /s/ Isaac H. Peres
        Isaac H. Peres