UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DAVID W. ADAMS, *et al*, )<br>    Defendants. )  | CIVIL ACTION NO.<br>05CA11654-NMG |

**JOINT SCHEDULING CONFERENCE MEMORANDUM PURSUANT TO
FED. R. CIV. P. 16 AND LOCAL RULE 16.1**

Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1(D), the parties submit this joint statement.

**Proposed Agenda of Matters to be Discussed
At Initial Scheduling Conference**

Pursuant to Local Rule 16.1(B)(1), the parties propose that the following matters be addressed at the Scheduling Conference:

    A.    **Outstanding, pending motions which have been fully briefed**:

        1.    Docket number 91, filed October 26, 2005, Motion for Preliminary Injunction against Defendants Kevin Britto and Jane Dziemit. See also, Opposition of Jane Dziemit to motion for preliminary injunction (#120), Affidavit of Jane Dziemit (#123), and Combined Memo of Law (#122), all filed on December 29, 2005.

        2.    Docket number 95, filed October 31, 2005, Motion to Dismiss by Ronald E. Mitchell. See also, Opposition of IFC to Motion to Dismiss (#112) and Memorandum in Opposition (#113), both filed on December 5, 2005.

        3.    Docket number 116, filed December 15, 2005, Motion for Default Judgment as to Kevin Britto. See also Affidavit in Support (#117) also filed on December 15, 2005.

4. Docket number 119, filed December 29, 2005, Motion to Dismiss by Jane Dziemit. See also, Combined Memo of Law (#122) also filed on December 29, 2005. See also Opposition to Motion to Dismiss (#129), Memorandum in Opposition (#130), and Affidavit of William Gemme (#131), all filed on January 26, 2006.

5. Docket number 126, filed January 20, 2006, Motion to Exclude Affidavit of Jane Dziemit on motion to dismiss. See also, Affidavit of Paul Klehm in support of above (#127), also filed on January 20, 2006. See also, Opposition of Jane Dziemit to same (#132), filed on February 1, 2006.

6. Docket number 133, filed February 17, 2006, Motion for Contempt Order against David W. Adams. See also, Opposition of David Adams to same (#134) and Affidavit of David Adams (#135), both filed on March 3, 2006.

7. Docket number 136, filed March 16, 2006, Motion for Contempt against Kevin Britto. See also, Opposition of Jane Dziemit to same (#139), filed on March 30, 2006.

To the extent that any of these motions remain outstanding as of the scheduling conference on April 21, 2006, various parties would like to set a prompt schedule for the argument of these motions.

**B.   Various defendants' description of likely issues that will impact the conduct of this case [Non-joint portion of this Memorandum]**

Plaintiff IFC does not agree with this portion of the Scheduling Conference Memorandum. One or more defendants believe that the following issues will impact the conduct of this case and that these issues ought to be noted by the Court in scheduling the matters to occur in this case:

1. Stay of Discovery – Defendants Mitchell and Dziemit currently have motions to dismiss pending in this case. Defendant Dziemit believes that discovery as to Mitchell and Dziemit and as to all defendants ought to be stayed pending the Court's decision on these motions to dismiss.

   **Plaintiff's Response:** Plaintiff International Floor Crafts, Inc. objects to any stay of discovery against any

        defendants. The case has been pending since August 10, 2005, and IFC wishes to proceed with discovery and to move this matter forward. Plaintiff has served automatic disclosures upon defendants, yet no defendant has served automatic disclosures on Plaintiff. Discovery in this case should not be further delayed.

2.     Discovery priority – Given that Mr. Britto has represented to the plaintiff that he is dying, several parties believe that the first priority in discovery should be to complete his deposition.

        **Plaintiff's Response:** While Plaintiff agrees that discovery involving Mr. Britto should be given priority, that priority should not stand in the way of and/or delay other discovery in this matter -- especially in light of IFC's difficulty in obtaining Mr. Britto's deposition testimony.

3.     Fifth Amendment privilege – In light of the allegations of the complaint and the testimony of Mr. Britto to date, it would seem likely that at least some of the defendants may invoke this privilege during their depositions, thus impacting the conduct of discovery.

4.     Bankruptcy – In light of the amounts being sought in this action, the costs of defense, and the limited resources of many of the defendants as reflected in pleadings filed with the Court, there is the possibility that one or more defendants will seek protection of the bankruptcy court if the litigation becomes protracted, thus impacting the conduct of this matter.

5.     Resolution without Trial – In light of the likely cost of discovery and the limited resources of the various defendants and the various defenses available to some of the defendants, certain defendants believe that it would behoove all parties seriously to explore resolution before the expense of extensive discovery.[1]

---

[1] On April 11, 2006, plaintiff forwarded a single letter to all defendants demanding a single, astronomical sum from all defendants as plaintiff's good faith settlement proposal pursuant to Local Rule 16.1. One or more defendants believe that this letter does not comply with either the letter or the spirit of the Local Rule 16.1(C), which, on its face, contemplates "settlement proposals" (plural) to be communicated in multi-defendant cases. The plaintiff believes nonetheless that it has complied with the rule.

### C.    Other Matters

Other matters to be addressed at the scheduling conference may include the pretrial schedule and discovery plan, trial by a magistrate judge, settlement, and certifications of counsel, all pursuant to Local Rule 16.1.

### Certifications and Proposed Schedule

**1.**    Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), undersigned counsel have communicated via email and telephone with respect to this statement.

**2.**    The parties have not agreed to consent to trial by Magistrate Judge.

**3.**    **Proposed Discovery and Pre-trial Schedule:**

a.    **Initial Disclosures:**

On March 1, 2006, Plaintiff served initial disclosures upon Defendants. Plaintiff has supplemented, and will continue to supplement, the initial disclosures as necessary. Defendants have yet to serve initial disclosures on Plaintiff.

b.    **Fact Discovery – Interim Deadlines[2]:**

a.    All requests for production of documents and interrogatories must be served by **January 2, 2007.**

b.    All requests for admission must be served by **February 28, 2007**.

c.    All depositions, other than expert depositions, must be completed by **May 1, 2007.**

c.    **Amendments to Pleadings:**

The parties have been unable to agree on a date for amendment to the pleadings. The plaintiff suggests that, except for good cause shown, no motion seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **April 2, 2007**. One or more defendants believe that that is much too late a date and suggest that

---

[2] Defendant Jane Dziemit believes that all discovery ought to be stayed pending a decision on the pending motions to dismiss. Plaintiff asserts that discovery should not be stayed.

4

    the date ought to be **June 1, 2006,** with the ability to amend only for good cause shown thereafter.

- d. **Fact Discovery – Final Deadline:**

  All discovery, other than expert discovery, must be completed by **May 1, 2007**.

- e. **Expert Discovery:**

  - i. Plaintiff's trial experts must be designated, and the information contemplated by Fed.R.Civ.P. 26(a)(2) must be disclosed, by **June 15, 2007**.

  - ii. Plaintiff's trial experts must be deposed by **August 17, 2007**, but not before Defendants' designation.

  - iii. Defendants' trial experts must be designated, and the information contemplated by Fed.R.Civ.P.26(a)(2) must by disclosed by **August 3, 2007**.

  - iv. Defendants' trial experts must be deposed by **November 1, 2007**.

- f. **Dispositive Motions**

  - a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, may be filed at any time prior, but must be filed no later than **November 1, 2007**.

  - b. Opposition to dispositive motions must be filed within 30 days after service of the motion.

5

4.  **Local Rule 16.1 Certifications:**

The parties will file their Local Rule 16.1 Certifications separately.

Respectfully submitted,

International Floor Crafts, Inc.
By its attorneys,


/s/ Paul J. Klehm
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Paul J. Klehm (BBO# 561605)
pklehm@krasnooklehm.com
Krasnoo/Klehm LLP
23 Main Street, Suite One
Andover, MA  01810
(978) 475-9955


Defendant David W. Adams
By his attorney,


/s/ Isaac H. Peres (by PJK with permission)
Isaac H. Peres (BBO# 545149)
Law Office of Isaac H. Peres
50 Congress Street, Suite 225
Boston, MA  02109
(617) 722-0094
isaac.21@netzero.net


Defendant Ronald E. Mitchell
By his attorney,


/s/ Frederic D. Grant, Jr. (by PJK with permission)
Frederic D. Grant, Jr. (BBO# 543115)
727 Atlantic Avenue, 2nd Floor
Boston, MA  02111
(617) 357-6555
grant@grantboston.com

Defendant Michael E. Brown
By his attorney,


/s/ Paul V. Kelly (by PJK with permission)
Paul V. Kelly (BBO# 267010)
Kelly, Libby & Hoopes, PC
175 Federal Street
Boston, MA  02110
(617) 338-9300
pkelly@klhboston.com


Defendant Chinese Carpet Center, Inc.,
David Sun and Paul Sun
By their attorney,


/s/ Peter B. Krupp (by PJK with permission)
Peter B. Krupp (BBO# 548112)
Laurie and Krupp, LLP
One McKinley Square
Boston, MA  02109
(617) 367-1970
pkrupp@luriekrupp.com


Defendant Jane Dziemit
By her attorney,


/s/ Richard J. Yurko (by PJK with permission)
Richard J. Yurko (BBO# 538300)
Yurko, Salvesen & Remz, P.C.
One Washington Mall
Boston, MA  02108
(617) 723-6900
www.bizlit.com

**CERTIFICATE OF SERVICE**

I, Paul J. Klehm, Esq., hereby certify that I have served a copy of the within document upon all counsel of record not served via ECF and upon all parties not represented by counsel by first class mail, postage pre-paid, on April 14, 2006.

/s/ Paul J. Klehm
Paul J. Klehm