UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>          Plaintiff,<br><br>v.<br><br>DAVID W. ADAMS, *et al*,<br>          Defendants. | )<br>)<br>)<br>) Civil Action No. 05-11654-NMG<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO CLARIFY THAT AUTOMATIC STAY ARISING OUT OF SUGGESTION OF BANKRUPTCY FILED BY DEFENDANT DAVID ADAMS DOES NOT PRECLUDE PLAINTIFF FROM TAKING CONTINUED DEPOSITION OF <u>DEFENDANT KEVIN BRITTO OR OTHER DISCOVERY</u>**

Plaintiff International Floor Crafts, Inc., (hereinafter, "IFC"), by and through undersigned counsel, hereby moves this Court to clarify that the apparent automatic stay arising out of the Suggestion of Bankruptcy filed by Defendant David Adams on May 10, 2006 does not preclude IFC from taking the continued deposition of Defendant Kevin Britto in New York City on May 31, 2006, or any other discovery in the within matter, for the reasons set forth below:

1.       On April 26, 2006, the Court issued an Order regarding the taking of the continued deposition of Defendant Kevin Britto [Doc. #148] in response to IFC's motion for contempt [Doc. #136] filed after Defendant Britto refused to testify at the second day of his deposition. In that order, among other things, the Court ordered IFC to obtain a deposition subpoena from the United States District Court for the Southern District of New York (the federal district in which the deposition will be held).

2.       On May 9, 2006, IFC, through New York counsel, obtained such an order from the appropriate federal court in New York. (See **Exhibit A**). New York counsel is in the process of having Defendant Britto served with the deposition subpoena.

3.      On May 10, 2006, Defendant David Adams filed a Suggestion of Bankruptcy [Doc. #152] in the within matter. From a review of the docket entries in that matter (Docket No. 06-11368), Defendant Adams has filed his bankruptcy petition under Chapter 13. (See **Exhibit B**).

4.      As noted in *In re Christakis*, 291 B.R. 9, 17 (D. Mass. 2003),

> Section 362(a)(1) specifically bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under [the Code] ...."11 U.S.C. § 362(a)(1) (emphasis supplied). The statute is clear. The stay applies only to the debtor and not to co-defendants. *Austin v. Unarco Industries, Inc.*, 705 F.2d 1, 4 (1st Cir.1983) (holding that the protections of the automatic stay apply only to actions against the debtor), *cert. dismissed*,463 U.S. 1247, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983); *Apollo Molded Products, Inc. v. Kleinman (In re Apollo Molded Products, Inc.),* 83 B.R. 189, 191 (Bankr.D.Mass.1988) ( *ibid*).

5.      While Defendant Adams filed his petition under Chapter 13, the automatic stay provisions set forth in 11 U.S.C. §1301 do not appear to apply here, as that statute only deals with efforts to collect on "a consumer debt of the debtor."

6.      IFC has incurred significant legal fees and expenses, both in Massachusetts and New York, associated with arranging for the continued deposition of Defendant Britto. Moreover, counsel must make their travel plans in order to attend the deposition in New York on May 31, 2006. IFC also wishes to proceed with other discovery in this matter. IFC intends to suspend the continued deposition of Defendant Britto at its conclusion (of the examinations by all parties present at the deposition) so as to afford Defendant Adams the opportunity to resume the deposition to the extent possible once his bankruptcy matter has been resolved. For the same reason, IFC plans to suspend all future depositions in this case at their respective conclusions (of

the examinations by all parties present at the depositions). In that way, Defendant Adams will suffer no prejudice from this Court permitting the deposition, and other discovery, to discovery to proceed in this matter.

7. As a result, IFC respectfully requests that this Court clarify that the apparent automatic stay arising out of the Suggestion of Bankruptcy filed by Defendant David Adams on May 10, 2006 does not preclude Plaintiff from taking continued deposition of Defendant Kevin Britto in New York City on May 31, 2006, or any other discovery, in the within matter.

8. IFC files the within motion out of an abundance of caution so as not to run afoul of any automatic stay rules.

**WHEREFORE**, for the above reasons, International Floor Crafts, Inc. respectfully requests that this Court GRANT the within motion and clarify that the apparent automatic stay arising out of the Suggestion of Bankruptcy filed by Defendant David Adams on May 10, 2006 does not preclude Plaintiff from taking the continued deposition of Defendant Kevin Britto in New York City on May 31, 2006, or any other discovery in the within matter.

                                                Plaintiff
                                                International Floor Crafts, Inc.
                                                By Its Attorneys,

                                                /s/ Paul J. Klehm_____
                                                Paul J. Klehm
                                                pklehm@krasnoolaw.com
                                                James B. Krasnoo
                                                james@krasnoolaw.com
                                                Krasnoo/Klehm LLP
                                                23 Main Street, Suite One
                                                Andover, MA  01810
                                                (978) 475-9955

Dated:  May 12, 2006

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

      I, Paul J. Klehm, hereby certify that, on May 11, 2006 at approximately 1:20 p.m. and 2:28 p.m., I attempted to reach Attorney Isaac Peres, counsel to Defendant David Adams, via telephone at his work number and cell phone number, respectively, in a good faith effort to inform him that I intended to file the within motion. I left voicemail messages for Attorney Peres during both telephone calls. As of the time of the filing of the within motion, I have not received a return telephone call from Attorney Peres.

                                                  /s/ Paul J. Klehm_____
                                                  Paul J. Klehm

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via first class mail, postage pre-paid, on May 12, 2006.

                                                  /s/ Paul J. Klehm_____
                                                  Paul J. Klehm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-9-06

INTERNATIONAL FLOOR CRAFTS, INC.,

   Plaintiff,

  – against –

KEVIN BRITTO,

   Defendant.

Case No.: 06 CV 3459

**ORDER**

  Upon reading the complaint of plaintiff International Floor Crafts, Inc. ("IFC"), dated May 5, 2006, and the exhibits annexed thereto, it is hereby ordered as follows:

  (1) That this Court shall afford full faith and credit to the Order of the United States District Court for the District of Massachusetts dated April 26, 2006 in the matter of *International Floor Crafts, Inc. v. Kevin Britto et al*, Civil Action No. 05-cv-11654-NMG,

  (2) That a subpoena shall issue in the above-captioned matter commanding that Defendant Kevin Britto appear on May 31, 2006 at 10:15 a.m. at the offices Fink & Carney, Inc., 39 W. 37th Street, New York, New York for his continued deposition, and from day to day thereafter (not to exceed two business days) until such time as the deposition is completed,

  (3) That Defendant Britto to appear on May 31, 2006 at 10:15 a.m. at the offices Fink & Carney, Inc., 39 W. 37th Street, New York, New York for his continued deposition, and from day to day thereafter (not to exceed two business days) until such time as the deposition is completed,

(4) That plaintiff IFC, through counsel, shall be granted leave to serve a subpoena and notice of taking deposition upon Defendant Britto, and

(5) That Defendant Britto shall be temporarily, preliminarily and permanently enjoined (a) from failing to appear at his continued deposition on May 31, 2006 at 10:15 a.m. at the offices Fink & Carney, Inc., 39 W. 37th Street, New York, New York for his continued deposition, and (b) from failing to appear from day to day thereafter (not to exceed two business days) until such time as the deposition is completed,

SO ORDERED.

DATED:   New York, New York
         May _9_, 2006

_____
United States District Judge

## United States Bankruptcy Court
### District of Massachusetts (Boston)
### Bankruptcy Petition #: 06-11368

*Assigned to:* Judge Robert Somma  
Chapter 13  
Voluntary  
Asset

*Date Filed:* 05/10/2006

**David W. Adams**  
5 Oxbow Drive  
Wilmington, MA 01887  
SSN: xxx-xx-3401  
*Debtor*

represented by **Michael T. Eramo**  
160 Sylvan Street  
Danvers, MA 01923  
(978) 774-2200  
Fax : (978) 750-9784  
Email: attorney@eramolaw.com

**John Fitzgerald**  
Office of the US Trustee  
10 Causeway Street  
Boston, MA 02222  
*Assistant U.S. Trustee*

**Doreen B. Solomon**  
P. O. Box 8250  
Boston, MA 02114  
617-723-1313  
*Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 05/10/2006 | 1 | Chapter 13 Voluntary Petition with deficiencies Filed by David W. Adams. Filing Fee in the Amount of $274. (Eramo, Michael) (Entered: 05/10/2006) |
| 05/10/2006 | 2 | Certificate of Credit Counseling filed by Debtor David W. Adams (Eramo, Michael) (Entered: 05/10/2006) |
| 05/10/2006 | 3 | Declaration Re: Electronic Filing filed by Debtor David W. Adams Re: 1 Chapter 13 Voluntary Petition. (Eramo, Michael) (Entered: 05/10/2006) |
| 05/10/2006 |  | First Meeting of Creditors scheduled on 06/21/2006 at 10:00 AM at Room 255-A, Thomas P. O'Neill Federal Building. Proof of Claim due by 09/19/2006. (Eramo, Michael) (Entered: 05/10/2006) |

| 05/11/2006 | [5](#) | Order to Update RE: [1](#) Chapter 15 Voluntary Petition filed by Debtor David W. Adams. Matrix to be Uploaded and Filed by 5/16/2006. Atty Disclosure Statement due, Chapter 13 Plan, Schedules A-J, Summary of Schedules, Statement of Financial Affairs, Chapter 13 Agreement, Notice to Individual Debtor with Primarily Consumer Debts, Statistical Summary of Certain Liabilities for Individual Debtors and Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income Form 22C Due: 5/26/2006. (ymw, ) (Entered: 05/11/2006) |
| --- | --- | --- |
| 05/11/2006 | [6](#) | Court's Certificate of Mailing RE: [5](#) Order to Update. (ymw, ) (Entered: 05/11/2006) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 05/11/2006 14:52:09 | | | |
| **PACER Login:** | jk0186 | **Client Code:** | buiding 19 |
| **Description:** | Docket Report | **Search Criteria:** | 06-11368 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |