UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC., | ) ) ) ) | |
| Plaintiff | ) ) | Civil Action No. 05-11654-NMG |
| v. | ) ) | |
| DAVID W. ADAMS, TYRONE WILLIAMS, KEVIN BRITTO, RONALD MITCHELL, Individually and d/b/a MANSFIELD RUG DEPARTMENT and REMCO, MICHAEL E. BROWN, Individually and d/b/a DALTON PADDING and EMPIRE WEAVERS, and JANE DZIEMIT | ) ) ) ) ) ) ) ) | |
| Defendants | ) ) ) | |

## DEFENDANT JANE DZIEMIT'S ANSWER AND COUNTERCLAIM IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Jane Dziemit ("Ms. Dziemit") hereby responds to the First Amended

Complaint ("Complaint") of International Floor Crafts, Inc. ("IFC")[1] in numbered paragraphs

corresponding to the numbered paragraphs contained in the Complaint as follows:

## ANSWER

1.      This paragraph is introductory in nature and calls for legal conclusions for which

no response is necessary; to the extent that any answer is required, Ms. Dziemit denies the

allegations contained in this paragraph.

---

[1] In its amended complaint, IFC seeks to conflate into a single definition both International Floor Crafts, Inc. and an apparently separate corporation called Building 19. This conflation makes it difficult, if not impossible, to respond precisely to allegations concerning "IFC" because Ms. Dziemit does not know whether the particular allegation concerns IFC or Building 19.

2.      This paragraph calls for legal conclusions for which no response is necessary.

3.      This paragraph calls for legal conclusions for which no response is necessary.

4.      This paragraph calls for legal conclusions for which no response is necessary.

5.      Admitted as to the first sentence of paragraph 5.  As to the second sentence of paragraph 5, Ms. Dziemit lacks knowledge or information sufficient to admit or deny the allegations.  As to the third sentence of paragraph 5, Ms. Dziemit denies that it is proper to treat IFC and " Building 19" as one and the same corporation and calls on plaintiff to prove the same.

6 – 8.  These paragraphs refer to parties other than Ms. Dziemit, thus Ms. Dziemit lacks knowledge or information sufficient to admit or deny allegations concerning these other parties.

9.      This paragraph refers to a party other than Ms. Dziemit and thus no answer is required from her.  To the extent an answer is required from Ms. Dzimeit, she states that she is informed and believes Defendant Mitchell is an individual who has done business as a broker under the trade name "Remco."  There is nothing improper, illegal, or unusual about operating under a trade name, which is commonplace.  Nor is there anything improper, illegal or unusual about operating as a broker, converter, and buyer and seller of rugs and/or remnants.  On information and belief, IFC, Building 19, and/or its affiliate, Imperfections, has done precisely that.  In all of these other respects Ms. Dziemit denies the allegations of this paragraph.

11.     Denied.  Ms. Dziemit states further that she formerly resided in New Haven, Connecticut.

12.     **[OMITTED]**

13.     **[OMITTED]**

14 – 37.  The allegations contained in these paragraphs refer to parties other than Ms. Dziemit, thus Ms. Dziemit lacks knowledge or information sufficient to admit or deny

allegations concerning these other parties and therefore denies the same.  Ms. Dziemit further objects to the repeated reference to "IFC" as being synonymous with "Building 19."

38.    The allegations contained in this paragraph appear to refer to other defendants and because Ms. Dziemit is not mentioned no answer is required.  To the extent that an answer is deemed necessary from Ms. Dziemit, Ms. Dziemit denies the allegations of this paragraph to the degree that they are supposedly intended to apply to her.

39.    The allegations contained in this paragraph refer to parties other than Ms. Dziemit, thus Ms. Dziemit lacks knowledge or information sufficient to admit or deny such allegations concerning other parties.

40.    Because the bulk of the allegations in paragraph 40 refer to parties other than Ms. Dziemit, Ms. Dziemit lacks knowledge or sufficient information to admit or deny the allegations concerning these other parties.  Ms. Dziemit denies the allegations contained in the limited portion of paragraph 40 pertaining to her, except that Ms. Dziemit admits that a number of payments on invoices were sent to her pursuant to her lending arrangement.  See Dziemit Affidavit previously filed.

41 – 64.    The allegations in these paragraphs concern parties other than Ms. Dziemit, thus Ms. Dziemit lacks knowledge or sufficient information to admit or deny the allegations concerning these other parties.

## COUNT I

## RACKETEER-INFLUENCED AND CORRUPT ORGANIZATIONS ACT

### (Plaintiff v. All Defendants)

65.    This paragraph repeats and reincorporates allegations contained in other paragraphs; therefore, no separate response is necessary.

66.    Denied as to Ms. Dziemit.

67.    Denied as to Ms. Dziemit.

68.    Denied as to Ms. Dziemit.

69.    Denied.

## COUNT II

## COMMON LAW CONSPIRACY TO VIOLATE RACKETEER-INFLUENCED AND

## CORRUPT ORGANIZATIONS ACT

### (Plaintiff v. All Defendants)

70.    This paragraph repeats and reincorporates allegations contained in other paragraphs; therefore, no separate response is necessary.

71.    Denied as to Ms. Dziemit.

72.    Denied as to Ms. Dziemit.

73.    Denied.

## COUNT III

## CONVERSION

### (Plaintiff v. All Defendants)

74.    This paragraph repeats and reincorporates allegations contained in other paragraphs; therefore, no separate response is necessary.

75.    Denied as to Ms. Dziemit.

76.    Denied as to Ms. Dziemit.

## COUNT IV

## UNFAIR AND DECEPTIVE BUSINESS PRACTICES

77.     This paragraph repeats and reincorporates allegations contained in other paragraphs; therefore, no separate response is necessary.

78.     Denied.

79.     Denied as to Ms. Dziemit.

80.     Denied as to Ms. Dziemit.

## COUNT V

## FRAUD

## (Plaintiff v. All Defendants)

81.     This paragraph repeats and reincorporates allegations contained in other paragraphs; therefore, no separate response is necessary.

82.     Denied as to Ms. Dziemit.

83.     Denied as to Ms. Dziemit.

84.     Denied as to Ms. Dziemit.

## COUNT VI

## BREACH OF FIDUCIARY DUTY

## (Plaintiff v. Defendants Williams, Adams and Britto)

85.     This paragraph repeats and reincorporates allegations contained in other paragraphs; therefore, no separate response is necessary.

86 – 88.     The allegations in these paragraphs concern parties other than Ms. Dziemit, thus Ms. Dziemit lacks knowledge or sufficient information to admit or deny the allegations concerning these other parties.

COUNT VII

TRUSTEE PROCESS

(Plaintiff v. All Trustee Process Defendants)

89.     This paragraph repeats and reincorporates allegations contained in other paragraphs; therefore, no separate response is necessary.

90 – 96.     The allegations in these paragraphs concern parties other than Ms. Dziemit, thus Ms. Dziemit lacks knowledge or sufficient information to admit or deny the allegations concerning these other parties.  To the extent any answer is deemed required from Ms. Dziemit, she denies the substantive allegations of these paragraphs.

COUNT VIII

INJUNCTIVE RELIEF

(Plaintiff v. All Defendants)

97.     This paragraph repeats and reincorporates allegations contained in other paragraphs; therefore, no separate response is necessary.

98 - 100     Ms. Dziemit answers by stating that the court has already denied injunctive relief against her and that the factual allegations in these paragraphs are moot and require no answer from her.  To the extent any further answer is deemed required from Ms. Dziemit, she denies the substantive allegations contained therein.

**AFFIRMATIVE DEFENSES**

Defendant Jane Dziemit raises the following Affirmative Defenses to the Defendants' First Amended Complaint.  Ms. Dziemit reserves the right to supplement these Affirmative Defenses as she deems necessary.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff is barred, in whole or in part, from bringing the claims set forth in the First Amended Complaint by the Uniform Commercial Code, including as codified in M.G.L. c. 160, § 3-305, as Ms. Dziemit is a holder in due course as defined in M.G.L. c. 160, § 3-302. Because Ms. Dziemit is a holder in due course any claims against her based on the instrumentalities serving as the basis of the First Amended Complaint are barred unless Ms. Dziemit had actual knowledge that, on the face of the documents, they were fraudulent. Because IFC admits to issuing the checks and purchase orders, there was no evidence of any irregularities. Thus, the claims asserted are barred.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff is barred, in whole or in part, from bringing the claims set forth in the First Amended Complaint, because any damages it allegedly suffered are the result of its own conduct or of others for whose conduct Ms. Dziemit is neither legally liable nor responsible.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff is barred, in whole or in part, from bringing the claims set forth in the First Amended Complaint under the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovering, in whole or in part, under the doctrine of contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred, in whole or in part, from bringing the claims set forth in the First Amended Complaint by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is barred, in whole or in part, from bringing the claims set forth in the First Amended Complaint by its own fraud, illegality and also by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred, in whole or in part, from bringing the claims set forth in the First Amended Complaint by the relevant statute of limitations.

## EIGHT AFFIRMATIVE DEFENSE

The plaintiff is barred, in whole or in part, from bringing the claims set forth in the First Amended Complaint by the doctrine of waiver and the legal principle of *respondent superior* since plaintiff repeatedly represented that it had, in fact, received all of the goods which it now says were never delivered. A third party in commercial transactions is entitled to rely conclusively on the repeated representations of a sophisticated commercial party such as plaintiff. If plaintiff is entitled to recover from any other party, such parties would be the IFC affiliates, employees and contractors who actually perpetrated the alleged fraud on IFC.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff is barred, in whole or in part, from bringing the claims set forth in the First Amended Complaint as such claims are filed without any substantive basis as to Ms. Dziemit. Further, the claims asserted in the First Amended Complaint are without merit as to Ms. Dziemit. Thus, under Fed. R. Civ. P. 11, Ms. Dziemit is entitled to her costs and attorney's fees in defending this action.

## COUNTERCLAIM

### Parties

1.       Counterclaim-Plaintiff Jane Dziemit ("Ms. Dziemit") is a defendant in the underlying action and resides in California.

2.       Counterclaim-Defendant International Floor Crafts, Inc. ("IFC") is the plaintiff in the underlying action and is a Massachusetts corporation with a principal place of business located at 319 Lincoln Street, Hingham, Massachusetts.  Building 19 is, on information and belief, a separate Massachusetts corporation related to IFC.

### Jurisdiction

3.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1).

4.       Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction to resolve Ms. Dziemit's other related claims under federal common law and state law as all such claims involve the same parties and arise out of the same transactions, controversy and common facts.

### Facts

5.       Ms. Dziemit is a 48-year-old homemaker and mother of two children who are 12 and 9 years old.  In the mid-1990's Ms. Dziemit began making a small number of mortgage loans to earn an income working out of her home while she cared for her children.

6.       In or about 1999, although Ms. Dziemit previously engaged in primarily mortgage lending, she loaned money to Ron Mitchell d/b/a Remco, who operated as a broker of goods to be sold to Building 19 and IFC, based upon and in reliance upon representations made by Building 19 and IFC.

7. The representations made by Building 19 and IFC were company purchase orders for the purchase of goods.

8. Such purchase orders contained the explicit and implicit representations that: (1) the entity issuing the purchase order was seeking to buy goods; (2) the entity seeking to purchase goods had done a modicum of due diligence to ensure that it was purchasing goods from a legitimate, approved vendor; (3) the person issuing the purchase order had the authority to do so in the ordinary course of the entity's business; (4) the entity would pay for the goods purchased according to the terms thereof when such goods were delivered, and (5) if the goods were not, in fact, delivered, the entity would not make payments thereon.

9. Thereafter, IFC and Building 19 also represented, through payment checks on invoices, that the ordered goods had been, in fact, received, inspected and counted by IFC.

10. However, according to IFC's First Amended Complaint, all of the above representations, through purchase orders, key reqs and payment checks, were false.

11. IFC and/or Building 19 did no due diligence to ensure that they were purchasing goods from a legitimate approved vendor or that ordered goods were, in fact, received, inspected and counted.

12. The persons signing the purchase orders on behalf of IFC and/or Building 19, both alleged co-conspirators and those still employed by IFC, did no due diligence whatsoever with respect to orders placed. Even though, according to its own complaint in this matter, numerous persons still employed by IFC and/or Building 19 issued the false purchase orders and payment checks, to this day neither IFC nor Building 19 has disciplined these at least negligent employees.

10

13.     The payment checks issued by IFC and/or Building 19 failed to indicate, as now alleged, that <u>no</u> goods were, in fact, received or inspected.

14.     IFC and/or Building 19 are bound by the actions of persons appointed to various positions with the companies acting within the scope of their actual or implied authority.  These persons intended to mislead Mitchell and Ms. Dziemit. As a matter of fact and law, these misrepresentations of IFC and/or Building 19 were deliberate and intentional.

15.     These misrepresentations were negligent to the extent that any person making these representations was acting outside the scope of their authority without proper supervision by their superiors.

16.     Finally, as between commercial parties, such as IFC and/or Building 19 with direct control over purchasing, receiving, inspecting and counting goods, and conducting periodic inventories, and someone who advanced loans based upon purchase documents (purchase orders and payment checks on purchase orders), the person with day-to-day control has no claim against a commercial third-party such as Ms. Dziemit who fails to discover fraud that IFC now alleges.  A third party lender does not thereupon become a <u>de facto</u> insurer that IFC's or Building 19's own employees would not commit fraud.

<u>COUNT I – INTENTIONAL INTERFERENCE WITH
ADVANTAGEOUS RELATIONS</u>

17.     Jane Dziemit reasserts and reincorporates the allegations contained in paragraphs numbered 1 through 16 as if fully set forth herein.

18.     Plaintiff/Counterclaim-defendant IFC and/or Building 19 knew or should have known that Ms. Dziemit is in the business of lending.

19.     Plaintiff/Counterclaim-defendant IFC and/or Building 19 intentionally and maliciously interfered with the prospective business relationships of Ms. Dziemit by, among

other things, maligning her reputation and bringing the underlying baseless action against her alleging, among other claims, fraud and racketeering.

20.    Ms. Dziemit lost business opportunities and suffered damages as a direct result of IFC's conduct.

COUNT II – INTENTIONAL MISREPRESENTATION

21.    Ms. Dziemit restates and realleges the allegations contained in the paragraphs numbered 1 through 20 above.

22.    IFC and/or Building 19 through its employees and/or agents acting with actual or apparent authority on behalf of IFC and/or Building 19, made intentional misrepresentations of fact to Ms. Dziemit, including, but not limited to, providing false purchase orders and payments thereon through which it was represented that goods were actually ordered, delivered, inspected and counted.

23.    At the time these representations were made, IFC and/or Building 19, acting through their employees and/or agents with actual or implied authority to act on behalf of IFC and/or Building 19, knew these purchase orders were false and payments were fraudulently induced.

24.    Ms. Dziemit relied on these fictitious purchase orders and payments fraudulently-induced payments in conducting her business of lending money to Mitchell and/or Remco, a broker of merchandise to IFC and Building 19.

25.    But for the intentional misrepresentations described above, Ms. Dziemit would not have lent sums and would have discontinued lending sums to Mitchell and/or Remco.

26.    As a result of the intentional misrepresentations described above, Ms. Dziemit has suffered damages.

<u>COUNT III – NEGLIGENT MISREPRESENTATION</u>

27.    Ms. Dziemit restates and realleges the allegations contained in the paragraphs numbered 1 through 26 above.

28.    IFC and/or Building 19, through their employees and/or agents acting with actual or apparent authority to act on behalf of IFC and/or Building 19, made negligent misrepresentations of fact to Ms. Dziemit, including, but not limited to, providing false purchase orders and payments thereon through which it was represented that goods were actually ordered, received, inspected and counted when, in fact, no modicum of due diligence was conducted to ensure that such goods were actually ordered, received, inspected, or counted in the number and condition represented.

29.    At the time these representations were made, IFC and/or Building 19, through their employees and/or agents with actual or implied authority on behalf of IFC and/or Building 19, knew or should have known that these purchase orders were false and payments were fraudulently induced.

30.    Ms. Dziemit relied on these fictitious purchase orders and fraudulently-induced payments in conducting her business of lending money to Mitchell and/or Remco, a broker of merchandise to IFC and/or Building 19.

31.    But for the misrepresentations described above, Ms. Dziemit would have discontinued lending sums to Mitchell and/or REMCO.

32.    As a result of the negligent misrepresentations described above, Ms. Dziemit has suffered damages.

<u>COUNT IV – DECLARATORY JUDGMENT</u>

33.    Ms. Dziemit restates and realleges the allegations contained in the paragraphs numbered 1 through 32 above.

34.    Ms. Dziemit seeks a Declaratory Judgment stating that any recovery against her is barred by various principles of law and equity given the active misrepresentations of IFC's and Building 19's agents and employees that IFC and/or Building 19 are liable for under the doctrine of *respondeat superior.*

**<u>CONCLUSION</u>**

WHEREFORE, Ms. Dziemit respectfully requests that this Court enter judgment dismissing all Counts of the First Amended Complaint, with prejudice, awarding Ms. Dziemit her costs and attorney's fees, and enter judgment in favor of Ms. Dziemit on all Counts of the Counterclaim and award her damages and such other and further relief as may be just and appropriate.

**<u>JURY DEMAND</u>**

Ms. Dziemit demands a trial by jury on all claims so triable.

Respectfully submitted,

JANE DZIEMIT,

By Her Attorneys,

/s/Richard J. Yurko

_____
Richard J. Yurko (BBO#538300)
Anthony B. Fioravanti (BBO#664823)
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
(617) 723-6900

Dated: June 15, 2006

**<u>Certificate of Service</u>**

I hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 15, 2006.

<u>/s/ Richard J. Yurko</u>