UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. )<br>    Plaintiffs  )<br>  )<br>v.  )<br>  )<br>DAVID W. ADAMS, *et al*  )  CIVIL ACTION NO. 05CA11654-NMG<br>    Defendants  ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF (1) MOTION TO DISMISS ALL COUNTERCLAIMS ASSERTED BY DEFENDANT JANE DZIEMIT, (2) IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND (3) MOTION TO STRIKE CLAIMS AGAINST BUILDING 19, AN UNNAMED ENTITY**

**STATEMENT OF THE CASE**

On October 20, 2005, Plaintiff International Floor Crafts, Inc. (hereinafter, "IFC") filed an Amended Complaint which describes, in detail, a scheme in which former employees and others, including, without limitation, Defendant Jane Dziemit, bilked International Floor Crafts, Inc. out of at least five million dollars over approximately a ten year period. Defendant Dziemit moved to dismiss the claims against her. On April 21, 2006, the Court (Gorton, J.) denied that motion.

On June 15, 2006, Defendant Dziemit filed an answer to the Amended Complaint, along with four counterclaims. The four counterclaims, which include claims for intentional interference with advantageous relations, intentional misrepresentation, negligent misrepresentation, and declaratory judgment, are the subject of the within motion to dismiss.

**STATEMENT OF FACTS**

For purposes of a motion to dismiss, the Court must take all of the well-pleaded allegations set forth in the Counterclaims as true. *Carroll v. Xerox Corp.*, 294 F.3d 231, 241 (1st Cir., 2002). Keeping this requirement in mind, and without conceding any of the factual

allegations made by Defendant Dziemit, we review the relevant facts set forth in the Counterclaims[1]:

In or around 1999, Defendant Dziemit loaned money to Defendant Ronald Mitchell d/b/a Remco, who operated as a broker of goods to be sold to Building 19 and IFC. (Counterclaim, ¶6). According to Dziemit, she did so "based upon and in reliance upon representations made by Building 19 and IFC." *Id.* Building 19 and IFC made various representations in purchase orders for the goods and by issuing checks on the invoices. (Counterclaim, ¶¶7,8).

According to the Amended Complaint, the representations, "through purchase orders, key reqs and payment checks, were false." (Counterclaim, ¶10). Defendant Dziemit claims that Building 19 and/or IFC "did no due diligence" to determine that the goods were, in essence, genuine. (Counterclaim, ¶11). Even though numerous IFC and/or Building 19 employees, who are still so employed, issued the false purchase orders and checks, neither IFC and/or Building 19 has disciplined these "at least negligent" employees. (Counterclaim, ¶12).

Building 19 and/or IFC did not indicate that no goods were received or inspected. (Counterclaim, ¶13). Building 19 and/or IFC are bound by the actions of persons acting within the scope of their authority who intended to mislead Defendants Mitchell and Dziemit, and/or negligently misled them. (Counterclaim, ¶¶14,15).

---

[1] IFC reserves the right to contest these allegations at trial.

# ARGUMENT

### A.   Standard of Review

In ruling on a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), the Court must consider the well-pleaded allegations of the counterclaims. *Lessler v. Little*, 857 F.2d 866, 867 (1st Cir. 1988), *cert. denied*, 489 U.S. 1016 (1989). Pleadings cannot be based upon "subjective characterizations" or "unsubstantiated conclusions," *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 23 (1st Cir. 1990), and the Court need not take bald assertions or unsupportable conclusions in the light most favorable to Plaintiffs. See *id*. at 23. "A court may dismiss a case only if there is no set of facts which would justify recovery." *Orton v. Parametric Technology*, 2004 WL 2475330 (D.Mass. 2004). *See, e.g., Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir.1999).

Moreover, the misrepresentation claims must be pleaded with particularity pursuant to Fed.R.Civ.P. 9. *See Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878-879 (1st Cir. 1991)(Court may dismiss complaint under Rule 12(b)(6) if not pleaded with particularity).

### B. Count I of the Counterclaim (Intentional Interference with Advantageous Relations) Must Be Dismissed Where IFC is Immune From Claims Arising Out of the Initiation of Legal Proceedings.

In Count I, Defendant Dziemit claims that IFC and/or Building 19 maliciously interfered with prospective business relationships of Ms. Dziemit by "among other things, maligning her reputation and bringing the underlying baseless action against her alleging, among other claims, fraud and racketeering." (Counterclaim, ¶19). At common law, private witnesses were absolutely immune from liability for testimony in judicial proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S.Ct. 1108, 1115 (1983).

> The doctrine of absolute privilege applies to defamatory statements made "in the institution or conduct of litigation or in conferences and other communications preliminary to litigation." *Sriberg v. Raymond*, 370 Mass. 105, 109, 345 N.E.2d 882 (1976). *Sriberg v. Raymond*, 544 F.2d 15, 16 (1st Cir. 1977). See Restatement (Second) of Torts ss 586, 587 (1977). The immunity provided by this doctrine rests upon long recognized policy considerations. See *Sriberg v. Raymond*, 370 Mass. at 109, 345 N.E.2d 882, quoting Chief Justice Shaw in *Hoar v. Wood*, 3 Met. 193, 197-198 (1841). See also Restatement (Second) of Torts s 586, comment a ("The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients"), and s 587, comment a ("The privilege stated in this Section is based upon the public interest in according to all men the utmost freedom of access to the courts of justice for the settlement of their private disputes").

*Sullivan v. Birmingham*, 11 Mass.App.Ct. 359, 416 N.E.2d 528, 530 (1981)(*ad damnum* clause in medical malpractice action was absolutely privileged).

Applying that construction here yields the result that IFC is absolutely immune from claims from Defendant Dziemit arising out of the allegations set forth in the Amended Complaint. Defendant Dziemit cannot bring an action against IFC for claiming in a lawsuit that she participated in a scheme to defraud IFC. Moreover, even if there were no absolute immunity, Defendant Dziemit has no basis whatsoever for any claims against an entity known as "Building 19" arising out of the contents of the Complaint, since there is no "Building 19" named as a Plaintiff in the Amended Complaint. IFC and Building 19 respectfully request that this Court dismiss Count I of the Counterclaims.

### C.  Count II of the Counterclaim (Intentional Misrepresentation) Must Be Dismissed Where Defendant Dziemit Cannot Demonstrate that IFC Sought to Induce Her to Lend Money Based Upon Intentional Misrepresentations.

In Count II of the Counterclaim, Defendant Dziemit claims, in essence, that IFC and/or Building 19 made certain misrepresentations, through purchase orders and payments, to represent that the goods were actually delivered. (Counterclaim, ¶22). According to Dziemit,

4

IFC and/or Building 19 did so through employees or others who knew that the purchase orders were false. (Counterclaim, ¶23). Defendant Dziemit alleges that she relied upon the purchase orders and payments in conducting her business of lending money to Mitchell and/or Remco. (Counterclaim, ¶24). Dziemit would not have lent money if she had known about the misrepresentations. (Counterclaim, ¶25).

In order to demonstrate intentional misrepresentation, Defendant Dziemit must show that IFC and/or Building 19 made a false representation of material fact with knowledge of its falsity to induce Defendant Dziemit to act thereon, and that Defendant Dziemit relied on such representation as true and acted upon it to her detriment. *Barrett Assoc., Inc., v.. Aronson*, 346 Mass. 150, 152 (1963). Defendant Dziemit's claim fails because she cannot demonstrate that IFC and/or Building 19 sought to induce her to loan money based upon false representations. The very nature of the claims in this case center around actions of Defendants David Adams, Kevin Britto, and Tyrone Williams, all of whom at one time worked for IFC. IFC's claims in this case demonstrate conclusively that these individuals were acting outside the scope of their authority in creating the false documentation and stealing money from IFC. It is obvious that IFC did not know of the fraudulent nature of the purchase orders; if IFC had known about the scheme, the company would have stopped it years ago. There is no basis upon which Defendant Dziemit may contend that IFC made any intentional misrepresentations to her.

At the very least, IFC seeks to learn the nature of Defendant Dziemit's intentional misrepresentation claims with greater particularity so as to be better able to respond thereto, as she does not reveal how the representations were intentional, how she relied upon them and how her reliance was detrimental.

**D.  Count III of the Counterclaim (Negligent Misrepresentation) Must Be**

5

**Dismissed Where Defendant Dziemit Cannot Demonstrate that IFC Sought to Induce Her to Lend Money Based Upon Intentional Misrepresentations.**

Count III of the Counterclaim alleges negligent misrepresentation against IFC and Building 19.  In order to demonstrate negligent misrepresentation, Defendant Dziemit must establish that IFC and/or Building 19 (i) negligently made a false statement of material fact, (ii) to induce action by Defendant Dziemit, (iii) on which Defendant Dziemit relied to her detriment. *See McEneaney v. Chestnut Hill Realty Corp.*, 38 Mass.App.Ct. 573, 575 (1995).

The downfall of Defendant Dziemit's negligent misrepresentation claim, like the intentional misrepresentation claim, is that she cannot demonstrate that IFC and/or Building 19 was trying to induce her to take any action whatsoever.  Again, the Amended Complaint seeks to recover damages against various former employees and others for engaging in a scheme to defraud IFC of at least five million dollars.  The representations made to Defendant Dziemit by IFC, if any, were not authorized by the company.   As such, the negligent misrepresentation claims, while clever, must be dismissed.

At the very least, IFC seeks to learn the nature of Defendant Dziemit's negligent misrepresentation claims with greater particularity for the same lack of disclosure which exists here as it does in the intentional misrepresentation claim above.

**E.  Count IV of the Counterclaim (Declaratory Judgment) Must Be Dismissed Where Defendant Dziemit Has Failed to State a Claim Upon Which Relief May Be Granted.**

In Count IV, Defendant Dziemit seeks declaratory judgment that IFC and/or Building 19 are liable to her under the doctrine of *respondeat superior*.  Declaratory judgment provides "a plaintiff relief from uncertainty and insecurity with respect to rights, duties, status, and other legal relations." *Sahli v. Bull HN Systems, Inc.*, 437 Mass. 696, 705 (2002). Declaratory

judgment actions must provide "clear allegations of specific facts to state a case for any relief or to show that any real controversy exists." *Penal Institutions Comm'r v. Commissioner of Correction*, 382 Mass. 527, 531 (1981).

The declaratory judgment action here is merely duplicative of Defendant Dziemit's other counterclaims. Defendant Dziemit is attempting to use declaratory judgment as a vehicle to establish that IFC and/or Building 19 are liable to her under the doctrine of *respondeat superior*. That status is merely collateral to the issues raised in this case, and declaratory judgment is not the appropriate manner in which to demonstrate and/or to establish that the doctrine of *respondeat superior* applies. The obtaining of such a declaration does not provide Dziemit relief as it sheds no illumination on her rights, duties, status and legal relation with IFC, against whom the counterclaim lies. As such, IFC respectfully requests that this Court dismiss Count IV of the Counterclaim.

To the extent that this Court finds that Defendant Dziemit has failed to state a claim in Counts I, II and III of her Counterclaims, she also cannot state a claim under Count IV.

### F.  The Entity Known as Building 19 is Not a Proper Party to the Counterclaims.

In her counterclaims, Defendant Dziemit has apparently asserted claims against an entity known as "Building 19." Defendant Dziemit has not moved to add "Building 19" as a party, and Defendant Dziemit has not complied with Local Rule 15.1. As such, IFC asks that any alleged claims against an entity known as "Building 19" be stricken.

**Conclusion**

IFC respectfully requests that this Court dismiss all counterclaims asserted by Defendant Jane Dziemit.  In the alternative, IFC respectfully requests that this Court order Defendant Jane Dziemit to provide a more definite statement of her counterclaims within ten days.  Additionally, IFC respectfully requests that this Court strike any counterclaims alleged by Defendant Dziemit against an entity known as "Building 19."

|  |  |
|---|---|
|  | The Plaintiff<br>International Floor Crafts, Inc.<br>By Its Attorneys, |
|  | /s/ Paul J. Klehm<br>Paul J. Klehm (BBO#561605)<br>pklehm@krasnooklehm.com<br>James B. Krasnoo (BBO#279300)<br>jkrasnoo@krasnooklehm.com<br>KRASNOO/KLEHM LLP<br>23 Main Street, Suite One<br>Andover, MA  01810 |
| Dated:  June 26, 2006 | (978) 475-995 |

**CERTIFICATE OF SERVICE**

I, Paul J. Klehm, Esq., hereby certify that I have served a copy of the within document upon all counsel of record and upon all parties not represented by counsel by first class mail, postage pre-paid, on June 26, 2006.  On June 26, 2006, I have also forwarded a copy of the within motion via first class mail, postage pre-paid, to Kevin Britto, 300 W. 21st Street, Apartment #25, New York, NY.

/s/ Paul J. Klehm
Paul J. Klehm