UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>　　　Plaintiff,<br><br>v.<br><br>DAVID W. ADAMS, *et al*,<br>　　　Defendants. | )<br>)<br>)<br>)  Civil Action No. 05-11654-NMG<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S MOTION (1) TO COMPEL DEFENDANT TYRONE WILLIAMS TO PRODUCE AUTOMATIC DISCLOSURES WITHIN TEN DAYS, (2) FOR AN ORDER OF CONTEMPT AGAINST DEFENDANT WILLIAMS FOR FAILING TO COMPLY WITH SECTION B OF PRELIMINARY INJUNCTION AND AN ORDER REQUIRING WILLIAMS TO PRODUCE BANK STATEMENTS AND FINANCIAL STATEMENTS, AND <u>(3) FOR AN AWARD OF ATTORNEYS' FEES</u>

Plaintiff International Floor Crafts, Inc. (hereinafter, "IFC") hereby moves this Court (1) for an order compelling Defendant Tyrone Williams to produce his automatic disclosures within ten days, (2) for an order of contempt against Defendant Tyrone Williams for failing to comply with Section B of the Preliminary Injunction issued by this Court on or about October 19, 2005 [Doc. No. 87] and for an order requiring Williams to provide IFC with (a) copies of any and all bank statements from October, 2005 to the present within ten days, and, from the date of the order on the within motion forward, copies of any and all bank statements received by Defendant Williams within ten days of his receipt of same and (b) monthly sworn financial statements from October, 2005 to present within ten days, and, from the date of the order on the within motion forward, monthly sworn financial statements as required by the Preliminary Injunction.  IFC further seeks to recover costs and attorneys' fees associated with the preparation, filing, and any

hearing on the within motion. IFC relies upon the reasons set forth below and the Affidavit of Paul J. Klehm filed herewith:

1. On October 19, 2005, the Court (Gorton, J.) issued a preliminary injunction which, among other things, restricted Defendant Williams' finances and ordered him to provide monthly financial statements under oath. (See Section B.5).

2. Defendant Williams provided a limited number of financial statements, but, over the past several months, to the best of the recollection of Attorney Klehm, Williams has failed to provide the required financial statements to Plaintiff. (See Affidavit of Paul J. Klehm, Esq., attached hereto as **Exhibit A**, ¶2).

3. IFC is therefore left with no way to confirm whether Defendant Williams has complied with the terms and conditions of Section B of the Preliminary Injunction and with no way to monitor Williams' use of funds potentially stolen from IFC. IFC has no way of knowing whether Defendant Williams is, among other things, limiting his monthly expenditures to $3,000 per month as required in Section B. Through this motion, IFC seeks an order of contempt against Defendant Williams for failing to comply with Section B.5 of the Preliminary Injunction, and, further, an order requiring Williams to provide IFC with (a) copies of any and all bank statements from October, 2005 to the present within ten days, and, from the date of the order on the within motion forward, copies of any and all bank statements received by Defendant Williams within ten days of his receipt of same, and (b) monthly sworn financial statements from October, 2005 to present, and, from the date of the order on the within motion forward, monthly sworn financial statements as required by the Preliminary Injunction.

4. Additionally, Defendant Williams has never served his automatic disclosures upon the parties in the within matter. He has been represented by counsel since at least

September 20, 2005, when Attorney Robert Xifaras filed, among other things, a notice of appearance and a motion to vacate default in the within action (which was allowed on September 20, 2005). (See Doc. Nos. 68-70).

5. On May 4, 2006, IFC filed Joint Motion to Approve Stipulation as to Defendant Williams, along with Stipulation as to Defendant Williams as to the Order of this Court Dated October 19, 2005 [Doc. No. 151]. In the stipulation, IFC and Williams stipulated, among other things, that (a) Williams' monthly spending limit would be reduced to $3,000.00, (b) Williams would produce monthly financial statements dating back to January, 2006 and going forward on a monthly basis, and (c) Williams would produce any and all bank statements dating back to January, 2006 and going forward immediately upon receipt thereof.

6. The Court has yet to rule on that motion.

7. On June 20, 2006, IFC forwarded a letter to counsel to Defendant Williams seeking, among other things, automatic disclosures, bank statements and signed financial statements. (See **Exhibit B**).

8. On June 26, 2006, IFC filed another request for default against Defendant Williams [Doc. No. 158]. To date, Williams has not filed any answer to the Complaint. Even so, he has had counsel in this case in September, 2005, and his counsel did show up at the Court on the date of the scheduling conference on April 21, 2006 (albeit he showed up after the hearing was completed).

9. On August 11, 2006, IFC forwarded a letter to counsel to Defendant Williams seeking, among other things, a response to IFC's request for a L.R. 37.1 discovery conference regarding the within motion on or before August 18, 2006. (See **Exhibit C**). Defendant Williams' counsel has failed to respond to IFC's request.

10. IFC's counsel is quite frustrated with the continual failure of Williams, and his counsel, to comply with the procedural requirements with this case. As a result, IFC respectfully requests that this Court award attorneys' fees in the amount of $450.00 in favor of IFC to cover the time spent in the preparation of the within motion and of the Affidavit of Paul J. Klehm. In the event that this Court orders a hearing on the within motion, IFC respectfully requests that it be given an opportunity to supplement the within request as warranted.

**WHEREFORE**, for the above reasons, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court GRANT the within motion and

(1) issue an order compelling Defendant Tyrone Williams to produce his automatic disclosures within ten days,

(2) issue an order of contempt against Defendant Tyrone Williams for failing to comply with Section B of the Preliminary Injunction issued by this Court on or about October 19, 2005,

(3) issue an order requiring Williams to provide IFC with (a) copies of any and all bank statements from October, 2005 to the present within ten days, and, from the date of the order on the within motion forward, copies of any and all bank statements received by Defendant Williams within ten days of his receipt of same, and (b) monthly sworn financial statements from October, 2005 to present within ten days, and, from the date of the order on the within motion forward, monthly sworn financial statements as required by the Preliminary Injunction, and

(4) issue an order requiring Williams to pay IFC the sum of $450.00 in attorneys' fees for the preparation of the within motion, and

(5) issue such other order as is meet and just.

                                      Plaintiffs
                                      International Floor Crafts, Inc.
                                      By Their Attorneys,

                                      /s/ Paul J. Klehm
                                      James B. Krasnoo
                                      jkrasnoo@krasnooklehm.com
                                      Paul J. Klehm
                                      pklehm@krasnooklehm.com
                                      Krasnoo|Klehm LLP
                                      23 Main Street
                                      Andover, MA  01810
                                      (978) 475-9955

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2) and 37.1**

On August 11, 2006, IFC forwarded a letter to counsel to Defendant Williams seeking, among other things, a response to IFC's request for a L.R. 37.1 discovery conference regarding the within motion on or before August 18, 2006.  (See **Exhibit A**).  Defendant Williams' counsel failed to respond to IFC's request on a timely basis.  On the morning of August 21, 2006, Attorney Klehm spoke by telephone with, and left a message with, Attorney Xifaras' secretary.  On the afternoon of August 21, 2006, Attorney Klehm spoke by telephone with Attorney Xifaras.  During the telephone call, Attorney Klehm told Attorney Xifaras that Attorney Klehm would give Attorney Xifaras until Wednesday, August 22, 2006 to provide the late materials sought through the within motion.   Attorney Xifaras failed to provide such materials in a timely fashion.  On August 23, 2006, Attorney Klehm received a facsimile from Attorney Xifaras in which, among other things, he noted that he understood that Attorney Klehm would be filing the within motion.  According to the letter, Attorney Xifaras was to meet with Defendant Williams on the evening of August 23, 2006.  At approximately 10:20 a.m. on August 24, 2006, Attorney

Klehm telephoned Attorney Xifaras' office and spoke with his secretary. His secretary informed me that she did not know whether Attorney Xifaras, who was then in Court, had met with Mr. Williams on the previous evening. Attorney Klehm told her that Attorney Klehm had not received any documents from Attorney Xifaras, and that Attorney Klehm had waited long enough. Attorney Klehm asked her to inform Attorney Xifaras that Attorney Klehm is filing the within motion. Later in the day on August 24, 2006, I received a telephone call from Attorney Xifaras, during which he expressed appreciation for my courtesy in delaying the filing of the within motion, and he explained a personal family situation with which he is dealing. At that time, Attorney Klehm gave Attorney Xifaras until 9:00 a.m. on August 29, 2006 (the day before Mr. Williams' scheduled deposition) to provide me with the documents. I have received no documents.

                                                              */s/ Paul J. Klehm*
                                                              Paul J. Klehm

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid, on August 29, 2006. On August 29, 2006, I have also forwarded a copy of the within motion via first class mail, postage pre-paid, to Kevin Britto, 300 W. 21st Street, Apartment #25, New York, NY.

                                                              */s/ Paul J Klehm*
                                                              Paul J. Klehm

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. )<br>　　　　Plaintiff, )<br> )<br>v. )<br> )<br>DAVID W. ADAMS, *et al*, )<br>　　　　Defendants. )<br> ) | ) Civil Action No. 05-11654-NMG |

### **AFFIDAVIT OF PAUL J. KLEHM, ESQ.**

I, Paul J. Klehm, under oath, depose and state as follows:

1.　　I am counsel to Plaintiff International Floor Crafts, Inc. (hereinafter, "IFC") in the above-referenced matter. I am an attorney licensed to practice law within the Commonwealth of Massachusetts since 1992, and in the United States District Court for the District of Massachusetts since 1993.

2.　　Defendant Williams provided a limited number of financial statements, but, over the past several months, upon information and belief, Williams has failed to provide the required financial statements to Plaintiff as required by the Preliminary Injunction issued by the Court on October 19, 2005. [Doc. No. 87].

3.　　Additionally, Defendant Williams has never served his automatic disclosures upon the parties in the within matter.

4.　　Upon information and belief, Defendant Williams has had counsel in this case since September, 2005, and his counsel did show up at the Court on the date of the scheduling conference on April 21, 2006 (albeit he showed up after the hearing was completed).

5.     On June 20, 2006, IFC forwarded a letter to counsel to Defendant Williams seeking, among other things, automatic disclosures, bank statements and signed financial statements.  (See Exhibit B to motion filed herewith).

6.     IFC's counsel is quite frustrated with the continual failure of Williams, and his counsel, to comply with the procedural requirements with this case.  Attorney Klehm spent more than 1.5 hours preparing the motion and the within affidavit and contacting Attorney Xifaras' office.  My hourly rate is $300 per hour, a reasonable rate given my years of experience and a reasonable rate for attorneys who practice in the federal court.  As a result, IFC respectfully requests that this Court award attorneys' fees in the amount of $450.00 in favor of IFC to cover the time spent in the preparation of the within motion and the within affidavit.

Signed under pains and penalties of perjuries this 29th day of August, 2006.

/s/ Paul J. Klehm

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid, on August 29, 2006.  On August 29, 2006, I have also forwarded a copy of the within motion via first class mail, postage pre-paid, to Kevin Britto, 300 W. 21st Street, Apartment #25, New York, NY.

/s/ Paul J Klehm
Paul J. Klehm

# KRASNOO | KLEHM LLP
*attorneys at law*

Twenty-Three Main Street, Terrace Level, Suite One, Andover, MA 01810-3730
978.475.9955 (phone) • 978.474.9005 (facsimile) • www.krasnooklehm.com
James B. Krasnoo, admitted in MA & CA • Paul J. Klehm, admitted in MA & NH

June 20, 2006

**VIA FACSIMILE ONLY**

Robert M. Xifaras, Esq.
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA 02740

Re: *International Floor Crafts, Inc. v. David W. Adams et al*
    *Civil Action No. 05 CA 11654-NMG*

Dear Robert:

Based upon my last telephone conversation with your secretary, I understand that you have had some surgery. I hope that you are well.

Please note that I have yet to receive your client's automatic disclosures, despite my requests for same. Your client has never filed an answer to the Amended Complaint. I have not received copies of your client's bank statements or signed financial statements.

If you simply need a little more time for health reasons, I will grant a reasonable amount of time to you. At the same time, I have been patient with your failure to adhere to the rules throughout this case, and I cannot wait much longer.

Therefore, please let me know when I may expect to receive your client's automatic disclosures and the answer to the Amended Complaint. If I do not hear from you or your office by June 23, 2006, I will seek a default against your client for failing to answer the Amended Complaint.

Very truly yours,

Paul J. Klehm



**KRASNOO | KLEHM** LLP
attorneys at law

Twenty-Three Main Street, Terrace Level, Suite One, Andover, MA 01810-3730
978.475.9955 (phone) • 978.474.9005 (facsimile) • www.krasnooklehm.com
James B. Krasnoo, admitted in MA & CA • Paul J. Klehm, admitted in MA & NH

August 11, 2006

**VIA FACSIMILE ONLY**
Robert M. Xifaras, Esq.
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA 02740

Re: *International Floor Crafts, Inc. v. David W. Adams et al*
    Civil Action No. 05 CA 11654-NMG

Dear Robert:

As you know, your client's deposition is scheduled for August 30, 2006 at 10:00 a.m. at my office. I am writing to request that you confirm in writing that your client will be present for the deposition on that date. Since you rarely respond to my communications, I am informing you that, if I do not hear from you, I will have a court reporter present at my office on that date for the deposition, and, I assume, some of the other counsel may attend. Please note that, if your client fails to attend and you fail to notify me of same sufficiently ahead of time, I will ask that the Court hold you and/or your client financially responsible for any costs and attorneys' fees associated with that deposition. I will also need to move for contempt against your client for failure to appear at a properly noticed deposition.

Additionally, you have not responded to my requests for your clients' automatic disclosures and for copies of your client's bank statements and signed financial statements as required under the Court's October 19, 2005 order. (See my letters to you dated May 23, 2006 and June 20, 2006). As a result, I am writing to you pursuant to L.R. 37.1(A) and (B) seeking a discovery conference within seven days with regard to Plaintiff International Floor Crafts, Inc.'s Motion for Contempt Against Defendant Tyrone Williams For Failing to Produce Automatic Disclosures and for Failing to Comply with Section B of Preliminary Injunction and Request for Attorneys' Fees and Costs.



Robert Xifaras, Esq.
August 11, 2006
Page Two

    If I do not hear from you regarding the discovery conference by the close of business on August 18, 2006, I intend to file the motion on August 21, 2006.

Very truly yours,

Paul J. Klehm