TO: UNITED STATES DISTRICT COURT
    DISTRICT OF MASSACHUSETTS

FROM: DAVID W. ADAMS
DEFENDANT
CIVIL ACTION NO.05-11654-NMG

    I RESPECTFULLY OBJECT TO THE MOTION OF ISAAC H. PERES TO WITHDRAW AS COUNSEL FOR MY CASE WITH BUILDING #19 INC AND INTERNATIONAL FLOORCRAFTS INC.

  AT THE OUTSET OF THE CASE I WAS SELF EMPLOYED SELLING AREA RUGS AND FLOORCOVERING TO RETAIL CUSTOMERS. BECAUSE OF THIS LAWSUIT I HAD TO CHANGE JOBS AND FOUND A JOB WORKING FOR COCA COLA AS A MERCHANDISER. I WAS INJURED AT WORK AND HAVE BEEN UNABLE TO WORK SINCE. I AM ENCLOSING MY DOCTORS REPORT FOR YOUR REVIEW. MY WORKMANS COMPENSATION CASE IS STILL IN LITIGATION AND I HAVEN'T HAD INCOME SINCE MY ACCIDENT. I HAVE BEEN BORROWING MONEY FROM RELATIVES TO PAY MY LIVING EXPENSES AND HAVE BEEN UNABLE TO PAY MR. PERES. I HAVE A WIFE WHO IS WORKING FULL TIME AND 4 CHILDREN TO CARE FOR. MY RELATIVES HAVE TOLD ME THERE IS NO MORE MONEY TO LEND ME. THERE IS A SIGNIFICANT CHANCE THAT MY HOUSE WILL BE FORCLOSED IF MY WORKMANS COMP CASE DOESN'T GET SETTLED SOON. THIS ENTIRE FINANCIAL DISASTER IS CAUSED SOLELY BY THIS LAWSUIT. DUE TO THIS LAWSUIT I HAD TO FILE BANKRUPTCY IN MAY 2006. I WAS WILLING TO SELL MY HOUSE AND PAY BACK PEOPLE I OWE MONEY TO AS WELL AS MR. PERES, BUT THERE IS SOME RULING IN EFFECT FOR THIS LAWSUIT THAT WOULD NOT ALLOW ME TO SELL MY HOME. WHAT I AM CONCERNED ABOUT IS I AM NOT ALLOWED TO SELL MY HOME, I HAD TO GET A JOB IN A DIFFERENT LINE OF WORK BECAUSE OF THIS LAWSUIT AND BECAUSE OF MY INJURY HAVE BEEN UNABLE TO WORK. DUE TO ALL OF THE UNDUE FINANCIAL STRAIN THIS HAS CAUSED A BREAKDOWN IN MY RELATIONSHIP WITH MR. PERES. I AM INNOCENT IN THIS CASE AND WITHOUT MR. PERES AS MY ATTORNEY I BELIEVE THIS WILL EFFECT MY ABILITY TO DEFEND MYSELF. I AM ASKING THE COURT TO DENY MR. PERES MOTION TO WITHDRAW AS COUNSEL IN THIS CASE. IF HIS MOTION IS GRANTED I WILL BE LEFT TOTALLY DEFENSELESS.

               THANK YOU FOR YOUR HELP,

*[signature]*

# READING INTERNAL MEDICINE ASSOCIATES, INC.

20 Pond Meadow Drive, Suite 206
Reading, MA 01867
(781) 944-0040
Fax (781) 944-1684

September 23, 2006

To whom it may concern,

Mr. David Adams has been my patient since June 29, 1990. On April 13, 2006 he developed posterior neck pain radiating into both arms, along with upper and lower back pain and numbness in both forearms. He reported that the pain came on after doing heavy lifting involved in his job. During the sixteen years that I have followed him, he had never previously complained of back or neck pain. He was admitted to Winchester Hospital on April 15, 2006 and testing there ruled out a cardiovascular etiology for his pain. He underwent MRI scanning of his cervical spine on April 19, 2006 which revealed broad annular disc osteophyte bulge at C4-5 with uncovertebral and facet osteophytes causing mild to moderate bilateral neural foraminal narrowing at C4-5 and right sided narrowing at C3-4. He underwent MRI scanning of his thoracic spine on April 19, 2006 which showed degenerative disc changes within the mid thoracic spine with mild bulges at T4-5, T5-6 and T6-7 and small right lateral disc herniation at T9-10 touching but not displacing the spinal cord. He underwent MRI scanning of the lumbar spine on April 25, 2006 which showed facet degenerative changes at L4-5 and L5-S1.

Mr. Adams suffers from neck pain, back pain, cervical radiculitis, cervical spinal spondylosis, degenerative disc disease, and thoracic disc herniation. His treatment course has included medications Naprosyn and Cymbalta, physical therapy, evaluation and treatment including facet joint injection at the Winchester Hospital Anesthesia Pain Management Center, referrals to Dr. Shapur Ameri, and Dr. Albert Fullerton, and participation in a weight management program. He has lost 27 pounds in the first month of this program.

Despite these interventions, Mr. Adams continues to suffer intractable pain. He remains completely disabled at this time. He is unable to perform any work at all. His prognosis is uncertain given his lack of improvement to date. Mr. Adams has no previous history of back or neck pain. His pain came on after doing heavy lifting involved in his job. I believe his disability is causally related to the lifting involved in his job.

Sincerely,

*[signature]*

Michael H. Bresnahan, M.D.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BUILDING #19, INC. AND<br>INTERNATIONAL FLOOR CRAFTS, INC.,<br><br>Plaintiffs<br><br>v.<br><br>DAVID W. ADAMS, ET AL.,<br><br>Defendants. | CIVIL ACTION<br>NO. 05-11654-NMG |

### MOTION OF ISAAC H. PERES TO WITHDRAW AS COUNSEL
### FOR DAVID W. ADAMS

The undersigned, Isaac H. Peres, requests this Court to allow him to withdraw his appearance as counsel for the Defendant, David W. Adams. As grounds for this Motion, Attorney Peres submits the following:

1. At the outset of this case, Mr. Adams was self-employed and earning a living.

2. Subsequently, Mr. Adams began working for an employer and ceased working due to health related problems.

3. As a result, Mr. Adams filed for bankruptcy and this action was stayed.

4. Attorney Peres would not have agreed to represent Mr. Adams in this action had he known that he would be filing for bankruptcy in the midst of it.

5. After the filing of the bankruptcy, the Plaintiffs filed a Motion for Relief from Stay to continue to pursue their claims against Mr. Adams, and the case against him has, unfortunately, been resurrected.

6. At the time of the filing of the bankruptcy, Mr. Adams owed Attorney Peres in excess of $5000.00 for work performed prior to it.

7. Mr. Adams' failure to pay his legal bills prior to the bankruptcy was beginning to cause a breakdown in the attorney-client relationship between Attorney Peres and Mr. Adams.

8. There is a significant amount of work which remains to be done in this case. In fact, given Mr. Adams' adverse financial circumstances, it is unlikely that the case will settle and it will most likely proceed to a trial.

9. At the present time, Mr. Adams is unable to pay Attorney Peres any amount of money for legal fees, and will be unable to do so for the foreseeable future.

10. Attorney Peres is a sole practitioner, and has a wife and three teenage children. His financial circumstances are such that he cannot even afford to hire an associate or even a secretary. In fact, Attorney Peres' wife has to work two jobs in order to make ends meet.

11. If Attorney Peres is compelled to perform several hundred hours worth of work for Mr. Adams without any payment, it will cause him significant financial harm and will jeopardize his ability to pay his mortgage, office rent, and meet his tax obligations to the IRS and the Commonwealth of Massachusetts.

12. Attorney Peres has not moved to withdraw to date because Mr. Adams' bankruptcy attorney stated to Attorney Peres that Mr. Adams' in-laws were prepared to finance his defense in this action, which has turned out not to be the case.