UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.  )<br>     Plaintiff                                     )<br>                                                        )<br>v.                                                     )<br>                                                        )<br>DAVID W. ADAMS, *et al*              )   CIVIL ACTION NO. 05CA11654-NMG<br>     Defendants                              )<br>                                                        ) | |

**PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S MOTION TO APPROVE STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY OF <u>CONFIDENTIAL INFORMATION</u>**

Plaintiff International Floor Crafts, Inc. hereby moves this Court to approve the Stipulated Protective Order Governing Discovery of Confidential Information (hereinafter, the "Stipulation"), a copy of which is attached hereto as **Exhibit 1**, and to enter the Stipulation as an order of the Court so that the parties may preserve the confidentiality of certain business and personal information as this matter moves forward.

Plaintiff did not hear from counsel to Defendant Williams in response to recent emails and a telephone call from Plaintiff's counsel concerning the stipulation and the within motion, and so Plaintiff has removed a signature block for Defendant Williams from the stipulation filed herewith.

**WHEREFORE**, for the above reasons, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court GRANT the within motion, approve the Stipulation and enter same as an Order of the Court.

|  |  |
|---|---|
|  | The Plaintiff<br>International Floor Crafts, Inc.<br>By Its Attorneys,<br><br>*/s/ Paul J. Klehm*_____<br>James B. Krasnoo (BBO# 279300)<br>*jkrasnoo@krasnooklehm.com*<br>Paul J. Klehm (BBO# 561605)<br>*pklehm@krasnooklehm.com*<br>Krasnoo|Klehm, LLP<br>23 Main Street, Suite 6<br>Andover, MA 01810 |
| Dated:  November 9, 2006 | (978) 475-9955 |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I, Paul J. Klehm, counsel to Plaintiff hereby certify that, on October 4, 2006, I forwarded a proposed Stipulated Protective Order to all counsel via email.  On October 5, 2006, I forwarded a proposed Stipulated Protective Order to *pro se* Defendant Kevin Britto via first class mail, postage pre-paid.  On or about November 1 or 2, 2006, I received a signed proposed stipulation from Defendant Britto via facsimile.  I also spoke to Mr. Britto regarding the stipulation via telephone at or around that time.  On November 2, 2006, I emailed a draft of the within motion and the proposed stipulation to all counsel.  Since then, Attorneys Yurko, Grant and Peres have permitted me to sign their respective names to the stipulation.  I have not heard from Attorney Xifaras, counsel to Defendant

3

Williams in response to a telephone message or to a further email dated November 7, 2006.

/s/ Paul J. Klehm
Paul J. Klehm

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid, on November 9, 2006.  On November 9, 2006, I have also forwarded a copy of the within motion via first class mail, postage pre-paid, to Kevin Britto, 300 W. 21st Street, Apartment #25, New York, NY.

/s/ Paul J Klehm
Paul J. Klehm

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID W. ADAMS, *et al*, | ) | CIVIL ACTION NO. |
|     Defendants. | ) | 05CA11654-NMG |
| | ) | |

**STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY OF CONFIDENTIAL INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties hereby stipulate and it is hereby ORDERED:

1. The following procedures shall apply if a party or subpoenaed non-party (a "Producing Party") is required to disclose information that the Producing Party contends is confidential or proprietary financial, business, technical, or scientific information ("Confidential Information").

2. "Confidential Information" as used herein means any information which is designated as confidential, whether it be a document and/or thing, information contained in a document, information revealed during a deposition or in any interrogatory answer or otherwise disclosed during discovery in the above-captioned action. Any summary or copy of any confidential information shall be subject to the terms of this Stipulation to the same extent as the information from which such summary or copy is made. A party

shall not designate as "Confidential Information" any information which it knows is already in the public domain.

  3. Documents and things containing Confidential Information shall be designated as such by marking them CONFIDENTIAL.  If the CONFIDENTIAL marking is inadvertently omitted, it may be made within five (5) days after production.  Until such five (5) day period has elapsed, the receiving party shall treat all produced documents and things as Confidential Information.  Material that a Producing Party neglects to designate as Confidential Information within five (5) days of production may at any time after production be so designated by appropriate written notice, but no party shall be in breach of this Order for disclosures made before receipt of such notice that would otherwise have been authorized but for the subsequent designation.

  4. Deposition testimony may be designated as Confidential Information by making an appropriate statement on the record at the time of the deposition or by giving written notification to all parties that identifies the Confidential Information by page and line reference, provided that such written notification is delivered within the time limit for reading and signing of the deposition transcript or within thirty days of the entry of the within order.  All depositions transcripts shall be treated as Confidential Information until the expiration of this time limit.

  5. Confidential Information shall be disclosed to the following "Qualified Recipients" only, except as provided in Paragraph 12, *infra*:

    (a) attorneys of record;

   (b) members, associates, and employees of the law firms of record and other law firms or attorneys retained or consulted with by a party and whose assistance is reasonably necessary for the prosecution or defense of the action;

   (c) non-party deponents who execute the attached Certificate and to whom disclosure of such information is reasonably necessary for the prosecution or defense of the action at the time of disclosure (see **Exhibit A)**;

   (d) expert witnesses and consultants who execute the attached Certificate (see **Exhibit A**) and whose assistance is reasonably necessary for the prosecution or defense of the action; and

   (e) parties, and officers and employees of the parties, who execute the attached Certificate (see **Exhibit A**) and whose participation or assistance is reasonably necessary for the prosecution or defense of the action.

 6. Any party filing a submission with the Court that contains Confidential Information shall give the Producing Party a notice of five (5) business days to enable the Producing Party to seek impoundment of the Confidential Information in accordance with Local Rule 7.2 and all other applicable rules.

 7. Qualified Recipients shall use Confidential Information for purposes related to this action only, shall not use it for any business purpose, and shall disclose it only to other Qualified Recipients.  The provider of said confidential information shall not be limited to the uses of the confidential information that he, she or it provides to the Qualified Recipient but may use it for any purpose that he, she or it deems fit.

8.  Information that is otherwise available to the public at the time of disclosure or that becomes available to the public after disclosure through no act or failure of a Qualified Recipient shall not be considered Confidential Information.

9.  This Protective Order shall not foreclose the parties from moving for a subsequent order redesignating Confidential Information as not confidential.

10.  Upon final termination of this action, whether by dismissal, judgment, judgment after appeal, or settlement, each party shall return to the Producing Party all documents and things marked CONFIDENTIAL or, alternatively, shall certify in writing that all such materials have been shredded beyond recognition.  Notwithstanding the foregoing, a party may retain deposition transcripts that have been marked confidential.

11.  Nothing in this Protective Order shall prevent a party from disclosing its/his/her own Confidential Information.

12.     If any individual or entity (hereinafter, "Requesting Party") , including, without limitation, any state or federal law enforcement agency and/or tax revenue agency, requests and/or demands copies and/or originals of any documents and/or things containing Confidential Information from any party(ies) to the within Stipulation, other than in the course of discovery in the above-entitled action, the party(ies) from whom the documents and/or things are requested shall provide written notification of same to all signatories to the within Stipulation within two business days, and shall, to the extent reasonably possible, afford the signatories to the within Stipulation a reasonable opportunity to contest the right of the Requesting Party to access said documents and/or

things.  Nothing in the within paragraph shall require the party(ies) from whom said documents and/or things are sought:

    (a) to withhold production of said documents and/or things in response to any deposition *subpoena*, trial *subpoena*, *subpoena duces tecum*, summons and/or other legal process beyond the time and/or date set for the production of same, and

    (b) notwithstanding subparagraph (a), *supra*, to withhold production of said documents and/or things in response to any request and/or demand from any state and/or federal law enforcement agency and/or tax revenue agency for longer than thirty days from the date of said request and/or demand.

IT IS SO ORDERED THIS ____ day of _____, 2006.

                                                                     _____
                                                                       United States District Court Judge

**AGREED TO:**

International Floor Crafts, Inc.
By its attorneys,


*/s/ Paul J. Klehm*_____
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Paul J. Klehm (BBO# 561605)
pklehm@krasnooklehm.com
Krasnoo/Klehm LLP
23 Main Street, Suite 6
Andover, MA  01810
(978) 475-9955

Defendant Ronald E. Mitchell
By his attorney,


*/s/ Frederic D. Grant, Jr. (by PJK with permission)* _____
Frederic D. Grant, Jr. (BBO# 543115)
grant@grantboston.com
727 Atlantic Avenue, 2nd Floor
Boston, MA  02111

Defendant Jane Dziemit
By her attorney,


*/s/ Richard J. Yurko (by PJK with permission)*_____
Richard J. Yurko (BBO# 538300)
Yurko, Salvesen & Remz, P.C.
One Washington Mall
Boston, MA  02108
(617) 723-6900
www.bizlit.com

6

Defendant Kevin Britto
*Pro Se*

*/s/ Kevin Britto (by PJK with permission)*
Kevin Britto
300 West 21st Street, Apt. 25
New York, NY  10011

Defendant David W. Adams
By his attorney,

*/s/ Isaac H. Peres (by PJK with permission)*
Isaac H. Peres (BBO# 545149)
Isaac.21@netzero.net
Law Office of Isaac H. Peres
50 Congress Street, Suite 225
Boston, MA  02109
(617) 722-0094

**EXHIBIT A**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                              )
INTERNATIONAL FLOOR CRAFTS, INC.,             )
    Plaintiff,                                )
                                              )
v.                                            )
                                              )
DAVID W. ADAMS, *et al*,                      )    CIVIL ACTION NO.
    Defendants.                               )    05CA11654-NMG
_____   )


**CERTIFICATE**

    I, _____(name)_____, in my capacity as a (non-party, expert, etc.), on behalf of ____(party)_____ pursuant to Paragraph 5B (a), (b), (c) and (d) of the Stipulated Protective Order Governing Discovery of Confidential Information (the "Order") with respect to the above-referenced matter hereby agree to be bound as a Qualified Recipient under 5A or persons qualified under 5B as defined in the Order, which I have reviewed, and which provides, *inter alia*, that (1) I shall use Confidential Information as defined in the Order for purposes related to this action only, (2) I shall not use it for any business purpose, and (3) I shall disclose it only to other Qualified Recipients.

 

                                                                                                                 _____
                                                                                                                 Print Name:

Dated: _____