UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>DAVID W. ADAMS, et al.,<br><br>  Defendants. | Civil Action No. 05-11654NMG |

**EMERGENCY MOTION TO COMPEL
<u>DISCOVERY OF SETTLEMENTS AND TERMS</u>**

Pursuant to Mass R. Civ. P. 26 and 37, defendant Jane Dziemit moves to compel the production of the settlement agreements and other terms of the settlements between plaintiffs International Floor Crafts, Inc. ("IFC" and "Building 19") and former defendants Paul Sun, David Sun, Chinese Carpet Center, Inc. d/b/a CCC International, and Michael E. Brown d/b/a Dalton Padding and Empire Weavers (the "Settling Defendants"). The motion is filed on an emergency basis because, among other reasons, this matter is scheduled for a mediation before Magistrate Judge Judith Gail Dein on January 5, 2007, at 10:00a.m. In support of this motion, Ms. Dziemit states as follows:

1.    This is an action in which the plaintiff IFC is seeking to hold various defendants jointly and severally liable for the alleged theft of hundreds of thousands of dollars from IFC by three IFC insiders, Messrs. Britto, Adams, and Williams. Ms. Dziemit has strenuously denied any culpability and liability in this matter. She has answered, denied liability, counterclaimed against IFC for the fraud that its employees perpetrated on her, had her deposition taken, and has advised the plaintiff IFC that she is likely to prepare, serve and file a motion for summary

judgment.  The plaintiff IFC has no evidence that Ms. Dziemit, who financed discrete sales of goods to IFC, knew of the purported fraud allegedly committed by IFC's own employees.  Indeed, all the evidence, including the testimony of one of the central conspirators, Mr. Britto, is to the contrary.

2. Nonetheless, this is a case in which the asserted liability is joint and several.  To date, IFC has entered into settlement agreements and dismissed its case against the Settling Defendants.  Accordingly, Ms. Dziemit has requested in informal and formal discovery the settlement agreements and terms of such settlements from plaintiff IFC.  See, e.g., November 29, 2006 letter, the relevant portions of which are attached hereto as Ex. A.  IFC has not produced the same, asserting that such settlements contain confidentiality provisions and therefore cannot be disclosed absent agreement by the Settling Defendants or an order of the Court relieving IFC of their obligation under such confidentiality provisions.

3. The law on this subject is well-established.  Although settlement discussions and agreements are not admissible to show liability, see Fed. R. Evid. 408(b), settlement agreements are not only discoverable, but also are admissible in evidence for a wide range of purposes, including damages, contribution, indemnity, bias, and the like.  See, id.; Bennett v. La Pere, 112 F.R.D. 136, 138-41 (D.R.I. 1986)(Selya, J.); Atchison Casting Corp. v. Marsh, Inc., 216 F.R.D. 225, 226-28 (D. Mass. 2003); Tribune Co. v. Purcigliotti, 1996 WL 337277 at *1-3, No. 93 Civ. 7222 (S.D.N.Y. 1996). This is particularly the case where, as here, the settlement agreement sought to be discovered is the settlement of a co-defendant where joint and serveral liability is asserted.  Bennett, 112 F.R.D. at 138.  It is also particularly true where, as here, the settling parties are likely to be witnesses and the settlement agreement can be used to show bias of that witness.  Id. at 139-40; Tribune Co., 1996 WL 337277 at *1-3.

4. Here, any amounts received from co-defendants would, as a matter of law, be credits against any damage claimed by IFC. Here, if IFC settled with co-defendants for insubstantial sums or with undertakings to cooperate, such would be powerful evidence of witness bias at trial.

5. Finally, private parties cannot shield their private settlements from scrutiny by deeming them "confidential." This Court has recently adopted and entered the parties' proposed order governing the disclosure and use of confidential documents, which fully protects the settling parties' rights.

6. Ms. Dziemit's counsel has been advised that IFC is willing to disclose only the amounts of the settlement agreements and takes the position that the other terms are not relevant. This argument was asserted by the plaintiff in Bennett and was roundly rejected by Magistrate Judge Nieman as "simply wrong." Id. at 227. ("Plaintiff claims that '[t]he rest of the terms of the Settlement Agreement are irrelevant to [Plaintiff]'s claims against [Defendant]" and that accordingly, it has the "right to keep these terms confidential. In the court's opinion, Plaintiff is simply wrong.")(emphasis added).

7. Ms. Dziemit's counsel has contacted counsel for the Settling Defendants but has been unable to secure such agreement. See, e.g., December 14, 2006, e-mail to counsel for Settling Defendants and responses thereto, attached as Ex. B.

For all the above reasons, Ms. Dziemit requests that the Court order the production of the requested settlement agreements and the disclosure of the settlement terms.

                                              Respectfully submitted,

                                              JANE DZIEMIT,

                                              By Her Attorneys,

                                              /s/Richard J. Yurko

                                              _____
                                              Richard J. Yurko (BBO#538300)
                                              Anthony B. Fioravanti (BBO#664823)
                                              YURKO, SALVESEN & REMZ, P.C.
                                              One Washington Mall, 11th Floor
                                              Boston, MA 02108
                                              (617) 723-6900

Dated: December 15, 2006

**Certificate of Consultation Pursuant to Local Rule 7.1(A)(2)**

      I, Richard J. Yurko, hereby certify that I conferred with counsel for the plaintiff IFC, James B. Krasnoo and Paul J. Klehm, by telephone and through e-mail correspondence on December 14, 2006 in an attempt to narrow and resolve the issues raised in this motion.

                                                /s/ Richard J. Yurko

**Certificate of Service**

    I hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 15, 2006.

                                                 /s/ Richard J. Yurko

# YURKO, SALVESEN & REMZ, P.C.
### Attorneys at Law

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Kevin S. Murphy†*

Anthony B. Fioravanti
Shannon C. Choy

† Also admitted in CT
* Also admitted in NY

<u>FOR SETTLEMENT PURPOSES</u>

November 29, 2006

<u>FACSIMILE</u>
James B. Krasnoo, Esq.
Paul J. Klehm, Esq.
Krasnoo Klehm, LLP
23 Main Street
Andover, MA 01810

Re: <u>International Floor Crafts, Inc. v. Adams, et al., Civil Action No. 05-CA-11654-NMG</u>

Dear Jim and Paul:

I write because I note that this matter has been referred to mediation by the Court. In anticipation of mediation, I request various information, and I want to bring several matters to your attention.

<u>Information Requested</u>

With respect to the information, I would appreciate it if you would advise me of the following:

1. IFC has settled this litigation with various defendants, including Paul Sun, David Sun, Chinese Carpet Center, Inc., d/b/a CCC International, and Michael Brown (d/b/a Dalton Padding and Empire Weavers). Please advise me of the amounts recovered and the general terms of such settlements. If it would be easier for you, you may, of course, provide me with the actual settlement documents in these settlements.

2. IFC obtained various prejudgment attachments and other relief in this case. Please advise me as to your estimate of the value of what has been attached or otherwise preserved in these prejudgment and preliminary motions.

**YURKO, SALVESEN & REMZ, P.C.**

James B. Krasnoo, Esq.
Paul J. Klehm, Esq.
November 29, 2006
Page 2

3. I understand that IFC made a claim under its insurance policy for some of its losses here and previously you had advised me that very little was obtained from IFC's insurance. Can you please advise me precisely what was obtained from IFC's insurance? Can you also please provide me the relevant correspondence between IFC and its insurer, including any correspondence in which IFC took the position that there was more than one covered event arising from the facts set forth in plaintiff's Amended Complaint.

4. Please advise me where IFC stands on settlement with each of the remaining defendants other than Ms. Dziemit, including David Adams, Tyrone Williams, Kevin Britto, and Ronald F. Mitchell. By "where IFC stands" I mean IFC's last demand on each.

I do not know when the court will schedule a mediation session. I would hope that we could proceed in a non-adversarial manner to obtain this information promptly from you. If you need a formal request for this information, please treat this letter as a request under Rules 33 and 34 as applicable.

**YURKO, SALVESEN & REMZ, P.C.**

James B. Krasnoo, Esq.
Paul J. Klehm, Esq.
November 29, 2006
Page 4

    Thank you for your time and consideration. As always, I appreciate your courtesies in this matter.

Very truly yours,

*[signature]*

Richard J. Yurko

# Anthony B. Fioravanti

| | |
|---|---|
| **From:** | Anthony B. Fioravanti |
| **Sent:** | Thursday, December 14, 2006 2:23 PM |
| **To:** | 'pkelly@klhboston.com'; 'pkrupp@luriekrupp.com'; 'jrichards@troutcacheris.com' |
| **Cc:** | Richard J. Yurko |
| **Subject:** | Disclosure of Settlement Agreements, International Floor Crafts v. Adams, et al. |

Dear counsel,

I am writing to request that your clients assent to the disclosure of the settlement agreements and the terms of the settlement agreements reached between your respective clients and International Floor Crafts, Inc. ("IFC") in the above referenced matter. We have sought disclosure of the agreements and their terms through counsel for IFC; however, IFC has taken the position that, because such agreements contain confidentiality provisions, absent agreement from your clients permitting disclosure or a court order compelling them to do so, they are not able to disclose them.

Please be advised that your clients have an absolute obligation to provide information on "confidential" settlements where such settlements are of claims which, in whole or in part, are posed as joint and several liability, as here. E.g., Bennett v. La Pere, 112 F.R.D. 136 (D.R.I. 1986)(Selya, J.). For instance, any monies recovered or to be recovered from such settlements would be deducted from any damages that might otherwise be awarded in this case and thus are not only directly relevant but also plainly admissible. Id. In addition, the full terms of the settlements are discoverable so that the other defendants and the court can decided whether it is appropriate to deduct the settlement amounts from any recovery. Id. Moreover, if you are concerned about the promise of "confidentiality" in a settlement agreement, please note that we now have a discovery order which provides for confidential treatment of information, so there is no basis to withhold the information on that ground. Id.

Please advise me within 24 hours whether your clients are willing to disclose the settlement agreements and the terms of the settlements between your respective clients and IFC. To the extent it is necessary, please treat this email as my attempt to reach agreement on this issue prior to filing a motion, see Local Rule 26.2(C), and I invite you to speak with me or Rich Yurko today by telephone conference on this subject before noon tomorrow at any pre-arranged time. If we are unable to resolve this matter by agreement, tomorrow we will file a motion to compel production of the settlement agreements and the terms of the settlements.

Thank you for your attention to this matter. I look forward to hearing from you.

Very truly yours,


Anthony B. Fioravanti
Yurko, Salvesen & Remz, P.C.
One Washington Mall
11th Floor
Boston, MA 02108-2603
(617) 723-6900
(617) 723-6905 (fax)

## Anthony B. Fioravanti

**From:** Paul Kelly [pkelly@klhboston.com]
**Sent:** Thursday, December 14, 2006 3:47 PM
**To:** Anthony B. Fioravanti; pkrupp@luriekrupp.com; jrichards@troutcacheris.com
**Cc:** Richard J. Yurko; Paul Kelly
**Subject:** RE: Disclosure of Settlement Agreements, International Floor Crafts v. Adams, et al.

Mr. Fioravanti:

On behalf of my client, I do not assent to your request.

Paul V. Kelly
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110
Tel. (617)338-9300
Fax (617)338-9911
pkelly@klhboston.com

>　-----Original Message-----
> **From:** Anthony B. Fioravanti [mailto:abf@bizlit.com]
> **Sent:** Thursday, December 14, 2006 2:23 PM
> **To:** Paul Kelly; pkrupp@luriekrupp.com; jrichards@troutcacheris.com
> **Cc:** Richard J. Yurko
> **Subject:** Disclosure of Settlement Agreements, International Floor Crafts v. Adams, et al.
>
> Dear counsel,
>
> I am writing to request that your clients assent to the disclosure of the settlement agreements and the terms of the settlement agreements reached between your respective clients and International Floor Crafts, Inc. ("IFC") in the above referenced matter. We have sought disclosure of the agreements and their terms through counsel for IFC; however, IFC has taken the position that, because such agreements contain confidentiality provisions, absent agreement from your clients permitting disclosure or a court order compelling them to do so, they are not able to disclose them.
>
> Please be advised that your clients have an absolute obligation to provide information on "confidential" settlements where such settlements are of claims which, in whole or in part, are posed as joint and several liability, as here. E.g., Bennett v. La Pere, 112 F.R.D. 136 (D.R.I. 1986)(Selya, J.). For instance, any monies recovered or to be recovered from such settlements would be deducted from any damages that might otherwise be awarded in this case and thus are not only directly relevant but also plainly admissible. Id. In addition, the full terms of the settlements are discoverable so that the other defendants and the court can decided whether it is appropriate to deduct the settlement amounts from any recovery. Id. Moreover, if you are concerned about the promise of "confidentiality" in a settlement agreement, please note that we now have a discovery order which provides for confidential treatment of information, so there is no basis to withhold the information on that ground. Id.
>
> Please advise me within 24 hours whether your clients are willing to disclose the settlement agreements and the terms of the settlements between your respective clients and IFC. To the extent it is necessary, please treat this email as my attempt to reach agreement on this issue prior to filing a motion, see Local Rule 26.2(C), and I invite you to speak with me or Rich Yurko today by telephone conference on this subject before noon tomorrow at any pre-arranged time. If we are unable to resolve this matter by agreement, tomorrow we will file a motion to compel production of the settlement agreements and the terms of the settlements.

Thank you for your attention to this matter. I look forward to hearing from you.

Very truly yours,


Anthony B. Fioravanti
Yurko, Salvesen & Remz, P.C.
One Washington Mall
11th Floor
Boston, MA 02108-2603
(617) 723-6900
(617) 723-6905 (fax)