UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID W. ADAMS, *et al* ) | CIVIL ACTION NO. 05CA11654-NMG |
|     Defendants ) | |
| ) | |

**PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S OPPOSITION TO DEFENDANT JANE DZIEMIT'S EMERGENCY MOTION TO COMPEL DISCOVERY OF SETTLEMENTS AND TERMS**

Plaintiff International Floor Crafts, Inc. (hereinafter, "IFC") hereby opposes Defendant Jane Dziemit's Emergency Motion to Compel Discovery of Settlement and Terms (hereinafter, the "Emergency Motion") where the settlement agreement[1] contains a confidentiality provision requiring a court order before settlement information may be divulged and where to divulge the information sought would frustrate the policy of encouraging settlement. In the alternative, at most, IFC should be required to reveal solely the financial parameters of the settlement agreement. To the extent that this Court is inclined to order IFC to produce certain settlement information and/or the settlement agreement itself to Defendant Dziemit, IFC respectfully requests that this Court limit the information to be divulged to solely any funds paid by the parties to IFC and, further, that this Court order Defendant Dziemit and her counsel, maintain the confidentiality of any such information

---

[1] IFC shall refer to "settlement agreement" in the singular sense, although the term shall refer to any settlement agreement pertaining to the within matter. IFC is unable to divulge publicly whether more than one such settlement agreement exists.

disclosed regarding the settlement agreement pursuant to an Order of this Court consistent with the terms of the Stipulation of Confidentiality entered as an Order of the Court on November 29, 2006 [Doc. No. 175]. In an effort to assist the Court in ruling on the Emergency Motion, IFC submits the settlement agreement to the Court on an *ex parte* basis for an *in camera* inspection along with this opposition.

1. In the within action, IFC asserts RICO and other claims against various defendants, including, without limitation, Defendant Jane Dziemit, in connection with a scheme to defraud IFC of approximately between five and ten million dollars (or more) over a period of several years. IFC has settled with at least one Defendant, and has entered into a settlement agreement which includes a confidentiality provision.

2. The within action is scheduled for a mediation before Magistrate Judge Dein on January 5, 2007.

3. In a letter dated November 29, 2006, counsel to Defendant Jane Dziemit sought "the amounts recovered and the general terms of [] settlements" involving "various defendants, including Paul Sun, David Sun, Chinese Carpet Center, Inc. d/b/a CCC International and Michael Brown (d/b/a Dalton Padding and Empire Weavers)." The letter went on to say, "If it would be easier for you, you may, of course, provide me with the actual settlement documents in these settlements." (See Exhibit A to the Emergency Motion).

4. Late in the day on December 14, 2006, Attorney Klehm informed Attorney Yurko via email that IFC would be agreeable to a motion seeking to obtain the consideration (namely, the settlement figures), but not the settlement documents themselves. (See **Exhibit 1**).

5. Through the Emergency Motion filed on December 15, 2006, contrary to the

2

November 29th letter, Defendant Dziemit seeks to expand her request to include not only the financial parameters of the settlement, but also the settlement documents themselves[2].

6. A majority of courts which have taken up the issue have required "the requesting party to meet a heightened standard, in deference to Federal Rule of Evidence 408, and the public policy to encourage settlements and to uphold confidentiality provisions." *Young v. State Farm Mut. Auto. Ins. Co.*, 169 F.R.D. 72, 76 (S.D.W.Va. 1996). Thus, the burden of proof in seeking disclosure of the information sought falls upon Defendant Dziemit, as moving party, and not on IFC, as the party opposing the disclosure. See *Fidelity Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D.Pa. 1993), but see *Bennett v. La Pere*, 112 F.R.D. 136, 140 (D.R.I. 1986)(no heightened standard and party opposing discovery must show good cause to withhold material). IFC's counsel has found no Massachusetts case which squarely addresses the dual issues of burden of proof and heightened standard in the context of confidential settlement agreements. *Atchison Casting Corporation v. Marsh, Inc.*, 216 F.R.D. 225, 226-27 (D. Mass. 2003)(Magistrate acknowledges majority rule, but does not adopt rule).

7. The case at bar involves sensitive issues pertaining to IFC's claims against the Defendants for millions of dollars. The parties to the settlement agreement entered into confidentiality provisions with the reasonable assumption that the terms of the settlement agreement, in essence, would be known only to the parties to the agreement. For this Court to fail to recognize the agreed-upon confidentiality provision is to render such confidentiality

---

[2] In fairness, on December 14, 2006, Attorney and Krasnoo, counsel to IFC, spoke by telephone with Attorneys Yurko and Fioravanti, counsel to Defendant Dziemit concerning the settlement information sought by Defendant Dziemit. During that telephone conversation, Attorney Krasnoo stated that IFC would not oppose a motion seeking the release of the settlement agreement. The email from Attorney Klehm to Attorney Yurko referred to in Paragraph 4, *supra*, and attached hereto as Exhibit 1, followed.

provisions effectively moot. Given the strong public policy reasons that favor settlement of cases, the Court should respect confidentiality provisions contained in a settlement agreement. *See e.g. Kiddie Rides, Inc. v. Southland Engineering, Inc.*, 361 F.2d 575 (9th Cir. 1966).

8. The Emergency Motion seeks the same relief as that sought by a defendant in *Bottaro v. Hatton Associates*, 96 F.R.D. 158 (E.D.N.Y. 1982). In *Bottaro*, plaintiffs sued a number of defendants for securities law violations. *Id. at 159*. One defendant entered into a settlement agreement which included a confidentiality provision. *Id*. Two of the remaining defendants sought disclosure of the settlement agreement, claiming that the settlement agreement may lead to the discovery of admissible evidence. *Bottaro*, 96 F.R.D. at 160. The *Bottaro* Court disagreed, finding that the Defendants had not shown that such terms were discoverable. *Id*. The Court also found unpersuasive the argument that the amount of the settlement was relevant to determining whether the settling defendant may be liable to defendants for contribution even though it had settled with plaintiff. *Id*. "While it is true that a settling defendant's liability for contribution depends on whether he paid his share of any damage award, this determination cannot be made until a final judgment has been rendered." *Bottaro*, 96 F.R.D. at 160. This Court should follow the teachings of *Bottaro* and refuse to require IFC to disclose confidential settlement information to Defendant Dziemit.

9. Defendant Dziemit's reliance upon *Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225 (D. Mass. 2003), the only Massachusetts case cited by Defendant Dziemit, is misplaced. In *Atchison*, a manufacturer sued its insurance broker for failure to obtain adequate insurance coverage for the manufacturer, seeking the difference between the amount paid by its insurer, Kemper, and the amount of damages the manufacturer incurred in

an explosion. *Id.* at 226.   The broker sought to obtain the settlement agreement between Kemper and the manufacturer through discovery. *Id.*  The Court held that the settlement agreement was relevant, as the manufacturer was suing to obtain what Kemper would not pay. *Atchison,* 216 F.R.D. at 227.  The manufacturer had already disclosed the amount of the settlement and other information. *Id.*  The Court held that the whole agreement needed to be produced, as it could reasonably be expected to lead to the discovery of admissible evidence. *Id.*

     11.   Unlike in *Atchison*, the settlement agreement sought here does not go to the "heart of the action." *Atchison*, 216 F.R.D. at 217.  The settlement agreement here is rather a by-product of IFC's claims against certain defendants.  It does not serve as the very basis of, nor is it reflective of, IFC's claims against the remaining defendants.  As a result, this Court should deny the Emergency Motion[3].

     12.   To the extent, though, that this Court is inclined to order IFC to disclose certain information contained in the settlement agreement, IFC respectfully requests that this Court confine any such order to merely the financial parameters contained in the settlement agreement.  Defendant Dziemit would be able to use that information in order to determine how much IFC has received from other parties as a result of the within litigation – information which may, in some way, assist Defendant Dziemit at the upcoming mediation.  Beyond that, however, Defendant Dziemit has made no showing that any other terms in the

---

[3]  As for the notion that the settlement agreement may be evidence of bias, Defendant Dziemit is free to explore issues of any potential bias, subject to the limitations of the confidential settlement agreement, with any witness in a deposition.  To date, now more than one year after the Complaint was filed, Defendant Dziemit has not noticed the deposition of any witness, and Defendant Dziemit has (to the best of IFC counsel's recollection) not served any discovery requests upon on any party.  The notion of bias, therefore, seems to be secondary to Defendant Dziemit's apparent goal of learning any settlement amounts.

settlement agreement are discoverable. To order IFC to produce the settlement agreement itself is to contravene the public policy in favor of promoting settlements. Such an order may cause other parties to the within lawsuit to shy away from entering into any settlement agreement until the last possible moment, thus requiring the parties to incur substantial litigation costs simply to avoid having the terms of settlement disclosed.

    13.    To the extent that this Court is inclined to order IFC to produce certain settlement information and/or the settlement agreement itself to Defendant Dziemit, IFC respectfully requests that this Court limit the information to be divulged to solely any funds paid by the parties to IFC and, further, that this Court order Defendant Dziemit and her counsel, and to maintain the confidentiality of that information consistent with the terms of the Stipulation of Confidentiality entered as an Order of the Court on November 29, 2006 [Doc. No. 175].

    **WHEREFORE**, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court DENY Defendant Dziemit's Emergency Motion to Compel Discovery of Settlements and Terms. In the alternative, IFC respectfully requests that this Court confine any such order to the disclosure of merely the financial parameters contained in the settlement agreement. To the extent that this Court is inclined to order IFC to produce certain settlement information and/or the settlement agreement itself to Defendant Dziemit, IFC respectfully requests that this Court limit the information to be divulged to solely any funds paid by the parties to IFC and, further, that this Court order Defendant Dziemit and her counsel, maintain the confidentiality of any such information disclosed regarding the settlement agreement

pursuant to an Order of this Court consistent with the terms of the Stipulation of Confidentiality entered as an Order of the Court on November 29, 2006 [Doc. No. 175].

The Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,


 /s/ Paul J. Klehm
James B. Krasnoo (BBO# 279300)
*jkrasnoo@krasnooklehm.com*
Paul J. Klehm (BBO# 561605)
*pklehm@krasnooklehm.com*
Krasnoo/Klehm, LLP
23 Main Street, Suite Six
Andover, MA 01810
(978) 475-9955

Dated: December 19, 2006

## CERTIFICATE OF SERVICE

I, Paul J. Klehm, Esq., hereby certify that I have served a copy of the within document upon all counsel of record and upon all parties not represented by counsel by first class mail, postage pre-paid, on December 19, 2006.

/s/ Paul J. Klehm
Paul J. Klehm

From: Paul Joseph Klehm <pklehm@krasnooandklehm.com>
Subject: **International Floor Crafts, Inc. v. Dziemit**
Date: December 14, 2006 5:06:43 PM EST
To: Richard J. Yurko <rjy@bizlit.com>
Cc: James krasnoo <jkrasnoo@krasnooklehm.com>

Richard,

Upon further reflection and in light of a telephone conversation with Mr. Krupp, we believe that a change in our position is warranted.

Jim and I have determined that all that your client needs from any confidentiality agreements in this matter is the consideration (namely, the settlement figures), and not the documents themselves. Thus, we would be agreeable to a motion on your part seeking to obtain the consideration.

Because we do not think that anything else in the documents is germane or relevant to your client, we would oppose your seeking to obtain all information which irrelevant.

Very truly yours,

Paul J. Klehm, Esq.
Krasnoo/Klehm LLP
23 Main Street, Suite Six
Terrace Level
Andover, MA  01810
(978) 475-9955
facsimile (978) 474-9005