UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
**BUILDING #19, INC. AND** )
**INTERNATIONAL FLOOR CRAFTS, INC.,** )
)
      **Plaintiffs** )
)    **CIVIL ACTION**
**v.** )    **NO. 05-11654-NMG**
)
**DAVID W. ADAMS, ET AL.,** )
)
      **Defendants.** )
_____)

## MOTION OF DAVID W. ADAMS TO STAY CASE PENDING RESOLUTION OF CRIMINAL MATTER

The Defendant, David W. Adams ("Adams"), hereby requests this Court to stay this civil case as to him pending the resolution of a Massachusetts state criminal proceeding arising out of the same facts and circumstances which gave rise to this civil case. In support of this Motion, Adams states the following:

1. In early April, 2007, Adams and a co-defendant in this case, Tyrone Williams, were arraigned in Taunton Superior Court on charges of larceny by false pretenses and conspiracy to commit larceny. Adams pleaded not guilty to the charges.

2. The criminal charges are identical or substantially similar to the allegations made by the Plaintiffs against Adams in this case.

3. Although it is not inherently unconstitutional to proceed with parallel civil and criminal proceedings, this Court has the inherent discretionary authority to stay cases to manage its docket in the interest of justice and efficiency. Digital Equipment Corp. v. Currie Enterprises, 142 F.R.D. 8, 11-12 (D.Mass. 1991), and cases cited.

4. The decision whether to stay a civil case because of a pending criminal action involves a balancing of the following interests: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden to the defendant; (3) the convenience to the courts; and (4) the interest of persons not parties to the civil litigation; and (5) the public interest. Id. at 12.

5. In this case, the Plaintiffs will not be seriously prejudiced if the case against Adams is stayed pending a resolution of the state criminal charges, since much of the discovery in this case is complete, and Adams would invoke his Fifth Amendment privilege if called upon to testify at a deposition. Compare Digital Equipment, supra (plaintiff's entitlement to speedy discovery given great weight).

6. Moreover, the Plaintiffs in this case will not be seriously prejudiced by a stay because Adams is judgment proof at this time (he is currently in bankruptcy and has little or no income of his own) and will continue to be if he is convicted and incarcerated as a result of the criminal case. In other words, there is really nothing for the Plaintiffs to gain at this time other than a paper judgment against Adams.

7. Adams, on other hand, has denied his liability in this case, and would like to testify in his own defense at the trial if given the opportunity. Adams would, however, be denied an opportunity to do so, because he would be required to invoke his Fifth Amendment privilege if called upon to testify in this case as a result of the pending criminal proceeding.

8. In this case, the trier of fact would not be prohibited from making an adverse inference from Adams' assertion of his Fifth Amendment privilege [<u>Digital Equipment</u>, 142 F.R.D. at 13], and Adams' fate would likely be sealed as a result.

9. As the Court noted in <u>Digital Equipment</u>, the ***strongest case*** for granting a stay of a civil matter exists where a party is indicted for a serious offense and must defend a civil action involving the same matter. 142 F.R.D. at 13. This is precisely the situation which exists in this case, and this factor cuts strongly in favor of the granting of a stay with respect to Adams.

10. In addition, although staying the case against Adams may inconvenience this Court, Adams submits that the inconvenience does not outweigh the substantial prejudice to him from simultaneously defending the civil and criminal cases.

        DAVID W. ADAMS

        By his Attorney,

        /s/ Isaac H. Peres
        Isaac H. Peres, BBO #545149
        92 State Street, 8th Floor
        Boston, MA 02109
        (617) 722-0094

4

## CERTIFICATE OF SERVICE

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those as non registered participants on May 15, 2007.


                                  /s/ Isaac H. Peres_____
                                  Isaac H. Peres

4