UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.  )  <br>     Plaintiff                  )  <br>                                   )  <br> v.                                ) CIVIL ACTION NO. 05CA11654-NMG <br>                                   )  <br> DAVID W. ADAMS, *et al*            )  <br>     Defendants                   )  | |

### PLAINTIFF'S OPPOSITION TO MOTION OF DAVID W. ADAMS TO STAY CASE PENDING RESOLUTION OF THE CRIMINAL MATTER

Plaintiff International Floor Crafts, Inc. ("IFC") hereby opposes the Motion of David W. Adams To Stay Case Pending Resolution of the Criminal Matter. IFC relies upon the reasons set forth below:

1.  Defendant David W. Adams seeks a general stay of all litigation regarding Adams in the within action because of his recent indictment in Massachusetts Superior Court arising out of an alleged scheme to steal millions of dollars from IFC. The same scheme forms the basis of the within civil RICO action, in which Adams, Jane Dziemit, Tyrone Williams and Ronald Mitchell remain defendants.

2.  Adams argues, in essence, that he would like to testify on his own behalf at trial in the within action but that, because of the pending criminal charges, he would be required to invoke his Fifth Amendment privilege if called upon to testify at a deposition or at a trial of this case.

3.  "It is not inherently unconstitutional ... to proceed with parallel civil and criminal proceedings." *Digital Equipment Corp. v. Currie Enterprises*, 142 F.R.D. 8, 11 (D. Mass. 1991) (**denying** stay of litigation because of pending criminal proceeding) quoting *Mainelli v. United States*, 611 F. Supp. 606, 615 (D.R.I. 1985). Nonetheless, the Court has inherent discretionary

authority to stay cases in order "to manage its docket in the interest of justice and efficiency." *Digital Equipment Corp.*, 142 F.R.D. at 11-12.

    4.    The Court, in its determination of whether to stay a case because of a pending criminal proceeding, should balance the following interests:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

*Id.*, at 12.

    5.    **The Private Interests of the Plaintiff:**  In *Digital Equipment Corp.*, the Court held that not only are plaintiffs entitled to a speedy discovery process, but also that forcing plaintiffs to proceed in a "splintered manner against some defendants" prejudices the plaintiff. *Id.*  Moreover, "memories become stale with the passage of time." *Id.*  Thus, despite the allegedly minor role of the defendants in *Digital Equipment Corp.*, the Court held that the plaintiff's interests outweighed the defendant's interests and denied the requested stay. *Id.*, at 15.

    6.    Here, Adams' requested stay, as in *Digital Equipment Corp.*, would unfairly prejudice IFC by forcing IFC to proceed in a "splintered manner" against the remaining Defendants – one of whom, Tyrone Williams, has also been indicted.  To stay the case against Adams may result in two separate civil trials, which could greatly and unfairly increase litigation costs to IFC.  The civil case was filed on August 10, 2005, and the parties have been involved in discovery (with the exception of the recent mediation proceedings) for approximately 18 months.  Moreover, unlike in *Digital Equipment Corp.*, Adams played a central role in the scheme to defraud IFC.  Therefore, the prejudice suffered by IFC would be greater than in *Digital Equipment Corp.*

7. **The Private Interests of and Burden on the Defendant:** Although the risk of infringing on a defendant's Fifth Amendment rights is high when the subject matter of the criminal and civil cases overlap, absent "special circumstances that suggest bad faith or malicious governmental tactics," the Court should not stay the case because of a pending criminal proceeding. *Digital Equipment Corp.*, 142 F.R.D. at 13-14. Nor does the financial burden suffered by a defendant necessarily outweigh other interests that militate in favor of proceeding expeditiously. *Id.*

8. Here, Adams does not allege the existence of special circumstances suggesting any bad faith or malicious governmental tactics.

9. **Convenience to the Court:** In *Digital Equipment Corp.*, the Court found it more convenient to proceed against all defendants simultaneously. *Id.*, at 14. Here, like in *Digital Equipment Corp.*, it would be more convenient to proceed against all Defendants simultaneously.

10. **The Public Interest:** "The public has an interest in both the prompt resolution of civil cases as well as the fair prosecution of criminal cases." *Id.*, at 14, citing *United States v. Hugo Key And Son, Inc.*, 672 F. Supp. 656, 658 (D.R.I. 1987).

11. Here, as in *Digital Equipment Corp.*, the balance of all interests militates against the general stay requested by Adams.

12. Therefore, IFC respectfully requests that this Court DENY Adams' motion for a general stay of litigation regarding himself.

**WHEREFORE**, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court DENY the Motion of David W. Adams To Stay Case Pending Resolution of the Criminal Matter and DENY the relief sought therein.

Plaintiff
International Floor Crafts, Inc.
By its Attorneys,

*/s/ Benjamin L. Falkner*
James B. Krasnoo (BBO#279300)
jkrasnoo@krasnooklehm.com
Paul J. Klehm (BBO#561605)
pklehm@krasnooklehm.com
Benjamin L. Falkner (BBO#667951)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
23 Main Street, Suite Six
Andover, MA  01810
(978) 475-9955

Dated:  May 29, 2007

## CERTIFICATE OF SERVICE

I, Benjamin L. Falkner, Esq., hereby certify that I have served a copy of the within document upon all counsel of record via ECF on May 29, 2007.

*/s/ Benjamin L. Falkner*
Benjamin L. Falkner

4