UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-11654NMG |
| v. | ) ) ) | |
| DAVID W. ADAMS, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MOTION OF ATTORNEYS YURKO AND FIORAVANTI AND
YURKO, SALVESEN & REMZ, P.C. FOR LEAVE TO WITHDRAW
AS COUNSEL TO DEFENDANT JANE DZIEMIT**

Pursuant to LR, D.Mass. 83.5.2(c) and Mass. R. Prof. C. 1.16, Richard J. Yurko, Esq., Anthony B. Fioravanti, Esq., and the law firm of Yurko, Salvesen & Remz, P.C. (collectively "Counsel") hereby move for leave of this Court to withdraw as counsel to defendant Jane Dziemit in this action. As grounds for this motion, Counsel state as follows.

Withdrawal by Counsel is necessary because Ms. Dziemit has not fulfilled certain necessary obligations to Counsel. See Mass. R. Prof. C. 1.16(b)(4). As set forth in the written retention letter countersigned by Ms. Dziemit, Counsel reserved the right to withdraw from representation if Ms. Dziemit failed to meet her payment obligations. The letter states, "The Client should make payment on our statements on a current basis. If the Client fails to do so we reserve the right to withdraw from our representation of the Client."

Counsel have given Ms. Dziemit reasonable warning, by way of email correspondence and telephone conversations over the past several months, that withdrawal would be sought unless these payment obligations were fulfilled. Six months have passed, however, and Ms.

Dziemit has nonetheless failed to satisfy the outstanding obligations. At this time, a substantial amount of fees remain outstanding.

Counsel have given Ms. Dziemit every reasonable opportunity to comply with her obligations and have made all reasonable efforts to protect Ms. Dziemit from prejudice. Counsel have at all times acted in Ms. Dziemit's best interest, even to their own financial detriment. Counsel refrained from moving to withdraw during the course of mediation. Counsel are only now moving to withdrawal because mediation has proven unsuccessful. See Order Regarding Mediation, entered June 19, 2007. Additionally, during the course of mediation substantial differences of opinion between Ms. Dziemit and Counsel have arisen as to the appropriate conduct of the case, further undermining the attorney-client relationship.

At the present time no motions are pending before this Court, no trial date has been set, no hearings or conferences are scheduled, and no reports, oral or written, are due. See LR, D.Mass. 83.5.2(c). However, as certain deadlines are fast approaching, Counsel request that the Court expedite consideration of this matter.

Counsel are willing to explain further to this Court why withdrawal is necessary at this time and are also able, if required by this Court, to provide documentation concerning Ms. Dziemit's failure to comply with her obligations. Counsel, however, requests permission to do so by way of an *in camera* submission so as not to prejudice Ms. Dziemit in the future conduct of this litigation. Suffice it to say that the obligations owed by Ms. Dziemit to Counsel are the single largest overdue receivable on the books of the law firm.

WHEREFORE, Richard J. Yurko, Esq, Anthony B. Fioravanti, Esq. and Yurko, Salvesen & Remz, P.C. hereby request leave of this Court to withdraw from their representation of defendant Jane Dziemit in this matter.

Respectfully submitted,

RICHARD J, YURKO, ANTHONY B.
FIORVANTI, and YURKO, SALVESEN &
REMZ, P.C.


/s/Richard J. Yurko
_____
Richard J. Yurko (BBO#538300)
Anthony B. Fioravanti (BBO#664823)
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
(617) 723-6900

Dated: July 11, 2007

**Certificate of Consultation Pursuant to Local Rule 7.1(A)(2)**

      I hereby certify that I attempted to good faith to narrow or resolve the issues raised in this motion by conferring with defendant Jane Dziemit.  I have conferred with Ms. Dziemit by email and telephone regarding the issues raised in this motion several times over the past six months.  To date, Counsel and Ms. Dziemit have been unable to resolve or narrow the issues herein.

      /s/ Richard J. Yurko

**Certificate of Service**

      I hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to Jane Dzimeit and those indicated as non-registered participants on July 10, 2006.

      /s/ Richard J. Yurko