```
                   United States District Court
                     District of Massachusetts
 _____
                               )
International Floor Crafts, Inc.)
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    05-11654-NMG
David W. Adams, Tyrone Williams,)
Ronald E. Mitchell and Jane    )
Dziemit,                       )
        Defendants.            )
 _____)
                               )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The underlying case involves allegations that former employees of the plaintiff, International Floor Crafts, Inc. ("IFC"), contrived and perpetuated a scheme with other individuals in several states to extort approximately $5 million from IFC. Now before the Court are a motion of defendant David Adams ("Adams") to stay proceedings and a motion of counsel for defendant Jane Dziemit ("Dziemit") to withdraw as her attorneys.

**I.   Background**

IFC alleges that several of its former employees defrauded it of nearly $5 million over the course of ten years through an elaborate scheme involving false purchase orders, nonexistent suppliers and forged receipts. IFC has voluntarily dismissed its claims against seven defendants and one is now deceased, leaving

-1-

four defendants who continue to be parties to this litigation. Of those four, Adams and Tyrone Williams ("Williams") are under indictment in the state criminal proceedings on charges arising out of the same conduct alleged in the complaint of IFC.

## II. <u>Analysis</u>

### A. Motion to Stay

Adams moves this Court to stay all proceedings with respect to him pending the resolution of his criminal case in state court. He asserts that he will invoke his Fifth Amendment right against self-incrimination in that case but wants to testify in his own defense in this one, and notes that such a course of action is available to him only if his criminal defense is complete before he is called to testify here.

Adams acknowledges that he does not have a constitutional right to stay these civil proceedings against him but urges that a balancing of the appropriate interests weighs in his favor. A district court evaluating a motion to stay civil proceedings until a criminal action is complete considers the following interests:

> 1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed, 2) the private interests of and burden on the defendant, 3) the convenience to the courts, 4) the interests of persons not parties to the civil litigation and 5) the public interest.

Digital Equipment Corp. v. Currie Enter., 142 F.R.D. 8 (D. Mass 1991). Adams emphasizes the potential adverse impact the continuation of this case would have on his interests and points out that the prejudice to the plaintiff of a stay would be minimal because he is already in bankruptcy and is likely to remain judgment proof for some time.

IFC refers to the Digital Equipment case factors as well but points out that in that case the district court denied the defendant's motion for a stay in similar circumstances. It further asserts that to proceed against the other three defendants now and Adams at some undetermined time in the future would require duplicative effort and cost, as well as unwarranted delay in the entry of judgment against the defendants.

After careful consideration of the factors identified in Digital Equipment, this Court concludes that the factors in favor of denying a stay outweigh those in favor of granting it. This matter has already been pending for over two years and the plaintiff is entitled to an expeditious resolution. Therefore, Adams's motion to stay will be denied.

**B.   Motion to Withdraw as Counsel**

Counsel for defendant Dziemit assert that she has not fulfilled her necessary obligations as a client, notably by failing to pay attorneys' fees. They move, accordingly, to withdraw as her attorneys, pointing out that they have made all

reasonable efforts to work with her and that, because no deadlines are currently pending, a withdrawal at this point will not cause undue burden to Dziemit.

Because this is a civil case and Dziemit is an individual capable, should the need arise, of representing herself, this Court will not prevent her counsel from withdrawing for good cause shown.  Accordingly, the motion to withdraw as counsel will be allowed.

### III. Scheduling

On February 14, 2007, this Court allowed the parties' assented-to motion to extend time to respond to discovery requests until 30 days after the conclusion of mediation. Mediation proceedings before Magistrate Judge Judith G. Dein concluded on June 19, 2007.  The two-year discovery calendar that this Court originally imposed was crafted largely in deference to the large number of parties: at the outset, IFC pled causes of action against 12 defendants.  The original discovery schedule provided that defendants' trial experts were to be deposed, and dispositive motions filed, not later than October 31, 2007.

Because 1) these proceedings were delayed by the mediation and 2) the defendant Dziemit will be afforded a brief period to attempt to retain new counsel, this Court will extend the previously-imposed deadline by three months.  Consequently, all

discovery will be completed and dispositive motions from all parties will be filed on or before January 31, 2008. A pretrial conference will be held on Tuesday, April 8, at 3:00 P.M. and trial will commence on Monday, May 5, 2008, at 9:00 A.M.

**ORDER**

In accordance with the foregoing, Adams's motion to stay (Docket No. 196) is **DENIED** and the motion of Dziemit's counsel to withdraw as attorneys (Docket No. 201) is **ALLOWED.** The Scheduling Order is amended as set forth in the Memorandum above.

**So ordered.**

                                      /s/Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated December 12, 2007