UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                    .
INTERNATIONAL FLOOR CRAFTS, INC.,    .     CIVIL ACTION
      Plaintiff,                              .     NO.  05-11654-NMG
                                                    .
    v.                                              .
                                                    .
DAVID W. ADAMS, et al.,                   .
                                                    .
      Defendants.                           .
                                                    .
. . . . . . . . . . . . . . . . . . . . . . . . . . .

**MOTION OF FREDERIC D. GRANT, JR. AND
WILLIAM A. BROWN FOR LEAVE TO WITHDRAW
AS COUNSEL TO DEFENDANT RONALD E. MITCHELL**

Pursuant to Local Rule, D. Mass. 83.5.2(c) and Mass. R. Prof. C. 1.16, Frederic D. Grant, Jr. and William A. Brown (collectively, "Counsel") respectfully move for leave to withdraw as counsel to defendant Ronald E. Mitchell in this action. As grounds for this motion, Counsel respectfully state as follows:

Withdrawal by Counsel is necessary due to an irretrievable breakdown of the attorney/client working relationship, irreconcilable differences between Counsel and client, and failures in communication from client to Counsel.

As this Court is aware, closely related criminal investigation and proceedings have complicated this civil action from the start. Frederic D. Grant, Jr. has served as lead counsel to defendant Ronald E. Mitchell in this action since entry of his appearance on September 27, 2005 [docket no. 83]. William A. Brown had entered his appearance as counsel to defendant Mitchell on September 19, 2005 [docket no. 61], but has confined his work to criminal matters since entry of the appearance of Frederic Grant.

As this Court is further aware, the assertion of privilege by various defendants has affected discovery throughout the course of this civil action. See Joint Scheduling Conference Memorandum Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1, filed April 14, 2006 [docket no. 142], at 3, ¶ B(3) ("it would seem likely that at least some of the defendants may invoke this [fifth amendment] privilege during their depositions, thus impacting the conduct of discovery.").

## Factual Background

According to the best of Counsel's knowledge, information and belief, the criminal issues which led to their client's assertion of privilege remain open and unresolved as of the date of this motion.

Throughout this action, Ronald Mitchell has consistently asserted his constitutional privilege against self-incrimination. At his deposition, taken by the plaintiff on June 23, 2006, Ronald Mitchell asserted his fifth amendment privilege, upon advice of counsel, over and over, through a morning and afternoon of questioning. As late as March 11, 2008, attorney Grant was negotiating settlement terms with counsel to the plaintiff.

Three days later, at about 5:00 p.m. on Friday, March 14, 2008, attorney Grant received a telephone call from counsel to the plaintiff, advising that Ronald Mitchell had signed an affidavit dated March 6, 2008 in support of co-defendant Dziemit's summary judgment motion. Counsel had never previously seen this affidavit, or any draft thereof. Counsel had no prior notice of its drafting, content, or filing.

Ronald Mitchell assented to this motion to withdraw on March 19, 2008.

**Grounds for Withdrawal**

Under Mass. R. Prof. C. 1.16(b)(5), withdrawal of counsel is proper where the representation has been rendered unreasonably difficult by the client. In this case, Counsel have worked closely with Ronald Mitchell in the maintenance of his defenses for two and a half years. On March 6, eight days before the extended final deadline for the completion of discovery and filing of dispositive motions in this action, Ronald Mitchell unilaterally signed and delivered an affidavit to co-defendant Jane Dziemit. No prior warning of the affidavit or its contents was provided to Counsel, who learned of its filing at the literal moment of the expiration of deadlines for discovery and filing dispositive motions in this action. During the same time period, Counsel was conducting settlement talks on behalf of the client, unaware of the affidavit. Counsel submit that by these actions, the representation and defense of this action have been rendered unreasonably difficult by Ronald E. Mitchell.

Under Mass. R. Prof. C. 1.16(b)(3), withdrawal of counsel is proper where the client insists upon pursuing an objective which the lawyer considers imprudent. Counsel consider the potential waiver by Ronald E. Mitchell of his fifth amendment rights, to be imprudent under the circumstances of this case. Counsel further consider unilateral preparation of an affidavit, delivery of the affidavit to a co-defendant, the exclusion of Counsel from all aspects of its preparation and submission, and failure to give Counsel any notice or warning of filing, to be imprudent under the circumstances of this difficult civil action, all warranting withdrawal.[1]

---

[1] See Chaleff v. Superior Court, 69 Cal. App. 3d 721, 724 n.1, 727 n.2, 138 Cal. Rptr. 735, 737 n.1, 739 n.2 (1977) (client's self-destructive urges constituted grounds for withdrawal).

Under Mass. R. Prof. C. 1.16(a)(3), withdrawal of counsel is proper where the lawyer has been discharged. Discharge is an intentional release or dismissal. Counsel submit that where, as has happened here, their client unilaterally prepares an affidavit at variance with defenses he has asserted on the record for years, excludes Counsel from all aspects of its preparation and submission, delivers it to a co-defendant, and fails to give Counsel any notice or warning of its filing, all while Counsel is engaged in settlement talks for the client, these intentional acts together amount to the constructive discharge of Counsel within the meaning of Rule 1.16(a)(3).

Under Mass. R. Prof. C. 1.16(b)(6), withdrawal of counsel is proper where "other good cause for withdrawal exists." Counsel submit that the circumstances detailed above constitute "good cause" within the meaning of Rule 1.16(a)(6).

As noted above, Ronald Mitchell assents to this motion to withdraw.

## Conclusion

Recently, this Court allowed the motion to withdraw of original counsel to the defendant Jane Dziemit. "Because this is a civil case and Dziemit is an individual capable, should the need arise, of representing herself, this Court will not prevent her counsel for withdrawing for good cause shown." International Floor Crafts, Inc. v. Adams, 529 F. Supp. 2d 174, 176 (D. Mass. 2007). As defendant Ronald E. Mitchell has assented to this motion, is equally capable of representing himself in this civil action, and has shown the ability to cooperate closely with co-defendant Dziemit and her new counsel (to the exclusion of his original Counsel), withdrawal is warranted for good

cause and on assent as noted above.

WHEREFORE, Frederic D. Grant, Jr. and William A. Brown respectfully request leave of this Court to withdraw from their representation of the defendant Ronald E. Mitchell in this civil action.

| FREDERIC D. GRANT, JR. | WILLIAM A. BROWN |
|---|---|
| /s/ Frederic D. Grant, Jr. | /s/ William A. Brown |
| Frederic D. Grant, Jr. | William A. Brown |
|   BBO No. 543115 |   BBO No. 061280 |
| 727 Atlantic Avenue, 2nd floor | 31 Milk Street, Suite 501 |
| Boston, Massachusetts  02111 | Boston, Massachusetts  02109 |
| (617) 357-6555 | (617) 482-1001 |
| grant@grantboston.com | w.brownesq@verizon.net |
| Dated:  March 19, 2008 | Dated:  March 19, 2008 |

CERTIFICATE OF SERVICE

I, Frederic D. Grant, Jr., hereby certify that I served the foregoing document this 19th day of March, 2008 by causing a true and correct copy of the same to be sent to appearing counsel by the Case Management/Electronic Case Files system (CM/ECF) and by First Class U.S. Mail, postage prepaid, to the persons so indicated:

Mr. Ronald E. Mitchell                                                    **By U.S. Mail**
5 Mansfield Grove Road, Apt. 146
East Haven, Conn.  06512

James B. Krasnoo, Esquire
Paul J. Klehm, Esquire
Krasnoo Klehm LLP
23 Main Street
Andover, Mass.  01810
   (Counsel to the plaintiffs)

Isaac H. Peres, Esquire
Law Office of Isaac H. Peres
50 Congress Street, Suite 225
Boston, Mass.  02109
   (Counsel to defendant David W. Adams)

William A. Brown, Esquire
31 Milk Street, Suite 501
Boston, Mass.  02109
   (Co-counsel to defendant Ronald E. Mitchell)

Robert Xifaras, Esquire                                                          **By U.S. Mail**
5 Dover Street, Suite 101
New Bedford, Mass.  02740
   (counsel to defendant Tyrone Williams)

Paul V. Kelly, Esquire
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, Mass.  02110
   (counsel to defendant Michael E. Brown)

John Thorpe Richards, Jr., Esquire
Trout Cacheris, PLLC
1350 Commonwealth Avenue, N.W., Suite 300
Washington, D.C. 20030
   (counsel to defendants CCC International, Inc, David D. Sun and Paul Sun)

Peter B. Krupp, Esquire
Lurie and Krupp, LLP
One McKinley Square
Boston, Mass.  02109
   (counsel to defendants CCC International, Inc, David D. Sun and Paul Sun)

Neil S. Cohen, Esquire
Eleven Beacon Street, Suite 625
Boston, Mass.  02108
   (counsel to defendant Jane Dziemit)


                                                            /s/ Frederic D. Grant, Jr.
                                                            Frederic D. Grant, Jr.