UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

INTERNATIONAL FLOOR CRAFTS, INC. )
    Plaintiffs,                               )
                                             )
v.                                                 ) CIVIL ACTION NO. 05CA11654-NMG
                                             )
DAVID W. ADAMS, *et al.,*              )
    Defendants.                             )

**DEFENDANT, JANE DZIEMIT'S OPPOSITION TO PLAINTIFF'S MOTION (1) FOR LEAVE TO CONTINUE THE DEPOSITION OF RONALD MITCHELL**

Defendant, Jane Dzeimit, hereby files her Opposition to Plaintiff's Motion (1) For Leave to Continue the Deposition of Defendant Ronald Mitchell on the grounds that plaintiff claims that Mitchell's Affidavit waived his privilege against self-incrimination. Plaintiff asserts that allowing it to now re-depose Mitchell may in some way or somehow allow it to obtain the evidence, which it has been missing throughout the entire course of this litigation, against Dziemit in a desperate attempt to avoid summary judgment.

First, plaintiff argues that in Mitchell's Deposition taken almost two years ago on June 23rd, 2006, he refused to answer almost all questions plaintiff's counsel posed invoking his Fifth Amendment rights. Plaintiff now contends that Mitchell's execution of the Affidavit waives his right asserted at the Deposition. In the alternative, plaintiff seeks to strike the affidavit and those portions of Plaintiff's Statement of Material Facts, which it claims rely solely on Mitchells' Affidavit.

In support of its eleventh hour request to re-open Mitchell's Deposition, now beyond the time period for discovery, plaintiff claims substantial "surprise" and "severe prejudice". In its Motion, plaintiff cites to the case of Kirane v. City of Lowell, 622

F.Supp. 262 (D.Mass. 1985), to support its contention that Mitchell waived his right to claim the 5th Amendment when he executed the subsequent Affidavit.  In Kirane, an applicant for a special permit to operate a retail business brought suit against the city for violation of his First Amendment Rights.  During discovery, and at his deposition, plaintiff asserted his Fifth Amendment privilege.  The Court held that a witness who voluntarily reveals incriminating facts cannot invoke Fifth Amendment privilege to avoid disclosure of details on the same subject.  Importantly, however, the Court also held that a waiver of the privilege at one stage of a proceeding is not a waiver of that right for other stages. *Citing* <u>United States v. Johnson</u>, 488 F.2d. 1206, 1210 (1st Cir. 1973).

Second, contrary to Plaintiff's position, in his Affidavit, almost all of Mitchell's representations are also cited in Dziemit's Affidavit.  For instance, Paragraph 8 in Mitchell's Affidavit is also covered in paragraph 7 of Dziemit's Affidavit.  Paragraph 9 in Mitchell's Affidavit is also addressed in paragraph 8 of Dziemit's Affidavit.  Paragraph 12 of Mitchell's Affidavit coincides with paragraph 12 of Dziemit's Affidavit.  A close inspection of the two affidavits reveals that only paragraphs 5, 7, 11, and 13 of Mitchell's Affidavit are not also covered in Dziemit's Affidavit.  Paragraph 12 of Mitchell's Deposition is partially reflected in paragraph 9 of Dziemit's Affidavit.  Paragraph 13 in Mitchell's Affidavit is one sentence referencing that he paid Dziemit back for the last loan in 2004.

Plaintiff's transparent and dilatory attempt to delay the Court's consideration of the complete lack of evidence which plaintiff has with regard to Dziemit cannot be overlooked.  The cases which plaintiff cite, and rely upon, are distinguishable as well.  In the case at bar, Mitchell invoked his 5th Amendment right against self-incrimination,

upon advice of counsel, in June, 2003. Mitchell's Affidavit executed almost two years later, is not being utilized to "save his own skin" as it was in the cases plaintiff cites, but in support of Dziemit's claim that she is, in fact, an innocent victim like plaintiff. Plaintiff can cite no case, and defendant has been unable to find any case, which supports plaintiff's contention that any purported waiver Mitchell has made should affect another party.

At this late date, against the mountain of evidence, or in this case lack of evidence that Dziemit was involved or even knew about the underlying criminal enterprise, it would be she, not plaintiff, that would be prejudiced should the Court allow the Mitchell's Deposition to be re-opened. Plaintiff evidently expects that Mitchell in some manner may provide it with testimony that would incriminate Dziemit, when clearly his Affidavit exonerates her.[1]

If the Court allows plaintiff the opportunity to re-depose Mitchell after the discovery period has expired, in light of plaintiff's absolute inability to produce any significant facts linking Dziemit to the underlying criminal enterprise, it would work to give plaintiff another unnecessary bite at an apple, which will not produce any material facts against Dziemit.

Finally, by attempting to re-open Mitchell's deposition, plaintiff is obviously discounting the testimony that has already been elicited from its own controller/real estate manager, president and vice president of finance, none of whom could produce any direct evidence that Dziemit was involved, much less even knew, about the underlying criminal

---

[1] Based upon information and belief, plaintiff reached a settlement with Mitchell, which was summarily nullified upon plaintiff's receipt of Mitchell's Affidavit.

- 3 -

enterprise.[2]  Moreover, plaintiff continues to ignore the testimony from one of the criminal masterminds, Kevin Britto, taken prior to his death, in which he stated repeatedly that everyone involved was guilty, **except for** Ron [Mitchell] and Jane [Dziemit].  Plaintiff's thinly-veiled effort to avoid summary judgment by any means necessary is consistent with a pattern of conduct taken in prosecution of a case against Dziemit, when it has known for more than two years that she was neither involved in nor knew about the criminal enterprise.

### Conclusion

Based upon the foregoing, Plaintiff's Motion to Re-open the Deposition of Ronald Mitchell should be Denied.  In accordance with Kirane, a witness may invoke the Fifth Amendment at one stage of proceeding and make disclosures as another stage.  Even if the Court were to allow plaintiff another bite at the apple as it applies to Mitchell, it is unlikely it will elicit any testimony that will incriminate Dziemit as Mitchell's Affidavit clearly exonerates her.  Moreover, all, but four paragraphs cited in Plaintiff's Statement of Undisputed Material Facts, are also covered in Dziemit's Affidavit.  Finally, Mitchell's testimony, at this stage of the case, is not going to assist the Court in determining whether the plaintiff is able to support its allegations against Dziemit when considered against the testimony of its own executives and the dying lips of Britto.

**WHEREFORE,** defendant Jane Dziemit, hereby requests that the Court Deny Plaintiff's Motion to Re-Open the Deposition of Ronald Mitchell and award costs associated with filing this Opposition.

---

[2] Without reiterating the testimony of William Gemme, William Elovitz and John Durant appearing in Defendant's Motion for Summary Judgment, the best links any of them could provide were tangential and circumstantial.  Instead, they make statements like she "should have known" and "We don't believe Mr. Britto".

Respectfully Submitted,
Counsel for the Defendant,


/s/ Neil S. Cohen, Esq.
neilcohenlaw@yahoo.com
Neil S. Cohen, Esquire (BBO# 561173)
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108
(617) 367-0070


**Certificate of Conference – Rule 7.1(A)(2) Statement**

The undersigned hereby certifies that on or about March 21, 2008, counsel for the Defendant/Plaintiff in counterclaim conferred with counsel for Plaintiff concerning this motion.  No agreement as to the Disposition of the case could be reached.


/S/ Neil S. Cohen
Neil S. Cohen, Esq.
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108

- 6 -

**Certificate of Service**

    The undersigned hereby certifies that a copy of the above motion was caused to be served on all counsel of record via the ECF filing system and on all parties not represented by counsel by first class mail on March 27, 2008.

                                      /S/ Neil S. Cohen
                                      Neil S. Cohen, Esq.
                                      **NEIL S. COHEN, P.C.**
                                      Eleven Beacon Street, Suite 625
                                      Boston, MA 02108