UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
INTERNATIONAL FLOOR CRAFTS, INC.  )
     Plaintiff                     )
                                 )
v.                                  )
                                 )
DAVID W. ADAMS, *et al*         ) CIVIL ACTION NO. 05CA11654-NMG
     Defendants           )
_____)

**PLAINTIFF'S FURTHER *PARTIALLY ASSENTED* MOTION TO EXTEND TIME
FOR PLAINTIFF TO FILE OPPOSITION TO DEFENDANT DZIEMIT'S
MOTION FOR SUMMARY JUDGMENT**

       Plaintiff International Floor Crafts, Inc. ("IFC") hereby moves this Court to extend
the time within which Plaintiff may file its opposition to Defendant Dziemit's motion for
summary judgment until twenty-one days after the Court makes its last ruling on (1)
Plaintiff's motion to take the deposition of Defendant Mitchell where Mitchell's recent
affidavit waived his privilege against self-incrimination which he invoked at his
deposition (and motion to extend the time for IFC to submit its opposition to Dziemit's
summary judgment motion) (Doc. No. 215), or (2) IFC's motion to extend the time to file
its response to Defendant Dziemit's motion for summary judgment (Doc. No. 219), where
Plaintiff IFC seeks to obtain the deposition of Defendant Mitchell (especially since IFC
has not had the opportunity to cross-examine Mitchell) before IFC submits its opposition
to Defendant Dziemit's motion for summary judgment.  IFC relies upon the reasons set
forth below:

       1.      On or about March 14, 2008, Defendant Dziemit filed her motion for
summary judgment. (Doc. No. 211).  Her summary judgment materials included an

Affidavit of Ronald Mitchell (Doc. No. 212).  Mitchell had previously exercised his Fifth

Amendment rights and refused to provide testimony at his deposition in this case.

2.      On March 17, 2008, Plaintiff IFC filed a motion to take the deposition of

Defendant Ronald Mitchell in light of his recent affidavit.  (Doc. 215).  In the motion,

Plaintiff IFC also sought an extension of time within which to submit its opposition to

Defendant Dziemit's motion for summary judgment.

3.      On March 19, 2008, Defendant Mitchell's counsel, Frederic Grant, filed a

motion to withdraw as counsel to Defendant Mitchell, assented-to by defendant Mitchell,

on enumerated grounds including the circumstances of the submission of the Affidavit of

Ronald Mitchell.  (Doc. No. 216).

4.      On March 27, 2008, IFC filed a motion to extend the time within which

IFC could file its opposition to Defendant Dziemit's motion for summary judgment to

May 1, 2008.  (Doc. No. 219).

5.      To date, the Court has not yet ruled on the above-referenced motions.

(Doc. Nos. 215, 216 and 219).

6.      Plaintiff IFC seeks to take Mitchell's deposition in order to explore fully,

among other things, Mitchell's and Dziemit's involvement in Remco and their dealings

with IFC.  To date, Mitchell's exercise of the Fifth Amendment at his deposition has

prevented IFC from obtaining such information.   The requested discovery will enable IFC

to respond fully and adequately to the issues raised in Dziemit's summary judgment

motion.

7.      As a result, IFC respectfully requests that this Court extend the time within

which IFC may file its response to Dziemit's motion for summary judgment until twenty-

one days after the Court makes its last ruling on Doc. Nos. 215 or 219.  During that

twenty-one day period, IFC will need (if the motion to take Mitchell's deposition is

allowed) to take the deposition of Mitchell, to obtain an expedited transcript and to

prepare materials in opposition to summary judgment.

8.    IFC recognizes that the within motion may result in the need to reschedule the trial in the within matter, which is presently scheduled for July 21, 2008. The need to seek the extension is through no fault of Plaintiff IFC, as it was Mitchell who exercised his Fifth Amendment rights and then, in March, 2008, suddenly did a potentially uncounselled about-face and testified by affidavit, not subject to cross-examination. Plaintiff IFC will suffer severe prejudice if IFC does not have the opportunity to obtain testimony from Defendant Mitchell.

9.    Attorney Grant, counsel to Defendant Mitchell, assents to the allowance of the within motion.

**WHEREFORE**, for the above reasons, Plaintiff International Floor Crafts, Inc. ("IFC") respectfully requests that this Court GRANT the within motion and extend the time within which Plaintiff may file its opposition to Defendant Dziemit's motion for summary judgment until twenty-one days after the Court makes its last ruling on (1) Plaintiff's motion to take the deposition of Defendant Mitchell where Mitchell's recent affidavit waived his privilege against self-incrimination which he invoked at his deposition (and motion to extend the time for IFC to submit its opposition to Dziemit's summary judgment motion) (Doc. No. 215), or (2) IFC's motion to extend the time to file its response to Defendant Dziemit's motion for summary judgment (Doc. No. 219).

> The Plaintiff
> International Floor Crafts, Inc.
> By Its Attorneys,
>
> */s/ Paul J. Klehm*
> James B. Krasnoo (BBO#279300)
> *jkrasnoo@krasnooklehm.com*
> Paul J. Klehm (BBO#561605)
> *pklehm@krasnooklehm.com*
> Krasnoo|Klehm LLP
> 23 Main Street
> Andover, MA  01810

Dated:  May 1, 2008                                    (978) 475-9955

3

## LOCAL RULE 7.1(A)(2) STATEMENT

On April 30, 2008, I discussed the within motion generally with Attorney Neil Cohen, counsel to Defendant Dziemit.  On May 1, 2008, I left a voicemail message for Attorney Frederic Grant, counsel to Defendant Mitchell.  On May 1, 2008, I attempted to reach Attorney Peres, counsel to Defendant Adams, via telephone, but his voicemail is full.  On May 1, 2008, I attempted to reach Attorney Xifaras, counsel to Defendant Williams, via telephone, but his telephone has been temporarily disconnected.  On May 1, 2008, I forwarded a draft of the within motion to counsel via email.  On May 1, 2008, I spoke by telephone with Attorney Grant.  On May 1, 2008, Attorney Grant forwarded a revised paragraph 3 to the motion, which I have added to the motion.  On May 1, 2008, I received an email from Attorney Cohen informing me, in essence, that he would oppose the motion.  I also spoke to Attorney Cohen on May 1, 2008 by telephone, and Attorney Cohen told me that he would oppose the motion.

*/s/ Paul J. Klehm*
Paul J. Klehm

## CERTIFICATE OF SERVICE

I, Paul J. Klehm, Esq., hereby certify that I have served a copy of the within

document upon all counsel of record not served via ECF and upon all parties not

represented by counsel by first class mail, postage pre-paid, on May 1, 2008.

*/s/ Paul J. Klehm*
Paul J. Klehm