United States District Court
District of Massachusetts

```
_____
                               )
International Floor Crafts,    )
Inc.,                          )
         Plaintiff,            )
                               )    Civil Action No.
     v.                        )    05-11654-NMG
                               )
David W. Adams, Tyrone Williams,)
Ronald E. Mitchell and Jane    )
Dziemit,                       )
         Defendants.           )
                               )
_____)
```

**MEMORANDUM & ORDER**

GORTON, J.

The underlying case involves allegations that current and former employees of the plaintiff, International Floor Crafts, Inc. ("IFC"), developed and perpetuated a scheme with individuals in several states to extort approximately $5 million from IFC. Currently before the Court are several motions arising out of the recent decision of the defendant Ronald Mitchell ("Mitchell") to furnish his co-defendant Jane Dziemit ("Dziemit") with an affidavit in support of her motion for summary judgment.

I.   Background

The general outline of this alleged conspiracy is that two buyers for the plaintiff, International Floor Crafts, Inc. ("IFC"), fabricated purchase orders purporting to buy carpets from fictitious companies.  A co-conspirator inside IFC then

-1-

allegedly forged the internal documents necessary to record that the nonexistent goods had been received so that Accounts Payable could pay the invoices. The defendants Mitchell and Dziemit were the outside operators affiliated with the allegedly fictitious companies. The defendants David W. Adams ("Adams") and Kevin Britto ("Britto"), since deceased, were the purported rogue buyers and defendant Tyrone Williams ("Williams") the warehouse employee who, it is claimed, forged the internal receipts. Numerous other defendants have been voluntarily dismissed from the case.

Mitchell describes his role and Dziemit's as innocent bystanders to whatever criminal enterprise was operating within IFC. He asserts that he ran a legitimate carpet distributorship and that Dziemit, a friend, entered the business only to provide financing for a new venture that Adams and Mitchell devised to supply real carpets to IFC at prices beneficial to all parties. Britto, one of the alleged leaders of the conspiracy, asserted at his deposition that Mitchell and Dziemit were innocent.

Mitchell was deposed on June 23, 2006, at which time he asserted his Fifth Amendment privilege against self-incrimination in response to every question except his name. In March of 2008, unbeknownst to his counsel, who were at the time negotiating settlement terms with the plaintiff, Mitchell prepared and executed a sworn affidavit detailing his business dealings with

-2-

IFC and Dziemit. That affidavit was submitted to this Court by Dziemit in support of her motion for summary judgment and it has given rise to three motions.

First, IFC moves to reopen its deposition of Mitchell on the grounds that he has now waived his Fifth Amendment privilege against self-incrimination. Second, Mitchell's attorneys move to withdraw from the case. Finally, IFC moves to extend the time to file a response to Dziemit's motion for summary judgment until after it has had an opportunity to complete Mitchell's deposition.

## II. Analysis

### A. Motion to Continue Deposition of Ronald Mitchell

The plaintiff asserts that Mitchell's affidavit constitutes a waiver of his Fifth Amendment privilege and that it is now entitled to interrogate him about his statements. Kirane v. City of Lowell, 622 F. Supp. 262 (D. Mass 1985). Dziemit, in opposition, responds that a waiver at one stage of a proceeding is not a waiver of that right for other stages. United States v. Johnson, 488 F.2d 1206 (1st Cir. 1973).

The Johnson opinion is surely an accurate statement of the law with respect to the various stages of a criminal proceeding. A witness who testifies before a grand jury, for instance, is not precluded from asserting his Fifth Amendment privilege at trial.

Id. Here, however, the proposed deposition does not constitute another "stage" because the case remains in discovery during the same civil proceeding. Mitchell would be within his rights to testify before one tribunal and not another but what he seeks is, rather, to testify in this case without subjecting himself to cross examination. No witness enjoys that right, see Brown v. Walker, 161 U.S. 591, 597 (1896), and by submitting the subject affidavit he has waived his Fifth Amendment privilege.

Dziemit characterizes the plaintiff's request as dilatory and questions the utility of any further examination of Mitchell because his affidavit exonerates her, suggesting that his deposition testimony will be similarly unhelpful to the plaintiff. That statement is either naïve or disingenuous; the purpose of cross examination is not to confirm the substance of the affidavit but rather to impeach its credibility and discover contrary evidence. The motion to reopen Mitchell's deposition will be allowed and the deposition will be completed promptly, i.e. on or before May 23, 2008.

**B.   Motion to Withdraw as Attorneys**

Mitchell's attorneys describe an irreconcilable breakdown of the attorney-client relationship due to his decision to go behind their backs and cooperate in Dziemit's motion for summary judgment rather than in his own negotiation for settlement. They are undoubtedly in a difficult position and, under most

circumstances, an attorney in a civil action whose client actively undermines his attempts to negotiate a settlement would be permitted to withdraw.

Local Rule 83.5.2(c) provides, however, that an attorney may withdraw if, among other things, there are no motions pending before the Court, no trial date has been set and no hearings or conferences are scheduled. Absent such conditions withdrawal requires leave of the Court. In this case, there are motions pending and the matter is currently scheduled for trial to commence on July 21, 2008. Because Mitchell will be further deposed and that deposition will likely progress more smoothly with the assistance of counsel familiar with the facts of the case, the Court will deny the motion until (at least) after the deposition is complete and, unless Mitchell is prepared to go forward with trial on the scheduled date, either with replacement counsel or pro se, the denial will be unconditional.

### C. Motion for Extension of Time to File Response/Reply

The reason to allow IFC to depose Mitchell further, as discussed above, is in large part that it may offer a better-informed opposition to Dziemit's motion for summary judgment. The motion for an extension of time to file a response will be allowed and the new deadline for the filing of the plaintiff's opposition to Dziemit's motion for summary judgment will be June 6, 2008.

**ORDER**

In accordance with the foregoing, the plaintiff's motion to continue deposition (Docket No. 215) is **ALLOWED** and the deposition will be completed on or before May 23, 2008. The motion for an extension of time to respond (Docket No. 219) is **ALLOWED** and the plaintiff shall respond to Dziemit's motion for summary judgment on or before June 6, 2008. The motion to withdraw as attorneys (Docket No. 216) is **DENIED**, without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May __, 2008