UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

INTERNATIONAL FLOOR CRAFTS, INC. )
    Plaintiffs,                                )
                                              )
v.                                             ) CIVIL ACTION NO. 05CA11654-NMG
                                             )
DAVID W. ADAMS, *et al.,*          )
    Defendants.                           )

### DEFENDANT, JANE DZIEMIT'S OPPOSITION TO PLAINTIFF'S REQUEST TO ENLARGE THE DEPOSITION OF RONALD MITCHELL FROM SEVEN TO FOURTEEN HOURS

Defendant, Jane Dzeimit, hereby files her Opposition to Plaintiff's Request to Enlarge the Deposition of Ronald Mitchell from Seven to Fourteen Hours. In support hereof, Defendant Dziemit shows this Honorable Court as follows:

1.      Pursuant to the Court's May 2, 2008 Order in which the Deposition of Ronald Mitchell was allowed to be re-opened in light of the Affidavit he executed is support of Defendant Dziemit's Motion for Summary Judgment, Plaintiff now comes days before the Deposition to seek to double its time;

2.      Defendant is aware that as a general Rule in accordance with Rule 26(b)(2) the Court may alter the limits imposed pursuant to Rule 30 and expand the time for a deposition with good cause being shown.

3.      Defendant submits in this case the request to enlarge the time to depose Mitchell is enormously excessive, especially when the Deposition of Kevin Britto, one of the main actors in the underlying scheme to defraud plaintiff was deposed via an audio-visual deposition in six hours and forty nine minutes (that included a twenty-seven

- 2 -

minute period in volume two where Britto refused to continue unless plaintiff dismissed Mitchell and Dziemit); hence Britto's entire deposition, in which he testified the scheme had been ongoing for more than eight years, took approximately six hours and eleven minutes; Mitchell dealings with plaintiff spanned only five years, and Dziemit's dealings with Mitchell covered only about four years.

     4. Defendant's Dziemit's Deposition, in which she did not take the Fifth Amendment on a single question, took six hours and thirteen minutes;

     5. In reviewing the previous Mitchell Deposition, counsel notes that the Deposition began at 10:30 a.m. and continued until 12:28 p.m. It resumed at 1:06 p.m. and concluded at 3:55 p.m. The total time, therefore, is less than five hours;

     5. Even assuming arguendo that Mitchell's Deposition took twice as long as it did previously (and defendant submits that based upon previous depositions it should not), the amount of time plaintiff is requesting does not rise to the level of "good cause".

     6. Plaintiff's request to depose Mitchell for fourteen hours appears to be a thinly-veiled attempt to cost defendant Dzimeit unnecessary legal fees and stenographic charges.

     **WHEREFORE,** Defendant, Jane Dziemit respectfully requests that the Court Deny plaintiff's request to enlarge the Mitchell Deposition from seven to fourteen hours.

     Respectfully Submitted,
     Counsel for the Defendant,
     Jane Dziemit

/s/ Neil S. Cohen, Esq.
neilcohenlaw@yahoo.com
Neil S. Cohen, Esquire (BBO# 561173)
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108
(617) 367-0070

### Certificate of Service

The undersigned hereby certifies that a copy of the above motion was caused to be served on all counsel of record via the ECF filing system and on all parties not represented by counsel by first class mail on May 13, 2008.

/S/ Neil S. Cohen
Neil S. Cohen, Esq.
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108