UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                                    )
INTERNATIONAL FLOOR CRAFTS, INC.                    )
                    Plaintiff,                      )
                                                    )  Civil Action No. 05-11654-NMG
v.                                                  )
                                                    )
DAVID W. ADAMS, *et al*,                            )
                    Defendants.                     )
_____)

### JOINT PRETRIAL MEMORANDUM

Plaintiff International Floor Crafts, Inc. ("IFC") and Defendants Jane Dziemit and David

Adams hereby submit their Joint Pretrial Memorandum pursuant to L.R. 16.5(D).  Defendant

Tyrone Williams, either individually or through his counsel, Robert Xifaras, did not participate

in the preparation of the within memorandum.[1]   Defendant Adams, either individually or

through counsel, Isaac Peres, did not provide any sections to be included in the memorandum.

1.    **Concise Summary of the Evidence**

a.    **Plaintiff IFC**

IFC, the company which handles the rugs, padding and flooring departments for the

discount retail stores known as Building 19, asserts claims for violations of the Racketeer-

Influenced and Corrupt Organizations Act, common law conspiracy to violate RICO, conversion,

unfair and deceptive business practices and fraud against remaining Defendants Jane Dziemit

and former IFC/Building 19 employees David Adams and Tyrone Williams.  IFC also asserts

breach of fiduciary duty claims against Defendants Adams and Williams.

---

[1]   On June 18, 2008, IFC forwarded a letter to Attorney Xifaras at his last known business address alerting him to
the July 9, 2008 Pretrial hearing and asking him to provide IFC's counsel with Defendant Williams' portion of the
Pretrial memorandum.  To date, IFC's counsel has received no response and, to the best of the recollection of IFC's
counsel, neither Attorney Xifaras nor Defendant Williams have been actively involved in this case for more than one
year.  For many months, telephone calls to Attorney Xifaras' business telephone number receive a message that the
phone number has been temporarily disconnected.  Also, this Court no longer sends out ECF notices to Attorney
Xifaras, because his email address does not work.  (See docket entries, March 12, 2008).

### I. The Overall Scheme

In essence, the case arises out of a ten year scheme in which various IFC employees conspired with non-employees to steal at least five million dollars from IFC by, essentially, falsely representing to IFC that IFC had received various shipments of rugs and padding. The co-conspirators never made the shipments to IFC, with the exception of occasional partial shipments. Defendants caused IFC to issue payments for said fictitious shipments to various alleged vendors, including REMCO, Mansfield Rug, Empire Weavers, Dalton Padding and CCC International.

While the structure of the scheme varied over time, David Adams and Kevin Britto, former IFC rug buyers, would prepare IFC purchase orders and send them to the alleged vendors. Individuals at the outside vendors, including, without limitation, Dziemit and Mitchell, would, in turn, issue invoices to IFC for rugs purportedly shipped. Each invoice would purportedly correspond with an IFC purchase order. Adams and Britto would arrange for Defendant Tyrone Williams to sign a document, known as a key req, falsely acknowledging IFC's receipt of the falsified shipments ordered by Adams or Britto. IFC would make payment to various allegedly fictitious vendors, and those funds would then be distributed among the co-conspirators.

### II. The Involvement of Dziemit and Mitchell

In approximately 1999, Dziemit and Mitchell became partners in REMCO. REMCO was an alleged company, operated out of Mitchell's home, which issued approximately $2.3 million in invoices to IFC for rugs, and which received payments thereon from IFC, for rugs which REMCO never delivered to IFC. Dziemit, who knew REMCO had no warehouse, prepared invoices for REMCO and advanced funds to Adams which were used as part of the scheme.

Dziemit claims that she wrote REMCO invoices based upon IFC purchase orders she received from Adams (which were fraudulent). Some of those purchase orders inexplicably list Dziemit's boyfriend, who was not employed by IFC or REMCO, as the contact person. While Dziemit claims that she simply loaned funds to REMCO, the fact is she received a percentage of the profits (and not interest, which in any case would have been exhorbitant) on the transactions – even on several transactions in which she did not even advance funds. She deposited the funds into various accounts, rendering reconciliation of each transaction difficult.

Mitchell wired substantial funds to Adams and Mitchell wrote significant checks to cash, some of which were endorsed by Dziemit. In fact, Mitchell wrote more than $133,000 in checks to cash. The records reveal a confusing, complex web of checks, wire transfers and advances to various entities and to cash. Many of the checks were payable to various entities controlled by Dziemit.

At one point, Britto, who at that time was no longer employed at IFC, ordered Mitchell to wire funds directly to Britto, and not to Adams. Mitchell inexplicably complied – an abrupt and nonsensical change which simply confounds logic if Dziemit and Mitchell were engaged in a legitimate enterprise. At another point, Dziemit refused to make further advances because of the amount which Adams already had outstanding – at which point Mitchell formed Mansfield Rug and continued the scheme. Even after the partnership ended, supposedly at the end of 2001, Dziemit made at least fifteen additional advances to, or on behalf of, REMCO.

### III. IFC's Investigation

In April, 2005, IFC began an investigation after an employee reported some difficulties locating certain shipments which Adams had ordered. At or around that time, Mitchell knowingly submitted a fake bill of lading to IFC in an effort to deceive IFC into thinking that

IFC had received a certain shipment from REMCO.  Mitchell also lied to William Gemme of IFC by telling Gemme that some REMCO records had been destroyed.

## IV.  The Damages

From 1999 to 2005, IFC received invoices from REMCO and Mansfield Rug in the amount of approximately $2.3 million and $980,000, respectively.  IFC received invoices from the mid-1990s to 2005 from Empire Weavers and Dalton Padding in the amount of approximately $1.117 million and $394,000, respectively.   IFC made payments on all of those invoices in excess of $4.4 million but has not been able to confirm any shipments from the alleged companies through legitimate bills of lading.  Over an eleven year period, IFC also paid more than $5 million to CCC.  Britto, Adams, Williams, Dziemit and Mitchell all received substantial payments from the scheme.

### b.    Defendant Jane Dziemit

Defendant Jane Dziemit believes the evidence will show that she was a homemaker and mother of two children who previous to becoming involved with co-defendant Ronald Mitchell and REMCO worked out of the home as mortgage broker. Furthermore, Dziemit expects the evidence to further show that in 1999, Mitchell who was a long time family of her companion, Anthony Maresca, approached her and Mr. Maresca to seek her investment into his fledgling carpet business.  Initially, Dziemit, after meeting with IFC buyer co-defendant David Adams, Mitchell and Maresca at a Building 19 outlet store began to advance money for what she believed was the legitimate purchase of carpet, rugs and padding.  The first several advances were forwarded by Dziemit direct to co-defendant Chinese Carpet Center, Inc. ("CCC").  After receiving word from IFC buyer, Adams that the goods had been delivered, she and/or Mitchell

forwarded an invoice to IFC for payment.  The amount of the invoice matched almost

exactly to the amount listed on an IFC purchase order, which unbeknownst to her or

Mitchell, was fraudulent.

Thereafter, Adams approached Mitchell and told him he found new suppliers and

that if money was paid in advance that he could purchase better quality rugs for lower

prices.  As a result, Dziemit began advancing money directly to IFC buyer Adams who

she and Mitchell thought was purchasing rugs, etc.  Several weeks later for each

transaction, Adams would inform Mitchell the goods had been delivered and that IFC

could be invoiced.  As before, Dziemit and/or Mitchell through REMCO forwarded an

invoice to IFC for almost the exact amount contained on the purchase order forwarded by

Adams which was paid.  At no time did either Mitchell or Dziemit ever know that there

were no rugs being delivered.  Defendant Dziemit further submits that plaintiff will be

unable to prove in any way that Dziemit knew or even had a reason to know that Adams,

Britto (whom she never met or spoke to) and Williams (whom she never met or spoke to)

were involved in the complex scheme.  Plaintiff has absolutely no direct evidence that

either Mitchell or Dziemit were involved in the scheme and most of its circumstantial

evidence does not lead one to believe that they did either.

Finally, Dziemit expects that Plaintiff will be unable to prove how much of its

alleged losses are attributable to Dziemit's alleged participation in the underlying

scheme.  The amount plaintiff claims it lost has been a moving target the entire litigation.

Plaintiff can only show how much money it forwarded to the various entities, but has

been unable to show exactly how much it claims is attributable to any of the alleged co-

conspirators.

      c.       **Defendant David Adams**

      2.       **Facts Established by Pleadings or Stipulations or Admission of Counsel**

      1.      Defendant Tyrone Williams resides at 171 Smith Street, New Bedford, Massachusetts.  (Williams Answer, ¶7).

      2.      Defendant Ronald Mitchell is a resident of the State of Connecticut.  (Mitchell Answer, ¶9).

      3.      Plaintiff IFC is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 319 Lincoln Street, Hingham, Massachusetts.  (Dziemit Answer, ¶5, Adams Answer, ¶5).

      4.      Plaintiff IFC is engaged in the business of selling discounted merchandise to the public through fifteen retail stores located in Massachusetts, Rhode Island and New Hampshire. (Adams Answer, ¶24).

      5.      From approximately October, 1999 through July, 2002, Defendant Adams served as a consultant purchasing carpet, rugs, padding and wood flooring for IFC.  From July, 2002 through March 24, 2005, Defendant Adams was an employee of IFC in the capacity of the carpet and rug buyer.  In that capacity, Defendant Adams was responsible for purchasing remnants, broadloom and woodflooring for IFC.  (Adams Answer, ¶26).

      6.      While Adams worked at Building 19, he maintained regular contact with Defendant Tyrone Williams and Defendant Kevin Britto in connection with his job duties. (Adams Answer, ¶38).

      7.      Defendant Jane Dziemit is a resident of the State of California with a residence address of Palm Desert, California.

      3.       **Contested Issues of Fact**

The parties dispute liability and damages.

      4.       **Jurisdictional Questions**

None.

      5.       **Questions raised by pending motions**

IFC intends to file the following motions and motions in limine in advance of trial:

      a.      Motion to dismiss Defendant Dziemit's counterclaims.

On June 15, 2006, Defendant Dziemit filed an answer and counterclaim. [Doc. No. 156]. On June 26, 2006, IFC filed a motion to dismiss the counterclaims, or, in the alternative, motion for more definite statement. [Doc. No. 159]. On February 28, 2007, the Court dismissed Counterclaims One and Four, and ordered Defendant Dziemit to file a more definite statement by March 13, 2007. [Doc. No. 190].   On March 12, 2007, that deadline was extended until two weeks after the completion of a mediation. That mediation was completed on or about June 29, 2007. On October 9, 2007, the Court granted Dziemit a stay of the need to file the counterclaim until after her prior counsel's motion to withdraw was resolved. On December 12, 2007, the Court granted Dziemit's prior counsel's motion to withdraw. [Doc. No. 206]. More than six months have passed, and Defendant Dziemit has never filed a more definite statement on Counts II and III of the counterclaim. As a result, IFC respectfully requests that this Court dismiss those counterclaims.

      b.     Motion *in limine* for adverse inference against Defendants Adams and Williams for exercising their Fifth Amendment privilege and motion in limine for leave to call Defendants Adams and Williams to the stand at trial to assert the privilege in front of the jury.

      c.     Motion to Sequester Witnesses.

      d.     Request for *Voir Dire*

IFC reserves the right to supplement the list of Motions. IFC shall file these documents separately.

Defendant Jane Dziemit intends to file several Motions in Limine including:

      a.     Motion to Exclude introduction of check that Jane Dziemit wrote to Ronald Mitchell for $85,000.00 just prior to her resignation as a partner of REMCO.

      b.     Motion in Limine concerning Mitchell's original assertion of the 5th Amendment.

      c.     Motion in Limine concerning any settlement, agreement for judgment between IFC and any co-defendant.

      d.     Defendant's Request for Voire Dire.

      e.     Motion in Limine concerning the approximately twelve checks over many years and several hundred checks that Mitchell and/or REMCO wrote to cash.

      f.     Defendant Dziemit opposes Plaintiff's Motion to Dismiss her Counterclaim on the grounds that previous counsel failed to address same prior to his withdrawal which was well after the time limit imposed by the Court expired. Consequently, defendant should not be prejudiced by failure of prior counsel to do so.

Defendant reserves the right to supplement this list of Motions.

**6.      Issues of Law**

The parties to this joint motion agree that Counts I through VI of the Amended Complaint remain pending for purposes of trial.  In Counts VII and VIII, IFC seeks trustee process and injunctive relief.

Counts II and III of Defendant Dziemit's counterclaims are the subject of a motion to dismiss, see *supra*, because Dziemit never filed a more definite statement of her claims as ordered by the Court.

The parties also agree that Massachusetts law will apply. The parties dispute whether one or more of the Defendants are liable to IFC for (multiple) damages, interest, costs and attorneys' fees, on all counts of the Amended Complaint.  To the extent that Counts II and III of the Counterclaim survive the motion to dismiss, the parties dispute whether IFC is liable to Defendant Dziemit for damages on those counterclaims.

**a.      *Plaintiff's Response***

Plaintiff incorporates herein by reference the following:

1.      Plaintiff International Floor Crafts, Inc.'s Objections To Defendant Dziemit's Fed.R.Civ. P. 26(a)(3) Pretrial Disclosures  (See **Exhibit A**)

2.      Plaintiff International Floor Crafts, Inc.'s Objections Arising Out Of Failure Of Defendants Adams, Williams And Mitchell To File Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures (See **Exhibit B**).

Defendant Dziemit submits that the affidavit submitted by IFC controller William Gemme as part of Plaintiff's Verified Original Complaint is also still pending for the purposes of trial as it was never recanted after filing of the Amended Complaint.

**a.      Defendant's Response**

Defendant Dziemit also incorporates herein by reference:

1.    Defendant's Objections to Plaintiff's Rule 26(a)(3) Disclosures.  (See **Exhibit C**)

**7.    <u>Any requested amendment to the pleadings</u>**

**a.    *Plaintiff's Response***

In Paragraph 62 of the Amended Complaint, IFC seeks to correct a transcription error, and, in part c thereof, to change the amount from "approx. $1,170,000.00," to "approx. $1,117,000.00."

IFC objects to the late effort of Dziemit to seek to amend the Counterclaim to add a claim for negligent supervision.  IFC is extremely prejudiced by the late amendment.

**b.    *Defendant Dzmiet's Response***

Defendant Dziemit seeks to amend her Counterclaim by adding a count against plaintiff for negligent supervision.  Defendant asserts that plaintiff's own failure to supervise its own employees, namely Adams, Williams and Britto caused substantial damage to defendant Dzimeit both financially and emotionally.  Furthermore, plaintiff's negligent supervision caused damage to foreseeable person, one engaged in business with plaintiff.  Finally, plaintiff had a duty to properly supervise its employees so persons or entities doing business with it were not injured, harmed or defrauded.

**8.    <u>Additional matters to aid in the disposition of the action</u>**

None anticipated.

**9.    Probable length of trial.**

The parties estimate a jury trial of approximately 1 to 1.5 weeks (assuming 9:00 a.m. to 3:00 p.m. trial days).

**10.    Witness List**

**a.    *Plaintiff's Response***

See witnesses listed in Plaintiff International Floor Crafts, Inc.'s Pretrial Disclosures, a copy of which is attached hereto as **Exhibit D**.

Additionally, Plaintiff sets forth the following:

Larry Cribben
RGIS Inventory Services
1127 Tolland Turnpike, Suite 301
Manchester, CT  06042
(860) 645-8610

Keeper of Records
RGIS Inventory Services
1127 Tolland Turnpike, Suite 301
Manchester, CT  06042


Defendant objects to Plaintiff's late listing of either Larry Cribben or the Keeper of
Records for RGIS Inventory Services.  These witnesses were not listed in Plaintiff's Pre-
Trial Disclosures either as probable or possible witnesses and defendant is at a distinct
disadvantage concerning the areas of testimony these witnesses will be providing.


**a.    Defendant Dziemit's Response**

See witness list Defendant submitted pursuant to her Rule 26(a)(3) Pre-Trial Disclosures.
(See **Exhibit E**).

**11.    Exhibit List**

**a.    *Plaintiff's Response***

See exhibits listed in Plaintiff International Floor Crafts, Inc.'s Pretrial Disclosures, a
copy of which is attached hereto as **Exhibit D**.

Additionally, with regard to Item No. 41 of the exhibits which IFC expects to offer, IFC,
without waiving its right to seek to introduce other investigatory documents, hereby identifies
certain specific documents which it intends to seek to introduce at trial (in addition to the
allegedly false bills of lading identified elsewhere) the following business records:

Doc. Nos. 1974-1998  (Five Month investigation documents)
Various invoices
Doc. No. 20273  (Thirteen Month Investigation)
Doc. No. 20275 (Chart)
Doc. No.  20109-20112 (General ledger 2/1/04 – 1/29/05)
Doc. No. 20108 (General Ledger 1/4/04 – 1/31/04)
Doc. No. 20113-20126 (PO Details for Dept. Remnants Between 5/2/04 and 4/30/05)
Doc. No. 20001-20045 (General Ledgers)

Doc. No. 20046-20060 (General Ledgers)
Doc. No. 20182-20239 (RGIS Inventory Specialists, Dept. Summary Report)
Doc. No. 20274 (Vendor Purchases 1/1/04 – 1/29/05)
Doc. No. 20240 (Warehouse Inventory Remnants 2/1/05)
Doc. No. 1965-1971 (Warehouse Inventory)
Doc. No. 20276 (Chart)
Doc. No. 2025- 2037 (Invoice Register)
Doc. No. 20137-20138 (Invoice Register)

Also, IFC may offer letter dated March 11, 2008 from Isaac H. Peres, Esq. to Paul J. Klehm, Esq. in which Peres wrote that David Adams would assert the Fifth Amendment Privilege, and, email dated March 11, 2008 from Paul J. Klehm, Esq. to Isaac Peres.

**11.    a.    Defendant Dziemit's Response**

See Exhibits listed pursuant to her Rule 26(a)(3)  Pre-Trial Disclosures.
With regard to those documents now identified by plaintiff as part of its Exhibit
No. 41 (investigative documents), Defendant objects to each every one on the grounds
that they were insufficiently identified in Plaintiff's Pre-Trial Disclosures.  Furthermore,
defendant reserves the right to object to their authenticity (Rule 901), that they are
hearsay, not subject to any exception (Rule 801), and that they are irrelevant (Rules 401
and 402).  Defendant did highlight that entry and intended to object to them in her
Objections to Plaintiff's Pre-Trial Disclosures, but inadvertently omitted the specific
objection.

**12.    Parties' Positions on Remaining Objections to Evidence Identified in the Pretrial Disclosure**

**a.    *Plaintiff's Response***

17.    Doc. No. 1810 – 1999-2005 list amounts re:  CCC International, Dalton Padding, Empire Weavers, Mansfield Rug, REMCO.   (Document to be revised slightly)

**IFC's response**:  The document constitutes a summary of other documents that formed a part of the investigation performed by IFC, and, therefore, is admissible pursuant to Fed.R.Evid. 1006.  The document simply condenses and simplifies other investigative documents that IFC seeks to admit.  The document sets forth figures based upon IFC's review of its own voluminous invoices, purchase orders, checks and other information.  The documents will either be in evidence or were made available for inspection.  *Harris Market Research v. Marshall Marketing and Communications, Inc.*, 948 F.2d 1518 (10th Cir. 1991);  *In re Faranas*, 263 B.R. 655, 668 (2001).  Moreover, the summarized material is complete.  As for the accuracy, IFC discovered a potential error in the document on July 1, 2008 and shall revise same if necessary and provide notice thereof to Defendants' counsel.  The potential error concerns the figures pertaining to Years 1995 to 2002.  Specifically, IFC must determine whether the figures need to be adjusted to reflect instances in which IFC received a two percent discount for early payment.  The goal is to provide documentation to the jury to assist the jury in understanding the amount of checks sent to

each of the alleged companies.  The document also constitutes a business record pursuant to Fed.R. Evid. 803(b).

18.    Doc. No. 20276 – Spreadsheet years 1995-2005 re:  CCC International, Dalton Padding, Empire Weavers, Mansfield Rug, REMCO.

**IFC's Response:**  See Response No. 17, *supra*.

30.    Doc. No. M2800 – Dziemit's resignation letter.

**IFC's Response:**  As to Dziemit, the letter is not hearsay because it is a statement by party-opponent.  Fed.R.Evid. 801(d)(2).  As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E).

33.    Doc. No. M2877-2878 – Handwritten records

**IFC's Response**:    The documents are not hearsay because they are statements by a co-conspirator during the course of and in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E).  Even if they were hearsay, the documents are records prepared by Mitchell as a part of the business of REMCO in dealing with IFC.  Thus, the records constitute business records pursuant to Fed.R.Evid. 803(6).

36.    Fax Bill of lading from Ronald Mitchell to IFC

**IFC's Response**:    The document is not hearsay.  It is an instrumentality of the wrongful conduct. The documents are not hearsay because they are statements by a co-conspirator during the course of and in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E). Even if they were hearsay, the documents are records prepared by Mitchell as a part of the business of REMCO in dealing with IFC.  Thus, the records constitute business records pursuant to Fed.R.Evid. 803(6).

37.    Exhibits 4, 7, 8 and 10 to deposition of Jane Dziemit

Exh. 4  Affidavit of Dziemit

**IFC'S Response:**

The letter is not hearsay because it is a statement by a party-opponent.  Fed.R.Evid. 801(d)(2).

Exh. 7.  State of Connecticut Document.

**IFC's Response:**

The document is not hearsay because it is a statement by a party-opponent. Fed.R.Evid. 801(d)(2). As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E).

Exh. 8.  Dziemit's Answer to Amended Complaint.

**IFC's Response:**
IFC no longer seeks to introduce this document at trial, unless circumstances somehow change.

Exh. 10  Schedule C and related documents

**IFC's Response:**

IFC no longer seeks to introduce this document at trial.

38.    Exhibits 3, 7, 26, 38, 39, 40 and 49 to deposition of Ronald Mitchell

Exh. 3   State of Connecticut document.

**IFC's Response:**

The document is not hearsay because it is a statement by a party-opponent. Fed.R.Evid. 801(d)(2). As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E).

Exh. 7  Fedex Receipt

**IFC's Response:**

The document is not hearsay.  It is an instrumentality of the wrongful conduct.  The document constitutes a business record.  Fed.R.Evid. 803(6).

Exh. 26  Bill of Lading

**IFC's Response:**

The document is not hearsay.  It is an instrumentality of the wrongful conduct.  The bill of lading constitutes an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E).  As to Williams, the document is a statement by a party-opponent. Fed.R.Evid. 801(d)(2).

Exh. 38  Chart (small)

**IFC's Response:**

The document is not hearsay.  It is an instrumentality of the wrongful conduct.  The chart also an admission by a co-conspirator. Fed.R.Evid. 801(d)(2)(E).  The document was prepared by Mitchell as a part of the business of REMCO in dealing with IFC.  Thus, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 39  Chart (large)

**IFC's Response:**

The document is not hearsay.  It is an instrumentality of the wrongful conduct.  The chart is also an admission by a party-opponent, and, therefore, it is not hearsay pursuant to Fed.R.Evid. 801(d)(2)  Upon information and belief, Dziemit prepared the chart.  The records are also admissible pursuant to Fed.R.Evid. 803(6). As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E).

Exh. 40  Copies of various checks.

**IFC's Response:**

The checks are not hearsay. See also Fed.R.Evid. 801(d)(2)(e).  They are instrumentalities of the wrongful conduct.  Even so, they are admissible pursuant to Fed.R.Evid. 803(6).

Exh. 47  Resignation Letter

**IFC's Response:**

The letter is not hearsay because it is a statement by a party-opponent.  Fed.R.Evid. 801(d)(2). As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E).

Exh. 49  Check Ledger

**IFC's Response:**

The document is not hearsay.  It is an instrumentality of the wrongful conduct.  The check ledger also constitutes an admission by a co-conspirator. Fed.R.Evid. 801(d)(2)(E).  The document was prepared by Mitchell as a part of the business of REMCO in dealing with IFC.  Thus, even if hearsay, the records constitute business records pursuant to Fed.R.Evid. 803(6).

49.  Dziemit's Bank Records and checks.

**IFC's Respone:**

The checks are not hearsay.  They are instrumentalities of the wrongful conduct.  Even so, they are admissible pursuant to Fed.R.Evid. 803(6). The bank records and checks are not hearsay because they are statements by a party-opponent.  Fed.R.Evid. 801(d)(2). As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E).

53.  Doc. No. DZ298-305, 315, 321  Redacted ledgers.

**IFC's Response:**

The redacted ledgers are not hearsay.  They are instrumentalities of the wrongful conduct. Even so, they are admissible pursuant to Fed.R.Evid. 803(6).  Moreover, the redacted ledgers are not hearsay because they are statements by a party-opponent.  Fed.R.Evid. 801(d)(2). As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E).

54.  Doc. No. DZ316-320  Oversized ledger

**IFC's Response:**

The documents are not hearsay.  They constitute instrumentalities of the wrongful conduct. Even so, they are admissible pursuant to Fed.R.Evid. 803(6).  Moreover, the oversized ledger is not hearsay because it is a statement by a party-opponent.  Fed.R.Evid. 801(d)(2). As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E).

56. Dziemit's transaction records

**IFC's Response:**

The documents are not hearsay.  They constitute instrumentalities of the wrongful conduct. Even so, they are admissible pursuant to Fed.R.Evid. 803(6).  Moreover, the transaction records are not hearsay because they are statements by a party-opponent. Fed.R.Evid. 801(d)(2). As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E).

### **Exhibit B – Documents Which Plaintiff May Offer**

Doc. No. 1569 – 1571  Check and notes re:  David Adams consulting dated August, 2000

**IFC's Response:**

The documents constitute business records.  See Fed.R.Evid. 803(6).

Doc. No. 1712 – Note re:  Fedex per Ron to Jane Dziemit dated 1/27/03

**IFC's Response:**

IFC no longer wishes to seek to admit this exhibit, but may use the exhibit to refresh a recollection, if necessary.

Doc. No. 1-62  Data Quest, Ltd – International Floor Craft, Building 19, Investigation

**IFC's Response:**

The documents constitute business records of Data Quest.  Fed.R.Evid. 803(6).

Doc. N. 20165-20166 – Handwritten lists re:  United Auctions.

**IFC's Response:**

IFC no longer wishes to seek to admit this exhibit.

Doc. No. 20273 – Spreadsheet vendor purchases 1/1/04-1/29/05

**IFC's Response:**

The document constitutes a summary.  See Response No. 17, *supra*.

Doc. No. 20345-20348 – Various telephone message slips for Jim from Ron Mitchell

**IFC's Response:**

IFC no longer wishes to seek to admit this exhibit.

Doc. No. 20349 – Notes re:  phone calls re:  Mike Brown

**IFC's Response:**

IFC no longer wishes to seek to admit this exhibit.

Doc. No. DZ85-116  Letter from Rosenblitz

**IFC's Response:**

The statement is admissible pursuant to Fed.R.Evid. 801(d)(2)(C).

Doc. No. 120-122  Checks to Jane Dziemit

**IFC's Response:**

The documents are not hearsay.  See Fed.R.Evid. 801(d)(2)(E).  They constitute instrumentalities of the wrongful conduct. Even so, they are admissible pursuant to Fed.R.Evid.

803(6).   Moreover, the checks are not hearsay because they constitute statements by a party-opponent.  Fed.R.Evid. 801(d)(2). As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E).


Doc. No. DZ43-58  Dziemit tax document.

**IFC's Response:**

The records are relevant to the claims against Dziemit. Upon information and belief, Dziemit did not produce full copies of her tax returns. As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E).

Doc. No. DZ59-60  Dziemit tax documents

**IFC's Response:**

The records are relevant to the claims against Dziemit.  Upon information and belief, Dziemit did not produce full copies of her tax returns. As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E).

Doc. No. 103-116 Dziemit tax documents.

**IFC's Response:**
The records are relevant to the claims against Dziemit.  Upon information and belief, Dziemit did not produce full copies of her tax returns. As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E).

Doc. No. DZ205-209  Mitchell chart (missing 1st page)

**IFC's Response:**

The document is not hearsay.  See Fed.R.Evid. 801(d)(2)(E).  It constitutes an instrumentality of the wrongful conduct. Even so, the document is admissible pursuant to Fed.R.Evid. 803(6).  The document constitutes an admission by a co-conspirator in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E).

Deposition transcript of Jane Dziemit

**IFC's Response:**

The deposition transcript would likely only be used for impeachment purposes and/or as necessary if Ms. Dziemit is unavailable at the time of trial. Even so, the testimony is not hearsay because it is a statement of a party-opponent. See Fed.R.Evid. 801(d)(2)(A). A deposition against a party opponent may be used without limitation.

Deposition transcript and deposition exhibits of Tyrone Williams

**IFC's Response:**

The deposition transcript would likely only be used for impeachment purposes and/or as necessary if Mr. Williams is unavailable at the time of trial. See Fed.R.Evid. 804(b)(1). His testimony is not hearsay because it is a statement of a party-opponent. Fed.R.Evid. 801(d)(2)(A). A deposition against a party opponent may be used without limitation.

Exhibits to Deposition of Tyrone Williams.

Exh. 1 Affidavit of Tyrone K. Williams

**IFC's Response:**

IFC does not intend to use this exhibit.

Exh. 2-5 Financial Statement of Tyrone Williams.

**IFC's Response:**

The statements are not hearsay for, as to Williams, they are admissions. Fed.R.Evid. 801(d)(2)(A).

Exh. 6  Bills of Lading

**IFC's Response:**

These documents are not hearsay. They are instrumentalities of the wrongful conduct. The bills of lading constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Williams, they constitute an admission. Fed.R.Evid. 801(d)(2)(A). Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 7  Agreement for Sale of Goods documents

**IFC's Response:**

These documents are not hearsay. They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Adams, they constitute an admission. Fed.R.Evid. 801(d)(2)(A). Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 8  documents re:  PO6590

**IFC's Response:**

These documents are not hearsay.  They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Adams, they constitute an admission.  Fed.R.Evid. 801(d)(2)(A).  Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 9  To whom it may concern documents

**IFC's Response:**

These documents are not hearsay.  They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Adams, they constitute an admission.  Fed.R.Evid. 801(d)(2)(A).  Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 10  Bill of Lading

**IFC's Response:**

These documents are not hearsay.  They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Williams, they constitute an admission.  Fed.R.Evid. 801(d)(2)(A).  Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 11  Bill of Lading

**IFC's Response:**

These documents are not hearsay.  They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Williams, they constitute an admission.  Fed.R.Evid. 801(d)(2)(A).  Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 12  Documents relating to PO 6590

**IFC's Response:**

These documents are not hearsay.  They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Adams and Williams, they constitute an admission.  Fed.R.Evid. 801(d)(2)(A).  Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 13  Documents relating to PO5430

**IFC's Response:**

These documents are not hearsay.  They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Williams, the key req constitutes an admission.  Fed.R.Evid. 801(d)(2)(A).  Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 14-16  Pay Stubs

**IFC's Response:**

IFC does not intend to seek to introduce these documents.

Exh. 17  Documents relating to Invoice No. 56516

**IFC's Response:**

These documents are not hearsay.  They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Williams, the key req constitutes an admission.  Fed.R.Evid. 801(d)(2)(A).  Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 18  Documents relating to PO6660

**IFC's Response:**

These documents are not hearsay.  They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Adams and Williams, they constitute an admission.  Fed.R.Evid. 801(d)(2)(A).  Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 19  Documents relating to Mansfield Rug Invoice No. 3521

**IFC's Response:**

These documents are not hearsay.  They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Williams, the key req constitutes an admission.  Fed.R.Evid. 801(d)(2)(A).  Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 20 – Bills of Lading

**IFC's Response:**

These documents are not hearsay. They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Williams, they constitute an admission. Fed.R.Evid. 801(d)(2)(A). Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Exh. 21  Documents relating to PO7390

**IFC's Response:**

These documents are not hearsay. They are instrumentalities of the wrongful conduct. The documents constitute an admission by a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). As to Williams, the key req constitutes an admission. Fed.R.Evid. 801(d)(2)(A). Finally, the records constitute business records pursuant to Fed.R.Evid. 803(6).

Deposition transcript of Ronald Mitchell

**IFC's Response:**

The deposition transcript would only be used for impeachment purposes and/or as necessary if Mr. Mitchell is unavailable at the time of trial. See Fed.R.Evid. 804(b)(1). A deposition against a party opponent may be used without limitation.

Doc No. DZ331-332  Documents re:  wire 10/13/99

**IFC's Response:**

The documents are not hearsay. See Fed.R.Evid. 801(d)(2)(A),(D), and (E). They constitute instrumentalities of the wrongful conduct. Even so, they are admissible pursuant to Fed.R.Evid. 803(6).

Doc. No. DZ339-466  Various checks and records produced by Jane Dziemit

**IFC's Response:**

The documents are not hearsay. See Fed.R.Evid. 801(d)(2)(A), (D) and (E). They constitute instrumentalities of the wrongful conduct. Even so, they are admissible pursuant to Fed.R.Evid. 803(6). Moreover, the documents are not hearsay because they are statements by a party-opponent. Fed.R.Evid. 801(d)(2)(A). As to Defendants Adams and Williams, the document constitutes an admission of a co-conspirator in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E).

Doc. No. DZ467-471 email with attached Mitchell statement.

**IFC's Response:**

The documents constitute a statement of which Dziemit has manifested a belief in its truth, and is, therefore, not hearsay.  Fed.R.Evid. 801(d)(2)(B).

Doc. No. M3-12,13

**IFC's Response:**

The documents are not hearsay.  See Fed.R.Evid. 801(d)(2)(E).  They constitute instrumentalities of the wrongful conduct. Even so, they are admissible pursuant to Fed.R.Evid. 803(6).  The document constitute an admission of a co-conspirator in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(A).  As to Adams, the documents constitute an admission. Fed.R.Evid. 801(d)(2)(E).

Any and all affidavits of Jane Dziemit

**IFC's Response:**

The documents are admissible as an admission by a party-opponent.  Fed.R.Evid. 801(d)(2).

Any and all affidavits of Ronald Mitchell

**IFC's Response:**

The documents constitute a statement of which Dziemit has manifested a belief in its truth, and is, therefore, not hearsay.  Fed.R.Evid. 801(d)(2)(B).

Jane Dziemit's Answers to Interrogatories

**IFC's Response:**

The documents are admissible as an admission by a party-opponent.  Fed.R.Evid. 801(d)(2).

Ronald Mitchell's Answers to Interrogatories

**IFC's Response:**

The documents constitute a statement of which Dziemit has manifested a belief in its truth, and is, therefore, not hearsay.  Fed.R.Evid. 801(d)(2)(B).

Any exhibit marked at any deposition

**IFC's Response:**

IFC will specify any such exhibit in advance of trial.

Handwritten notes of Bill Gemme

**IFC's Response:**

The notes constitute business records.  See Fed.R.Evid. 803(6)

**Investigative Documents (No. 41)**

Doc. Nos. 1974-1998  (Five Month investigation documents)
Various invoices
Doc. No. 20273  (Thirteen Month Investigation)
Doc. No. 20275 (Chart)
Doc. No.  20109-20112 (General ledger 2/1/04 – 1/29/05)
Doc. No. 20108 (General Ledger 1/4/04 – 1/31/04)
Doc. No. 20113-20126 (PO Details for Dept. Remnants Between 5/2/04 and 4/30/05)
Doc. No. 20001-20045 (General Ledgers)
Doc. No. 20046-20060 (General Ledgers)
Doc. No. 20182-20239 (RGIS Inventory Specialists, Dept. Summary Report)
Doc. No. 20274 (Vendor Purchases 1/1/04 – 1/29/05)
Doc. No. 20240 (Warehouse Inventory Remnants 2/1/05)
Doc. No. 1965-1971 (Warehouse Inventory)
Doc. No. 20276 (Chart)
Doc. No. 2025- 2037 (Invoice Register)
Doc. No. 20137-20138 (Invoice Register)

**IFC's response:**

1.  Defendant Dziemit did not object to Exhibit 41 in her initial set of objections to Plaintiff's Pretrial Disclosures, in which the records were described as "IFC Investigation Documents", and so Defendant Dziemit's objection is waived.

2.      The records are relevant, as they constitute documents developed and/or reviewed during the course of the investigation of the alleged fraud.  IFC relied upon the records in determining that a fraud existed.  The records are also necessary to prove damages.

3.      The bulk of the documents also constitute summaries of voluminous IFC records. See Response No. 17, *supra*.  The records are also business records, and admissible pursuant to Fed.R.Evid. 803(6).

**Defendant's Response:**

**A.  Exhibits Defendant Expects to Offer into Evidence at Trial**

No. 5, Exhibit 38, Chart is admissible to the extent it can be reproduced in its entirety and to the extent it and to the extent it falls within the Rule 803(5) exception; other defects in

accordance with Rules 901 and 1003 can be addressed via proper foundation. Furthermore, Exhibit 45 and 46 (e-mail and Affidavit would also be admissible pursuant to Rule 803(5) and defects pursuant to Rules 901 and 1003 can also be cured via proper foundation.

No. 6, Exhibit 4, Affidavit would also be admissible pursuant to Rule 803(5), but in any event is likely to be covered via testimony of Defendant who intends to appear and testify. Further, defects pursuant to Rules 901 and 1003 would be addressed via proper foundation. To the extent Plaintiff objects to portions it claims violate Rule 404 and 405, paragraphs which the Court finds are impermissible character evidence should be addressed individually, but could be redacted.

No. 6, Exhibit 8, a pleading filed within the case is not properly objected to pursuant to Rules 801 and 802; it is now unlikely defendant will submit into evidence in light of defendant's intention to appear and testify.

No 6, Exhibit 10, 2002 tax return falls within exception presented in Rule 801(6).

Exhibits 7 and 8 could also be admissible pursuant to Rule 803(5) and defects pursuant to Rules 901 and 1003 can also be cured via proper foundation. However, since defendant Dziemit will be appearing to testify, Exhibit 7 may be unnecessary. Exhibit 8, would be admissible along with the Deposition of Mitchell, should he fail to appear.

**B.      Exhibits Defendant Dziemit May Offer:**

1.      Documents which plaintiff produced which defendant may seek to introduce include any and all inventory documents which plaintiff produced that defendant can seek admission pursuant to Rule 803(6); Furthermore, defendant may seek to introduce any registers which purportedly show payments plaintiff received from various entities during the relevant time period. Defendant may seek to introduce purchase orders generated, key req's signed by its employee(s) or checks plaintiff issued to any defendant sued in this lawsuit.

2.      Defendant would be able to submit any invoices for REMCO or Mansfield Rug between 1999-2005 pursuant to Rule 803(6). Furthermore, Defendant would be able to submit checks from REMCO or Mansfield Rug payable to any co-defendant on the same grounds.

5. and 6.  Defendant cannot sufficiently identify these documents until and unless it sees additional documents plaintiff seeks to introduce. Plaintiff has listed 56 groups of documents with more than 600 documents within the group that it expects to introduce (Schedule A) and more than 1000 documents it may introduce (Schedule B).

7.      Affidavit of Robert O'Neill could be admissible to impeach

him pursuant to Rule 803(5) or 803(6). It also may be admissible pursuant to Rule 803(1) as he was the outside investigator hired by plaintiff before a lawsuit was filed.


Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,


/s/ Paul J. Klehm_____
Paul J. Klehm (BBO# 561605)
pklehm@krasnooklehm.com
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Benjamin L. Falkner (BBO# 667951)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
23 Main Street, Suite Six
Andover, MA  01810
(978) 475-9955


Defendant Jane Dziemit
By her attorney,
*/s/ Neil S. Cohen  (by PJK with permission)*_____
Neil S. Cohen (BBO# 561173)
neilcohenlaw@yahoo.com
Neil S. Cohen, P.C.
Eleven Beacon Street, Suite 625
Boston, MA  02108
(617) 367-0070


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid, on July 2, 2008.


*/s/ Paul J. Klehm*_____
Paul J. Klehm

EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

INTERNATIONAL FLOOR CRAFTS, INC.    )
    Plaintiff    )
        )
        )
v.    )
        )
DAVID W. ADAMS, *et al*    )    CIVIL ACTION NO. 05CA11654-NMG
    Defendants    )
        )

## PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S OBJECTIONS TO DEFENDANT DZIEMIT'S FED. R. CIV. P. 26(a)(3) PRETRIAL DISCLOSURES

Plaintiff International Floor Crafts, Inc. ("IFC") hereby submits its objections to Defendant Jane Dziemit's Pre-Trial Disclosures [Doc. No. 237]:

### General Objections

1.    IFC objects to Defendant Dziemit's Pre-Trial Disclosures, and the exhibits and witnesses set forth therein, in their entirety because they were not filed until June 21, 2008, less than thirty days before the July 9, 2008 Final PreTrial Conference, as required by Local Rule. 16.5(c). IFC, which submitted its Pretrial Disclosures on a timely basis [Doc. No. 234], is prejudiced by the need to review Defendant Dziemit's disclosures and to prepare objections thereto on short notice. On June 23, 2008, IFC's counsel conferred with Defendant Dziemit's counsel by telephone regarding IFC's objections to Dziemit's Pretrial Disclosures.

2.    IFC reserves the right to object to any exhibit designated by Defendant Dziemit pursuant to Fed.R.Evid. 402 and 403. See Fed.R. Civ. P. 26(a)(3)(B).

## A. Exhibits that Defendant Dziemit Expects to Offer into Evidence at Trial

| Exhibit No. | Description | Basis for Objection (References are to the Federal Rules of Evidence) |
|---|---|---|
| 5 (Mitchell, Exh. 38) | Chart | Objection to extent Mitchell's chart is incomplete and to extent pages include document apparently prepared by Dziemit |
| 5 (Mitchell, Exh. 45) | Email dated (10/12/05) | 801, 802, 901, 1003 |
| 5 (Mitchell, Exh. 46) | Aff. Mitchell (Doc. 212) | 801, 802, 901, 1003 |
| 6 (Dziemit, Exh. 4) | Aff. Dziemit (Doc. 123) | 404, 405, 801, 802, 901, 1003 |
| 6 (Dzmiemit, (Exh. 8) | Answer (Doc. 156) | 801, 802 |
| 6 (Dziemit, Exh. 10) | 2002 Tax Return | 801, 802 |
| 7 | Aff. Dziemit | 404, 405, 801, 802, 901, 1003 |
| 8 | Aff. Mitchell | 801, 802, 901, 1003 |

## B. Exhibits Defendant Dziemit May Offer

| Exhibit No. | Description | Basis for Objection |
|---|---|---|
| 1 | Documents produced by Plaintiffs | Overbroad, Does not reasonably identify exhibit |
| 2 | Documents produced by Defendant Mitchell | Overbroad, Does not reasonably identify exhibit |
| 5 | Any other evidence offered by Plaintiff and any codefendant | Overbroad, Does not reasonably identify exhibit |

| **Exhibit No.** | **Description** | **Basis for Objection** |
|---|---|---|
| 6 | Any and all documents necessary to impeach, cross-examine any witnesses who appear to testify at trial | Overbroad, Does not reasonably identify exhibit |
| 7 | Affidavit of Robert O'Neil | 801, 802 |

The Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,

James B. Krasnoo (BBO#279300)
*jkrasnoo@krasnooklehm.com*
Paul J. Klehm (BBO#561605)
*pklehm@krasnooklehm.com*
Krasnoo|Klehm LLP
23 Main Street
Andover, MA 01810
(978) 475-9955

Dated: June 23, 2008

## CERTIFICATE OF SERVICE

I, Paul J. Klehm, Esq., hereby certify that I have served a copy of the within

document upon all counsel of record by first class mail, postage pre-paid, on

June 23, 2008.

Paul J. Klehm

3

EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID W. ADAMS, *et al*<br>Defendants | ) | CIVIL ACTION NO. 05CA11654-NMG |
| | ) | |

**PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S OBJECTIONS
ARISING OUT OF FAILURE OF DEFENDANTS ADAMS, WILLIAMS AND
MITCHELL TO FILE FED. R. CIV. P. 26(a)(3) PRETRIAL DISCLOSURES**

Plaintiff International Floor Crafts, Inc. ("IFC") hereby objects to the introduction

at trial by Defendants David Adams, Tyrone Williams and Ronald Mitchell of any

witnesses and/or exhibits as a result of the failure of these defendants to serve and/or to

file their respective Pretrial Disclosures pursuant to Fed.R.Civ.P. 26(a)(3) and L.R. 16.5.

Additionally, to the extent necessary, IFC reserves the right to object pursuant to

any Federal Rule of Evidence, including, without limitation, Fed.R.Evid. 402 and 403, to

any exhibit sought to be introduced by these defendants at trial. See Fed.R. Civ. P.

26(a)(3)(B).

The Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,


James B. Krasnoo (BBO#279300)
*jkrasnoo@krasnooklehm.com*
Paul J. Klehm (BBO#561605)
*pklehm@krasnooklehm.com*
Krasnoo|Klehm LLP
23 Main Street
Andover, MA 01810
(978) 475-9955

Dated: June 23, 2008

## CERTIFICATE OF SERVICE

I, Paul J. Klehm, Esq., hereby certify that I have served a copy of the within document upon all counsel of record by first class mail, postage pre-paid, on June 23, 2008.

Paul J. Klehm

EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

INTERNATIONAL FLOOR CRAFTS, INC. )
    Plaintiffs )
                               )
v.                          ) CIVIL ACTION  NO. 05CA11654-NMG
                               )
DAVID W. ADAMS, *et al*         )
    Defendants )

## DEFENDANT JANE DZIEMIT'S OBJECTIONS TO DOCUMENTS LISTED IN PLAINTIFF'S PRETRIAL DISCLOSURES PURSUANT TO 26(a)(3)

NOW COMES defendant Jane Dziemit who objects to the following documents on grounds of hearsay pursuant to Rule 802 of the Federal Rules of Evidence and reserves her right to object on relevancy grounds pursuant to Rules 402 and 403 of the Federal Rules of Evidence:

### EXHIBIT A – DOCUMENTS WHICH PLAINTIFF EXPECTS TO OFFER

**# 17 – Doc No. 1810 –** 1999-2005 list amounts re: CCC International, Dalton Padding, Empire Weavers, Mansfield Rug, REMCO.

**#18 – Doc No. 20276 –** Spreadsheet years1995-2005 re: CCC International, Dalton Padding, Empire Weavers, Mansfield Rug, REMCO.

**#30 – Doc No. M2800 –** Dziemit's resignation letter

**#33 – Doc No. M2877-2878 –** Handwritten records

**#36 –** Fax of bill of lading from Ron Mitchell to IFC

**#37 –** Exhibits #4, #7, #8, #10 to deposition of Jane Dziemit

**#38 –** Exhibits #3, #7, #26, #38, #39, #40, #47, #49

**#49 –** Dziemit's bank records and checks

#53- Doc No. DZ298-305, 315, 321 – Redacted ledgers

#54 – Doc No. DZ316-320 – Oversized ledger

#56 – Dziemit's transaction records

## EXHIBIT B – DOCUMENTS WHICH PLANTIFF MAY OFFER

**Doc No. 1569-1571** – Check and notes re: David Adams consulting dated August, 2000

**Doc No. 1712** – Note re: Fedex per Ron to Jane Dzeimit dated 1/27/03

**Doc No. 1-62** – Data Quest Ltd – International Floor Craft, Building 19, Investegation 5/27/05

**Doc No. 20165-20166** – Hand written lists re: United Auctions

**Doc No. 20273** – Spreadsheet vendor purchases 1/1/04-1/29/05; final retail 12/03, purchase 2/04-1/05, purchases 1/04

**Doc No. 20345-20348** – Various telephone message slips for Jim from Ron Mitchell

**Doc No. 20349** – Notes re: 5/24/05, 5/25/05 and 6/2/05 phone calls re: Mike Brown

**Doc No. DZ85-116** – Letter from Rosenblitz dared 10/14/05

**Doc No. 120-122** – Checks to Jane Dziemit

**Doc No. DZ43-58** – Dziemit tax document

**Doc No. DZ59-60** – Dziemit tax documents

**Doc No. DZ103-116** – Dziemit tax documents

**Doc No. DZ205-209** – Mitchell chart (missing 1st page)

Deposition transcript of Jane Dziemit

Deposition transcript and deposition exhibits of Tyrone Williams

Depostion Transcript of Ron Mitchell

**Doc No. DZ331-332** – Documents re: wire 10/13/99

**Doc No. DZ339-466** – Various checks and records produced by Jane Dziemit

**Doc No. DZ467-471** – email with attached Mitchell statement

**Doc No. M3-12, 13** – "To Whom It May Concern" documents

Any and all Affidavits of Jane Dziemit

Any and all Affidavits of Ron Mitchell

Jane Dziemit's Answers to Interrogatories

Ron Mitchell's Answers to Interrogatories

Any exhibit marked at any deposition

Handwritten notes of Bill Gemme

Purchase orders listing Tony Maresca as contact person

General inventory documents



Respectfully Submitted,
Counsel for the Defendant,


Neil S. Cohen, Esquire (BBO# 561173)
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108
(617) 367-0070


Dated: June 23, 2008

## Certificate of Service

The undersigned hereby certifies that a copy of the above Objections to Plaintiff's Documentary Exhibits was caused to be served on all counsel of record via facsimile and U.S. Mail, to wit:

Isaac H. Peres, Esq.
Law Office of Isaac H. Peres
50 Congress Street , Suite 225
Boston, MA 02109

Frederic D. Grant, Jr., Esq.
Law Office of Frederic D. Grant, Jr.
725 Atlantic Avenue, Second Floor
Boston, MA 02111

Robert M. Xifaras, Esq.
5 Dover Street, Suite 101
New Bedford, MA 02740

Paul Klehm, Esq.
Krasnoo & Klehm, LLP
Twenty-Three Main Street
Andover, MA 01810-3730

Signed this _25th_ day of _June_ , 2008.

Neil S. Cohen, Esq.
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108
(617) 367-0070

*Exhibit D*

<div align="center">

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

</div>

|  |  |  |
|---|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 05-cv-11654-NMG |
| | ) | |
| DAVID W. ADAMS, *et al*, | ) | |
|     Defendants. | ) | |

<div align="center">

**PLAINTIFF'S RULE 26(a)(3) PRETRIAL DISCLOSURES**

</div>

Plaintiff International Floor Crafts, Inc., by and through undersigned counsel, hereby files its Pretrial Disclosures pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure and Local Rule 16.5(C). In order to comply with Electronic Case Filing Procedures, Paragraph K, Plaintiff shall omit the street addresses from the addresses contained herein, but will forward another version of the Pretrial Disclosures to the parties via first class mail which includes the street addresses.

**A(1). Plaintiff expects the following witnesses to present evidence:**

1.    William Elovitz
c/o International Floor Crafts, Inc.
Hingham, MA
(781) 749-6900

2.    John Durant
c/o International Floor Crafts, Inc.
Hingham, MA
(781) 749-6900

3.    William Gemme
c/o International Floor Crafts, Inc.
Hingham, MA
(781) 749-6900

4.    Nicolas Adler-Duthe
c/o International Floor Crafts, Inc.

Hingham, MA
(781) 749-6900

5.    Defendant David W. Adams
      Wilmington, MA
      (978) 694-9474

6.    Defendant Tyrone Williams
      New Bedford, MA

7.    Defendant Ronald Mitchell
      East Haven, Connecticut
      (203) 468-9544

8.    Defendant Jane Dziemit
      Palm Desert, CA

**2).    Plaintiff may call the following witnesses, if the need arises:**

9.    Anthony Maresca
      Palm Desert, CA

10.   Dianne Spignesi
      Connecticut
      Or Apopka, FL  32712

11.   Russell Bubas, President
      Data Quest Investigations, Ltd
      Boston, MA
      (617) 437-0030

12.   Robert O'Neill
      Data Quest Investigations, Ltd
      Boston, MA
      (617) 437-0030

13.   Carol F. Mauriello
      Regional Express, LLC
      West Haven, CT
      (203) 932-0123

14.   Executor of the Estate of Defendant Kevin Britto
      New York, NY 10011

15.   Defendant Michael E. Brown
      Dalton, Georgia
      (706) 226-2409

16. Agatha Esposito
    East Haven, Connecticut
    (203) 467-4250

17. David Sun
    Fairfax Station, VA  22039
    (703) 690-9689

18. John Sun
    Centreville, VA  20120

19. Paul Sun
    Fairfax Station, VA  22039
    (703) 690-2351

20. Rick Finley
    Cleveland, OH area

21. Linda Adams
    Wilmington, MA
    (978) 694-9474

22. Barbara Adams
    c/o International Floor Crafts, Inc.
    Hingham, MA
    (781) 749-6900

23. Richard Nichols
    Hingham, MA
    (781) 749-6900

24. Stacy Grace
    c/o International Floor Crafts, Inc.
    Hingham, MA
    (781) 749-6900

26. Keeper of Records
    Citizens Bank
    Lawrence, MA  01840

27. Ms. Sandra J. Anderson
    Citizens Bank
    Lawrence, MA  01840

28. Keeper of Records
    JP Chase Morgan Bank
    Lowell, MA  01851

30.    [Omitted]

31.    Keeper of Records
       Chinese Carpet Center, Inc. d/b/a CCC International
       Lorton, VA

32.    Keeper of Records
       CCC International, Inc.
       Lorton, VA

33.    Keeper of Records
       Lowell Five Cent Savings Bank
       Lowell, Massachusetts.

34.    Keeper of Records
       Wachovia Bank, National Association,
       One Wachovia Center, Charlotte, NC

35.    Keeper of Records
       Bank of America
       Charlotte, NC

36.    Keeper of Records
       People's Bank
       Bridgeport, CT

37.    Keeper of Records
       First Union National Bank
       Charlotte, PA

38.    Keeper of Records
       Mansfield Rug
       East Haven, Connecticut

39.    Keeper of Records
       Dalton Padding
       Dalton, Georgia

40.    Keeper of Records
       Empire Weavers
       Rockville, Maryland

41.    Keeper of Records
       REMCO
       East Haven, Connecticut

42.   Chris Jenkins
      Address unknown

43.   Susan Brown
      Dalton, GA  30720

44.   Thomas Dion
      Norwood, MA

45.   Keeper of Records
      15 Holmes Properties, LLC
      New Haven, CT  06512

47.   Keeper of Records
      283 Forbes Properties, LLC
      New Haven, CT  06512

48.   Keeper of Records
      Dimitry Properties, LLC
      New Haven, CT  06512

49.   Keeper of Records
      Lia's Choice, LLC
      New Haven, CT  06512

50.   Keeper of Records
      Wyvern Group, LLC
      New Haven, CT  06512

51.   Keeper of Records
      2575 State Street, LLC
      New Haven, CT  06512

52.   Mark Souto
      former Building 19 employee

53.   Keeper of Records
      International Floor Crafts, Inc.
      Hingham, MA

54.   Keeper of Records
      Building 19, Inc.
      Hingham, MA
      (781) 749-6900

55.  Keeper of Records
     Data Quest Ltd.
     Boston, MA
     (617) 437-0030

56.  James Clark
     c/o International Floor Crafts, Inc.
     Hingham, MA
     (781) 749-6900

57.  Deborah Myers
     c/o International Floor Crafts, Inc.
     Hingham, MA
     (781) 749-6900

58.  Mark Rosenblit, Esq.,
     W. Hartford, CT

59.  Keeper of Records
     Bank of America
     Legal Order Processing
     Utica, NY

60.  Robert Walsh
     Director of Financial Accounting
     Building 19
     Hingham, MA
     (781) 749-6900

61.  Joanne Cameron
     Former Director of Loss Prevention
     Building 19
     Lives in Hull, MA

62.  Bienvenido Perez
     Warehouse
     Building 19
     Hingham, MA
     (781) 749-6900

63.  Kathy Whittaker
     Former employee Building 19
     Lives in East Freetown, MA

64.  Carol Bonnville
     Building 19
     Hingham, MA
     (781) 749-6900

65.   Michel Blais
      Building 19
      Hingham, MA
      (781) 749-6900

66.   Marjorie Langan
      Building 19
      Hingham, MA
      (781) 749-6900

67.   Any and all witnesses listed on any defendant's Pretrial Disclosures.

68.   Any and all witnesses who are necessary to lay a proper foundation for the admission of any document or tangible thing.

69.   Any and all witnesses necessary for rebuttal or impeachment of any witness called by any defendant.

Plaintiff reserves its right to supplement this list of witnesses up to and including the time of trial with reasonable notice to counsel.

**B.    Designation of Witnesses Whose Testimony Plaintiff Expects to Present by Deposition**

On February 13, 2006, the Court granted Plaintiff's motion for leave to take the immediate deposition of Kevin Britto in order to perpetuate his testimony [Doc. No. 128]. On March 1, 2007, Plaintiff filed a Suggestion of Apparent Death of Defendant Britto. [Doc. No. 192]. Plaintiff intends to present at trial the transcript of deposition of decedent Kevin Britto, taken on March 7, 2006, March 10, 2006, and May 31, 2006.

In the event that Defendant Jane Dziemit or Defendant Ronald Mitchell, both of whom reside outside of Massachusetts, do not appear at trial, Plaintiff intends to present their respective depositions at trial. Plaintiff may also seek to introduce portions of the deposition of Tyrone Williams, if he successfully asserts the Fifth Amendment privilege at trial.

**C(1).   Plaintiff expects to introduce the following exhibits at trial:**

7

(See **Exhibit A** attached hereto.)

**C(2).**   **Plaintiff may introduce the following exhibits at trial, if the need arises:**

(See **Exhibit B** attached hereto.)

<div style="margin-left: 40%;">

Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,


*/s/ Paul J. Klehm*
Paul J. Klehm (BBO# 561605)
pklehm@krasnooklehm.com
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Benjamin L. Falkner (BBO# 667951)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
23 Main Street, Suite Six
Andover, MA 01810
(978) 475-9955

</div>

Dated:  June 9, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid on June 9, 2008.

<div style="margin-left: 40%;">

*/s/ Paul J. Klehm*
Paul J. Klehm

</div>

## EXHIBIT A
## DOCUMENTS WHICH PLAINTIFF EXPECTS TO OFFER

|   | Doc Nos. | Description of documents |
|---|---|---|
| 1 | 1666-1693 | Checks, purchase orders, invoices, Key-rec documents re: REMCO dated 1999-2000 |
| 2 | 24-86 | Front and backs of checks from International Floor Crafts, Inc. to REMCO from 1999 to 2001 |
| 3 | 1519-1549 | Checks, purchase orders, invoices, Key-rec documents re: REMCO dated 2000 |
| 4 | 359-389 | Checks, purchase orders, invoices, Key-rec documents re: REMCO dated 2000-2001 |
| 5 | 297-330 | Checks, purchase orders, invoices, Key-rec documents re: Mansfield Rug Co dated 2001-2002 |
| 6 | 238-296 | Checks, purchase orders, invoices, Key-rec documents re: REMCO dated 2001-2003 |
| 7 | 693-792 | Checks, purchase orders, invoices, FedEx Tracking documents (some signed by J. Dziemit) Key-rec documents re: REMCO dated 2002-2003 |
| 8 | 587-671 | Checks, purchase orders, invoices, Key-rec documents re: REMCO dated 2003 |
| 9 | 972-975 | purchase orders, invoices, Key-rec documents re: REMCO dated 2004 |
| 10 | 529-533 | Checks, invoices, Key-rec documents re: REMCO dated 2005 |
| 11 | 2410-2417 | Front and backs of checks from International Floor Crafts, Inc. to REMCO dated 2003 and 2005 |
| 12 | 1572-1582 | Checks, purchase orders, invoices, Key-rec documents re: Mansfield Rug Co dated 2000 |
| 13 | 1550-1568 | Checks, purchase orders, invoices, Key-rec documents re: Mansfield Rug Co dated 2000 |
| 13A | 672-692 | Checks, purchase orders, invoices, Key-rec documents re: Mansfield Rug Co. dated 2002 |
| 14 | 793-804 | Checks, purchase orders, invoices, Key-rec documents re: Mansfield Rug Co. dated 2003 |
| 14A | 976-985 | purchase orders, invoices, Key-rec documents re: Mansfield Rug Co dated 2004 |
| 15 | 567-571 | purchase orders, invoices, Key-rec documents re: Mansfield Rug Co. dated 2005 |
| 16 | 1705-1711 | FedEx documents re: track shipments detailed results showing package signed by J. Dziemit 1/27/03, 1/28/03 |
| 17 | 1810 | 1999-2005 list of amounts re: CCC International, Dalton Padding, Empire Weavers, Mansfield Rug, REMCO |
| 18 | 20276 | Spreadsheet years 1995-2005 re: CCC International, Dalton Padding, Empire Weavers, Mansfield Rug, REMCO |

| 19 | 1703 | List of Vendor Purchasees 1/1/04-1/29/05 re: CCC International, Empire Weavers, Mansfield Rug, Dalton Padding, REMCO |
|----|------|---|
| 20 | 1702 | One page note |
| 21 | 1855-1858 | Fax cover sheet from Bill Gemme to Mike Brown dated 5/9/05 re: bill of lading for attached list of invoices (2 pages re: Dalton Padding, Empire Weavers) |
| 22 | 1859-1861 | Fax cover sheet from Bill Gemme to David at CCC dated 5/5/05 re: bill of ladings for attached list of invoices (1 page re: CCC International) |
| 23 | 20169 | Invoice Register from 2/1/03 to 12/31/03 re: Mansfield Rug Co |
| 24 | 20170 | Invoice Register from 2/1/03 to 12/31/03 re: REMCO |
| 25 | 20174 | Invoice Register from 2/1/03 to 12/31/03 re: Mansfield Rug |
| 26 | 20175 | Invoice Register from 2/1/03 to 12/31/03 re: REMCO |
| 27 | 20179 | Invoice Register from 2/1/03 to 12/31/03 re: Mansfield Rug Co |
| 28 | 20180 | Invoice Register from 2/1/03 to 12/31/03 re: REMCO |
| 29 | M 3055 | 1st page of Ron Mitchell's transaction records |
| 30 | M 2800 | Dziemit's resignation letter |
| 31 | M 2823 | Sales and Use tax return |
| 32 | M 2852-2876 | Wire transfer forms |
| 33 | M 2877-2878 | Handwritten records |
| 34 | | Mitchell's handwritten transaction records |
| 35 | 572, 573, 575 | Bills of Lading |
| 36 | | Fax of Bill of Lading from Ron Mitchell to IFC |
| 37 | | Exhibits 1-10 to deposition of Jane Dziemit |
| 38 | | Exhibits 1-49 of Deposition of Ronald Mitchell |
| 39 | M 25-207 | Mitchell Business Records |
| 40 | | Mitchell bank statements and checks |
| 41 | | IFC Investigation Documents |
| 42 | | Purchase orders, invoices, checks and other documents re; REMCO transactions |
| 43 | | Purchase orders, invoices, checks and other documents re: Mansfield Rug transactions |
| 44 | | Checks from REMCO bank account |
| 45 | | Checks from Dziemit bank account |
| 46 | | Checks from Mitchell bank account |
| 47 | M2502-2633 | Mitchell's check registers |
| 48 | | Checks made payable to cash |
| 49 | | Dziemit's bank records and checks |
| 50 | 1783-1790 | Facsimile records for 508-991-7771 from 2/11/05-6/27/05 |
| 51 | 2223 | Mansfield Rug Co invoice dated 3/25/05 |
| 52 | 2271-2274 | Purchase orders re: REMCO dated 2003 and 2005 |
| 53 | DZ 298-305, 315, 321 | Redacted ledgers |
| 54 | DZ 316-320 | Oversized ledger |

| 55 | | Checks from IFC to REMCO, Mansfield Rug |
| 56 | | Dziemit's transaction records |

## EXHIBIT B
## DOCUMENTS WHICH PLAINTIFF MAY OFFER

| Doc Nos. | Description of documents |
|---|---|
| 1-2 | Note from Kevin Britto dated 1/16/06 |
| 3-5 | David Adams employment records |
| 6. | Memo from David at CCCI to Nick Adler dated August 17, 2005 re: China Energy Decorative Material Co., Ltd. |
| 20-21 | Facsimile Cover Sheet from Paul D. Sun, CCCI to Jim Clark dated July 25, 2005 and Personal Guaranty form for William Elovitz |
| 22-23 | Facsimile Cover Sheet from Paul D. Sun, CCCI to Mr. John Durant and Mr. Bill Elovitz dated August 2, 2005 and Personal Guarantee form for Mr. William Elovitz's signature |
| 87 | Front and back of check from International Floor Crafts, Inc. to Dave Adams dated 12/3/98 |
| 88-124 | Front and back of checks from International Floor Crafts, Inc. to Kevin Britto dated 1995-1997 |
| 125-157 | Front and backs of checks from International Floor Crafts, Inc. to CCC International dated 1995-1999 |
| 158-161 | Front and back of checks from International Floor Crafts, Inc. to Dalton Padding dated 1997-1998 |
| 162-167 | Front and back of checks from International Floor Crafts, Inc. to Empire Weavers dated 1997-1998 |
| 168-169 | Empire Weavers Invoices to International Floor Craft dated 11/2000 |
| 170-193 | Key-Rec documents re: Shipper Georgia Rug Mills, Calhoun, GA |
| 195-209 | Purchase Orders, Invoices, Key-Rec documents re: Empire dated 2000 |
| 210-237 | Checks, purchase orders, invoices, Key-rec documents re: CCCI dated 2000-2001 |
| 331-339 | Checks, purchase orders, invoices, Key-rec documents re: Empire Weavers Rug Co dated 2000-2001 |
| 340-349 | Checks, purchase orders, invoices, Key-rec documents re: CCCI dated 2000 |
| 350-358 | Checks, purchase orders, invoices, Key-rec documents re: Dalton Padding dated 2000 |
| 390-443 | Checks, purchase orders, invoices, Bill of Lading, Key-rec documents re: Empire Weavers dated 2004-2005 |
| 444-450 | Checks, purchase orders, invoices, Bill of Lading, Key-rec documents re: Dalton Padding dated 2005 |
| 451-528 | Checks, purchase orders, invoices, Bill of Lading, Key-rec documents re: CCC International dated 2004-2005 |
| 546-566 | Checks, invoices, purchase orders, Bill of Lading, Key-rec documents re: CCC International dated 2003-2005 |
| 577-586 | purchase orders, invoices, Bill of Lading, Key-rec documents re: |

| | Dalton Padding dated 2005 |
|---|---|
| 805-808 | Checks, purchase orders, invoices, Key-rec documents re: Empire Weavers dated 2003 |
| 809-945 | Checks, purchase orders, invoices, Key-rec documents re: CCC International dated 2003 |
| 946-971 | Checks, purchase orders, invoices, Bill of Lading, Key-rec documents re: Empire Weavers dated 2004 |
| 986-1244 | Purchase Orders, Invoices, Key-rec documents of CCC International dated 2004 |
| 1245-1337 | Front and backs of checks from International Floor Crafts to CCC International, Empire Weavers, Dalton Padding, REMCO, Dave Adams, Mansfield Rug Co., dated 1999-2005 |
| 1338 | Check from Michael Brown to The Brain Tumor Society dated 6/1/05 |
| 1339-1518 | Front and backs of checks from International Floor Crafts to CCC International, Empire Weavers, Dalton Padding, REMCO, Dave Adams, Mansfield Rug Co., dated 1998-2005 |
| 1569-1571 | Check and notes re: David Adams consulting dated August, 2000 |
| 1583-1604 | Checks, purchase orders, invoices, Key-rec documents re: Dalton Padding dated 1999 (includes note from Britto) |
| 1605-1665 | Checks, purchase orders, invoices, speed letter, freight bill, packing lists, Bill of Lading, Key-rec documents re: CCCInternational dated 1999 |
| 1694-1695 | WinFax PRO Cover Page from Ron Mitchell to Nick Adler dated 3/25/03 re: price quotes |
| 1696-1697 | WinFax PRO Cover Page from Ron Mitchell to Nick Adler dated 4/10/02 re: price quotes |
| 1698 | Memo from Dave Adams to Nick Adler dated 5/7/01 re: price quotes |
| 1699 | Memo from Dave Adams to Nick Adler dated 7/9/01 re: list from REMCO |
| 1700-1701 | Two page memo from Dave Adams to Nick Adler re: list of items to order from Empire |
| 1704 | Rug & Oriental Carpet Importers: Machine and Handmade Area Rugs – CCC International |
| 1712 | Note re: Fedex per Ron to Jane Dzimit dated 1/27/03 |
| 1713-1722 | Front and back of checks from International Floor Crafts, Inc. to CCC International, Empire Weavers, Mansfield Rug Co. dated 2000 and 2004 |
| 1723-1733 | purchase orders, invoices re: Dalton Padding dated 2005 |
| 1734-1764 | Invoices, purchase orders, bills of lading, IFC credit forms, invoices from Ideal Trans. Co., Inc., Key-rec documents re: CCC International dated 2005 |
| 1765-1776 | Check stubs, purchase orders, invoices re: Empire Weavers dated 2005 |
| 1777-1782 | Various photographs |

| | |
|---|---|
| 1811-1812 | Purchase orders re: CCC International dated 2005 |
| 1855-1858 | Fax cover sheet from Bill Gemme to Mike Brown dated 5/9/05 re: bill of lading for attached list of invoices (2 pages re: Dalton Padding, Empire Weavers) |
| 1859-1861 | Fax cover sheet from Bill Gemme to David at CCC dated 5/5/05 re: bill of ladings for attached list of invoices (1 page re: CCC International) |
| 1862-1874 | Fax cover page from Bill Gemme to Dan at Robert Weller re: bill of lading for 3 invoices dated 5/9/05 and bills of lading from Robert Weller Corporation |
| 1875-1882 | Fax from Mike Brown at Dalton Padding to Bill Gemme dated 5/11/05  re: bills of lading and bills of lading from Dalton Padding |
| 1883-1895 | Fax from Mike Brown – Empire Weavers to Bill Gemme dated 5/05 re: 13 pages – 12 bills of lading, bills of lading from Empire Weavers |
| 1896-1904 | Fax from David Sun at CCC International to Bill Gemme dated 5/9/05 attaching bills of lading from CCC International to Building 19 dated March, 2005 |
| 1905-1912 | Fax from David Sun at CCC International to Bill Gemme dated 5/10/05 attaching bills of lading from CCC International to Building 19 dated February and March, 2005 |
| 1913-1916 | Fax from David Sun at CCC International to Bill Gemme dated 4/26/05 attaching bill of lading from CCC International to Building 19 dated 3/28/05 |
| 1917-1925 | Fax from David Sun at CCC International to Bill Gemme dated 5/9/05  attaching bills of lading from CCC International to Building 19 dated March, 2005 |
| 1926-1938 | Fax from Mike Brown – Empire Weavers to Bill Gemme dated 5/05 re: 13 pages – 12 bills of lading, bills of lading from Empire Weavers |
| 1939-1946 | Fax from David Sun at CCC International to Bill Gemme dated 5/10/05 attaching bills of lading from CCC International to Building 19 dated February and March, 2005 |
| 1947 | IFC Inventory FY2005 dated 5/11/05 |
| 2198-2199 | Invoice and purchase order re: Dalton Padding dated January, 1998 |
| 2200-2201 | Key-rec document and receipt of goods from Griptex Industries to CCC International dated 1998 |
| 2202-2205 | Faxes to and from Wendy from Bob at Building #19, Inc dated 2/23/98 and 2/24/98 re: non-skid from Dalton Padding |
| 2206-2209 | List – Light Maxi (Omni), Heavy Aire (ultra); "To Stores", "WH Count" and "Total" |
| 2210 | Document -- Attn: Bob Walsh 2 pages 2/25/09 Dalton Pad. With list |
| 2211-2222 | Invoices, purchase orders, Key-rec documents, checks re: Dalton Padding dated 1997 |
| 2224-2270 | Checks, invoices, purchase orders, packing lists, bills of lading re: Empire Weavers dated 1997-1999 |

| 2275-2409 | Checks, invoices, purchase orders, packing lists, bills of lading re: CCC International dated 1997-1999 |
|---|---|
| 1-62 | Data Quest Ltd – International Floor Craft, Building 19, Investigation 5/27/05 |
| 20001-20060 | International Floor Crafts, Inc. General Ledger GL Activity Report – Summary 2/1/04 thru 1/29/05 |
| 20061-20107 | G/L Invoice Register 1/1/04 to 1/29/05 |
| 20108-20112 | General Ledger GL Activity Report – Summary 1/4/04-1/31/04;2/1/04-1/29/05 |
| 20113-20136 | IFC PO Details for various departments 5/2/04 and 4/30/05 |
| 20137-20159 | International Floor Crafts, Inc. Invoice Register, All YTD Activity; various run dates and sys dates |
| 20160-20164 | Invoices and purchase orders re: Bray's Carpet & Rug dated 2005 |
| 20165-20166 | Hand written lists re: United Auctions |
| 20167 | IFC Inventory FY2005 |
| 20168 | Invoice register from 2/1/03 to 12/31/03 re: CCC International |
| 20171-20172 | Invoice register from 2/1/03 to 12/31/03 re: CCC International |
| 20173 | Invoice register from 2/1/03 to 12/31/03 re: Empire Weavers |
| 20176 | Invoice register from 2/1/03 to 12/31/03 re: CCC International |
| 20177 | Invoice register from 2/1/03 to 12/31/03 re: Dalton Padding |
| 20178 | Invoice register from 2/1/03 to 12/31/03 re: Empire Weavers |
| 20181 | Comparison of IFC Inventory – Stores at Retail – YE '04 to '03 |
| 20182-20188 | RGIS Inventory Specialists, Building #19, Inc., Dept Summary Report dated 1/31/05 |
| 20189-20239 | RGIS Inventory Specialists, Building #19, Inc., Dept Summary Report various dates February, 2005 |
| 20240 | Warehouse Inventory Remnants 2/1/05 |
| 20241-20252 | CCC International invoices December, 2004-January, 2005 |
| 20253-20259 | Empire Weavers invoices December, 2004-January, 2005 |
| 20264-20272 | Various departments Warehouse Inventory 2/1/05 |
| 20273 | Spreadsheets vendor purchases 1/1/04 – 1/29/05; final retail 12/03, purchase 2/04-1/05, purchases 1/04 |
| 20275 | Spreadsheet of stores EOM December 2003 |
| 20277 | Year End Inventory Worksheet, December 2003, Ro lave Jan 03-Dec 03 |
| 20278 | Comparison of IFC Inventory, Stores at Retail, YE '04 to '03 |
| 20279 | YE Dec 2000 INV Summary |
| 20280 | IFC Inventory 12/31/05 Warehouse |
| 20281 | IFC Store Inventory December 31, 2005 at Retail less Consignment Rugs |
| 20293-20295 | Memo to All Stores Managers and Rug Departments from Bob Walsh dated 12/18/00 re: Floor Plans for IFC Year End Inventory |
| 20300-20310 | Personnel Records of Kevin Britto |
| 20345-20348 | Various telephone message slips for Jim from Ron Mitchell |
| 20349 | Notes re: 5/24/05, 5/25/05 and 6/2/05 phone calls re: Mike Brown |

| | and Ron Mitchell |
|---|---|
| 20350-20353 | I.F.C. Year End Inventory Instructions |
| 20354-20356 | Memo from Bob Walsh to All Store Managers and Rug Departments dated 12/18/00 re: Floor Plans for IFC Year End Inventory |
| 20357 | Rug Inventory YE December 2007; Year End Inventory 1/2/08 and 1/4/08 |
| 20361-20362 | IFC Inventory 1/3/08-1/4/08 |
| 20363 | Conversion Worksheet and Chart for Square Feet Items Broadloom, padding, in/out door carpet, vinyl, etc. |
| 20364-20371 | RGIS Inventory Specialists Building #19, Inc. Area/Section Summary Report, Area/Section/Dept Summary Report, Dept. Summary Report all dated 1/4/08 |
| 20372-20379 | Telephone records for 508-991-7771 dated 2/11/05 – 6/27/05 |
| 572-575, 131 | Mansfield Rug/REMCO Bill of Lading |
| DZ 10-25 | Checks signed by Dziemit |
| DZ 41-42 | Check No. 224 (Mitchell to Dziemit) |
| DZ 61-69 | Checks to Ron Mitchell |
| DZ 70-82 | Checks signed by Dziemit |
| DZ 85-116 | Letter from Rosenblitz dated 10/14/05 |
| DZ 117-118 | Documents re: check for $25,300 |
| DZ 120-122 | Checks to Dziemit |
| DZ 43-58 | Dziemit tax documents |
| DZ 59-60 | Dziemit tax documents |
| DZ 103-116 | Dziemit tax documents |
| DZ 205-209 | Mitchell chart (missing 1st page) |
| DZ 210-258 | Dziemit checks to Mitchell |
| DZ 260-268 | REMCO/CCC International documents |
| DZ 269-271, 290, 291, 305-314 | Checks from Ron Mitchell to Jane Dziemit or CT Commercial Lender |
| DZ 272, 278, 289 | REMCO Purchase Order |
| DZ 273, 292, 293, 294, 295 | Che from Jane Dziemit to Ron Mitchell |
| DZ 274 | Check from Jane Dziemit to REMCO |
| DZ 275 | Check to Cash |
| DZ 276-277, 287, 288 | CCC International Invoices |
| DZ 279-286 | Multiple checks |
| DZ 322-328 | Bentley Mortgage Bank records |
| DZ 329 | Chase records |
| DZ 330 | Bank Boston records for LJAMP |
| | Deposition Transcripts of Kevin Britto |
| | Deposition Transcript of Jane Dziemit |
| | Deposition Transcript and deposition exhibits of Tyrone Williams |
| | Deposition Transcript of Ron Mitchell |
| DZ 331-332 | Documents re: Wire 10/13/99 |

| | |
|---|---|
| DZ 333-336 | Documents re: Wire 11/18/99 |
| DZ 337-338 | Documents re: Wire 12/1/99 |
| DZ 339-466 | Various checks and records produced by Jane Dziemit |
| DZ 467-471 | e-mail with attached Mitchell statement |
| M 3-12, 13 | "To Whom It May Concern" documents |
| M 1, 2, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 155, 156-161, 162 | "Agreement for Sale of Goods" documents |
| M 2798 | 2001 1099 for Spignesi |
| M 2844 | 2005 1099 for Britto |
| | Peoples Bank wire transfer authorization |
| | People's Bank Signature Cards |
| M 1000-2499 | People's Bank and Citizens' statements and checks |
| M 2986 | Transfer application |
| M 163-164 | Tax documents |
| M 2808 | Chart |
| | Tax returns of David Adams |
| | Note from Kevin Britto to Mike Brown (handwritten) |
| | Note from Kevin Britto to the Suns (handwritten) |
| | Any and all Affidavits of Jane Dziemit |
| M 2636-2799, 2804-2851 | Ron Mitchell's tax records |
| M 2879-3188 | Misc. business records produced by Mitchell |
| | Documents relating to transactions involving Dalton Padding |
| | Documents relating to transactions involving Empire Weavers |
| | Documents relating to transactions involving CCC International |
| | Any and all Affidavits of Ronald Mitchell |
| | Jane Dziemit's Answers to Interrogatories |
| | Ron Mitchell's Answers to Interrogatories |
| | Documents produced in response to KOR People's Bank subpoena re: Ron Mitchell |
| | Documents produced in response to KOR Bank of America subpoena re: Kevin Britto |
| | Documents produced in response to KOR Lowell Five subpoena re: David Adams |
| | Documents produced in response to KOR Citizens Bank subpoena re: David Adams |
| | Any any exhibit marked at any deposition |
| | Any and all pleadings and attachments thereto |
| | Any and all deposition transcripts, to the extent admissible under the Rules of Evidence |
| | Any and all documents or other exhibits listed in any parties' automatic disclosures |
| | Any and all documents necessary to rebut exhibits, testimony, and/or |

| | |
|---|---|
| | other evidence offered by any defendant |
| | Any and all documents necessary to impeach or cross-examine any witness |
| | Death Certificate of Kevin Britto |
| | Voicemail left by Mitchell for Williams |
| | Handwritten notes of Bill Gemme |
| | Purchase orders, invoices, checks and other documents re: Dalton Padding transactions |
| | Purchase orders, invoices, checks and other documents re: Empire Weavers transactions |
| | Purchase orders, invoices, checks and other documents re: CCC International transactions |
| | Purchase orders listing Tony Maresca as contact person |
| | Bills of lading, invoices pertaining to other vendors |
| | General inventory documents |
| | Expense reimbursement sheets pertaining to Adams |

Plaintiff reserves the right to supplement this list of documents or other exhibits up to and including the time of trial with reasonable notice to counsel.

EXHIBIT E

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

INTERNATIONAL FLOOR CRAFTS, INC. )
      Plaintiffs, )
       )
       )
v.       ) CIVIL ACTION NO. 05CA11654-NMG
       )
DAVID W. ADAMS, *et al.*, )
      Defendants. )

## DEFENDANT, JANE DZIEMIT'S, RULE 26(a)(3) PRE-TRIAL DISCLOSURES

Defendant, Jane Dziemit, by and through her attorney hereby files her Pre-Trial

Disclosures pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure and Local

Rule 16.5(c). In order to comply with Electronic Case Filing Procedures, Paragraph K,

Defendant shall omit the street addresses from the addresses contained herein, but will

forward another version of the Pretrial Disclosures to the parties via facsimile and first

class mail which includes the street address.

A(1). **Defendant, Jane Dziemit expects to call the call witnesses to present evidence:**

    1.     Defendant Jane Dziemit
            Palm Desert, CA

    2.     Defendant Ronald Mitchell
            East Haven, CT

    3.     Defendant Tyrone Williams
            New Bedford, MA

    4.     Defendant David W. Adams
            Wilmington, MA

    5.     William Gemme
            c/o International Floor Crafts, Inc.
            Hingham, MA

6. William Elovitz
c/o International Floor Crafts, Inc.
Hingham, MA

7. John Durant
c/o International Floor Crafts, Inc.
Hingham, MA

8. Nicolas Adler-Duthe
c/o International Floor Crafts, Inc.
Hingham, MA

(2)  **Defendant may call the following witnesses, if the need arises:**

9. Diane Spignesi
Connecticut or Apopka, FL

10. Defendant Michael E. Brown
Dalton, Georgia

11. David Sun
Fairfax Station, VA

12. Paul Sun
Fairfax Station, VA

13. Robert O'Neill
Data Quest Investigations, Ltd.
Boston, MA

14. Defendant reserves the right call any witness listed on plaintiff's Pre-Trial Disclosures or any co-defendant's Pre-Trial Disclosures.

15. Defendant reserves the right to call any witness for the purposes of impeachment and/or rebuttal.

**B. Designation of Witness Whose Testimony Plaintiff Expects to Present by Deposition**

Defendant seeks to introduce at trial the transcript of the deposition of Kevin

Britto, who is deceased, taken on March 7, 2006, March 10, 2006 and May 31,

2006. Defendant also reserves the right to introduce the Deposition of Ronald

Mitchell, who is a Connecticut resident, should he not appear at trial.

**C(1)  Defendant expects to introduce the following Exhibits as trial:**

1.  Exhibit 1, from Deposition of William Elovitz;

2.  Exhibits 1-6, from the Deposition of William Gemme;

3.  Any Affidavit executed by William Gemme, including, but not limited to the one attached to Plaintiff's Verified Complaint;

4.  Exhibit 1, from the Deposition of John Durant;

5.  Exhibits 1-49 from the Deposition of Ronald Mitchell;

6.  Exhibit 1-10 from the Deposition of Jane Dziemit;

7.  Any Affidavit executed by Jane Dziemit; and

8.  Affidavit of Ronald Mitchell, executed in March, 2008.

**C(2)  Defendant May Offer the Following Documents at trial:**

1.  Any document plaintiff produced in response to defendant's Request for Production of Documents;

2.  Any document Co-Defendant Ronald Mitchell Produced in response to plaintiff's Request for Production of Documents;

3.  Any Purchase Order, corresponding invoice, and checks issued by plaintiff, Remco, Mitchell or Dziemit for any Remco transaction between 1999-2003;

4.  Copies of any checks forwarded to CCC from Remco, Dziemit or Mitchell

5.  Any other evidence offered by plaintiff or any co-defendant;

6.  Any and all documents necessary to impeach, cross-examine any witness who appear to testify at trial; and

7.  Affidavit of Robert O'Neill, Data Quest Investigations.

Defendant reserves the right to supplement this list up to and including time of trial with reasonable notice

<div align="center">

Defendant, Jane Dziemit,
By her Attorney,


/s/ Neil S. Cohen, Esq.
neilcohenlaw@yahoo.com
Neil S. Cohen, Esquire (BBO# 561173)
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108
(617) 367-0070

</div>

Dated: June 21, 2008

<div align="center">

### Certificate of Service

</div>

The undersigned hereby certifies that a copy of the above motion was caused to be served on all counsel of record via the ECF filing system and on all parties not represented by counsel by first class mail on June 21, 2008.

<div align="center">

/S/ Neil S. Cohen
Neil S. Cohen, Esq.
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108

</div>