UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

INTERNATIONAL FLOOR CRAFTS, INC. )
    Plaintiffs,                          )
                                            )
v.                                             ) CIVIL ACTION NO. 05CA11654-NMG
                                            )
DAVID W. ADAMS, *et al.,*          )
    Defendants.                        )

## **DEFENDANT, JANE DZIEMIT'S, *MOTION IN LIMINE NO. 2***

NOW COMES, Jane Dziemit, by and through counsel and hereby files this, her *Motion in Limine No. 2* and respectfully requests that counsel for plaintiff be excluded from arguing, commenting or eliciting testimony that co-defendant Ronald Mitchell originally took the 5th Amendment at his first deposition and shows the Court as follows:

1.    As the Court is aware, at the outset of the litigation of this case, Mitchell, on advice of counsel, pled the 5th Amendment, despite the fact that not only was he never charged with any criminal violation, he was never even questioned by authorities investigating the underlying crime

2.    Obviously, since that time, Mitchell signed, not only an affidavit, but gave extensive testimony concerning his involvement with the perpetrators and his lack of knowledge of the underlying scheme;

3.    Defendant's attorney anticipates that plaintiff's counsel will seek to argue that Mitchell must have something to "hide" because he originally took the 5th Amendment when he was deposed;

4. Such an argument is not only misleading, but is simply untrue considering the fact that he originally took the 5th on advice of counsel, has already testified extensively, has entered into a settlement with plaintiff and signed an Agreement for Judgment (the latter two of which are subject to another *Motion in Limine*);

5. Mitchell's original decision to take the 5th on advice of counsel is more prejudicial than probative in light of the other evidence which plaintiff will seek to introduce and, therefore, plaintiff's ability to prejudice the jury by arguing Mitchell must have been hiding something is tantamount to a negative inference it seeks as to defendant Adams and Williams.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court exclude plaintiff from arguing, referencing, commenting or suggesting that Mitchell originally took the 5th Amendment at his first deposition.

>Respectfully submitted,
>Defendant, Jane Dziemit,
>By her Attorney,
>
>/s/ Neil S. Cohen, Esq.
>neilcohenlaw@yahoo.com
>Neil S. Cohen, Esquire (BBO# 561173)
>**NEIL S. COHEN, P.C.**
>Eleven Beacon Street, Suite 625
>Boston, MA 02108
>(617) 367-0070

Dated: July 7, 2008

## Certificate of Service

      The undersigned hereby certifies that a copy of the above motion was caused to be served on all counsel of record via the ECF filing system and on all parties not represented by counsel by first class mail on July 7, 2008.

      /S/ Neil S. Cohen
Neil S. Cohen, Esq.
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108