UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>    Plaintiff,<br><br>v.<br><br>DAVID W. ADAMS, *et al*,<br>    Defendants. | CIVIL ACTION NO.<br>05-cv-11654-NMG |

**PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S MOTION TO AMEND THE AMENDED COMPLAINT TO ASSERT A CLAIM IN COUNT II AGAINST DEFENDANTS DZIEMIT AND WILLIAMS ONLY FOR VIOLATION OF 18 U.S.C. §1962(d) IN ADDITION TO CLAIM FOR COMMON LAW CONSPIRACY TO <u>VIOLATE R.I.C.O. ACT</u>**

Plaintiff International Floor Crafts, Inc. ("IFC") hereby moves this Court for leave to amend the Amended Complaint [Doc. No. 88] in order to assert a claim, against Defendants Dziemit and Williams only,[1] for violation of 18 U.S.C. §1962(d) in addition to the claim for common law conspiracy to violate the Racketeer-Influenced And Corrupt Organizations Act in Count II of the Amended Complaint:

1.      In Count II of the Amended Complaint, IFC asserts a claim entitled, "Common Law Conspiracy To Violate Racketeer-Influenced And Corrupt Organizations Act."

2.      In Paragraph 72 of Count II, IFC alleges that "[b]y their acts, conduct and communications, the Defendants conspired to violate 18 U.S.C. §1962(c)."

3.      18 U.S.C. §1962(d) prohibits a conspiracy to violate subsections (a) through (c) of §1962.

---

[1] IFC recognizes that, today, Defendant Adams filed a Second Suggestion of Bankruptcy [Doc. No. 247]. In light of the automatic stay, IFC seeks only, at this time, to amend Count II against Defendants Dziemit and Williams. IFC reserves the right to seek to amend Count II as to Defendant Adams. IFC does not herein relinquish its claim in Count II against Defendant Adams for Common Law Conspiracy To Violate Racketeer-Influenced And Corrupt Organizations Act.

4. In this Court's memorandum and order [Doc. No. 246] on Defendant Jane Dziemit's motion for summary judgment, the Court wrote that "[i]n lieu of asserting a violation of § (d), [IFC] alleges common law conspiracy to violate the RICO statute."

5. In their summary judgment materials, both Defendant Dziemit and IFC treated Count II as a claim for, among other things, a violation of §1962(d). *See* Defendant, Jane Dziemit's, Memorandum In Support of Her Motion for Summary Judgment Pursuant To Rule 56 [Doc. No. 213], at pp.12-16 (*citing Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1562 (1st Cir. 1994), a §1962(d) case, for the elements of RICO conspiracy); Plaintiff International Floor Crafts, Inc.'s Memorandum of Law In Opposition To Defendant Jane Dziemit's Motion for Summary Judgment [Doc. No. 211] [Doc. No. 229].

6. Through the within motion, IFC seeks to amend the title of Count II to the following (proposed amendments italicized):

**COMMON LAW *AND/OR STATUTORY CONSPIRACY* TO VIOLATE RACKETEER-INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

7. Additionally, IFC seeks to amend paragraph 72 of Count II to the following (proposed amendments italicized): "By their acts, conduct and communications, the Defendants conspired*, in violation of the common law and in violation of 18 U.S.C. §1962(d),* to violate 18 U.S.C. §1962(c) by Defendants."

8. IFC seeks to assert both common law and statutory claims out of an abundance of caution, even though the Supreme Court has interpreted §1962(d) as providing a private cause of action for, in essence, civil common law conspiracy. *See, e.g., Beck v. Prupis*, 529 U.S. 494, 501 (2000):

> This case, however does not present simply the question of what constitutes a violation of § 1962(d), but rather the meaning of a civil cause of action for private injury by reason of such a violation. In other words, our task is to interpret §§ 1964(c) and 1962(d) in conjunction, rather than §1962(d) standing alone. The

      obvious source in the commonlaw for the combined meaning of these provisions is the law of civil conspiracy.

*See also Bridge v. Phoenix Bond & Indemnity Co.*, 128 S. Ct. 2131, 2140 (2008) ("[I]n §1962(d) Congress used a term-"conspir[acy]"-that had a settled common-law meaning ...").

    9.    Defendants will suffer no prejudice from the allowance of the amendments proposed herein, where (1) the facts set forth in Count II, and throughout the Amended Complaint, give rise to a §1962(d) conspiracy, (2) Defendants have had adequate notice to defend such a claim, especially where Dziemit, in her motion for summary judgment treated Count II as a claim under §1962(d), and (3) the elements of a civil conspiracy claim under §1962(d) are, in essence, defined by the elements of common law conspiracy.

    10.    Therefore, IFC respectfully requests that this Court grant IFC leave to amend the Amended Complaint [Doc. No. 88] in order to assert a claim in Count II, against Defendants Dziemit and Williams only, for violation of 18 U.S.C. §1962(d) in addition to the claim for common law conspiracy to violate the Racketeer-Influenced And Corrupt Organizations Act, as proposed herein.

    **WHEREFORE**, for all the foregoing reasons, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court GRANT the within motion and GRANT IFC leave to amend the Amended Complaint [Doc. No. 88] in order to assert a claim in Count II, against Defendants Dziemit and Williams only, for violation of 18 U.S.C. §1962(d) in addition to the claim for

common law conspiracy to violate the Racketeer-Influenced And Corrupt Organizations Act, as proposed herein.

                  Plaintiff
                  International Floor Crafts, Inc.
                  By Its Attorneys,

*/s/ Paul J. Klehm*
Paul J. Klehm (BBO# 561605)
pklehm@krasnooklehm.com
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Benjamin L. Falkner (BBO# 667951)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
23 Main Street, Suite Six
Andover, MA  01810
(978) 475-9955

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(2)

I hereby certify that on July 7, 2008 at approximately 5:50 p.m., I spoke via telephone with Attorney Neil Cohen, counsel to Defendant Dziemit regarding the within motion. Attorney Cohen indicated that he intended to oppose the within motion. I did not attempt to reach Attorney Robert Xifaras, counsel to Defendant Williams, because his telephone has been disconnected. I did not attempt to reach Attorney Isaac Peres, counsel to Defendant Adams, because, in light of the automatic bankruptcy stay, IFC seeks only, at this time, to amend Count II against Defendants Dziemit and Williams.

*/s/ Paul J. Klehm*
Paul J. Klehm

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid on July 7, 2008.

*/s/ Paul J. Klehm*
Paul J. Klehm