UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DAVID W. ADAMS, *et al*, )<br>    Defendants. )<br>) | CIVIL ACTION NO.<br>05-cv-11654-NMG |

**PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S OPPOSITION TO DEFENDANT, JANE DZIEMIT'S, MOTION *IN LIMINE* NO. 2 [DOC. NO. 249]**

Plaintiff International Floor Crafts, Inc. ("IFC") hereby opposes Defendant, Jane Dziemit's, Motion *In Limine* No. 2 [Doc. No. 249], where evidence concerning Ronald Mitchell's assertion of his 5th Amendment privilege at his initial deposition is relevant and probative evidence of Mitchell's knowledge, participation and involvement in the alleged RICO scheme. IFC relies upon the following:

1. When he was first deposed, Mitchell answered every substantive question by invoking his Fifth Amendment privilege against self-incrimination.

2. He later signed an affidavit detailing his and Dziemit's role in the conspiracy.

3. Dziemit submitted that affidavit in support of her motion for summary judgment.

4. The Court recently allowed the plaintiff to reopen Mitchell's deposition, in which he denied both his own knowledge and Dziemit's knowledge of the fraudulent scheme.

5. Dziemit seeks to capitalize upon Mitchell's assertions that neither he nor Dziemit had knowledge of any wrongdoing, and, on the other hand, she seeks to suppress any evidence that Mitchell has invoked his 5th Amendment privilege. In other words, Dziemit seeks to benefit

from obtaining an affidavit from Mitchell without having the jury aware that Mitchell's affidavit was **not** his **original** under oath testimony in this case.

6.   Evidence concerning Ronald Mitchell's invocation of his 5th Amendment privilege is directly relevant and probative evidence to negate Dziemit's claims that neither Dziemit nor Mitchell were involved in the fraudulent scheme. "Common law traditionally has allowed witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted." *Jenkins v. Anderson*, 447 U.S. 231, 239 (1980) (allowing cross-examination of criminal defendant who testified at trial based upon his prearrest silence). In *Jenkins*, the defendant/witness stabbed and killed one Doyle Redding. *Id.*, at 232. Two weeks later the witness turned himself in to government authorities. *Id.* At trial, the witness testified, and contended that the killing was in self-defense. *Id.* He was cross-examined and impeached by his two-week long pre-arrest silence. *Id.*, at 232-234. The Court held that "[u]se of such impeachment on cross-examination allows [parties] to test the credibility of witnesses by asking them to explain prior inconsistent statements and acts." *Id.*, at 238.

7.   Here, now that Mitchell has "cast aside his cloak of silence," it is appropriate for IFC to be able to impeach Mitchell with his failure to assert his lack of knowledge (and Dziemit's lack of knowledge) at his **original** deposition, as his deposition amounted to the circumstance in which that fact naturally would have been asserted. *Jenkins*, 447 U.S. at 238 ("Once a [witness] decides to testify, '[t]he interests of the other party and regard for the function of courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self-incrimination'") quoting *Brown v. United States*, 356 U.S. 148, 156 (1958).

8.   While the Constitution may protect Mitchell from any adverse inference based upon his failure to testify in a criminal case, such constitutional protection does not in a civil case

diminish the probative value of such evidence to rebut Mitchell's more recent assertions that neither he nor his business partner have done nothing wrong.  *Cf. Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 522 (8th Cir. 1984) *cert. denied*, 469 U.S. 1072 (1984) (allowing party to call witness to stand to assert 5th Amendment privilege to rebut favorable deposition testimony from same witness introduced by opposing party); *Rad Services, Inc. v. Aetna Cas. and Sur. Co.*, 808 F.2d 271 (3d Cir. 1986) (affirming admission of non-party's invocation of 5th Amendment privilege).

9.  Relevant evidence should only be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

10.  Dziemit has not identified any way in which evidence of Mitchell's prior assertion of the privilege is unfairly prejudicial, would confuse the issues, or mislead jury, nor has she identified any considerations of undue delay, waste of time or needless presentation of cumulative evidence.

11.  Moreover, assuming *arguendo* the existence of any such concerns, Dziemit has not explained how the probative value of the evidence is "substantially outweighed" by such concerns.

12.  Because the evidence is relevant and highly probative, and because the concerns of unfair prejudice are low (and unidentified by Dziemit), IFC respectfully requests that the Court deny Dziemit's motion *in limine*.

**WHEREFORE**, for all the foregoing reasons, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court DENY Defendant, Jane Dziemit's, Motion *In Limine* No. 2 [Doc. No. 249].

Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,

*/s/ Paul J. Klehm*
Paul J. Klehm (BBO# 561605)
pklehm@krasnooklehm.com
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Benjamin L. Falkner (BBO# 667951)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
23 Main Street, Suite Six
Andover, MA 01810
(978) 475-9955

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid on July 8, 2008.

*/s/ Paul J. Klehm*
Paul J. Klehm

4