UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DAVID W. ADAMS, *et al*, )<br>    Defendants. )<br>) | CIVIL ACTION NO.<br>05-cv-11654-NMG |

**PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S OPPOSITION TO DEFENDANT, JANE DZIEMIT'S, MOTION *IN LIMINE* NO. 3 [DOC. NO. 250]**

Plaintiff International Floor Crafts, Inc. ("IFC") hereby opposes Defendant, Jane Dziemit's, Motion *In Limine* No. 3 [Doc. No. 250], pursuant to Fed. R. Evid. 408(b), where evidence concerning Ronald Mitchell's Agreement for Judgment is necessary to prevent juror confusion by the absence of Mitchell as a Defendant at trial. In the alternative, if this Court does not permit the introduction of the Agreement for Judgment at trial, IFC respectfully requests that this Court permit IFC to question Mitchell regarding the Agreement for Judgment. IFC relies upon the following:

    1.    Although IFC has entered into an Agreement for Judgment with Defendant Ronald Mitchell, IFC expects to call Mitchell, Dziemit's partner in Remco, as a witness.

    2.    Because Mitchell and Dziemit were partners in Remco, the jury will likely be confused by the fact that Dziemit is a Defendant in the within trial but Mitchell, a testifying witness, is not.

    3.    In order to explain Mitchell's absence as a Defendant in the within action despite his being called as a witness, IFC must present evidence of its Agreement for Judgment with Mitchell.

4. Fed. R. Evid. 408 provides:

**Rule 408. Compromise and Offers to Compromise**

**(a)** **Prohibited uses.**--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

(1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

**(b)** **Permitted uses.**--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

5. IFC does not seek to introduce Mitchell's agreement for judgment but a "purpose not prohibited," to explain to the jury why Mitchell is not a Defendant at trial. *See Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986) ("In a case such as this one, where the absence of defendants ... might confuse the jury, the district court may, in its discretion, inform the jury of the settlement in order to avoid confusion"); *see also Belton v. Fireboard Corporation*, 724 F.2d 500, 505 (5th Cir. 1984) (fact of settlement by fifteen codefendants did not violate Rule 408 because evidence not offered to prove liability or the amount of damages but was necessary to avoid juror confusion).

6. Here, IFC would be greatly prejudiced if the jury is permitted to speculate as to why Mitchell is not a Defendant to the within action – for instance, they may improperly speculate that IFC had insufficient evidence to prosecute its case against Mitchell or, even worse, that the case against Dziemit is weak.

7.     Because the evidence is helpful to the jury, and because the concerns of unfair prejudice are low (as compared to the unfair prejudice to IFC resulting from the exclusion of the Agreement for Judgment), IFC respectfully requests that the Court deny Dziemit's motion *in limine*. In the alternative, if this Court does not permit the introduction of the Agreement for Judgment at trial,[1] IFC respectfully requests that this Court permit IFC to question Mitchell regarding the Agreement for Judgment.

**WHEREFORE**, for all the foregoing reasons, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court DENY Defendant, Jane Dziemit's, Motion *In Limine* No. 3 [Doc. No. 250]. In the alternative, if this Court does not permit the introduction of the Agreement for Judgment at trial, IFC respectfully requests that this Court permit IFC to question Mitchell regarding the Agreement for Judgment.

Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,

*/s/ Paul J. Klehm*
Paul J. Klehm (BBO# 561605)
pklehm@krasnooklehm.com
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Benjamin L. Falkner (BBO# 667951)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
23 Main Street, Suite Six
Andover, MA  01810
(978) 475-9955

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid on July 8, 2008.

*/s/ Paul J. Klehm*
Paul J. Klehm

---

[1] The Agreement for Judgment was only recently filed, and, therefore, is not listed in the Pretrial Memorandum.

3