UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. )<br>　　　Plaintiff, )<br> )<br>v. )<br> )<br>DAVID W. ADAMS, *et al*, )<br>　　　Defendants. )<br> ) | CIVIL ACTION NO.<br>05-cv-11654-NMG |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff International Floor Crafts, Inc. hereby respectfully proposes the attached jury instructions.

Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,

*/s/ Paul J. Klehm*
Paul J. Klehm (BBO# 561605)
pklehm@krasnooklehm.com
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Benjamin L. Falkner (BBO# 667951)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
23 Main Street, Suite Six
Andover, MA  01810
(978) 475-9955

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid on July 14, 2008.

*/s/ Paul J. Klehm*
Paul J. Klehm

**Plaintiff's Proposed Jury Instruction No. 1**

§ 1.18  BURDEN OF PROOF

The standard of proof in a civil case is that a plaintiff must prove [his/her] case by a preponderance of the evidence. This is a less stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt. By contrast, in a civil case such as this one, the plaintiff is not required to prove [his/her] case beyond a reasonable doubt. In a civil case, the party bearing the burden of proof meets the burden when [he/she] shows it to be true by a preponderance of the evidence. The standard of a preponderance of the evidence means the greater weight of the evidence. A preponderance of the evidence is such evidence which, when considered and compared with any opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true.

A proposition is proved by a preponderance of the evidence if, after you have weighed the evidence, that proposition is made to appear more likely or probable in the sense that there exists in your minds an actual belief in the truth of that proposition derived from the evidence, notwithstanding any doubts that may still linger in your minds.

Simply stated, a matter has been proved by a preponderance of the evidence if you determine, after you have weighed all of the evidence that that matter is more probably true than not true.[1]

*Massachusetts Superior Court Civil Practice Jury Instructions*, §1.18 (MCLE., Inc. 1998 & Supp. 2001, 2003); *Combustion Engineering, Inc. v. Miller Hydro Group,* 13 F.3d 437, 466 (1st Cir.1993) (the preponderance of the evidence standard applies to fraud claims in civil RICO proceedings.

**Plaintiff's Proposed Jury Instruction No. 2**

CIRCUMSTANTIAL EVIDENCE

Circumstantial evidence permits you to draw reasonable inferences from facts in evidence. The inference proposed from the evidence need not be the only one possible; however, it must be a reasonable inference. The law does not draw any distinction between the weight to be given to direct or circumstantial evidence; that is up to you, the jury. In this case, you may examine a party's actions and words, and all of the surrounding circumstances, to help you determine that party's state of mind, or intent in this case.

---

**Source:** Hon. Patrick F. Brady, et al., Massachusetts Superior Court Civil Practice Jury Instructions 5-7 (1998); Conway v. Electro Switch Corp., 825 F.2d 593, 597 (1st Cir. 1987) ("A claim of discrimination need not be proved solely through direct evidence; circumstantial evidence may support an inference of discrimination.") (citations omitted); Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441, 646 N.E.2d 111, 115 (1995) ("Because 'smoking gun' evidence is rare . . . the Plaintiff may, and more often than not must, carry his burden of persuasion with circumstantial evidence . . .").

**Plaintiff's Proposed Jury Instruction No. 3**

CREDIBILITY OF WITNESSES

It is your job to determine which witnesses to believe, and how much weight to give their testimony.  You may believe everything a witness says, or only part of it, or none of it.  In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life.  Often it may not be what a witness says, but how they say it that might give you a clue whether or not to accept his or her version of an event as believable.  You may consider a witness's appearance, demeanor, frankness, or lack thereof, as well as the reasonableness of their testimony.  In addition, you may consider a witness's motive for testifying and whether he or she displays any bias in testifying or has any interest in the outcome of the case.

**Source:**  Hon. Patrick F. Brady, et al., *Massachusetts Superior Court Civil Practice Jury Instructions* 1-25 (1998).

**Plaintiff's Proposed Jury Instruction No. 4**

<u>CREDIBILITY OF WITNESSES -- DISCREPANCIES IN TESTIMONY</u>

Where there are inconsistencies or discrepancies in a witness's testimony, or between the testimony of different witnesses, that may or may not cause you to discredit such testimony.

Innocent mistakes of memory do happen -- people sometimes forget things, or get confused, or remember an event differently.  In weighing such discrepancies, you should consider whether they involve important facts or only minor details, and whether the discrepancies result from innocent lapses of memory or intentional falsehoods.

---

**Sources:** Hon. Patrick F. Brady, et al., Massachusetts Superior Court Civil Practice Jury Instructions 1-30 (1998); Manual of Jury Instructions for the Ninth Circuit, ' 3.08 (1985 ed.); <u>United States</u> v. <u>Jones</u>, 880 F.2d 55, 67 (8th Cir. 1989).

**Plaintiff's Proposed Jury Instruction No. 5**

<u>CREDIBILITY OF WITNESSES – ADVERSE INFERENCE</u>

At trial, Defendant Tyrone Williams and Defendant David Adams invoked the privilege against self-incrimination pursuant to the Fifth Amendment to the United States Constitution and refused to testify.  As a result of that assertion, you may draw an adverse and negative inference against Defendants Williams and Adams. A negative inference means that you can determine that his refusal to testify can be treated as if his answer to that question would form a link in a chain of evidence to show that he did something wrong which could lead to his conviction of a crime.

---

**Sources:**  *See Baxter v. Palmigiano*, 425 U.S. 308, 317 (1976).

**Plaintiff's Proposed Jury Instruction No. 6**

R.I.C.O.   Generally

In order to demonstrate a violation of the Racketeer Influenced and Corrupt Organizations Act, Plaintiff must prove four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." An enterprise may be a legal entity like a business, a governmental unit, or a union, or it may be an informal grouping of individuals associated in fact. An enterprise is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." "The person or persons alleged to be engaged in racketeering activity must be entities distinct from the enterprise." The inverse is also true. To conduct or participate, directly or indirectly, in the affairs of an enterprise requires a showing that a defendant took " *some* part in directing the enterprise's affairs." "Pattern of racketeering activity" means the commission of at least two related acts of racketeering activity during a span of ten years. To demonstrate relatedness, the predicate acts must have the same or similar purposes, participants, victims, or methods, or otherwise be interrelated by distinguishing characteristics and not be isolated events.  The plaintiff must demonstrate that the predicate acts amount to or pose a threat of continued criminal activity. There must also be evidence of "continuity" sufficient to show that the predicate acts constituted a "pattern," that is, a "closed period of repeated conduct" or "a regular way of conducting the enterprise." The predicate act must be more than a "cause in fact" of a plaintiff's injury; it must be the proximate cause.

---

**Sources:** *In re Lupron Marketing and Sales Practices Litigation*, 295 F.Supp.2d 148, 163-164 (D.Mass, 2003)(citations omitted).

**Plaintiff's Proposed Jury Instruction No. 7**

<u>R.I.C.O.   Number of conspiracies</u>

Factors to be considered in deciding whether one, or many, conspiracies were demonstrated include the nature, design, implementation, and logistics of the illegal activity; the participants' modus operandi; the relevant geography; and the scope of coconspirator involvement. The conspiratorial agreement need not be express so long as its existence can plausibly be inferred from the defendants' words and actions and the interdependence of activities and persons involved. What counts is whether it can be said, on the totality of the evidence, that "all of the alleged coconspirators directed their efforts towards the accomplishment of a common goal or overall plan," agreeing in the bargain to participate in the enterprise's affairs through the commission of at least two predicate crimes.

*U.S. v. Boylan,* 898 F.2d 230, 241-242 (1st Cir. 1990)(citations omitted).

**Plaintiff's Proposed Jury Instruction No. 7A**

R.I.C.O.   Knowledge of co-conspirators

A RICO conspiracy does not demand total fusion or that all defendants participate in all racketeering acts, know of the entire conspiratorial sweep, or be acquainted with all other defendants.

*U.S. v. Boylan,* 898 F.2d 230, 242 (1st Cir. 1990);  *see United States v. Stratton, 649 F.2d 1066, 1074 (5th Cir.1981); United States v. DePeri, 778 F.2d 963, 975 (3d Cir.1985),* cert. denied, 475 U.S. 1110, 106 S.Ct. 1518, 89 L.Ed.2d 916 (1986).

**Plaintiff's Proposed Jury Instruction No. 8**

R.I.C.O.   28 U.S.C. 1962(a)

Section 1962(a) forbids "any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of such income ... in acquisition of any interest in, or the establishment or operation of, any enterprise" engaged in or affecting interstate commerce. 18 U.S.C. § 1962(a). Under the "investment use rule," plaintiff must show "a specific injury flowing from the investment and use of racketeering proceeds."

*Trustees of Boston University v. ASM Communications, Inc.*, 33 F.Supp.2d 66, 73 n. 7 (D.Mass. 1998); *Rhone v. Energy North, Inc.*, 790 F.Supp. 353, 357 (D.Mass.1991); *See Compagnie De Reassurance v. New England Reinsurance Corp.*, 57 F.3d 56, 91-92 (1st Cir.1995) (holding that plaintiffs who had alleged harm from the predicate acts of mail and wire fraud had failed to prove "that they were harmed additionally by [the defendants'] use or investment of the proceeds of that fraud" as required under § 1962(a)).

**Plaintiff's Proposed Jury Instruction No. 9**

<u>RICO 1962(b)</u>

It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

28 U.S.C. §1962(b).

**Plaintiff's Proposed Jury Instruction No. 10**

R.I.C.O.   Violation of 28 U.S.C. §1962(c)

For an individual defendant to be liable for a RICO substantive violation under § 1962(c), the evidence must be sufficient for the jury to find that (1) the enterprise affected interstate or foreign commerce, (2) that the defendant under consideration associated with the enterprise, (3) that this defendant participated in the conduct of the enterprise's affairs, and (4) that this defendant's participation was through a pattern of racketeering activity.

*Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1558 (1994).

**Plaintiff's Proposed Jury Instruction No. 11**

R.I.C.O. Conspiracy (Section 1962(d))

To establish a RICO conspiracy under section 1962(d), plaintiffs must show: "(1) the existence of enterprise affecting interstate commerce, (2) that the defendant knowingly joined the conspiracy to participate in the conduct of the affairs of the enterprise, (3) that the defendant participated in the conduct of the affairs of the enterprise, and (4) that the defendant did so through a pattern of racketeering activity by agreeing to commit, or in fact committing, two or more predicate offenses."

---

Source: *In re Lupron Marketing and Sales Practices Litigation*, 295 F.Supp.2d 148, 176 (D.Mass, 2003).

**Plaintiff's Proposed Jury Instruction No. 12**

<u>R.I.C.O.   Enterprise</u>

An "enterprise" for the purposes of RICO includes "any individual, partnership, corporation ... or other legal entity, and any union or group of individuals associated-in-fact although not a legal entity."  Thus, to satisfy the "enterprise" element of a RICO substantive violation, a plaintiff may prove either the existence of a legal entity, such as a corporation, *or* that a group of individuals were associated-in-fact.  **....** An association-in-fact enterprise is an "ongoing organization," with members "function[ing] as a continuing unit," which is "separate and apart from the pattern of racketeering in which it engages."

*Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1557 (1994)(citations omitted).

14

**Plaintiff's Proposed Jury Instruction No. 13**

<u>R.I.C.O.   "Person"</u>

The person who engages in the pattern of racketeering activity must be an entity distinct from the enterprise. A RICO person cannot also serve as the RICO enterprise that the person is allegedly conducting in violation of Section 1962(c).

*See Trustees of Boston University v. ASM Communications, Inc.*, 33 F.Supp.2d 66, 73 n. 7 (D.Mass. 1998).

**Plaintiff's Proposed Jury Instruction No. 14**

<u>R.I.C.O.   Causation</u>

In order to demonstrate a RICO violation, Plaintiff must demonstrate "some direct relation between the injury asserted and the injurious conduct alleged."

   **Source**:  *In re Lupron Marketing and Sales Practices Litigation*, 295 F.Supp.2d 148, 163-164 (D.Mass, 2003)(citations omitted);  *quoting Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 268 (1992).

**Plaintiff's Proposed Jury Instruction No. 15**

R.I.C.O.   Participation

     In order to demonstrate that the Defendants "conduct[ed] or participate[d], directly or indirectly, in the conduct of such enterprises's affairs [pursuant to Section 1962(c)], one must participate in the operation or management of the enterprise itself." "Of course, the word 'participate' makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs, just as the phrase 'directly or indirectly' makes clear that RICO liability is not limited to those with a formal position in the enterprise, but *some* part in directing the enterprise's affairs is required."

**Source**: *Reves v. Ernst & Young*, 507 U.S. 170, 185, 179 (1993).

**Plaintiff's Proposed Jury Instruction No. 16**

R.I.C.O. Predicate Acts – Wire and Mail Fraud

In order to demonstrate mail fraud and wire fraud, Plaintiff must prove that (1) defendants knowingly devised or participated in a scheme to defraud, (2) to obtain money or property by means of false or fraudulent pretenses, representations and promises, and (3) that the mails or interstate wire facilities were used in carrying out the scheme. *Neder v. United States,* 527 U.S. 1, 20, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). The use of the mails (or the wires) need not be essential to the scheme to defraud, or even done by a defendant, so long as the mailing is a closely related and reasonably foreseeable incident of the scheme. *United States v. Morrow,* 39 F.3d 1228, 1236-1237 (1st Cir.1994). *See also Schmuck v. United States,* 489 U.S. 705, 710-711, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).

---

**Sources:**  *In re Lupron Marketing and Sales Practices Litigation*, 295 F.Supp.2d 148 164 (D.Mass, 2003);  28 U.S.C. §1341.

**Plaintiff's Proposed Jury Instruction No. 17**

COMMON LAW CONSPIRACY TO VIOLATE R.I.CO. STATUTE

Plaintiff has also alleged a common law claim for conspiracy to violate the R.I.C.O. statute. "In order to prove a common law conspiracy, "a plaintiff must show 1) a common design or an agreement, express or implied, between two or more persons to do a wrongful act, and 2) proof of some tortious act in furtherance of the agreement."

*Allendale Farm, Inc. v. Koch*, 1997 WL 1229248 *3 (Mass. Super, 1997); *Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994).

**Plaintiff's Proposed Jury Instruction No. 17A**

<u>RICO DAMAGES (Treble Damages)</u>

Any person injured in his business or property by reason of a violation of <u>section 1962</u> of this chapter …. shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

28 U.S.C. §1964(c).

**Plaintiff's Proposed Jury Instruction No. 17B**

<u>RICO DAMAGES</u>

Plaintiff who prevails on RICO claim may recover all damages proximately caused by the defendants' RICO violations.

18 U.S.C. §1964(c);  *Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1022 n. 1 (9th Cir. 2001).

**Plaintiff's Proposed Jury Instruction No. 18**

<u>93A – CONDUCT IN TRADE OR COMMERCE</u>

The plaintiff must prove, by a preponderance of the evidence, that the defendant was engaged in "trade or commerce" in [his/her] dealings with the plaintiff, or in other words, that the defendant's conduct took place in a business context. The phrase "trade or commerce" includes the advertising; the offering for sale, rent, or lease; the sale, rent, lease, or distribution of any services or any property, tangible or intangible, real, personal, or mixed; and any security, contract of sale, or any other trade or commerce directly or indirectly affecting the people of this Commonwealth. This definition is open-ended. The specific activities I have enumerated are not intended to be an exhaustive list.

In determining whether the plaintiff's dealings with the defendant took place in a business context, you should examine the following factors:

1.      the nature of the transaction,
2.      the character of the parties,
3.      the activities engaged in by the parties,
4.      whether there were past similar transactions,
5.      whether the defendant's motivation was personal or business-related, and
6.      whether the defendant actively participated in the transaction. A transaction need not be in the ordinary course of business so long as it takes place in a business context. However, a defendant is not acting within trade or commerce if the complained-of act or practice is strictly private in nature.

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.3 (MCLE., Inc. 1998 & Supp. 2001, 2003).

**Plaintiff's Proposed Jury Instruction No. 19**

<u>93A – UNFAIR OR DECEPTIVE ACTS – IN GENERAL  Section 11</u>

If you determine that the plaintiff and the defendant each were acting as businesspersons,[1] you must then determine whether the defendant committed an unfair or deceptive act or practice. In other words, if the defendant's conduct is such that a reasonable businessperson would find it reprehensible, you may find that such conduct constitutes behavior that is unfair or deceptive.[2] Focus on the nature of the conduct that the complaint is about and the purpose and effect of that conduct. Keep in mind that even sophisticated businesspersons must deal with each other honestly; a businessperson may not induce another to act by material misrepresentations.[3]

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.4.1 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] The defendant in an action under G.L. c. 93A, § 11, is held to a different standard than the defendant in an action brought by a consumer under Section 9. *Madan v. Royal Indem. Co.,* 26 Mass.App.Ct. 756, 763 n.7, 532 N.E.2d 1214, 1217 n.7 (1989); *Doliner v. Brown,* 21 Mass.App.Ct. 692, 489 N.E.2d 1036 (1986).

[2] *Schwanbeck v. Federal-Mogul Corp.,* 31 Mass.App.Ct. 390, 414, 578 N.E.2d 789, 803 (1991), *rev'd on other grounds,* 412 Mass. 703, 592 N.E.2d 1289 (1992). The courts should not impose too delicate a standard for negotiating conduct between sophisticated business entities. Long-cherished phrases such as "level of rascality," *Levings v. Forbes & Wallace, Inc.,* 8 Mass.App.Ct. 498, 504, 396 N.E.2d 149, 153 (1979), and "rancid flavor of unfairness," *Atkinson v. Rosenthal,* 33 Mass.App.Ct. 219, 226, 598 N.E.2d 666, 670 (1992), are now viewed as "uninstructive" and probably should not be used. *Massachusetts Employers Ins. Exch. v. Propac-Mass Inc.,* 420 Mass. 39, 42, 648 N.E.2d 435, 438 (1995).

[3] *VMark Software, Inc. v. EMC Corp.,* 37 Mass.App.Ct. 610, 619 n.11, 642 N.E.2d 587, 594 (1994).

**Plaintiff's Proposed Jury Instruction No. 20**

<u>93A – CONDUCT IN TRADE OR COMMERCE Deceptive</u>

A "deceptive" act or practice is simply one that has the capacity to deceive. An act or practice is deceptive if it could reasonably cause a person to act differently from the way [he/she] would act if [he/she] knew the truth about the matter.[1] It includes any communication made with the intent to deceive another person. However, intent to deceive is not always necessary.[2] A negligent or careless misrepresentation of fact, the truth of which was reasonably capable of ascertainment, may also be a deceptive act or practice.[3]

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.4.2 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] 940 C.M.R. § 3.16(2); *Sargent v. Koulisas*, 29 Mass.App.Ct. 956, 958, 560 N.E.2d 569, 571 (1990) (citing *Mongeau v. Boutelle*, 10 Mass.App.Ct. 246, 248, 407 N.E.2d 352, 355 (1980)).

[2] *Maillet v. ATF-Davidson Co.*, 407 Mass. 185, 193, 552 N.E.2d 95, 100 (1990).

[3] *Maillet v. ATF-Davidson Co.,* 407 Mass. 185, 193, 552 N.E.2d 95, 100 (1990).

**Plaintiff's Proposed Jury Instruction No. 21**

93A –UNFAIR

To help you determine whether an act or practice is "unfair," ask yourself these three questions:[1] First, does it fall within some established concept of unfairness? For something to be unfair, it does not need to violate some other law or a government regulation; however, whether or not it does is something you may consider. Not every illegal act is unfair. A material misrepresentation falls within an established basis of unfairness.[2]

Second, ask yourself whether the defendant's act or practice was immoral, unethical, oppressive, unscrupulous, or otherwise unconscionable.[3] That obviously involves you in a moral judgment about the ethics of the marketplace. You, the jury, are the collective conscience of the community. Use your common sense. Consider the defendant's conduct in light of all the circumstances, keeping in mind that you must decide this question in the context of the commercial marketplace. An act that might be unfair in a business transaction with an unsophisticated consumer may not be unfair when it takes place in a transaction involving two sophisticated businesspersons.

Third, consider whether the defendant's act or practice would cause substantial injury to competitors or other businesspersons.

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.4.3 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] The test of whether an act or practice is "unfair" is generally held to be whether it

    1. falls "'within, at least, the penumbra of some common-law, statutory, or other established concept of unfairness'";

    2. "'is immoral, unethical, oppressive or unscrupulous'"; or

    3. "'causes substantial injury [to] competitors or other businesspersons.'"

*Datacomm Interface, Inc. v. Computerworld, Inc.,* 396 Mass. 760, 778, 489 N.E.2d 185, 196 (1986) (quoting *PMP Assocs., Inc. v. Globe Newspaper Co.,* 366 Mass. 593, 596, 321 N.E.2d 915, 917 (1975)).

[2] *VMark Software, Inc. v. EMC Corp.,* 37 Mass.App.Ct. 610, 620, 642 N.E.2d 587, 594 (1994).

[3] "The second factor does not contemplate an overly precious standard of ethical or moral behavior. It is the standard of the commercial market place . . . that conduct does not qualify as 'unethical' or 'unscrupulous' unless it 'attain[s] a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.'" *Wasserman v. Agnastopoulos,* 22 Mass.App.Ct. 672, 679, 497 N.E.2d 19, 23 (1986) (quoting *Levings v. Forbes & Wallace Inc.,* 8 Mass.App.Ct. 498, 504, 396 N.E.2d 149, 153 (1979)). *But see Massachusetts Employers Ins. Exch. v. Propac-Mass. Inc.,* 420 Mass. 39, 42, 648 N.E.2d 435, 438 (1995).

**Plaintiff's Proposed Jury Instruction No. 22**

93A – CONCLUSION

In determining whether an act or practice is unfair or deceptive, keep in mind that a negligent act by itself does not constitute proof of an unfair or deceptive act or practice.[4] Nor does a breach of contract, standing alone, constitute proof of an unfair or deceptive act or practice.[5] Instead, the plaintiff must prove, by a preponderance of the evidence, that the negligence or breach was motivated by a "pernicious purpose,"[6] was unfair, or could reasonably cause a person to act differently from the way [he/she] would act if [he/she] knew the truth about the matter.[7]

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.4.4 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[4] *Squeri v. McCarrick*, 32 Mass.App.Ct. 203, 207, 588 N.E.2d 22, 25 (1992).
[5] *Madan v. Royal Indem. Co*., 26 Mass.App.Ct. 756, 762, 532 N.E.2d 1214, 1217 (1989).
[6] *See Quaker State Oil Ref. v. Garrity Oil Co.,* 884 F.2d 1510, 1514 (1st Cir. 1989); *Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc.*, 754 F.2d 10, 18 (1st Cir. 1985).    26
[7] *Squeri v. McCarrick*, 32 Mass.App.Ct. 203, 207, 588 N.E.2d 22, 25 (1992).

**Plaintiff's Proposed Jury Instruction No. 23**

93A –CAUSATION—General Charge

If the defendant committed an unfair or deceptive act or practice, you must then determine whether the plaintiff has proved, by a preponderance of the evidence, that the act or practice caused an injury to the plaintiff. By that I mean that the plaintiff must show that it is more likely than not that the defendant's unfair or deceptive act or practice was a substantial factor in bringing about an injury.[1] If it was not, then the plaintiff may not recover.

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.5.1 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *Hartford Cas. Ins. Co. v. New Hampshire Ins. Co.,* 417 Mass. 115, 125, 628 N.E.2d 14, 19–20 (1994); *Massachusetts Farm Bureau Fed'n, Inc. v. Blue Cross of Mass., Inc.,* 403 Mass. 722, 730, 532 N.E.2d 660, 664 (1989); *Kohl v. Silver Lake Motors, Inc.,* 369 Mass. 795, 800–01, 343 N.E.2d 375, 379 (1976); *Martha's Vineyard Auto Vill. Inc. v. Newman,* 30 Mass.App.Ct. 363, 368, 569 N.E.2d 401, 404 (1991); *Atwood v. Best Buick, Inc.,* 21 Mass.App.Ct. 70, 74, 484 N.E.2d 647, 650 (1985).

**Plaintiff's Proposed Jury Instruction No. 24**

<u>93A –CAUSATION—Section 11</u>

If the defendant engaged in an unfair method of competition or used an unfair or deceptive act or practice, you must then determine whether the plaintiff suffered any loss of money or property as a result of the defendant's actions. In reaching your decision as to whether the plaintiff suffered such a loss, have in mind that the term "money" means money, and it does not mean time or anything else. Also, have in mind that the term "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, peace of mind, or personal liberty. What you are deciding at this point is whether the defendant's conduct caused the plaintiff to suffer a loss of money or property.[1]

---

*Massachusetts Superior Court Civil Practice Jury Instructions,* §16.5.2 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *Leardi v. Brown*, 394 Mass. 151, 159, 474 N.E.2d 1094, 1101 (1985) (citing Restatement (Second) of Torts § 7, cmt. a (1965) (finding that illegal lease term constituted a compensable injury despite the fact that tenants never had read lease and landlord never attempted to enforce the illegal provision)).

**Plaintiff's Proposed Jury Instruction No. 25**

<u>93A – DAMAGES – SECTION 11 CASE</u>

If the defendant engaged in an unfair method of competition or used an unfair or deceptive act or practice, the plaintiff has a right to be compensated for any loss of money or property it suffered as a result of the defendant's actions. In reaching your decision as to whether the plaintiff suffered such a loss and, if so, what the amount of the loss is, have in mind that the term "money" means "money," and it does not mean time or anything else.[1] Also have in mind that the term "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, peace of mind, or personal liberty. What you are deciding at this point is what amount of money will fully and fairly compensate the plaintiff for the losses that the plaintiff sustained as a result of the defendant's actions.

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.6.3 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *Halper v. Demeter*, 34 Mass.App.Ct. 299, 303–04, 610 N.E.2d 332, 335 (1993).

**Plaintiff's Proposed Jury Instruction No. 26**

93A –Multiple Damages Section 11 Case

In this action, the plaintiff claims that the Defendants committed an unfair act or practice willfully or knowingly.

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.6.5 (MCLE., Inc. 1998 & Supp. 2001, 2003).

**Plaintiff's Proposed Jury Instruction No. 27**

93A – "WILLFUL" OR "KNOWING"

If the defendant's actions were unfair or deceptive, then you must go on to decide whether the defendant willfully or knowingly committed that unfair or deceptive act or practice.[1] The plaintiff has the burden of proving, by a fair preponderance of the evidence, that the defendant had a subjectively culpable state of mind. "Willful" or "knowing" requires something more than mere negligence.[2]

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.7.4 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] Double or treble damages shall be awarded if the defendant's act or practice was a "willful or knowing violation" of Chapter 93A. G.L. c. 93A, §§ 9(3), 11. A distinction is often made between a willful violation and a knowing violation. *Shaw v. Rodman Ford Truck Ctr., Inc.,* 19 Mass.App.Ct. 709, 711–12, 477 N.E.2d 413, 415–16 (1985) (citing with approval *Computer Sys. Eng'g Inc. v. Qantel Corp.*, 571 F.Supp. 1365, 1373–75 (D.Mass. 1983)). A false misrepresentation made either knowingly or in reckless disregard for its truth or falsity comes within the class of willful or knowing violations of Chapter 93A. *Computer Sys. Eng'g Inc. v. Qantel Corp.*, 571 F.Supp. at 1376 (good discussion on the willful and knowing violations of Chapter 93A). Both terms, however, refer to the defendant's state of mind at the time of acting. *Computer Sys. Eng'g Inc. v. Qantel Corp.*, 571 F.Supp. at 1373–74; *Whelihan v. Markowski,* 37 Mass.App.Ct. 209, 213, 638 N.E.2d 927, 929 (1994) (property manager's choice to remain uninformed about state building code's requirements while making repairs to buildings, thereby disregarding immediate and direct risk to plaintiff-tenant, was willful or knowing violation of G.L. c. 93A). Multiple damages may not be awarded simply because the defendant committed an intentional and knowing act that resulted in an unintentional injury to a consumer; an award of multiple damages "contemplates a more purposeful level of culpability" and "the intentional employment of sharp practices." *Wasserman v. Agnastopoulos,* 22 Mass.App.Ct. 672, 680–81, 497 N.E.2d 19, 24–25 (1986). Further, willful or knowing acts that are merely part of the defendant's overall conduct but not the cause of the plaintiff's loss will not support an award of multiple damages. *Wasserman v. Agnastopoulos,* 22 Mass.App.Ct. at 680–81, 497 N.E.2d at 24–25. *See* Michael C. Gilleran, *The Law of Chapter 93A*, § 11.8 (1989), for a discussion of willful or knowing violations of Chapter 93A.

[2] *Whelihan v. Markowski,* 37 Mass.App.Ct. 209, 212, 638 N.E.2d 927, 929 (1994).

**Plaintiff's Proposed Jury Instruction No. 28**

<u>93A – "WILLFUL" OR "KNOWING", REPRESENTATIONS INVOLVED</u>

An unfair or deceptive statement is willful if the speaker represents a fact to be true without knowing whether it is true or not and with reckless disregard for whether it is true or not.[1] An unfair or deceptive statement is knowing if the speaker represents a fact to be true while knowing that it is not true.[2]

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.7.5 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 475, 583 N.E.2d 806, 821 (1991) (defendant's knowing use of a pretext to coerce plaintiff into paying defendant more than contract required established willfulness as matter of law); *Alcan Aluminum Corp. v. Carlton Aluminum of New England, Inc.,* 35 Mass.App.Ct. 161, 169, 617 N.E.2d 1005, 1010–11 (1993) (manufacturer's continued marketing of a product that it had good reason to know was defective constituted willful violation of Chapter 93A); *Montanez v. Bagg,* 24 Mass.App.Ct. 954, 510 N.E.2d 298 (1987) (where landlord rents apartment aware of conditions that render it inhabitable, willful misrepresentation occurs regardless of whether landlord knew that conditions amounted to legal violations).

[2] *Datacomm Interface, Inc. v. Computerworld, Inc.,* 396 Mass. 760, 779–80, 489 N.E.2d 185, 197–98 (1986) (Court concluded that principal's intentional misrepresentation regarding the wrongful retention and use of circulation list established knowing violation of Chapter 93A); *Patry v. Liberty Mobilhome Sales, Inc.,* 15 Mass.App.Ct. 701, 705–06, 448 N.E.2d 405, 408 (1983) (defendant committed a willful and knowing violation of G.L. c. 93A by deliberately concealing from plaintiff that leased lot on which plaintiff proposed to install mobile home had not been approved for such purpose and that defendant encountered difficulty in getting necessary approvals).

**Plaintiff's Proposed Jury Instruction No. 29**

93A –Primarily and Substantially in Massachusetts—Section 11 Actions

In order for you to consider whether the defendant's actions were unfair or deceptive in violation of Chapter 93A, you must determine whether those actions or transactions occurred "primarily and substantially" in Massachusetts. While there is no clear definition of what "primarily and substantially" means, there are several factors that you may consider in reaching your conclusion. Those factors include whether the defendant was involved in similar transactions or actions in the past; whether the defendant was motivated by business reasons in connection with taking those actions or being involved in those transactions, rather than personal reasons; where the defendant's conduct took place; and where the plaintiff was located when the plaintiff suffered any loss of money or property as a result of the defendant's actions or transactions.[1]

_____

*Massachusetts Superior Court Civil Practice Jury Instructions*, §16.7.13 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] G.L. c. 93A, § 11(8); *Burnham v. Mark IV Homes, Inc.*, 387 Mass. 575, 580, 441 N.E.2d 1027, 1031 (1982); *Makino, U.S.A., Inc. v. Metlife Capital Credit Corp.*, 25 Mass.App.Ct. 302, 310, 518 N.E.2d 519, 523–24 (1988); *Clinton Hosp. Ass'n v. Corsin Group, Inc.*, 907 F.2d 1260, 1265–66 (1st Cir. 1980).

**Plaintiff's Proposed Jury Instruction No. 30**

Intentional Misrepresentation/FRAUD—Elements

In this case, the plaintiff claims that the defendants misrepresented important facts, including, without limitation, that Remco, Empire Weavers, Dalton Padding, CCC International and Mansfield Rug were shipping and/or had shipped rugs to IFC when, instead, no such shipment or a partial shipment was ever sent to IFC, and as a result, IFC, upon receiving false invoices from these alleged companies for the partial or non-existent shipments, made payments thereon, which IFC says it would not have done if IFC had known the true state of affairs. The defendant denies that [he/she] misrepresented any important fact to IFC.

IFC may recover money damages from the defendant if and only if [he/she] proves the following by a fair preponderance of the credible evidence:

1.      that the defendant made a false statement to the plaintiff, and that statement concerned some fact that a reasonable person would consider important to the decision that the plaintiff was about to make;[2]

2.      that when the defendant made the statement, the defendant either knew that the statement was false, or recklessly made the statement by willfully disregarding its truth or falsity;

3.      that the defendant made the false statement with the intention that the plaintiff would rely on that statement in making [his/her] decision;

4.      that in making the plaintiff's decision, [he/she] did in fact rely on the defendant's statement as true, and that [his/her] reliance was reasonable under the circumstances; and

5.      that plaintiff suffered some financial loss as a result of relying on the defendant's false statement.

If the plaintiff has proved these five things by a preponderance of the credible evidence, your verdict will be for the plaintiff, and you must then go on to determine the amount of money damages to be awarded to the plaintiff. If the plaintiff has failed to prove any one of these five things, then your verdict must be for the defendant.[3]

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §20.1 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[2] A fact is "material" if a reasonable person would attach importance to it in determining [his/her] choice of action in the transaction in question. *Zimmerman v. Kent*, 31 Mass.App.Ct. 72, 78, 575 N.E.2d 70, 74 (1991); Restatement (Second) of Torts, § 538(2)(a) (1977). *See also Ravosa v. Zais*, 40 Mass.App.Ct. 47, 661 N.E.2d 111, *further app. rev. denied*, 422 Mass. 1108, 664 N.E.2d 1198 (1996).
[3] Restatement (Second) of Torts § 525 (1977).

**Plaintiff's Proposed Jury Instruction No. 31**

<u>**Subject of Misrepresentation—False Statement of Fact**</u>

The defendant can be held responsible for an intentional or reckless misrepresentation about an existing fact.[1] A fact, as opposed to an opinion, estimate, or intention, is a statement whose truth or falsity is capable of being determined with certainty. Generally, the defendant cannot be held responsible for a statement about a future event,[2] although there is an exception to that rule if the defendant had greater expertise about the particular future event that was being discussed.[3] The defendant can be held responsible for a misrepresentation about [his/her] own opinion, estimate, or intention, but only if [he/she] intentionally misrepresented [his/her] opinion, estimate, or intention. Additionally, the defendant can be held responsible for intentionally misrepresenting what the law is if [he/she] used [his/her] superior knowledge to take advantage of the plaintiff's relative ignorance of the law.[4]

---

*Massachusetts Superior Court Civil Practice Jury Instructions,* §20.1.1 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *See Kannavos v. Annino,* 356 Mass. 42, 50, 247 N.E.2d 708, 712 (1969); *cf. Swinton v. Whitinsville Sav. Bank,* 311 Mass. 677, 678–79, 42 N.E.2d 808, 808–09 (1942).

[2] *Harris v. Delco Prods., Inc.,* 305 Mass. 362, 365, 25 N.E.2d 740, 742 (1940) (the law refuses to permit recovery in tort for damages that result from conditions to exist in the future).

[3] *Nota Constr. Corp. v. Keyes Assocs., Inc.*, 45 Mass.App.Ct. 15, 17, 694 N.E.2d 401, 403 (1998); *Gopen v. American Supply Co., Inc.,* 10 Mass.App.Ct. 342, 345, 407 N.E.2d 1255, 1257 (1980); *Cellucci v. Sun Oil Co.,* 2 Mass.App.Ct. 722, 730–31, 320 N.E.2d 919, 924–25 (1974), *aff'd*, 368 Mass. 811, 331 N.E.2d 813 (1975).

[4] *Kannavos v. Annino,* 356 Mass. at 44–45, 247 N.E.2d at 709–10; *cf. Galassi Mosaic & Tile v. Boston,* 295 Mass. 544, 550, 4 N.E.2d 291, 294 (1936) (where a misrepresentation of law is made by defendant not possessed of superior knowledge of the law's requirements, the defendant cannot be liable).

**Plaintiff's Proposed Jury Instruction No. 32**

Subject of Misrepresentation—False Statement of Fact—Opinion

Fraud may be perpetrated by an implied as well as by an express representation.[5] A statement that, in form, is one of opinion, in some circumstances may be reasonably interpreted by the recipient to imply that the maker of the statement knows facts that would justify the opinion. In this case, it is for you the jury to determine whether the statement made by the defendant was one of fact or opinion.[6]

_Massachusetts Superior Court Civil Practice Jury Instructions_, §20.1.2 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[5] _Robichaud v. Owens–Illinois Glass Co._, 313 Mass. 583, 585, 48 N.E.2d 672, 673 (1943).
[6] _Briggs v. Carol Cars, Inc.,_ 407 Mass. 391, 396 585, 553 N.E.2d 930, 933 (1990) (defendant car dealer told uninformed purchaser that car in "good" condition).

**Plaintiff's Proposed Jury Instruction No. 33**

False Statement—Half-Truths, Silence, and Statements and Conduct Calculated to Mislead

The defendant can be held responsible not only for outright untrue statements, but also for giving misleading partial information or for telling half-truths.[1] The defendant cannot, however, be held responsible to the plaintiff based solely on [his/her] silence on a matter about which [he/she] was not asked.[2] Although the defendant was under no duty to volunteer information, if the defendant spoke on a given point, either voluntarily or at the plaintiff's request, [he/she] must have spoken honestly and must have divulged all material facts of which [he/she] knew bearing upon the point.[3]

Additionally, deception need not be direct to come within the reach of the law. If you find that the defendant's statements and conduct combined were calculated to mislead the plaintiff, that they did, in fact, mislead the plaintiff, and that the plaintiff was acting reasonably, then this is enough to constitute intentional misrepresentation.[4]

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §20.1.3 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *Golber v. BayBank Valley Trust Co.*, 46 Mass.App.Ct. 256, 258, 704 N.E.2d 1191, 1193 (1999) (citing *Kannavos v. Annino,* 356 Mass. 42, 48, 247 N.E.2d 708, 711–12 (1969)).

[2] There is an exception where the defendant had some special obligation to the plaintiff based upon a fiduciary relationship between them. *Kannavos v. Annino*, 356 Mass. 42, 47, 247 N.E.2d 708, 711 (1969); *Nota Constr. Corp. v. Keyes Assocs., Inc.*, 45 Mass.App.Ct. 15, 19, 694 N.E.2d 401, 405 (1998) (citing Restatement (Second) of Torts § 551 (1977)).

[3] *Golber v. BayBank Valley Trust Co.*, 46 Mass.App.Ct. 256, 258, 704 N.E.2d 1191, 1193 (1999); *Kannavos v. Annino*, 356 Mass. at 48, 247 N.E.2d at 711–12 ("Fragmentary information may be as misleading . . . as active misrepresentation, and half truths may be as actionable as whole lies. . . .").

[4] *VMark Software, Inc. v. EMC Corp.,* 37 Mass.App.Ct. 610, 617–18, 642 N.E.2d 587, 593 (1994); *Zimmerman v. Kent,* 31 Mass.App.Ct. 72, 79–82, 575 N.E.2d 70, 75–77 (1991).

**Plaintiff's Proposed Jury Instruction No. 34**

Fraud - Knowledge of Falsity, or Willful Disregard of Truth or Falsity

The defendant is liable if [he/she] made a false statement of fact, knowing it to be false. Likewise, if the defendant made an unqualified statement about facts, the truth or falsity of which the defendant could have determined with certainty, and gave the plaintiff the reasonable impression that [he/she] was speaking of [his/her] own knowledge, then the defendant is not excused from liability if [he/she] did not in fact know whether that statement was true or false.[1]

The law regards such willful disregard of the facts as equivalent to an intentional misrepresentation. Actual intent to deceive need not be proven.

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §20.1.4 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *Graves v. R.M. Packer Co.*, 45 Mass.App.Ct. 760, 767 n.12, 702 N.E.2d 21, 26 n.12 (1998); *Kozdras v. Land/Vest Properties, Inc.*, 382 Mass. 34, 43, 413 N.E.2d 1105, 1111 (1980) ("[i]f a statement of fact which is susceptible of actual knowledge is made as of one's own knowledge and is false, it may be the basis for an action of deceit without proof of an actual intent to deceive."); *Snyder v. Sperry & Hutchinson Co.*, 368 Mass. 433, 444, 333 N.E.2d 421, 427 (1975); *Powell v. Rasmussen*, 355 Mass. 117, 118–19, 243 N.E.2d 167, 168 (1969); *Pietrazak v. McDermott*, 341 Mass. 107, 110, 167 N.E.2d 166, 168 (1960); *Chatham Furnace Co. v. Moffatt*, 147 Mass. 403, 404, 18 N.E. 168, 169 (1888).

**Plaintiff's Proposed Jury Instruction No. 35**

Fraud - Intention That Plaintiff Would Rely upon False Statement

The plaintiff must prove that the defendant intended that the plaintiff would rely on the misrepresentation.[1]

Where the plaintiff has not dealt with the defendant on a one-on-one basis, the plaintiff must prove that [he/she] is a person, or one of a class of persons, whom the defendant had reason to expect would act or refrain from acting on the misrepresentation.

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §20.1.5 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *Snyder v. Sperry & Hutchinson Co.,* 368 Mass. 433, 445, 333 N.E.2d 421, 428 (1976).

**Plaintiff's Proposed Jury Instruction No. 36**

Fraud - Reasonable Reliance

The plaintiff must prove that [he/she] relied on the defendant's misrepresentation.[1] Furthermore, the plaintiff may recover only if [his/her] reliance on the defendant's statement was reasonable under the circumstances. Ordinarily, the plaintiff is not required to investigate the truth of assertions that are made to [him/her]. The recipient of a fraudulent misrepresentation of fact is ordinarily justified in relying on its truth, although [he/she] might have ascertained the falsity of the representation had [he/she] made an investigation.[2] On the other hand, the plaintiff is not entitled to rely on what in the circumstances was obviously meant as puffery or sales talk, nor may [he/she] rely upon misrepresentations that are preposterous or palpably false.[3]

If the defendant's representations were such as to induce the plaintiff not to undertake an independent examination of the pertinent facts, lulling [him/her] into placing confidence in the defendant's assurances, then the plaintiff's failure to ascertain the truth through investigation does not preclude recovery. [This is so even though the defendant's representations were not consciously false.][4]

---

*Massachusetts Superior Court Civil Practice Jury Instructions*, §20.1.5 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] A misrepresentation is material if it is shown that the misrepresentation was one of the principal grounds (although not necessarily the sole ground) that caused the plaintiff to take the particular action that the defendant intended [him/her] to take as the result of such representations, and that otherwise, the plaintiff would not have taken such action. *Nat'l Car Rental Sys., Inc. v. Mills Transfer Co.*, 7 Mass.App.Ct. 850, 852, 384 N.E.2d 1263, 1264–65 (1979).

[2] *Yorke v. Taylor*, 332 Mass. 368, 372–73, 124 N.E.2d 912, 915–16 (1955).

[3] *See Kabatchnick v. Hanover-Elm Bldg. Corp.*, 328 Mass. 341, 344, 103 N.E.2d 692, 693–94 (1952).

[4] *Snyder v. Sperry & Hutchinson Co.*, 368 Mass. 433, 446, 333 N.E.2d 421, 429 (1975).

**Plaintiff's Proposed Jury Instruction No. 37**

Fraud - Damages

If the plaintiff has proved the five elements as explained earlier by a fair preponderance of the credible evidence, then you must go on and determine the amount of money damages to be awarded to the plaintiff. By instructing you on damages, I am not suggesting how you should decide this case; I am only informing you what the law is in the event that you reach the issue of damages. In a case where there has been an intentional or reckless misrepresentation, the law provides that the plaintiff may recover the benefit of what [he/she] was promised by the defendant. Thus, you are to award the plaintiff an amount of money that is the difference between what the [property] was actually worth on the open market at the time of sale and what [the defendant told the plaintiff that it was worth] [it would have been worth if it had been as the defendant described it].[1] In other words, if you reach the issue of damages, you should award the plaintiff a sufficient amount of money to put [him/her] in the position that [he/she] would have been in if the situation had been as represented by the defendant. In other words, if you reach the issue of damages, the plaintiff is entitled to recover damages sufficient to give [him/her] the benefit of the bargain with the defendant if those damages are proved with reasonable certainty.[2] In addition, if the misrepresentation caused the plaintiff to incur any additional expenses that were reasonably foreseeable as a result of the defendant's misrepresentation, then you are to award the plaintiff an additional amount of money that will compensate [him/her] for those additional expenses that [he/she] incurred.[3]

*Massachusetts Superior Court Civil Practice Jury Instructions*, §20.1.8 (MCLE., Inc. 1998 & Supp. 2001, 2003).[4]

---

[1] This is the "benefit of the bargain rule." *GTE Products Corp. v. Broadway Elec. Supply Co., Inc.*, 42 Mass.App.Ct. 293, 296–97, 676 N.E.2d 1151, 1154–55 (1997) (citing *Rice v. Price,* 340 Mass. 502, 506–07, 164 N.E.2d 891, 893–94 (1960)); *see Morris v. Hutchins*, 102 Mass. 439, 440 (1869). Restatement (Second) of Torts, § 549 (1977).
[2] Mathematical exactness is not required. *See Rice v. Price,* 340 Mass. at 508, 164 N.E.2d at 895.
[3] *See Anzalone v. Strand,* 14 Mass.App.Ct. 45, 49, 436 N.E.2d 960, 962–63 (1982) (proper measure of damages for seller's unintentional misrepresentation of a parcel of real estate was "the difference between the actual value of [the real estate] and the purchase price, plus any pecuniary loss shown to have been suffered as a consequence of [the buyer's] reliance on the misrepresentation.").
[4] Restatement (Second) of Torts § 533, cmt. d (1977).

**Plaintiff's Proposed Jury Instruction No. 38**

Breach of Fiduciary Duty

The elements needed to show breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) breach ; (3) damage; and (4) causation.

*Crapser v. Bondsville Partners, Inc.,* 2006 WL 2237667, *8 (Mass. Land Ct. 2006)*; see e.g., Hanover Ins. Co. v. Sutton,* 46 Mass.App.Ct. 153, 164, 705 N.E.2d 279 (1999). Restatement (Second) Torts § 874 (1979).

**Plaintiff's Proposed Jury Instruction No. 39**

The Complaint under 18 U.S.C. § 1962(a)

      The plaintiff has brought this lawsuit against the defendants, alleging that the defendant has violated a federal statute, § 1962(a) of Title 18 of the United States Code, also known as the Racketeer Influenced and Corrupt Organizations Act, which provides as follows:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal to use or invest, directly or indirectly, any part of such income in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 40**

Elements of § 1962(a)

In order to prove that the defendant violated § 1962(a) of the statute, the plaintiff must prove each of the following elements
by a preponderance of the evidence.

1.   That an "enterprise" exists;
2.   That the enterprise engaged in or affected interstate commerce;
3.   That the defendant derived or received income from a pattern of racketeering activity; and
4.   That some part of the income was used to acquire an interest in or to operate the enterprise.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 42**

First Element of § 1962(a)-The Enterprise

As I have just explained, the first element that the plaintiff must prove is that an "enterprise" existed, which was engaged in or had an effect upon, interstate (or foreign) commerce. One type of enterprise under the law is any legal entity, such as a partnership, corporation, union, or association.

The plaintiff has alleged four different enterprises, all or some which may co-exist, in this case:

1. One enterprise is Remco. If you find that this was, in fact, a legal entity such as a partnership, corporation, union, or association, then you may find that an enterprise existed.

2. An enterprise may also be a group of people associated together for engaging in a common course of conduct. This group of people must have, in addition to having a common purpose, an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership, a corporation, or a union. This group may be organized for a legitimate or lawful purpose, or it may be organized for an unlawful purpose.

3. The second enterprise includes Jane Dziemit, Ronald Mitchell, David Adams, Tyrone Williams, David Sun, Paul Sun, Kevin Britto, CCC International, Inc., Remco, Mansfield Rug, Empire Weavers, and/or Dalton Padding. If you find that this was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

4. The third such enterprise is International Floor Crafts, Inc., an innocent enterprise which International Floor Crafts, Inc. claims to have been initialized by a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, characteristics which you must find if you find this to be an enterprise.

5. The plaintiff has also alleged a fourth enterprise, which includes Jane Dziemit, Ronald Mitchell, David Adams, Tyrone Williams, David Sun, Paul Sun, Kevin Britto, CCC International, Inc., Remco, Mansfield Rug, Empire Weavers, Dalton Padding and/or International Floor Crafts (an innocent participant). If you find that this was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

In making this determination whether an enterprise existed, please note that to satisfy this element the plaintiff must prove the existence of an enterprise distinct from any defendant. You may find that any 1, or 2, or 3, or 4 enterprises existed, or that no enterprise existed.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004); Aetna, 43 F.3d 1546 (1994).

**Plaintiff's Proposed Jury Instruction No. 43**

Second Element of § 1962(a)-
Effect on Interstate Commerce

If you find that the enterprise alleged by plaintiff existed, then you must decide whether that enterprise was engaged in or affected interstate (or foreign) commerce. You must determine whether there was an actual or potential effect on commerce between any one state and another state (or the District of Columbia or a U.S. Territory or possession) or between any of those entities and a foreign state or nation.

If you decide that interstate commerce was affected in the slightest degree by the enterprise, then that is enough to satisfy this element.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 44**

Third Element of  § 1962(a)-
Derivation of Income Through a
Pattern of Racketeering Activity

The third element the plaintiff must prove is that the defendant derived or received income from a pattern of racketeering activity. This means that you must find, by a preponderance of the evidence, that the defendant has earned some income through the commission of at least two acts of racketeering sufficiently related to constitute a pattern of racketeering activity.

You must also find by a preponderance of the evidence that the two acts of racketeering were committed within ten years of each other and that at least one of the acts was committed after October 15, 1970.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 45**

Third Element of § 1962(a)-
Relationship Between Racketeering Acts

In order to prove a pattern of racketeering activity, the plaintiff must do more than prove only that the defendant committed two racketeering acts. A pattern is not shown by a series of disconnected acts, and a pattern of racketeering activity is not shown by a series of disconnected crimes.

In order to prove a pattern of racketeering activity, the plaintiff must prove, by a preponderance of the evidence, that at least two of the alleged racketeering acts were connected by a common scheme, plan or motive.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 46**

Third Element of § 1962(a)-
Continuity of Racketeering Acts

In order to prove a pattern of racketeering activity, the plaintiff must also prove that not only were the alleged racketeering acts connected by a common plan, scheme or motive but that also showed continuity.

Just as a pattern of racketeering activity is not shown by a series of disconnected crimes or acts, it is also not shown by activity that is not continuous in nature.

In this regard, the term "continuous" does not mean that the racketeering acts were committed over any particular period of weeks or months. The term "continuous" does mean that the racketeering acts were separate and distinct in time to such a degree as to establish that the defendant engaged in racketeering activity as an ongoing practice in the conduct of its affairs.

Thus, in order to prove a pattern of racketeering activity, the plaintiff must prove, by a preponderance of the evidence that the racketeering acts alleged were continuous in nature as that term has been defined for you.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 47**

Third Element of § 1962(a)-
Unanimity on Racketeering Acts

The plaintiff alleges that numerous racketeering acts were committed by the defendant. The plaintiff satisfied its burden if it proves by a preponderance of the evidence that at least two of the alleged racketeering acts sufficiently related (and continuous) to form a pattern were committed by the defendant within ten years of each other.

However, you may not find that plaintiff has established this element unless you all unanimously agree that at least two particular racketeering acts were committed by the defendant. It is not enough if some of you think that only racketeering acts A and B were committed by the defendant and the rest of you think that only acts C and D were committed by the defendant. There must be at least two specific racketeering acts which you unanimously find by a preponderance of the evidence were committed by the defendant in order to satisfy this element.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 48**

Fourth Element of § 1962(a)-
Interest in the Enterprise

  The fourth element is that the defendant used, either directly or indirectly, any part of the income derived from a pattern of racketeering activity to acquire an interest in, to establish, or to operate the enterprise. This element is satisfied if you find by a preponderance of the evidence either that the defendant invested income from racketeering activities in the enterprise, or he used such income to establish or operate the enterprise.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 49**

The Complaint and the Statute: 18 U.S.C. § 1962(b)

     The plaintiff has brought this lawsuit against the defendants, alleging that the defendant violated a federal statute, § 1962(b) of Title 18 of the U.S. Code, otherwise known as the Racketeer Influenced and Corrupt Organizations Act, which provides as follows:
It shall be unlawful for any person through a pattern of racketeering activity (or through collection of an unlawful debt) to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 50**

Elements of § 1962(b)

In order to prove that the defendant violated §1962(b) of the statute, the plaintiff must establish, by a preponderance of the evidence, the following four elements:

1.      That an "enterprise" existed;

2.      That the enterprise engaged in or affected interstate commerce;

3.      That the defendant derived or received income from a pattern of racketeering activity; and

4.      That some part of the income was used to acquire an  interest in or to operate the enterprise.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 51**

Fourth Element of § 1962(b)-
Acquisition of an Interest in or Control of the Enterprise

      If you first find that the alleged enterprise existed and that the defendant engaged in a pattern of racketeering activity, then you must turn to the fourth element required under the statute. The final element that the plaintiff must prove is that the defendant, through the pattern of racketeering activity, acquired or maintained an interest in, or control of, the enterprise. To find that the plaintiff has established this element, you must find by a preponderance of the evidence not only that the defendant had some interest in or control over the enterprise, but also that this interest or control was associated with or connected to the pattern of racketeering activity.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 52**

The Complaint and the Statute: § 1962(c)

      The plaintiff has brought this lawsuit against the defendants, alleging that the defendant violated a federal statute, § 1962(c) of Title 18 of the U.S. Code, otherwise known as the Racketeer Influenced and Corrupt Organizations Act, which provides as follows:
It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of enterprise's affairs through a pattern of racketeering activity.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 53**

Elements of § 1962(c)

      In order to prove that the defendant violated § 1962(c), plaintiff must establish by a preponderance of the evidence each one of the following five elements:

      1.      That an enterprise existed;

      2.      That the enterprise affected interstate or foreign commerce;

      3.      That the defendant was associated with or employed by the enterprise;

      4.      That the defendant engaged in a pattern of racketeering activity (or the collection of an unlawful debt); and

      5.      That the defendant conducted or participated in the conduct of the enterprise through the pattern of racketeering activity.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 54**

Third Element of § 1962(c)-
Association With the Enterprise

      The third element which the plaintiff must prove is that the defendant was associated with or employed by the enterprise. It is not required that the defendant have been employed by or associated with the enterprise for the enterprise. It is required, however, that the plaintiff prove, by a preponderance of the evidence, that at some time during the period indicated in the complaint the defendant in question was employed by or associated with the enterprise.

      In order to prove this element, the plaintiff must prove, by a preponderance of the evidence, that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew of the existence of the enterprise and of the general nature of its activities. If you find that defendant did not know of the existence of the enterprise or did not know of its activities, the plaintiff has failed to establish this element.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 55**

Fourth Element of § 1962(c)-
Engaging in a Pattern of Racketeering Activity

The fourth element which the plaintiff must prove in question engaged in a pattern of racketeering activity (or the collection of an unlawful debt).

A defendant engages in a pattern of racketeering activity if he commits at least two racketeering acts, sufficiently related to constitute a pattern, within ten years of each other with at least one such act occurring after October 15, 1970.  The plaintiff has alleged that the Defendants committed the following racketeering acts: engaging in mail fraud by mailing fraudulent invoices to IFC and engaging in wire fraud by causing funds to be wired as a part of the wrongful conduct and by telephonically communicating false representations as part of the wrongful conduct.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 56**

Fourth Element of § 1962(c)-
Relationship of Racketeering Acts

      In order to prove the pattern of racketeering activity, it is not sufficient for the plaintiff to prove only that the defendant committed two racketeering acts describe. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity.

      In order to prove a pattern of racketeering activity, the plaintiff must prove, by a preponderance of the evidence, that at least two of the alleged racketeering acts were connected by a common scheme, plan or motive. That is to say, the plaintiff must prove that the acts of racketeering had a relationship to each other.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 57**

Third Element of § 1962(c)-
Continuity of Racketeering Acts

In order to prove a pattern of racketeering activity, the plaintiff must also prove that not only were the alleged racketeering acts connected by a common plan, scheme or motive but also showed continuity.

Just as a pattern of racketeering activity is not shown by a series of disconnected crimes or acts, it is also not shown by activity that is not continuous in nature.

In this regard, the term "continuous" does not mean that the racketeering acts were committed over any particular period of weeks or months. The term "continuous" does mean that the racketeering acts were separate and distinct in time to such a degree as to establish that the defendant engaged in racketeering activity as an ongoing practice in the conduct of its affairs.

Thus, in order to prove a pattern of racketeering activity, the plaintiff must prove, by a preponderance of the evidence that the racketeering acts alleged were continuous in nature as that term has been defined for you.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 58**

Fourth Element of § 1962(c)-
Unanimity on Racketeering Acts

      The plaintiff alleges that numerous racketeering acts were committed by the defendant. The plaintiff satisfies its burden if it proves by a preponderance of the evidence that at least two of the alleged racketeering acts sufficiently related (and continuous) to form a pattern were committed by the defendant within ten years of each other.

      However, you may not find that plaintiff has established this element unless you all unanimously agree that at least two particular racketeering acts were committed by the defendant. It is not enough if some of you think that only racketeering acts A and B were committed by the defendant and the rest of you think that only acts C and D were committed by the defendant. There must be at least two specific racketeering acts which you unanimously find by a preponderance of the evidence were committed by the defendant in order to satisfy this element.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 59**

Fifth Element of § 1962(c)-
Conducting or Participating in the
Enterprise "Through" the Pattern of Racketeering

If you find that the defendant in question engaged in a pattern of racketeering activity (or collection of an unlawful debt) then you must consider the fifth and final element. The plaintiff must prove, once again by a preponderance of the evidence, that the defendant conducted or participated in the conduct of the enterprise through that pattern of racketeering activity (or collection of unlawful debt).

This means the plaintiff must prove that there is a meaningful connection between the defendant's illegal acts and the affairs of the enterprise. The plaintiff is not required to prove that the defendant in question was involved in the management or control of the enterprise, or that he shared in its profits. The plaintiff is required to prove that the defendant's position in the enterprise facilitated the commission of the racketeering acts and that the racketeering acts had some impact or effect on the enterprise; or that the acts were in some way related to the affairs of the enterprise, or that the defendant was able to commit the acts solely by virtue of his position or involvement in the affairs of the enterprise).

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 60**

The Complaint and the Statute: § 1962(d)

The plaintiff has brought this lawsuit against the defendant alleging that the defendant violated a federal statute, § 1962(d) of Title 18 of the U.S. Code.

Plaintiff alleges that the defendant engaged in a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act.  This means that plaintiff alleges that the defendant conspired to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity, as follows:  by engaging in more than two acts of mail and wire fraud in connection with forwarding false invoices to IFC pertaining to partial or non-existent shipments of goods and in receiving funds from IFC for those partial or non-existent shipments.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 61**

The Agreement: § 1962(d)

  The plaintiff must prove by a preponderance of the evidence that the defendant knowingly and willfully became a member of the conspiracy. This means that in order to meet its burden of proof, the plaintiff must show that the defendant agreed to participate, either directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity. The plaintiff is not required to show that any of the racketeering acts were actually committed. The essence of the offense is the agreement itself.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 62**

Proof of Agreement: § 1962(d)-
The Commission of Racketeering Acts

There are different ways in which you can find that the defendant agreed to participate in the affairs of the enterprise through a pattern of racketeering activity. One of these ways is to find, by a preponderance of the evidence, that by actually committing two or more racketeering acts the defendant has shown that he agreed to participate in the affairs of the enterprise through a pattern of racketeering activity. You need not make such a finding, however, to find that an unlawful agreement occurred.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 63**

Proof of Agreement: § 1962(d)-
Agreement To Commit Two or More Racketeering Acts

You may (also) find that the defendant agreed to participate in the affairs of the enterprise through a pattern of racketeering activity if you find that he agreed personally to commit two or more racketeering acts to further the affairs of the enterprise. You need find only that he agreed to commit these acts; you do not have to find that he actually committed them.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 63**

Causation: § 1962(a)-(d)

      If you find that all of the elements of the violation of § 1962, alleged by the plaintiff, have been established by a preponderance of the evidence, you must also find that the plaintiff has proved by a preponderance of the evidence that the violation directly or indirectly caused the plaintiff an injury in his business or property. Either damages caused by the predicate acts or damages indirectly caused by the pattern of acts, or both, will satisfy this requirement, which must be met before you can find for the plaintiff.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 64**

Damages: § 1962(a)-(d)

You reach the issue of damages only if you find that the plaintiff has established the elements of his claim.

The fact that you are charged on the issue of damages does not mean that the plaintiff is entitled to win-only you can decide that. This instruction applies only in the event that you decide that plaintiff has sustained his burden of proof as to the elements of his claim.

If you find that plaintiff has established the elements of his claim by a preponderance of the evidence, you should then consider the evidence presented concerning damages to plaintiff's business or property which he alleges were caused by the defendant's conduct in violation of the statute.

The damages alleged by plaintiff include, without limitation, the funds paid by IFC to Remco, Mansfield Rug, CCC, Dalton Padding and Empire Weavers for rugs that IFC never received.

You must evaluate each claim of damages and the proof
submitted in support of each claim separately and you should award damages only for those claims which you find have been established by a preponderance of the evidence.

McCormack, *Racketeer Influenced Corrupt Organizations*, Vol. 2, Appendix B (2004).

**Plaintiff's Proposed Jury Instruction No. 65**

Duties of Employee

"Employees occupying a position of trust and confidence owe a duty of loyalty to their employer and must protect the interests of the employer."

*Chelsea Industries, Inc. v. Gaffney*, 389 Mass. 1, 11 (1983); *Lincoln Stores, Inc. v. Grant,* 309 Mass. 417, 420-421, 34 N.E.2d 704 (1941). See Restatement (Second) of Agency, § 387 (1958); *Lindsay v. Swift,* 230 Mass. 407, 412, 119 N.E. 787 (1918); *American Circular Loom Co. v. Wilson,* 198 Mass. 182, 206, 84 N.E. 133 (1908)**.**

---

[1]*Sargent v. Massachusetts Accident Co.,* 307 Mass. 246, 250, 29 N.E.2d 825, 827 (1940). *See also Lisbon v. Contributory Ret. App. Bd.,* 41 Mass.App.Ct. 246, 670 N.E.2d 392 (1996).