United States District Court
District of Massachusetts

| | |
|---|---|
| International Floor Crafts, Inc.,  Plaintiff,  v.  David W. Adams, Tyrone Williams and Jane Dziemit,  Defendants. | Civil Action No. 05-11654-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

A discount retailer asserts violations of the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 et al., against former employees and others. Several motions in limine are before the Court in anticipation of a jury trial which will begin on Monday, July 21, 2008.

### I.  Plaintiff's Motion for Default Judgment

The defendant Tyrone Williams ("Williams") has not participated, either directly or through counsel, in this litigation for more than a year. The plaintiff's motion for entry of default judgment will be allowed.

### II.  Plaintiff's Motion for Leave to Introduce Information Regarding Settlements with Co-defendants

It is alleged that the defendant Jane Dziemit ("Dziemit") was formerly a business partner of co-defendant Ronald Mitchell ("Mitchell"), who has recently agreed to entry of judgment

-1-

against him in satisfaction of plaintiff's claims. This Court has previously ruled that the plaintiff may introduce evidence of that settlement agreement but not the amount of the judgment to which the parties have agreed.

The plaintiff now requests leave to introduce similar information with respect to several other former co-defendants (and alleged co-conspirators). In order to avoid juror confusion on the one hand or undue prejudice to the defendants on the other, the Court will extend its ruling with respect to Mitchell to apply to all former co-defendants who have settled their claims. The fact of settlement may be introduced but not the consideration paid to the plaintiff.

### III. The Adams Bankruptcy

Defendant David Adams ("Adams") previously filed for bankruptcy protection and filed a suggestion of bankruptcy in this Court. Proceedings against him were, therefore, automatically stayed. The plaintiff has, however, recently notified the Court that the Bankruptcy Court has allowed its motion for relief from automatic stay with respect to Adams and therefore this case will proceed against him accordingly.

### IV. Plaintiff's Motion to Exclude Volume II of Kevin Britto's Deposition

The plaintiff has identified six portions of the videotaped deposition of deceased co-defendant Kevin Britto ("Britto") the admissibility of which is in dispute. Each will be discussed,

briefly, in turn.

### A. Page 67, ln. 8 to page 68, ln 2

The plaintiff states that this testimony, which concerns former defendant Mitchell's dealings with an unrelated floor covering supplier, is irrelevant. Dziemit's defense includes assertions that Mitchell was a bona fide carpet salesman and this testimony is relevant to that proposition. This portion of the deposition will be admitted.

### B. Page 154, ln. 23 to page 156, ln. 15

At the beginning of what was to have been the second day of his deposition Britto made a statement admitting his own wrongdoing but exculpating his codefendants Mitchell and Dziemit. He then refused to answer any further questions unless and until Mitchell and Dziemit were dismissed from the case. Because the plaintiff had no meaningful opportunity to cross examine him about his statement, it will not be admitted. The parties have agreed that the remainder of the session on the second day of the deposition, which consisted of an argument between Britto and plaintiff's counsel, will not be put before the jury. Thus, the entire transcript of the second day of the Britto deposition is excluded.

### C. Page 201, ln. 3-16 and page 204, ln. 6-25

The plaintiff characterizes these excerpts as hearsay statements from conversations that Britto allegedly had with

Mitchell during the course of the litigation. Because Britto testifies only with respect to statements made by himself, they will be admitted.

**D.   Page 236, ln. 17 to p. 237, ln. 9**

In this excerpt, Britto describes Adams's efforts to convince Britto to change his testimony. Those statements are admissible against Adams as statements of a party-opponent, Fed. R. Evid. 801(d)(2), and furthermore are not hearsay because they are not offered for the truth of the matter asserted. This excerpt will be admitted.

**E.   Page 249, ln. 17 to p. 254, ln. 1; page 316, ln. 12 to page 317, ln. 6**

The plaintiff reports that Dziemit wishes to exclude this portion of the testimony but neither party has provided a basis for any such exclusion. The testimony is apparently relevant and admissible. If Dziemit wishes to interpose an objection to it on any specific grounds, she may do so but until then it will not be excluded.

**V.   Plaintiff's Motion to Amend Complaint**

The Complaint initially asserted common law conspiracy claims against all defendants but not statutory conspiracy allegations pursuant to 18 U.S.C. § 1962(d). The Court recently allowed a motion to amend the complaint to assert a statutory conspiracy violation on the part of Dziemit after her attorney, noting that the substantive law of the case was unaffected,

voiced no objection. That motion to amend did not address the complaint against Adams because the case against him was, at the time, subject to the automatic stay. Now that the automatic stay has been lifted, the plaintiff moves to amend its complaint against Adams accordingly. Because the situations of both defendants are substantially identical, the motion to amend will be allowed.

**ORDER**

In accordance with the foregoing, the plaintiff's motions for default judgment (Docket No. 258), for leave to introduce information (Docket No. 260) and to amend complaint (Docket No. 263) are **ALLOWED**. The cross motions with respect to the deposition testimony of Kevin Britto (Docket Nos. 262 and 264) are **ALLOWED,** in part, and **DENIED,** in part, as set forth in the memorandum above.

**So ordered.**

/s/Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 18, 2008