UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05CA11654-NMG |
| ) | |
| DAVID W. ADAMS, *et al.,* ) | |
|     Defendants ) | |

**DEFENDANT, JANE DZIEMIT'S, MOTION FOR RECONSIDERATION OF
THE COURT'S ORDER ALLOWING INTRODUCTION OF THE
SETTLEMENTS OF OTHER CO-DEFENDANTS OR, I
THE ALTERNATIVE, TO ALLOW THE INTRODUCTION OF
DEFENDANT'S PAYMENT OF ATTORNEYS' FEES**

NOW COMES, Jane Dziemit, by and through counsel and hereby files this, her *Motion for Reconsideration of the Court's Ruling Allowing The Introduction of Settlements of other Defendants* and respectfully requests that counsel for plaintiff be excluded from arguing, referencing, commenting or eliciting testimony that any co-defendant other than Ronald Mitchell entered into a Settlement Agreement with Plaintiff and shows the Court as follows:

1. Plaintiff and co-defendant's CCC International, Inc., David Sun, Paul Sun and Michael Brown have reached settlement agreements relating to the underlying transaction and occurrence.

2. Recently on July 17, 2008, defendant's attorney received plaintiff's sealed motion to introduce the fact that other defendant's settled; Defendant's attorney was preparing an Opposition to Plaintiff's Motion and did not have the opportunity to file it prior to the Court's Ruling.

3. In accordance with Rule 408, evidence of settlement is excluded if offered for the purpose of proving liability for or the amount of a claim;

4. This Court has previously allowed the fact that co-defendant & former partner of Dziemit entered an Agreement for Judgment to show why he is not a participating defendant in the trial;

5. Assuming *arguendo* that Mitchell's agreement is relevant to avoid jury confusion, it is only because Ronald Mitchell is so closely related to Dziemit as her former partner. Allowing the defendant to parade the settlement agreements of further removed co-defendant's will lead to further jury confusion because it will present before the court an unnecessary number of party names and settlements that may cloud the jury's ability to try the matter at hand.

6. The fact that other settlements be allowed is not relevant under Rule 402 of the Federal Rules of Evidence because plaintiff has not put forth any facts to meet it burden that there, in fact, would be substantial confusion. Unlike Belton v. Fireboard Co., 724 F.2d 500, 505 (5th Cir. 1984), this case does not involve a large number (fifteen in Belton) of interconnected defendants.

7. Furthermore, plaintiff has failed to demonstrate any facts supporting is claim that the jury would be confused if the settlements are not introduced, and as such, have failed to meet its burden pursuant to Rule 408 and for that matter Rule 401.

8. Allowing the settlement agreements of the other co-defendants not substantially linked to the action against Dziemit will also violate Rule 403 of

      the Federal Rules of Evidence. Rule 403 states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

9.     The probative value of the settlement agreements is fairly low because, unlike Ronald Mitchell, the remaining defendants were not business partners or close associates with Defendant, thus their absence will not confuse the jury and their inadmissibility will not weaken Plaintiff's case. In fact, Dziemit does not know nor has she ever spoken to any other defendants who have settled. Further, the danger of unfair prejudice substantially outweighs the low probative value because the negative inference the jury may make about Defendant as the only non-settling party. Further, inundating the jury with multifarious parties and settlements will confuse the issues of the case and could mislead the jury.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court exclude plaintiff from arguing, referencing, commenting or introducing evidence that any co-defendant other than Ronald Mitchell entered into a Settlement Agreement. In the alternative, should the Court be persuaded that the settlements with other defendants are relevant; the defendant should be allowed to introduce evidence of the attorney's fees she has paid in order to defend this action.

.

        Respectfully submitted,
        Defendant, Jane Dziemit,
        By her Attorney,


        /s/ Neil S. Cohen, Esq.
        neilcohenlaw@yahoo.com
        Neil S. Cohen, Esquire (BBO# 561173)
        **NEIL S. COHEN, P.C.**
        Eleven Beacon Street, Suite 625
        Boston, MA 02108
        (617) 367-0070

Dated: July 20, 2008


## Certificate of Service

    The undersigned hereby certifies that a copy of the above motion was caused to be served on all counsel of record via the ECF filing system and on all parties not represented by counsel by first class mail on July 20, 2008.

        /S/ Neil S. Cohen
        Neil S. Cohen, Esq.
        **NEIL S. COHEN, P.C.**
        Eleven Beacon Street, Suite 625
        Boston, MA 02108