UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC.<br>    Plaintiff,<br><br>v.<br><br>DAVID W. ADAMS, *et al*,<br>    Defendants. | CIVIL ACTION NO.<br>05-cv-11654-NMG |

**PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S
OPPOSITION TO DEFENDANT, JANE DZIEMIT'S, MOTION FOR
RECONSIDERATION OF THE SETTLEMENTS OF OTHER CO-DEFENDANTS OR,
IN THE ALTERNATIVE, TO ALLOW THE INTRODUCTION OF DEFENDANT'S
PAYMENT OF ATTORNEYS' FEES [DOC. NO. 270]**

Plaintiff International Floor Crafts, Inc. ("IFC") hereby opposes Defendant, Jane Dziemit's, Motion For Reconsideration Of The Settlements Of Other Co-Defendants Or, In The Alternative, To Allow The Introduction Of Defendant's Payment Of Attorneys' Fees [Doc. No. 270]. IFC relies upon and incorporates herein by reference the reasons set forth in its motion, filed under seal, for leave to introduce information regarding settlements with co-defendants other than Jane Dziemit, which was allowed by the Court in its Memorandum and Order dated July 18, 2008 [Doc. No. 268]. IFC further responds as follows:

1. Dziemit argues that *Belton v. Fireboard Co.*, 724 F.2d 500, 505 (5th Cir. 1984) is inapplicable because that case involved a large number of codefendants and this case does not. Dziemit's argument fails where plaintiff named in its Amended Complaint nine defendants, not including Remco, Mansfield Rug Co., Dalton Padding and Empire Weavers. As a result of various settlements, an agreement for judgment, a default judgment and the death of Kevin Britto, only two defendants remain to be tried. The jury will likely be confused why only two defendants are to be tried for the alleged multi-state, multi-defendant, multi-million dollar fraud

and racketeering conspiracy. The jury will hear evidence as to each codefendant named, as well as the four companies. As such, the fact of the settlements is necessary to avoid juror confusion. Dziemit's claim that she does not know and has not spoken to the other defendants who have settled is irrelevant to the issue of potential juror confusion.

2.    Additionally, IFC opposes Dziemit's alternative request to introduce evidence of the attorneys' fees she has paid. Dziemit's payment of attorneys' fees is not relevant to any material issue of fact raised by the within trial. Dziemit has not in any way identified the relevancy of such evidence, and she does not cite to any basis in law or fact which supports the admissibility of such evidence.

**WHEREFORE**, for all the foregoing reasons, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court DENY Defendant, Jane Dziemit's, Motion For Reconsideration Of The Settlements Of Other Co-Defendants Or, In The Alternative, To Allow The Introduction Of Defendant's Payment Of Attorneys' Fees [Doc. No. 270].

<div style="margin-left:3em">

Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,

*/s/ Benjamin L. Falkner*
Paul J. Klehm (BBO# 561605)
pklehm@krasnooklehm.com
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Benjamin L. Falkner (BBO# 667951)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
23 Main Street, Suite Six
Andover, MA  01810
(978) 475-9955

</div>

**CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via ECF or via first class mail, postage pre-paid on July 20, 2008.

               */s/ Benjamin L. Falkner*
               Benjamin L. Falkner