UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 05CA11654-NMG ) |
| DAVID W. ADAMS, *et al.,* | ) ) |
| Defendants. | ) |

### **DEFENDANT, JANE DZIEMIT'S PROPOSED JURY INSTRUCTIONS**

Defendant, Jane Dziemit, hereby respectfully submits her Proposed Jury Instructions.

Respectfully Submitted,
Counsel for the Defendant,

/s/ Neil S. Cohen, Esq.
Neil S. Cohen, Esquire (BBO# 561173)
neilcohenlaw@yahoo.com
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108
(617) 367-0070

### **Certificate of Service**

The undersigned hereby certifies that a copy of the above motion was caused to be served on all counsel of record via the ECF filing system and on all parties not represented by counsel by first class mail on July 22, 2008.

/s/ Neil S. Cohen
Neil S. Cohen, Esq.
neilcohenlaw@yahoo.com

Proposed Jury Instruction Number 1:

18 U.S.C. s.1961 (B) provides in pertinent part:

"racketeering activity" means any act which is indictable under any of the following provisions of title 18 U.S.C. s.1341 (relating to mail fraud) and s.1343 (relating to wire fraud).

Proposed Jury Instruction Number 2:

<u>Mail and Wire Fraud pursuant to 18 U.S.C. ss.1341 and 1343</u>

To prove mail or wire fraud, plaintiff must show three elements:

a "scheme to defraud" defendant Dziemit's "knowing and willful" participation in the scheme with the intent to defraud " and the use of the mails or interstate wire or radio communication in furtherance of the scheme.

<u>United States v. Cassiere,</u> 4 F.3d 1006, 1011 (1st Cir.1993)

Proposed Jury Instruction Number 3:

RICO Generally

In order to make out a civil claim under RICO by way of wire (or mail) fraud a plaintiff must show that a group of defendants "engaged in a scheme to defraud with the specific intent to defraud and that they used… the interstate wires (or mail) in furtherance of the scheme."

The conduct must "be intended to deceive another by means of false or fraudulent pretenses, representations, promise or other deceptive conduct.

McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc., 904 F.2d 786 (1st Cir. 1990).

Proposed Jury Instruction Number 4:

To be found liable under 18 U.S.C. s. 1962(c) a defendant "must participate in the operation or management of the enterprise itself.  Of course, the word 'participate' makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs… but some part in directing the enterprise's affairs is required."

<u>Reves v.Ernst &Young</u>, 507U.S. 170 (1993).

Proposed Jury Instruction Number 5:

*RICO Conspiracy, 18 U.S.C.1962 (d):*

To establish a RICO conspiracy under section 1962(d), plaintiff must show: 1) the existence of an enterprise affecting interstate commerce, 2) that the defendant knowingly joined the conspiracy to participate in the conduct of the affairs of the enterprise, 3) that the defendant participated in the conduct of the affairs of the enterprise, and 4) that the defendant did so through a pattern of racketeering activity by agreeing to commit, or in fact committing, two or more predicate acts.

It is not enough, in a RICO conspiracy case, to show that a party took part in a RICO violation, but rather a plaintiff must prove that the defendant participated in the RICO activity knowingly.

Aetna Cas. Sur.Co.v. P&B Autobody, 43 F.3d 1546, 1562 (1st Cir.Mass.1994).

Proposed Jury Instruction Number 6:

M.G.L. c.93A s.2:

"[T]he law requires more than a mistake" when assessing liability under M.G.L. c. 93A "[s]ome level of bad faith must be present."

Ecological Fibers, Inc. v. Kappa Graphic Bd., B.V., 345 F.Supp.2d 13, (D.Mass. 2004); Anthony's Pier Four, Inc. c. HBC Associates,411 Mass.451, 474-75 (1991).


In other words,"[t]he objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce."

Damon v. Sun Co, Inc., 87 F.3d 1467, 1483 (1st Cir. Mass. 1996), *quoting* Quaker State Oil Ref. Corp. v. Garrity Oil, Co., 884 F.2d 1510, 1513 (1st Cir. Mass. 1989).

Proposed Jury Instruction Number 7:

<u>Fraud:</u>

"To prevail on a claim of fraudulent misrepresentation under Massachusetts law, the plaintiff must show that the defendant 'made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff reasonably relied upon the representation as true and acted upon it to his damage.

<u>Eureka Broadband Corp. v. Wentworth Leasing Corp.,</u> 400 F.3d 62 (1st Cir. Mass. 2005, *quoting* <u>Russell v. Cooley Dickinson Hosp., Inc.</u>,437 Mass. 443,458 (2002).

Proposed Jury Instruction Number 9:

An action for fraud "requires [a] showing that the defendant made [a]false representation of a material fact with knowledge of its falsity".

Davis v. Dawson, Inc., 15 F.Supp.2d 64 (D.Mass. 1998); *see also* Town & Country Fine Jewelry Group, Inc. v. Hirsch, 875 F.Supp. 872, 876 (D.Mass. 1994)