UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
BUILDING #19, INC. AND )
INTERNATIONAL FLOOR CRAFTS, INC., )
)
    **Plaintiffs** )
)      CIVIL ACTION
v. )      NO. 05-11654-NMG
)
DAVID W. ADAMS, ET AL., )
)
    **Defendants.** )
_____)

**PROPOSED JURY INSTRUCTION OF**
**DEFENDANT OF DAVID W. ADAMS**

    The Defendant, David W. Adams, respectfully requests this Court to instruct the jury in accordance with the attached jury instruction.

    DAVID W. ADAMS

    By his Attorney

    /s/ Isaac H. Peres_____
    Isaac H. Peres, BBO #545149
    92 State Street, 8th Floor
    Boston, MA 02109
    (617) 722-0094

2

## CERTIFICATE OF SERVICE

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those as non registered participants on July 25, 2008.


       /s/ Isaac H. Peres_____
       Isaac H. Peres

Case 1:05-cv-11654-NMG    Document 276    Filed 07/25/2008    Page 2 of 3

## **CREDIBILITY OF WITNESSES – ADVERSE INFERENCE**

During the trial, Mr. Adams invoked his privilege against self-incrimination pursuant to the Fifth Amendment to the United States Constitution and refused to testify. As a result of that assertion, you may draw an adverse or negative inference against Mr. Adams. You must keep in mind, however, that while the law does not forbid adverse inferences against civil litigants who refuse to testify on Fifth Amendment grounds, it does ***not*** mandate such inferences. Thus, it is up to you to determine whether or not to draw an adverse or negative inference from Mr. Adams' invocation of the Fifth Amendment in this case.

### AUTHORITIES

In re Carp, 340 F.3d 15, 23 (1st Cir. 2003);

Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 678 (1st Cir. 1996); and

Baxter v. Palmigiano, 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).