UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 05CA11654-NMG ) |
| DAVID W. ADAMS, *et al.,* | ) ) |
| Defendants. | ) |

### **DEFENDANT,JANE DZIEMIT'S PROPOSED SPECIAL VERDICT FORM**

Defendant, Jane Dziemit, hereby respectfully submits her Proposed Verdict Form.

Respectfully Submitted,
Counsel for the Defendant,

/s/ Neil S. Cohen, Esq.
Neil S. Cohen, Esquire (BBO# 561173)
neilcohenlaw@yahoo.com
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108
(617) 367-0070

### **Certificate of Service**

The undersigned hereby certifies that a copy of the above motion was caused to be served on all counsel of record via the ECF filing system and on all parties not represented by counsel by first class mail on July 25, 2008.

/s/ Neil S. Cohen
Neil S. Cohen, Esq.
neilcohenlaw@yahoo.com

SPECIAL VERDICT FORM

1. Did Defendant David Adams knowingly and purposely use mail and/or wire means to commit a fraud against IFC?    Yes_____    No_____

   If Yes, go to question number 3, If No, go to question number 5.

2. Did Defendant Jane Dziemit knowingly and purposely use mail and/or wire means to commit a fraud against IFC?    Yes_____    No_____

   If Yes, go to question number 4.   If No, go to question number 6.

3. Was Defendant David Adams engaged in a "pattern of racketeering activity" in order to establish, operate a criminal enterprise affecting interstate commerce?

   Yes_____         No_____

4. Was Defendant Jane Dziemit engaged in a "pattern of racketeering activity" in order to establish, operate a criminal enterprise affecting interstate commerce?

   Yes_____         No_____

5. Did Defendant David Adams knowingly join the conspiracy to participate in the conduct and the affairs of the enterprise?

   Yes_____         No_____

6. Did Defendant Jane Dziemit knowingly join the conspiracy to participate in the conduct and the affairs of the enterprise?

   Yes_____         No_____

7. Did Defendant David Adams engage in reprehensible business conduct that was both unfair and deceptive?

   Yes_____         No_____

8. Did Defendant Jane Dziemit engage in reprehensible business conduct that was both unfair and deceptive?

   Yes_____         No_____

9. Was Defendant David Adams' unfair and deceptive business conduct both knowing and willful?

   Yes_____          No_____

10. Was Defendant Jane Dziemit's unfair and deceptive business conduct both knowing and willful?

    Yes_____          No_____

11. Did Defendant David Adams knowingly make material representations of fact to deliberately deceive plaintiff?

    Yes_____          No_____

12. Did Defendant Jane Dziemit knowingly make material representations of fact to deliberately deceive plaintiff?

    Yes_____          No_____

13. Did Defendant David Adams breach his fiduciary duty to his employer, plaintiff IFC?

    Yes_____          No_____

For Defendant David Adams, if you answered Yes to question numbers 1, 3, 5, 7, 11 or 13, Proceed to question number 14, if you Answered No, Proceed No Further.

For Defendant Jane Dziemit, if you answered Yes to question numbers 2, 4, 6, 8 or 12 Proceed to question number 15, if you Answered No, Proceed No Further.

14. Was defendant David Adams' conduct the proximate cause of the harm or damage plaintiff IFC suffered?

    Yes_____          No_____

If Yes, go to question number 16, if No Proceed No Further.

15. Was defendant Jane Dziemit's conduct the proximate cause of the harm or damage plaintiff IFC suffered?

    Yes_____          No_____

If Yes, go to question number 17, if No Proceed No Further.

16. How much do you award plaintiff IFC in damages from defendant David Adams?

Amount in words_____($_____)


17. How much do you award plaintiff IFC in damages from defendant Jane Dziemit?

Amount in words_____($_____)



_____
JURY FOREPERSON