UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC. )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DAVID W. ADAMS, *et al*, )<br>    Defendants. )<br>) | CIVIL ACTION NO.<br>05-cv-11654-NMG |

**PLAINTIFF INTERNATIONAL FLOOR CRAFTS, INC.'S *REVISED* MOTION FOR RULING ON JURY VERDICT AS TO DAMAGES**

Plaintiff International Floor Crafts, Inc. ("IFC") hereby moves this Court for a ruling that Defendants Adams and Dziemit are jointly and severally liable to IFC for total sum of $15.75 million, plus interest, costs, expenses and attorneys' fees, where (1), in answer to Question 6 on the Verdict Form, the jury separated the damages for Defendants Adams ($5 million) and Dziemit ($250,000), but the RICO damages are joint and several, and (2) the damages must be trebled pursuant to 18 U.S.C. §1964(c). IFC relies upon the reasons set forth below.

1.    On July 30, 2008, the jury in the within matter submitted a completed Verdict Form. (*See* **Exhibit A**). The jury found Defendant Adams liable to IFC for violation of RICO, conspiracy to violate RICO, fraud and breach of fiduciary duty. The jury found Dziemit liable to IFC for violation of RICO and fraud. In the Verdict Form, the jury awarded damages in favor of IFC, and against Defendant Adams, in the amount of $5 million. The jury awarded damages in favor of IFC and against Defendant Dziemit in the amount of $250,000.

2.    During discussion about the Verdict Form at trial, IFC's counsel requested that the Court include only one figure for damages pertaining to the R.I.C.O. claims, but the Court denied the request.

3.      Damages under the RICO statute are joint and several. *See Fleishhauer v. Feltner*, 879 F.2d 1290, 1301 (6th Cir. 1998), *cert. denied* 493 U.S. 1074, 494 U.S. 1027 ("Although there is little direct law on this point, there are numerous RICO criminal forfeiture cases which indicate that the nature of the RICO offense mandates joint and several liability."); *see In re Markarian*, 228 B.R. 34, 38 (D.Mass. 1988); *U.S. v. Benvento*, 836 F.2d 129 (2nd Cir. 1988); *U.S. v. Wilson*, 742 F.Supp. 905, 909 (E.D. Pa. 1989), *affirmed* 909 F.2d 1478 (3rd Cir. 1990) *cert. denied* 498 U.S. 1016.

4.      As a result, IFC seeks this Court to rule, in accordance with existing precedent, that Defendants Adams and Dziemit are jointly and severally liable to IFC for the total amount of $5.25 million ($5 million plus $250,000). Where the Court asked the jury to assess damages caused by Adams and by Dziemit separately, there is no risk of any overlap or duplication of the damages. (*See* Question 6 in Verdict Form).

5.      Moreover, IFC seeks a ruling that the damages are trebled pursuant to 18 U.S.C. §1964(c). *See Nodine v. Textron, Inc.*, 819 F.2d 347, 248 (1st Cir. 1987). According to the statute, "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee…."

6.      Therefore, IFC respectfully requests that this Court order (1) that Defendants Adams and Dziemit are jointly and severally liable to IFC, and (2) that Defendants **Adams** and Dziemit are jointly and severally liable to IFC for the sum of $15.75 million, plus costs, expenses, attorneys' fees and interest.

**WHEREFORE**, Plaintiff International Floor Crafts, Inc. respectfully requests that this Court GRANT the within motion and order (1) that Defendants Adams and Dziemit are jointly and severally liable to IFC, and (2) that Defendants **Adams** and Dziemit are jointly and severally liable to IFC for the sum of $15.75 million, plus costs, expenses, attorneys' fees and interest.

        Plaintiff
International Floor Crafts, Inc.
By Its Attorneys,

*/s/ Paul J. Klehm*
Paul J. Klehm (BBO# 561605)
pklehm@krasnooklehm.com
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Benjamin L. Falkner (BBO# 667951)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
23 Main Street, Suite Six
Andover, MA  01810
(978) 475-9955

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I, Paul J. Klehm, hereby certify that, on August 7, 2008 at approximately 8:30 a.m., I left voicemail messages for Attorneys Cohen and Peres, counsel to the remaining defendants, regarding the within motion.  On August 7, 2008 at approximately 4:00 p.m., I spoke by telephone with Attorney Cohen regarding this motion.  On August 7, 2008 at 4:05 p.m., I discussed the within motion with Attorney Peres.   On August 8, 2008, at approximately 4:10 p.m., I sent an email to Attorneys Cohen and Peres informing them that I needed to correct an error in the motion previously filed.

*/s/ Paul J. Klehm*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record (not including Attorney Xifaras) or upon each party not represented by an attorney (not including Defendant Williams) via ECF or via first class mail, postage pre-paid on August 8, 2008.

*/s/ Paul J. Klehm*
Paul J. Klehm

United States District Court
District of Massachusetts

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC., )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DAVID ADAMS and JANE DZIEMIT,  )<br>)<br>Defendants.  )<br>) | Civil Action No.<br>05-11654-NMG |

**VERDICT FORM**

I. <u>**RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT**</u>

**Question 1a**   Did the defendant, David Adams, engage in a pattern of racketeering activity in order to a) acquire or maintain an interest in an enterprise engaged in interstate commerce or b) participate in the conduct of the affairs of an enterprise engaged in interstate commerce?

Yes ✓          No _____

**Question 1b**   Did the defendant, David Adams, conspire to engage in any of the conduct described in Question 1a?

Yes ✓          No _____

**Question 2a**   Did the defendant, Jane Dziemit, engage in a pattern of racketeering activity in order to a) acquire or maintain an interest in an enterprise engaged in interstate commerce or b) participate in the conduct of the affairs of an enterprise engaged in interstate commerce?

Yes ✓          No _____

-1-

**Question 2b**   Did the defendant, Jane Dziemit, conspire to engage in any of the conduct described in Question 2a?

Yes _____    No ___✓___

## II. FRAUD

**Question 3**   Did the defendant, David Adams, make any knowing or reckless misrepresentation of material fact, on which the plaintiff reasonably relied to its detriment?

Yes ___✓___    No _____

**Question 4**   Did the defendant, Jane Dziemit, make any knowing or reckless misrepresentation of material fact, on which the plaintiff reasonably relied to its detriment?

Yes ___✓___    No _____

## III. BREACH OF FIDUCIARY DUTY

**Question 5**   Did the defendant, David Adams, breach a fiduciary duty that he owed to the plaintiff, International Floor Crafts, Inc.?

Yes ___✓___    No _____

**IF YOU ANSWERED "YES" TO ANY PART OF QUESTIONS 1 - 5 PROCEED TO QUESTION 6.**
**IF YOU ANSWERED "NO" TO ALL PARTS OF QUESTION 1 - 5 YOUR DELIBERATIONS ARE COMPLETE.**

IV. **DAMAGES**

**Question 6**   Enter below (in words and in numbers) the amount of **compensatory damages** you award to the plaintiff for its injuries caused by the misconduct of:

A)   the defendant, David Adams **(Enter damages here ONLY IF you answered "YES" to any part of questions 1, 3 or 5)**.

(words) _Five Million dollars_

(numbers) $ _5,000,000.00_

B)   the defendant, Jane Dziemit **(Eenter damages here ONLY IF you answered "YES" to any part of questions 2 or 4)**.

(words) _Two Hundred Fifty Thousand_

(numbers) $ _250,000.00_

YOUR DELIBERATIONS ARE COMPLETE. THE FOREPERSON WILL SIGN THE VERDICT FORM AND NOTIFY THE MARSHALL IN WRITING.

Dated: _7/30/08_   Jury Foreperson: _Lorenco A. Pires_

-3-