UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL FLOOR CRAFTS, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) CIVIL ACTION NO. 05CA11654-NMG <br> ) |
| DAVID W. ADAMS, *et al.*, | ) <br> ) |
| Defendants. | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RULING ON JURY VERDICT AS TO DAMAGES

Now Comes, Jane Dziemit, defendant in the above-styled action and hereby files her Opposition to Plaintiff's Motion for Ruling on Jury Verdict as to Damages and shows the Court as follows:

1. During the trial of this matter, the jury returned a verdict in favor of the plaintiff against defendants David Adams and Jane Dziemit.

2. Previous to the Verdict Form being submitted to the jury, defendant Dziemit's attorney objected to the form on the grounds that the first question posed pre-supposed that defendant Dziemit engaged knowingly and purposelyin mail and wire fraud. The evidence at trial was to contrary.

3. That the jury was confused as to jury instructions and the verdict form as both applied to Dziemit is indicative of the jury finding that Dziemit engaged in racketeering activity, but did not conspire to engage in it.

4. Plaintiff now seeks to enter judgment against Dziemit for more than $15 Million arguing that the verdict against her which was only $250,000 should be added to the verdict against defendant Adams, which was $5 Million. Plaintiff also states that the verdict should be trebled in accordance with 18 U.S.C. § 1964(c).

5. Such a result would not only be patently unfair as clearly the jury did not find Dziemit nearly as culpable as Adams, but also did not find that she conspired with him or anyone else for that matter. Damages in RICO claims cannot be speculative or based on surmise. Damages in RICO claims have been held to be limited to those flowing from the predicate acts. Volk v. D.A. Davidson & Co.,816 F2d. 1406,1415 (9th Cir.1987).

6. In the case at bar, the evidence at trial was that defendant Dziemit made approximately $150,000.00 during the four years she was associated with Remco. Furthermore, plaintiff's agreement for judgment with Dziemit's partner Ronald Mitchell for the entire amount plaintiff paid to Remco, should bar plaintiff's ability to seek entry of judgment beyond that amount. It is well-settled that as a general rule RICO plaintiff's are only entitled to damages to business or property caused by the predicate acts Haroco,Inc. v. American National Bank & Trust Co., 747 F2d. 384, 398 (7th Cir. 1984), aff'd 473 U.S. 606 (1985).

7. Plaintiff cites to numerous cases in which it suggests that RICO damages are joint and several. However, all but one of those cases are in the context of criminal forfeiture. The one civil case which plaintiff cites from the Sixth Circuit is Fleishhauer v. Feltner, 879 F2d. 1290 (6th Cir. 1998). Fleishhauer is distinguishable from the present case in that all defendants were found to have violated RICO and conspired to violate it as well.

**WHEREFORE,** Defendant Jane Dziemit respectfully requests that the Court enter judgment against her in the amount of $250,000.00 as indicated in the jury verdict form. The Court may then treble the judgment. Defendant anticipates filing a Motion to seek offset for the amount of the Agreement for Judgment plaintiff entered into with Ronald Mitchell/Remco.

Respectfully Submitted,
Counsel for the Defendant,


/s/ Neil S. Cohen, Esq.
Neil S. Cohen, Esquire (BBO# 561173)
neilcohenlaw@yahoo.com
**NEIL S. COHEN, P.C.**
Eleven Beacon Street, Suite 625
Boston, MA 02108
(617) 367-0070

### Certificate of Service

The undersigned hereby certifies that a copy of the above motion was caused to be served on all counsel of record via the ECF filing system and on all parties not represented by counsel by first class mail on August 21, 2008.

/s/ Neil S. Cohen
Neil S. Cohen, Esq.
neilcohenlaw@yahoo.com