```
                    United States District Court
                      District of Massachusetts
_____
                              )
International Floor Crafts,   )
Inc.,                         )
        Plaintiff,            )
                              )   Civil Action No.
        v.                    )   05-11654-NMG
                              )
David W. Adams and Jane Dziemit, )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

After proceeding to trial, one of the two defendants has appealed an adverse judgment in this business fraud case. Plaintiff International Floor Crafts, Inc. ("IFC"), a company that manages rugs, padding and flooring departments for the discount retail stores known as Building 19, has moved for the imposition of a bond pursuant to Fed. R. App. P. 7 to ensure payment of costs on appeal.

I.  **Background**

The jury found that the defendants were part of an alleged conspiracy involving two buyers employed by IFC who fabricated purchase orders purporting to buy carpets from fictitious companies. A co-conspirator shipper forged the internal documents necessary to account for the receipt of the nonexistent goods so that Accounts Payable would pay the invoices.

-1-

After several defendants were dismissed, this case proceeded to trial in July, 2008, against David W. Adams ("Adams"), one of the purported rogue buyers, and Jane Dziemit ("Dziemit"), an outside operator who was affiliated with one of the fictitious companies.  The jury returned a verdict in favor of IFC on all counts which included violation of Racketeer Influenced and Corrupt Organizations Act ("RICO") and fraud and breach of fiduciary duty which was brought only against Adams.  It awarded IFC $5,000,000 in damages against Adams and $250,000 against Dziemit.  Those damages were trebled by the Court pursuant to RICO, 18 U.S.C. § 1964(c) but the Court denied IFC's request to treble damages pursuant to M.G.L. c. 93A as duplicative and redundant.

In April, 2009, Dziemit and IFC appealed.  Two days after Dziemit filed her appeal, IFC filed a motion pursuant to Fed. R. App. P. 7 for an order requiring her to post a bond in the amount of $30,000 to ensure payment of costs on appeal.  Dziemit has opposed that motion.

**II.  Legal Analysis**

    **A.  Legal Standard**

Pursuant to Fed. R. App. P. 7, a district court "may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  The circuits are split as to whether "costs on appeal" includes

attorney's fees.  Compare Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 958 (9th Cit. 2007) ("costs on appeal" includes attorney's fees if an applicable fee-shifting statute explicitly defines "costs" to include attorney's fees); In re Cardizem CD Antitrust Litig., 391 F.3d 812, 817-18 (6th Cir. 2004) (same); Pedraza v. United Guar. Corp., 313 F.3d 1323, 1329-30 (11th Cir. 2002) (same); Adsani v. Miller, 139 F.3d 67, 71 (2d Cir. 1998) (same), with Hirschensohn v. Lawyers Title Ins. Corp., No. 96-7312, 1997 WL 307777, at *3 (3d Cir. June 10, 1997) ("costs on appeal" does not include attorney's fees); In re Am. President Lines, Inc., 779 F.2d 714, 716 (D.C. Cir. 1985) (per curiam) (same).

The First Circuit Court of Appeals has not determined whether "costs on appeal" includes attorneys' fees in all circumstances but it has held that attorneys' fees may be included when an appeal is frivolous.  See Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987).

**B.  Application**

IFC states that RICO permits recovery of "the costs of suit, including a reasonable attorney's fee."  See 18 U.S.C. § 1964(c). It argues that this Court should adopt the reasoning of the Second, Sixth, Ninth and Eleventh Circuits in determining that, in light of RICO's definition of "costs" as including attorney's fees, attorney's fees are included in the "costs on appeal" for

which a bond may be issued under Fed. R. App. P. 7 in this case. See, e.g., Azizian, 499 F.3d at 958.

The First Circuit has not, however, sided with the Second, Sixth, Ninth and Eleventh Circuits on this issue. Rather, as stated above, it has focused its analysis upon frivolousness. See Sckolnick, 820 F.2d at 15. Having already denied Dziemit's motions for judgment as a matter of law, the Court is unaware of any validly appealable issue and expects that the costs of appeal, both with respect to attorneys' fees and otherwise, may be significant. Accordingly, Dziemit's appeal bears the indicia of frivolousness and she will be required to post a bond in the amount of $10,000.

## ORDER

In accordance with the foregoing, the plaintiff's motion for the imposition of a bond pursuant to Fed. R. App. P. 7 (Docket No. 312) is **ALLOWED**. Defendant Jane Dziemit shall post a bond in the amount of $10,000 on or before Wednesday, September 30, 2009.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 15, 2009