```
                 United States District Court
                   District of Massachusetts
_____
                              )
INTERNATIONAL FLOOR CRAFTS,   )
INC.,                         )
        Plaintiff,            )
                              )    Civil Action No.
        v.                    )    05-11654-NMG
                              )
DAVID ADAMS and JANE DZIEMIT, )
        Defendants.           )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises from a conspiracy involving two buyers employed by International Floor Crafts, Inc. ("IFC") who fabricated purchase orders by purporting to buy carpets from fictitious companies. A co-conspirator inside IFC then allegedly forged the internal documents necessary to record that the nonexistent goods had been received so that Accounts Payable would pay the invoices.

The case proceeded to trial on July 21, 2008, against David W. Adams ("Adams"), one of the purported rogue buyers, and Jane Dziemit ("Dziemit"), one of the outside operators who was affiliated with one of the allegedly fictitious companies. The jury found the defendants guilty of fraud, breach of fiduciary duty and violations of the RICO Act and awarded IFC $5,000,000 in damages against Adams and $250,000 against Dziemit. In September, 2008, the Court entered judgment against both defendants and,

seven months later, allowed plaintiff's motion for $434,811 in attorneys' fees and $87,470 in costs. Dziemit appealed.

The First Circuit denied Dziemit's appeal and remanded the case to this Court for a determination as to the awarding of appellate attorneys' fees. Since then, IFC filed the pending motions for release of funds held in bond and for appellate attorneys' fees. Dziemit has opposed both motions.

## I.  Motion for Attorneys' Fees and Costs

Plaintiff seeks $164,923 in appellate attorneys' fees and $5,369.18 in costs. Plaintiff's counsel attest that they billed 858.95 hours on the matter from October 1, 2008, through April 30, 2011, and incurred costs relating to copying, travel and legal research.

The statute underlying this litigation, 18 U.S.C. § 1964(c) ("the RICO statute"), authorizes prevailing plaintiffs to recover "the cost of the suit, including a reasonable attorney's fee." The First Circuit assumed for the purpose of Dziemit's appeal that "appellate fees are part of the fees calculable as costs under RICO," Int'l Floor Crafts, Inc. v. Dziemit, 420 Fed. App'x 6, *11 (1st Cir. 2011), and its understanding is in accord with other courts which have considered the matter, see, e.g., Int'l Bus. Mach. Corp. v. Brown, 134 F.3d 377, *4 (9th Cir. 1998); Bullock v. Abbott and Ross Credit Servs., L.L.C., No. A-09-CV-413

LY, 2009 WL 4598330, at *5 (W.D. Tex. Dec. 3, 2009).

Finding that IFC is entitled to appellate attorneys' fees and costs, the Court turns to whether the requested amount is reasonable.  It is difficult to understand how plaintiffs' attorneys and paralegals could have expended over 850 hours to defend against a single defendant's post-verdict appeal.  The Court is likewise incredulous that counsel could justify billing their client over $170,000 to defend a jury verdict of $250,000.  Given the lack of proportionality between 1) the work deemed necessary and the hours billed and 2) the fees charged and the amount in controversy, this Court finds the requested fee reimbursement unreasonable. See Bell v. Prefix, Inc., 784 F. Supp. 2d 778, 789-90 (E.D. Mich. 2011) (finding attorneys' claim that they worked 540 hours dubious and reducing the number to 100 "in order to reflect a more reasonable number of hours for appellate work"); Nickey Gregory Co., LLC v. Agricap, LLC, No. 6:07-3605-HMH, 2010 WL 2347005, *4 (D.S.C. June 8, 2010) (finding requested fee amount unreasonable in part because it was "greatly disproportionate to the amount in controversy").

After reviewing the hourly rates and listed hours worked by the three attorneys and one paralegal involved with the subject appeal, this Court concludes that the fee award should be reduced by one-half but that costs shall be awarded in full.  Therefore

the Court will award $82,462 in fees and $5,369 in costs.

## II. Motion for Release of Funds

On September 15, 2009, this Court ordered Dziemit to post an appeal bond in the amount of $10,000. The Court explained that such a bond was authorized pursuant to Fed. R. App. P. 7 and warranted given the high costs and frivolous nature of the appeal in this case. Dziemit posted the bond and appealed the case. On April 22, 2011, the First Circuit denied Dziemit's appeal.

IFC moves the Court to release to IFC the $10,000 court-ordered appeal bond posted by Dziemit as well as any and all interest accrued on that bond. Because the fees and costs incurred by IFC on appeal far exceed the amount of the bond, the Court will order the release to IFC of the $10,000 bond and any and all interest accrued on that bond.

### ORDER

In accordance with the foregoing,

1) Plaintiff's Motion for Attorneys' Fees and Costs (Docket No. 363) is **ALLOWED**, in part, and **DENIED**, in part. Plaintiffs' counsel are hereby awarded $82,462 in attorneys' fees and $5,369.18 in costs; and

2) Plaintiff's Motion for Disbursement of Funds (Docket No. 359) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated March 8, 2012